# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENÉ SOULÉ, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, and POWER COALITION FOR EQUITY AND JUSTICE, <br><br> Plaintiffs, <br><br> v. <br><br> KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. | Case No. 3:22-cv-00211-SDD-SDJ c/w |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD, <br><br> Plaintiffs, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State, <br><br> Defendant. | Case No. 3:22-cv-00214-SDD-SDJ |

## *GALMON* PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

Pursuant to Federal Rule of Civil Procedure 65(a), Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, for the reasons set forth herein and in the memorandum of law filed concurrently with this motion, and as supported by the materials submitted therewith, respectfully move for an order preliminarily enjoining Defendant R. Kyle

Ardoin, in his official capacity as Louisiana Secretary of State, from enforcing the boundaries of the congressional districts as drawn in House Bill 1 ("HB 1").

A preliminary injunction is warranted here because Plaintiffs are likely to succeed on the merits of their claim that HB 1 violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301, by failing to include a second congressional district in which Black voters have the opportunity to elect their preferred candidates. Louisiana has a Black population sufficiently large and geographically compact to create an additional majority-Black congressional district that includes the Baton Rouge area and the delta parishes along the Mississippi border. Rather than draw an additional Black-opportunity district as required by federal law, the Louisiana State Legislature instead chose to limit the ability of Black Louisianians in this area to elect candidates of their choice to Congress, thus diluting the voting strength of a politically cohesive minority group in violation of Section 2. *See Johnson v. De Grandy*, 512 U.S. 997, 1007 (1994). Plaintiffs have shown that they have satisfied the threshold preconditions established in *Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986), and that, considering the totality of circumstances, "the political processes leading to nomination or election in the State or political subdivision are not equally open to participation" by members of Louisiana's Black community. 52 U.S.C. § 10301(b).

Moreover, Plaintiffs will suffer irreparable injury to their fundamental voting rights without preliminary injunctive relief. *See, e.g.*, *League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 247 (4th Cir. 2014); *Obama for Am. v. Husted*, 697 F.3d 423, 436 (6th Cir. 2012). The balance of equities and the public interest favor an injunction that "would result in expanded voting opportunities for Louisiana voters." *Harding v. Edwards*, 487 F. Supp. 3d 498, 527 (M.D. La. 2020); *see also, e.g.*, *Ga. State Conf. of NAACP v. Fayette Cnty. Bd. of Comm'rs*, 118 F. Supp.

3d 1338, 1348–49 (N.D. Ga. 2015) (finding that "the harm [plaintiffs] would suffer by way of vote dilution outweighs the harm to the [defendant]" and that "the public interest is best served by ensuring . . . that all citizens . . . have an equal opportunity to elect the representatives of their choice"). And given that Louisiana's candidate qualifying period does not begin until the end of July—more than *three months* from now—there is ample time for the adoption and implementation of a remedial congressional plan.

Plaintiffs therefore request that the Court issue a preliminary injunction enjoining Defendant from enforcing or giving any effect to the boundaries of the congressional districts as drawn in HB 1, including barring Defendant from conducting any congressional elections under the enacted map, and ensure that necessary remedies are timely adopted and a lawful congressional map is in place in advance of this year's midterm elections.

Plaintiffs further request that the Court waive the posting of security as otherwise required by Federal Rule of Civil Procedure 65(c). *See, e.g.*, *Planned Parenthood Gulf Coast, Inc. v. Kliebert*, 141 F. Supp. 3d 604, 652 (M.D. La. 2015) (security requirement "may be waived where the gravity of interest is great and no proper showing of a harm's likelihood or a probable loss is made"); *see also New Ga. Project v. Raffensperger*, 484 F. Supp. 3d 1265, 1307 n.33 (N.D. Ga. 2020) (exercising discretion to waive security in voting rights case).

[SIGNATURE BLOCK ON NEXT PAGE]

Dated: April 15, 2022

By <u>s/Darrel J. Papillion</u>
Darrel J. Papillion (Bar Roll No. 23243)
Renee C. Crasto (Bar Roll No. 31657)
Jennifer Wise Moroux (Bar Roll No. 31368)
**WALTERS, PAPILLION,**
**THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, Louisiana 70810
Phone: (225) 236-3636
Fax: (225) 236-3650
Email: papillion@lawbr.net
Email: crasto@lawbr.net
Email: jmoroux@lawbr.net

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: akhanna@elias.law
Email: jhawley@elias.law

Lalitha D. Madduri**
Olivia N. Sedwick*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: lmadduri@elias.law
Email: osedwick@elias.law
Email: jshelly@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*
**Pro hac vice* application pending