# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENÉ SOULÉ, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, and POWER COALITION FOR EQUITY AND JUSTICE,<br><br>               Plaintiffs,<br><br>   v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>               Defendant. | Case No. 3:22-cv-00211-SDD-SDJ c/w |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD,<br><br>               Plaintiffs,<br><br>   v.<br><br>R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State,<br><br>               Defendant. | Case No. 3:22-cv-00214-SDD-SDJ |

## [PROPOSED] ORDER GRANTING
## *GALMON* PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

This Court has considered the motion for preliminary injunction and supporting authorities filed by Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard; the submissions of the other parties; and the evidence and pleadings of record, and finds that (1) Plaintiffs are likely to succeed on the merits of their claim that Louisiana's new congressional

districting map as drawn by House Bill 1 ("HB 1") violates Section 2 of the Voting Rights Act of 1965, 52 U.S.C. § 10301; (2) Plaintiffs will suffer irreparable injury unless the injunction is issued; (3) the threatened injury to Plaintiffs outweighs possible harm that the injunction may cause the opposing parties; and (4) the injunction is in the public interest. *See Speaks v. Kruse*, 445 F.3d 396, 399–400 (5th Cir. 2006).

Specifically, as the merits of Plaintiffs' Section 2 claim, the Court finds that:

a. a second reasonably compact district can be drawn in Louisiana in which Black voters would form a majority of eligible voters sufficient to elect candidates of their choice, *see Thornburg v. Gingles*, 478 U.S. 30, 50–51 (1986);

b. Black Louisianians throughout the state, including in the area where this second majority-Black congressional district could be drawn, are politically cohesive, *see id.*;

c. White Louisianians throughout the state, including in the area where this second majority-Black congressional district could be drawn, engage in bloc voting that enables them usually to defeat Black-preferred candidates, *see id.*; and

d. under the totality of circumstances—including Louisiana's ongoing history of official, voting-related discrimination; the state's racially polarized voting; voting practices that enhance the opportunity for discrimination in the state; severe socioeconomic disparities that impair Black Louisianians' participation in the political process; the prevalence of racial appeals in the state's political campaigns; the underrepresentation of Black officeholders in the state; Louisiana's nonresponsiveness to its Black residents; and the absence of legitimate justifications for the congressional map drawn by HB 1—the state's "political processes leading to nomination or election . . . are not equally open to participation" by Louisiana's Black community. 52 U.S.C. § 10301(b); *see also Gingles*, 478 U.S. at 43–44.

Because Plaintiffs have clearly established their burden of persuasion as to each of the four elements required for a preliminary injunction, Plaintiffs' motion is therefore GRANTED.

IT IS HEREBY ORDERED that Defendant, as well as his agents and successors in office, are PRELIMINARILY ENJOINED from enforcing or giving any effect to the boundaries of the congressional districts as drawn in HB 1, including conducting any further congressional elections under the enacted map.

Baton Rouge, Louisiana, this _____ day of _____, 2022

_____
**HONORABLE SHELLY D. DICK**
**UNITED STATES CHIEF DISTRICT JUDGE**