# EXHIBIT 26

NINETEENTH JUDICIAL DISTRICT

PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

NUMBER C-716690                                    SECTION 24

JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-
WILEY, AMBER ROBINSON, and POOJA PRAZID

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

## DECLINATORY, DILATORY, AND PEREMPTORY EXCEPTIONS
## ON BEHALF OF THE SECRETARY OF STATE TO
## PLAINTIFFS' PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF

**NOW INTO COURT**, through undersigned counsel, appearing solely for the purpose of these exceptions, comes Defendant, R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana, who pleads declinatory, dilatory, and peremptory exceptions in response to the *Petition for Injunctive and Declaratory Relief*, representing as follows:

### DECLINATORY EXCEPTION

*Lack of Subject Matter Jurisdiction*

I.

The Secretary of State pleads the declinatory exception of lack of subject matter jurisdiction pursuant to La. Code Civ. P. art. 925 (A) (6) for four different reasons:

II.

Reason 1: Plaintiffs' petition does not present a justiciable controversy as the allegations of the petition are speculative, conjectural, and theoretical, and this Court lacks jurisdiction to render a hypothetical and advisory opinion based upon a scenario that may or may not occur.

III.

Reason 2: In seeking a declaration and an injunction to prevent the use of the 2011 congressional election districts for the 2022 elections, Plaintiffs ask this Honorable Court to enjoin acts prohibited by the constitution and statutes; thus, the action is moot upon its inception and non-justiciable. Further, any orders issued by this Court would be of no practical effect.

IV.

Reason 3: Plaintiffs ask this Court to intervene in a political process that lies within the exclusive authority of the legislative branch of government.

V.

Reason 4: In the unlikely event the Legislature fails to apportion Louisiana's Congressional Districts, it is the Louisiana Supreme Court—not the 19th JDC— with jurisdiction to reapportion.

VI.

United States Constitution Article 1, Section 4 gives the duty to redistrict Congress to state "legislatures" in the manner provided by the laws thereof.

VII.

United States Constitution Article 1, Section 4 confers on state legislatures the authority to choose the time, place and manner of elections subject to alteration by Congress.

VIII.

In Louisiana, the Legislature acts through the introduction and passage of bills, the Governor may veto, and the Legislature may override the veto. The Legislature may also call itself into special session or introduce bills related to congressional redistricting in the general session.

IX.

Louisiana Constitution Article II, § 2 and the doctrine of Separation of Powers prohibit a court from issuing a judgment enjoining/mandating the exercise of legislative discretion. Although a court has authority to interpret and declare the law, the judicial branch has no authority to prohibit the Legislature from enacting legislation or carrying out its constitutional decision-making authority.

X.

In no event do district courts such as the 19th JDC have a role in redistricting Congress or law making.

XI.

Therefore, this Court is without subject matter jurisdiction to retain this lawsuit, the exception of lack of subject matter jurisdiction should be sustained, and Plaintiffs' petition should be dismissed.

## DILATORY EXCEPTION

### *Prematurity*

XII.

The Secretary of State pleads the dilatory exception of prematurity pursuant to La. Code Civ. P. art. 926 (A) (1).

XIII.

The Legislature passed congressional redistricting bills, HB 1 and SB 5, during the 2022 First Extraordinary Session.

XIV.

The Legislature adjourned the 2022 First Extraordinary Session on February 18, 2022.

XV.

On March 9, 2022, the Governor vetoed HB1 and SB5.

XVI.

The 40th day following final adjournment of the 2022 First Extraordinary Session is March 30, 2022, and a veto session can commence on that date, making Plaintiffs' challenge premature.

XVII.

Moreover, the Legislature commenced its Regular Legislative Session on March 14, 2022. Multiple bills were pre-filed and are pending on the issue of congressional redistricting, making Plaintiffs' challenge premature. *See* SB 306, HB 712, and HB 608 of the 2022 Regular Session.

XVIII.

There is simply no indication that the Legislature is done with the congressional redistricting process following its receipt of the 2020 census data.

XIX.

Even if the Governor vetoes a congressional redistricting bill from the 2022 Regular Session, the Legislature has an opportunity to override the veto in a veto session, before fall elections.

XX.

In the matter of *English, et al. v. Ardoin*, 2021-0739 (La.App. 4 Cir. 2/2/22), ____So.3d____, 2022 WL 305363, undersigned counsel for Plaintiffs filed a near identical lawsuit.

3

There, the Fourth Circuit, dismissing on venue grounds, correctly noted that "it appears the plaintiffs' claim is premature. . . ." *Id.* at fn. 2.

XXI.

For those same reasons, this matter is premature, the exception of prematurity should be sustained, and this action should be dismissed.

**<u>PEREMPTORY EXCEPTIONS</u>**

*No Cause of Action*

XXII.

The Secretary of State pleads the peremptory exception of no cause of action pursuant to La. Code Civ. Proc. art. 927 (A) (5).

XXIII.

Courts must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical or based on a contingency, which may or may not arise. *See American Waste & Pollution v. St. Martin Parish Police Jury*, 627 So.2d 158 (La.1993).

XXIV.

Nothing in state law authorizes the courts to usurp the constitutional authority of the executive and legislative branches based upon the cynical notion that the political branches of state government are certain to fail in developing a redistricting plan for congressional elections.

XXV.

Further, viewed as an action for injunctive relief, Plaintiffs fail to state a cause of action absent allegations of irreparable harm that are concrete, real, and actual.

XXVI.

Finally, Plaintiffs' petition contains no allegations relative to the Secretary of State. The Secretary of State is a ministerial office, and he has no role with regard to the congressional redistricting process.

XXVII.

Wherefore, the exception of no cause of action should be sustained, and Plaintiffs' petition should be dismissed.

4

*No Right of Action*

XXVIII.

The Secretary of State pleads the peremptory exception of no right of action pursuant to La. Code Civ. P. art. 927(6).

XXIX.

Plaintiffs have no right of action or standing in this case. Except in limited circumstances, an injunction may only be issued in favor of Plaintiffs who may suffer irreparable injury, and Plaintiffs have not alleged they may suffer irreparable harm different from the general population.

XXX.

Plaintiffs lack standing against the Secretary of State. The Secretary of State has no substantial role or authority in the reapportionment and/or redistricting process, and the Secretary of State cannot cause Plaintiffs the kind of harm they complain of, even if events unfold in the way Plaintiffs anticipate they might.

**WHEREFORE**, the Secretary of State, for the reasons more fully expressed in the attached memorandum in support of these exceptions, prays that these exceptions be sustained, the petition be dismissed at Plaintiffs' cost, and for full, general and equitable relief.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY: _____
Carey T. Jones (LSBA #07474)
Angelique Duhon Freel (LSBA #28561)
Jeffrey M. Wale (LSBA #36070)
Lauryn A. Sudduth (LSBA #37945)
Assistant Attorneys General
Louisiana Department of Justice, Civil Division
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: jonescar@ag.louisiana.gov
　　　freela@ag.louisiana.gov
　　　walej@ag.louisiana.gov
　　　sudduthl@ag.louisiana.gov

5

Jennifer O. Bollinger (LSBA #32349)
P.O. Box 94125
Baton Rouge, LA 70804-9125
Telephone: 225-922-2880
Fax: 225-922-2003
Email: jennifer.bollinger@sos.la.gov

*Counsel for the Secretary of State*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing exceptions with proposed rule to show cause has on this date been served upon all known counsel of record by electronic mail at the email address provided.

Baton Rouge, Louisiana, this 16th day of March, 2022.

_____
Angelique Duhon Freel

**NINETEENTH JUDICIAL DISTRICT**

**PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA**

**NUMBER C-716690**                                     **SECTION 24**

**JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-WILEY, AMBER ROBINSON, and POOJA PRAZID**

**VERSUS**

**R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE**

---

## RULE TO SHOW CAUSE

Considering the foregoing *Declinatory, Dilatory, and Peremptory Exceptions*:

**IT IS HEREBY ORDERED** that Plaintiffs appear and show cause on the _____ day of

_____ _____, 2022 at _____a.m./p.m. why the Court should not sustain the Declinatory

Exception of Lack of Subject Matter Jurisdiction, Dilatory Exception of Prematurity, and

Peremptory Exceptions of No Cause and No Right of Action to the *Petition for Injunctive and*

*Declaratory Relief* filed by Exceptor, R. Kyle Ardoin, in his official capacity as the Louisiana

Secretary of State.

Baton Rouge, Louisiana this _____ day of _____, 2022.

_____
JUDGE DONALD R. JOHNSON
SECTION 24
NINETEENTH JUDICIAL DISTRICT COURT

NINETEENTH JUDICIAL DISTRICT

PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

NUMBER C-716690                                      SECTION 24

JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-
WILEY, AMBER ROBINSON, and POOJA PRAZID

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

**MEMORANDUM IN SUPPORT OF DECLINATORY, DILATORY AND
PEREMPTORY EXCEPTIONS FILED ON BEHALF OF THE SECRETARY OF STATE
TO PLAINTIFFS' PETITION FOR INJUNCTIVE AND DECLARATORY RELIEF**

MAY IT PLEASE THE COURT:

NOW INTO COURT, through undersigned counsel, comes the Secretary of State in his official capacity who excepts to the Petition for Declaratory and Injunctive Relief filed by Plaintiffs for the reasons explained more completely below herein.

**I.    BACKGROUND**

This case arises out of the decennial reapportionment and redistricting of United States congressional districts in Louisiana.  Undersigned counsel for Plaintiffs filed a near identical lawsuit in the Civil District Court of Orleans Parish in May of 2021, even before the U.S. Census Bureau delivered to Louisiana its redistricting file in a legacy format. That case, *English, et al. v. Ardoin*, 2021-0739 (La.App. 4 Cir. 2/2/22), ___So.3d___, 2022 WL 305363, was dismissed by the Fourth Circuit Court of Appeal for failure to file in the proper venue.   There, the Fourth Circuit correctly noted, "it appears the plaintiffs' claim is premature at this juncture regarding a cause of action and the plaintiffs' lack standing regarding a right of action." *Id.* at fn. 2.  The same is true in this case.

With regard to Congress, elections for United States Senators and Members of the House of Representatives are obviously different.  Senators are elected every six years.  U.S. Const. art. I, § 3, cl. 1.  Two Senators are elected from each state. *Id.*  Senators are elected statewide so that their election districts are coterminous with the boundaries of the state and need not be changed to take account of population changes.

Members of Congress are apportioned and elected by another process. They are elected every two years. U.S. Const. art I, § 2, cl. 1. Membership of the House of Representatives is apportioned by Congress, which allocates the number of representatives for each state based upon that state's population according to decennial census data. U.S. Const. art. I, § 2, cl. 3; amend. XIV, § 2. Once Congress apportions the number of members to which each state is entitled, the states then establish districts from which one representative per district is elected. 2 USC § 2a (a-c). In order to ensure that each citizen's vote is weighted equally (one-man-one-vote), representative districts must be roughly equal in population. *Wesberry v. Sanders*, 376 U.S. 1 (1964).

The job of drawing districts with equal populations for the election of members of Congress falls to state legislative bodies pursuant to U.S. Const. art. I, § 4, cl. 1. Under 2 USC §2a(a), election districts are re-drawn every ten years following each decennial census in order to maintain the population balance necessary for the one-man-one-vote principle. Assigning the number of House Members for each state is called "reapportionment." Re-drawing congressional election districts is referred to as "redistricting," although "reapportionment" and "redistricting" are sometimes used interchangeably. Louisiana has chosen to redistrict congressional districts by statute. The districts adopted in 2011 are found at La. R.S. 18:1276.1.

With respect to the enactment of statutes, the Louisiana Constitution provides that, "[t]he legislative power of the state is vested in a Legislature, consisting of a Senate and a House of Representatives." La. Const. art. III, § 1. The Legislature shall enact no law except by a bill introduced during that session, and propose no constitutional amendment except by a joint resolution introduced during that session, which shall be processed as a bill. La. Const. art. III, § 15. Thus, redistricting in Louisiana is a political process assigned to the Legislature.

On February 18, 2022, the Legislature passed HB 1 and SB 5, redistricting congressional districts, during the First Extraordinary Session. Those bills were delivered to the Governor for signature. On March 9, 2022, the Governor vetoed the bills. That same day, and shortly after the Governor vetoed HB 1 and SB 5 of the 2022 First Extraordinary Session, Plaintiffs filed their petition in the Nineteenth Judicial District Court, Parish of East Baton Rouge, at 8:37 p.m.

This lawsuit was filed even before the time for a veto session had run. *See* La. Const. art. III, § 18. Aside from a veto session, the Legislature reconvened for its Regular Session on March

2

14, 2022. There are multiple bills pending on the issue of congressional redistricting. *See* SB 306, HB 712, and HB 608 of the 2022 Regular Session. Thus, there exists many opportunities for the Legislature to redistrict congressional seats.

Plaintiffs' suit contests redistricting even though the Legislature is still in the process of congressional reapportionment and redistricting. Plaintiffs speculate that partisan differences in the Legislature and the Governor's office are such that redistricting might not occur, and this Court needs to intercede and direct the redistricting process through declaratory judgment and injunctive relief to these Plaintiffs. For the reasons explained below, Plaintiffs' claims should be dismissed.

## II.    LAW AND ARGUMENT

### A. This Court lacks subject matter jurisdiction.

This case does not present a justiciable controversy capable of resolution by the court, the exception of lack of subject matter jurisdiction should be sustained, and this case should be dismissed.

It is fundamental in our law that courts sit to administer justice in actual cases and that they do not and will not act on feigned ones, even with the consent of the parties." *St. Charles Par. Sch. Bd. v. GAF Corp.,* 512 So. 2d 1165, 1173 (La. 1987), *on reh'g* (Aug. 7, 1987). Jurisdiction is defined as the "legal power and authority of a court to hear and determine an action or proceeding involving the legal relations of the parties, and to grant the relief to which they are entitled." La. Code Civ. P. art. 1. Jurisdiction over subject matter is "the legal power and authority of a court to hear and determine a particular class of actions or proceedings, based upon the object of the demand, the amount in dispute, or the value of the rights asserted." La. Code Civ. P. art. 2.

Subject matter jurisdiction is created by either the constitution or a legislative enactment, and cannot be waived or conferred by the consent of the parties. A judgment rendered by a court which has no jurisdiction over the subject matter of the action or proceeding is null and void. La. Code Civ. P. art. 3. The First Circuit Court of Appeal summarized the law governing an objection of lack of subject matter jurisdiction in *Citizens Against Multi-Chem v. Louisiana Dep't of Envtl. Quality:*

> A court's power to grant relief is premised upon its subject matter jurisdiction over the case or controversy before it, which cannot be waived or conferred by consent. *Wilson v. City of Ponchatoula,* 2009–0303 (La.10/9/09), 18 So.3d 1272. The district courts have exclusive original jurisdiction over most matters, and concurrent original jurisdiction with trial courts of limited jurisdiction. *See* La. Const. art. V, § 16. Subject matter jurisdiction is a threshold issue, insofar as a

judgment rendered by a court that has no jurisdiction over the subject matter of the action or proceeding is void. *See* La. C.C.P. art. 2; *IberiaBank v. Live Oak Circle Dev., L.L.C.,* 2012–1636 (La.App. 1 Cir. 5/13/13), 118 So.3d 27, 30.

The objection of lack of subject matter jurisdiction is used to question the court's legal power and authority to hear and determine a particular class of actions or proceedings based upon the object of the demand, the amount in dispute, or the value of the right asserted. *See* La. C.C.P. art. 2; *IberiaBank,* 118 So.3d at 30. . . .

Subject matter jurisdiction cannot be waived by the parties, and the lack thereof can be recognized by the court at any time, with or without a formal exception. *See* La. C.C.P. arts. 3 and 925(A)(6); *IberiaBank,* 118 So.3d at 30. A declinatory exception pleaded before or in the answer must be tried and decided in advance of the trial of the case. La. C.C.P. art. 929. At the trial of a declinatory exception, evidence may be introduced to support or controvert any of the objections pleaded, when the grounds thereof do not appear from the petition. La. C.C.P. art. 930.

13-1416 (La.App. 1 Cir. 5/22/14), 145 So.3d 471, 474–75.

Absent jurisdiction, a court is without legal authority to hear and decide a case.

i.      *Subject matter jurisdiction requires a justiciable controversy, which is lacking in this case.*

Plaintiffs' petition does not present a justiciable controversy as the allegations of the petition are speculative, conjectural and theoretical, and this Court lacks jurisdiction to render a hypothetical and advisory opinion based upon a scenario that may or may not occur. Plaintiffs allege "there is no reasonable prospect that the Governor and Legislature will reach a compromise in time to adopt a map for use in the 2022 elections." *See* Plaintiffs' Petition at ¶ 29. Plaintiffs go on to say that "[i]n light of Louisiana's *likely impasse,* this Court must intervene to ensure Plaintiffs and other Louisiana voters do not suffer unconstitutional vote dilution." (Emphasis added.) *See* Plaintiffs' Petition at ¶ 32. Plaintiffs also allege that the current map, "*if used in any future elections*" would unconstitutionally dilute the strength of Plaintiffs' votes. *See* Plaintiffs' Petition at ¶ 25. The kind of "what if" scenarios alleged by Plaintiffs do not present a justiciable controversy.

It is well settled in the jurisprudence of this state that courts will not decide abstract, hypothetical, or moot controversies or render advisory opinions with respect to such controversies. *Cat's Meow, Inc. v. City of New Orleans, Dept. of Finance*, 98-0601 (La. 10/20/98), 720 So.2d 1186, 1193; *See also Shepherd v. Schedler*, 15-1750 (La. 01/27/16), 209 So.3d 752, 764. Cases submitted for adjudication must be justiciable, ripe for decision, and not brought prematurely. *Prator v. Caddo Parish*, 04-0794 (La. 12/1/04), 888 So.2d 812, 815.

Louisiana Code of Civil Procedure Article 1871 authorizes the judicial declaration of "rights, status, and other legal relations whether or not further relief is or could be claimed." A declaratory judgment action is designed to provide a means for adjudication of rights and obligations in cases involving an actual controversy that has not reached the stage where either party can seek a coercive remedy. *Code v. Dep't of Pub. Safety & Corr*, 11-1282 (La.App. 1 Cir. 10/24/12), 103 So.3d 1118, 1126, *writ denied*, 12-2516 (La. 1/23/13), 105 So.3d 59. The function of a declaratory judgment is simply to establish the rights of the parties or express the opinion of the court on a question of law without ordering anything to be done. *Id.* at 1127. Nevertheless, our jurisprudence has limited the availability of declaratory judgment by holding that "courts will only act in cases of a present, justiciable controversy and will not render merely advisory opinions." *Id.*

Because of the almost infinite variety of factual scenarios with which courts may be presented, a precise definition of a justiciable controversy is neither practicable nor desirable. *Id.* However, a justiciable controversy has been broadly defined as one involving "adverse parties with opposing claims ripe for judicial determination," involving "specific adversarial questions asserted by interested parties based on existing facts." *Id.* (quoting *Prator v. Caddo Parish*, 04-0794 (La. 12/1/04), 888 So.2d 812, 816). A justiciable controversy for declaratory judgment purposes is one involving uncertain or disputed rights in "an immediate and genuine situation," and must be a "substantial and actual dispute" as to the legal relations of "parties who have real, adverse interests." *Id.* (quoting *Prator*, 888 So.2d at 817).

The Louisiana Supreme Court discussed "justiciable controversy" relative to declaratory judgment actions in *Abbott v. Parker*, explaining:

> A "justiciable controversy" connotes, in the present sense, an existing actual and substantial dispute, as distinguished from one that is merely hypothetical or abstract, and a dispute which involves the legal relations of the parties who have real adverse interests, and upon which the judgment of the court may effectively operate through a decree of conclusive character. Further, the plaintiff should have a legally protectable and tangible interest at stake, and the dispute presented should be of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

249 So.2d 908, 918 (La. 1971); *See also Prator*, 888 So.2d at 815–17. A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency, which may or may not arise. *American Waste & Pollution Control Co. v. St. Martin Parish Police Jury*, 627 So.2d 158, 162 (La. 1993). The absence of any justiciable

controversy then deprives this Court of subject matter jurisdiction. *See Duplantis v. La. Bd. of Ethics*, 00-1750 (La. 03/23/01), 782 So. 2d 582, 589 (courts are without jurisdiction to render advisory opinions and may only review matters that are justiciable).

Consequently, a declaratory action cannot generally be maintained unless it involves some specific adversary question or controversy asserted by interested parties and is based on an existing state of facts. *Tugwell v. Members of Bd. of Hwys.*, 83 So.2d 893, 899 (La.1955). Declaratory relief is not available to an applicant unless the case presents an actual and existing justiciable controversy, not a hypothetical one La. Code Civ. P. art.1881; *LA Independent Auto Dealers Ass'n v. State*, 295 So.2d 796 (La.1974), *Rambin v. Caddo Parish Police Jury*, 316 So.2d 499, 501 (La.App. 2 Cir. 1975).

In the case of an injunction under La. Code Civ. P. art 3601, the same rule holds true. This Court cannot indulge in speculative and theoretical exercises upon a supposed set of facts. "It is well settled that courts should not decide abstract, hypothetical or moot controversies, or render advisory opinions with respect to such controversies." *Balluff v. Riverside Indoor Soccer II, L.L.C.*, 07-780 (La.App. 5 Cir. 3/11/08), 982 So. 2d 199, 201. Injury that may never materialize cannot form the basis of a plea for injunctive relief.

Here, Plaintiffs' plea for declaratory judgment and injunctive relief fails to assert a justiciable controversy. Plaintiffs do not allege that a reapportionment plan for the 2022 congressional elections has been put in place. Neither do Plaintiffs allege that the Secretary of State or anyone else proposes to utilize current congressional districts drawn in 2011 to hold the regular congressional elections in 2022. The petition alleges primarily that Plaintiffs' rights might be effected and that their rights may be prejudiced should the State decide to move forward with the 2022 congressional elections based upon the 2011 election districts from the last decennial reapportionment. Plaintiffs do not allege that the State plans to use 2011 election district, that the idea of using 2011 election districts is proposed, or even legally possible.

    ii.    *The State is Barred from Using 2011 Districts for the 2022 Congressional Elections, and Plaintiffs' Claim In That Regard is Moot.*

Plaintiffs ask this Court to issue an order declaring the 2011 congressional election districts to be unconstitutional, and for an order enjoining the Secretary of State from giving any effect to Louisiana's 2011 congressional districting plan. However, the Constitution and laws command

that the State redistrict for the 2022 elections, and the objective Plaintiffs seek has been accomplished by operation of law. *See* U.S. Const. art. I, § 2, cl. 3; amend. XIV, § 2; 2 USC § 2a. The requested court order would merely direct the Secretary of State to follow the law that is already in place, and such a court order would have no practical effect and would change nothing. The states are required to draw new districts based upon changes in population assuming that the census numbers reflect the need for reconfiguration of the districts. The states have no discretion. Louisiana must elect their allotted members of the House of Representatives from new districts following each decennial census. The law leaves no dispute or controversy for this Court to resolve in that regard.

An issue is moot when a judgment or decree on that issue has been "deprived of practical significance" or "made abstract or purely academic." *In re E.W.*, 09–1589 (La.App. 1 Cir. 5/7/10), 38 So.3d 1033, 1037. Thus, a case is moot when a rendered judgment or decree can serve no useful purpose and give no practical relief or effect. *Stevens v. St. Tammany Par. Gov't*, 2016-0197 (La.App. 1 Cir. 1/18/17), 212 So. 3d 562, 566–67. If the case is moot, then "there is no subject matter on which the judgment of the court can operate." *Ulrich v. Robinson*, 18-0534 (La. 3/26/19), 282 So. 3d 180, 186.

When a judgment can change nothing, it is deemed moot. "A "moot" case is one in which a judgment can serve no useful purpose and give no practical effect. When a case is moot, there is simply no subject matter on which the judgment of the court could operate. *State in Int. of J.H.*, 13-1026 (La.App. 4 Cir. 3/19/14), 137 So. 3d 748, 750 [internal citations omitted]. A case is moot when whatever it is that the Plaintiff sued for has already happened or happened in the course of litigation. In such cases, a court pronouncement would not change anything.

Here, Plaintiffs' petition the Court to declare that 2011 districts cannot be used for the 2022 Congressional elections and that the Secretary of State should be enjoined from doing so. Plaintiffs want to enjoin what the Constitution and applicable statutes expressly prohibit by mandating that states redistrict congressional election districts every ten years so that congressional elections must be held in reconfigured election districts. U.S. Const. art. I, § 2, cl. 3; amend. XIV, § 2; 2 USC § 2a. Plaintiffs want to declare and enjoin the defendant from doing something he cannot do under the law without even alleging that any such actions are contemplated or imminent.

7

A condition to be enjoined in litigation must currently exist or be imminent. *Faubourg Marigny Imp. Ass'n, Inc. v. City of New Orleans*, 15-1308 (La.App. 4 Cir. 5/25/16), 195 So. 3d 606, 618.

Additionally, Plaintiffs' allegations with regard to the use of 2011 congressional election districts are entirely speculative and refer to an uncertain event, not even rumored to the Secretary's knowledge, leaving the Court without any basis to act. *Id.* Plaintiffs do not allege that a violation of constitutional and statutory law is contemplated by any Louisiana official much less that such an event is real or imminent. A condition to be enjoined in litigation must currently exist or be imminent. *Id.* A party cannot just take a notion without any factual basis that someone might violate the law and sue to stop them. Yet, Plaintiffs have done so here.

The Court lacks jurisdiction to entertain a plea that is moot by virtue of statutory and constitutional mandates that accomplish Plaintiffs' objective. Any order this Court might issue in response to Plaintiffs' plea would have no practical effect. The claim relative to the existence and use of 2011 congressional election districts is moot.

   iii.    *The Separation of Powers Provision in the Louisiana Constitution Precludes the Court's Involvement in the Political Process of Reapportionment and Redistricting*

Plaintiffs pray that this Court establish a schedule that will enable it to adopt and implement a new congressional district plan. However, redistricting Congress is a unique political process specifically reserved to the state's Legislature pursuant to the United States and Louisiana Constitutions. The redistricting process precludes this Court's usurpation of the redistricting process, and this Court cannot preempt the Legislature as the Plaintiffs ask them to do. This Court's engagement in the formulation of congressional districts reaches beyond the authority given it by the United States and Louisiana Constitutions or any other state law.

The Elections Clause provides that rules governing the "Times, Places and Manner of holding Elections for Senators and Representatives" must be "prescribed in each State by the Legislature thereof." Art. I, §4, cl. 1. This Clause could have said that these rules are to be prescribed "by each State," which would have left it up to each State to decide which branch, component, or officer of the state government should exercise that power, as States are generally free to allocate state power as they choose. But that is not what the Elections Clause says. Its language specifies a particular organ of a state government, and we must take that language

seriously." *See Moore v. Harper*, 595 U.S. ____ (2022). (Alito, J. dissenting opinion) The U.S. Supreme Court has clearly noted the role of legislative bodies in redistricting congressional election districts: "[O]ur precedent teaches that redistricting is a legislative function, to be performed in accordance with the State's prescriptions for lawmaking, which may include the referendum and the Governor's veto." *Arizona State Legislature v. Arizona Indep. Redistricting Comm'n*, 576 U.S. 787 (2015).

Louisiana has chosen to establish congressional districts through the enactment of a statute in accordance with the ordinary legislative process. La. R.S. 18:1276.1. The process is inherently political to be carried out by the legislative and executive branches of government. The three branches of state government in Louisiana are established in La. Const. art. II, § 1 as the legislative, executive and judicial branches, each with powers fixed by the Constitution. La. Const. art. II, § 2 provides that no one branch of government can exercise power belonging to another. The function of the judiciary is to interpret laws; it is the legislature's function to draft and enact them. *Mathews v. Steib*, 11-0356 (La.App. 1 Cir. 12/15/11), 82 So. 3d 483, 486, *writ denied*, 2012-0106 (La. 3/23/12), 85 So. 3d 90. The amendment of a statute is addressed to the Legislature and not the courts. *Succession of Farrell*, 200 La. 29, 34, 7 So. 2d 605, 606 (1942).

In that regard, the Louisiana Legislature is vested with the power to pass laws. The Louisiana Constitution provides that, the legislative power of the state is vested in a Legislature, consisting of a Senate and a House of Representatives. La. Const. art. III, § 1. The Legislature shall enact no law except by a bill introduced during that session. La. Const. art. III, § 15. The Governor is vested with the authority to approve or veto bills pursuant to La. Const. art. III, § 18. Because Louisiana has chosen to redistrict congressional election districts by statute, the Legislature is responsible for congressional redistricting in Louisiana, subject to the Governor's approval or veto of any such redistricting plan.

Unquestionably, the redistricting of congressional election districts belongs to the Legislature and the Governor as the political branches of state government—not to the district courts of the State. At this juncture of apportionment process, the judicial branch of state government is not permitted to infringe upon the express powers of the legislative and executive branches by Article II, § 2 of the Constitution. *Hoag v. State*, 2004-0857 (La. 12/1/04), 889 So. 2d 1019, 1022. The courts are not allowed to make decisions reserved to the Legislature and the

Governor.  The courts of the state have uniformly upheld the legislature's powers free from interference by the courts to adopt and amend laws.

Plaintiffs invite the Court to intervene in the congressional redistricting process and usurp the powers expressly granted to the Legislature by both the U.S. and Louisiana Constitutions.  The courts are not vested with that kind of authority.  Accordingly, this Court lacks jurisdiction to intercede in redistricting congressional election districts.  This Court must decline Plaintiffs' invitation to involve itself in a political process.

iv.    *The District Court is without jurisdiction to redistrict.*

In the unlikely event, once time has run for the legislative process, if the Legislature fails to apportion Louisiana's congressional districts, it is the Louisiana Supreme Court—not the 19th JDC— with jurisdiction to reapportion.  *See* La. Const. art. III, §6.

**B.    This matter is premature.**

To the extent that Plaintiffs urge the Court's intervention in the redistricting process, the Secretary of State urges the dilatory exception of prematurity as authorized by La. Code Civ. P. art. 926 (A) (1).  This is not a matter over which this District Court has jurisdiction, but, even if it did, the cause of action is premature.  The time has not run for a veto override session in connection with the 2022 First Extraordinary Session.  Additionally, the Legislature recently convened in its 2022 Regular Session, and there are multiple bills pending on the issue of reapportionment of Louisiana's congressional districts.  *See* SB 306, HB 712, and HB 608 of the 2022 Regular Session. There is no indication that the Legislature is abandoning the congressional redistricting process.

The exception of prematurity questions whether the cause of action has matured to the point where it is ripe for judicial determination, because an action will be deemed premature when it is brought before the right to enforce it has accrued.  *Williamson v. Hosp. Serv. Dist. No. 1 of Jefferson*, 04-051, p. 4 (La. 12/1/04), 888 So.2d 782, 785.  This type of exception raises the issue that the judicial cause of action has not come into existence because some prerequisite condition has not been fulfilled.  *Jarrell v. Am. Med. Intern, Inc.*, 552 So.2d 756 (La.App. 1 Cir. 1989).

Until the Legislature indicates it will not reapportion or redistrict Louisiana's Congressional Districts, the courts have no place in the congressional redistricting process, and the exception of prematurity should be sustained.

**C.    Plaintiffs failed to state a cause of action.**

The Petition for Declaratory and Injunctive Relief fails to state a cause of action. The function of the objection of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La. 1993). No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. La. Code Civ. Proc. art. 931. The exception is triable on the face of the pleading, and for determining the issues raised by the exception, the well-pleaded facts in the pleading must be accepted as true. Thus, the only issue at the trial of the exception is whether, on the face of the petition, Plaintiffs are legally entitled to the relief sought. *Perere v. Louisiana Television Broadcasting Corp.*, 97-2873 (La.App. 1 Cir. 11/6/98), 721 So.2d 1075, 1077.

Since Louisiana has retained a system of fact pleadings, conclusory allegations of a plaintiff do not set forth a cause of action. *Montalvo v. Sondes*, 93-2813, 93-2813 (La. 5/23/94), 637 So.2d 127, 131. Conclusions of law, as opposed to factual statements, are improper to state causes of action. *Nat'l Gypsum Co. v. Ace Wholesale, Inc.*, 98-1196 (La.App. 5 Cir. 6/1/99), 738 So.2d 128, 130. Vague references, suppositions, and legal conclusions cannot take the place of succinct and definite facts upon which a cause of action must depend. *Jackson v. Home Depot, Inc.*, 04-1653 (La.App. 1 Cir. 6/10/05), 906 So.2d 721, 728. A court should sustain the exception when the allegations of the petition, accepted as true, afford no remedy to the plaintiff for the particular grievance. *Harris v. Brustowicz*, 95-0027 (La.App. 1 Cir. 10/6/95), 671 So.2d 440, 442.

With respect to the use of 2011 districts to hold 2022 congressional elections, Plaintiffs do not plead any colorable allegations that the Secretary of State has the authority or intention to do so. Plaintiffs simply argue almost as a *non sequitur* that this Court should declare that the 2011 district map cannot be used to hold 2022 elections.

The law dictates that the State redraw the districts for congressional elections in 2022. Plaintiffs' cause of action in that regard is not only rendered moot by the statutory framework for redistricting, but the petition makes no allegations to suggest that there is some claim to the contrary.

Further, Plaintiffs have no legally protectable and tangible interest at stake, and the dispute alleged is not of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

*Louisiana Fed'n of Tchrs. v. State*, 2011-2226 (La. 7/2/12), 94 So. 3d 760, 763.  A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency, which may or may not arise.  *American Waste & Pollution Control Co. v. St. Martin Parish Police Jury,* 627 So.2d 158, 162 (La.1993).  Further, a case is not ripe for review unless it raises more than a generalized, speculative fear of unconstitutional action.  *State v. Rochon,* p. 7, 11–0009 (La.10/25/11), 75 So.3d 876, 882.

Plaintiffs here seek a declaratory judgment on speculative allegations that the Defendant might do something at some undefined point in the future.  Their allegations do no more than suggest a mere possibility of something occurring rather than setting out specific, particularized and immediate concrete facts that are actual and existing.  Were this Court to accept Plaintiffs' allegations as true, it would have nothing more than rank speculation to act on, which the courts unanimously hold cannot form the basis for a cause of action.  *See Purpera v. Robinson*, 20-0815 (La.App. 1 Cir. 2/19/21), *writ denied,* 21-00406 (La. 5/11/21).

Nor do Plaintiffs allege plausible facts to support their claim that the partisan divide in our executive and legislative branches will lead to the likely impasse with regard to congressional redistricting.  The Legislature and the Governor pass bills into law on a frequent basis, and Plaintiffs' dim view of their ability to do so here is not the kind of factual allegation essential to plead a cause of action.  In their petition, Plaintiffs tout the Legislature's declination to override a veto as signifying something supporting their suit.  However, such an allegation suggests that the state's constitutional process functioned as it should, not that paralysis has infected the political process.

The same holds true for the plea for injunctive relief.  Plaintiffs fail to allege a basic foundational requirement for injunctive relief: actual or imminent harm irreparable to the plaintiffs. *Louisiana Fed'n of Tchrs. v. State*, 11-2226 (La. 7/2/12), 94 So. 3d 760, 763.  Actual or imminent harm can hardly be asserted in the absence of an actual and existing redistricting plan or an intention to use the existing districts in the 2022 congressional elections.  Plaintiffs thus failed to state a cause of action for injunctive relief.

Louisiana law provides that an injunction shall issue only "in cases where irreparable injury, loss, or damage may otherwise result to the applicant, or in other cases specifically provided by law." La. Code Civ. P. art. 3601(A).  The hypothetical harm claimed by Plaintiffs' in this case

is not particularized as to them as opposed to the public at large in each of the congressional districts. A plaintiff must have a real and actual interest in the action he asserts, La. Code Civ. P. art. 681. Without a showing of some special interest separate and distinct from the interest of the public at large, a plaintiff will not be permitted to proceed. *League of Women Voters of New Orleans v. City of New Orleans,* 381 So. 2d 441, 447 (La. 1980). There is no colorable allegation that these Plaintiffs are situated any differently than any other member of the general public with respect to congressional districts, and their failure to so allege is fatal to their injunction plea.

Additionally, Plaintiffs' petition contains no allegations relative to the Secretary of State's role in the congressional redistricting process. There are no such allegations because the Secretary of State plays no role in congressional redistricting. The constitution and laws of Louisiana do not grant his office the power to cause or cure the grievance set out by Plaintiffs in their petition. The Secretary of State has no power to change the laws about which Plaintiffs complain, and he simply administers the election process created by statute. The Secretary of States' duties are ministerial and do not include the establishment of election districts. He does not adopt laws or refuse to adopt laws. Rather, the Secretary is bound to follow the laws enacted by other branches of government.

Defendants' Exception of No Cause of Action should be sustained with respect to both injunctive and declaratory relief.

### D.    Plaintiffs failed to state a right of action.

Plaintiffs fail to demonstrate a real and actual interest in the matter asserted in the petition. La. Code Civ. P. art. 681. Nothing in Plaintiffs' allegations show that they have a "real and actual" interest in this case; instead, their interest is hypothetical and theoretical based upon conjecture and speculation. "[W]hether a litigant has standing to assert a claim is tested via an exception of no right of action." *Bradix v. Advance Stores Co., Inc.*, 17-0166 (La.App. 4 Cir. 8/16/17), 226 So. 3d 523, 528. Here, as in *Bradix,* the Plaintiffs do not assert that they presently possess a claim, have sustained or may imminently suffer some injury. Until they do, Plaintiffs have no right of action to assert and lack standing to bring the suit.

To have standing Plaintiffs must assert an adequate interest in himself, which the law recognizes, against a defendant having a substantial adverse interest. *Howard v. Administrators of Tulane Educ. Fund*, 2007-2224 (La. 7/1/08), 986 So. 2d 47, 54. Plaintiffs fail on both counts –

fail to assert an existing adequate interest in future redistricting of congressional districts and fail to show a substantial adverse interest on the part of the Secretary of State who has no role in redrawing congressional election districts.

The foundation for Plaintiffs' suit consists in the allegation that "there is no reasonable prospect that the Governor and Legislature will reach a compromise in time to adopt a map for use in the 2022 elections." *See* Plaintiffs' Petition at ¶ 29. Plaintiffs' claims as set out in the petition lie against the legislative branch of state government rather than the Secretary of State. Moreover, even at that, Plaintiffs' bet that the political branches will fail does not implicate the Secretary of State. The Secretary of State will not fail to redistrict anything. He is not involved in the process. Plaintiffs have no grievance against him and no standing to sue him.

Plaintiffs fare no better claiming that the failure to timely yield a new plan "is likely to significantly, if not severely, burden plaintiffs' First Amendment right to association." Plaintiffs' Petition at ¶ 42. The phrase "is likely to" is innately hypothetical, and therefore insufficient to form a justiciable controversy that will result in injury to these particular Plaintiffs. "Without a showing of a special interest that is separate and distinct from the interest of the general public, a plaintiff may not proceed." *Vieux Carre Prop. Owners, Residents & Assocs., Inc. v. Hotel Royal, L.L.C.*, 09-0641 (La.App. 4 Cir. 2/3/10), 55 So. 3d 1, 7, *on reh'g* (Jan. 5, 2011), *writ denied*, 11-0258 (La. 4/29/11), 62 So. 3d 112. For this Court to act, Plaintiffs are required to give the Court something to act on, i.e. a "special interest which is separate and distinct from the interest of the public at large." *All. For Affordable Energy v. Council of City of New Orleans*, 96-0700 (La. 7/2/96), 677 So. 2d 424, 428. Absent such a showing, they do not have a right of action.

Recently, the Louisiana Supreme Court in *Soileau v. Wal-Mart Stores, Inc.,* 19-0040, p. 6 (La. 6/26/19), 285 So.3d 420, 425, dismissed a case based upon Plaintiff's failure to demonstrate convincingly that a real and actual dispute had been presented. Citing *St. Charles Parish School Bd. v. GAF, Corp.*, the court ruled that the plaintiff based her claims on "abstract harm she might suffer in the future" and that "[t]he injury resulting from this purported conflict of interest is not based on any actual facts or occurrences; rather, she asks the court to assume that she will suffer harm if certain hypothetical facts occur." *Soileau*, 285 So.3d at 425. The Louisiana Supreme Court ruled that, "[w]e decline to render an advisory opinion based on facts which may or may not occur at some unspecified time in the future." *Id.*

The court's reasoning in *Soileau* applies here. Plaintiffs' claims are purely about things that may or may not occur. Plaintiffs' claims are purely hypothetical, and this Court should refrain from rendering a speculative judgment based upon what might or might not occur in congressional redistricting.

Even to the extent Plaintiffs seek merely to restrain the Secretary, they still fail to make a showing of personal "interest" to establish a justiciable controversy. All allegations are speculative, theoretical harms. Because Plaintiffs have failed to show that they have a right to sue according to the applicable standards, this Court should sustain the Defendant's exception of no right of action. *See Howard v. Administrators of Tulane Educational Fund*, 07-2224 (La. 7/1/08), 986 So. 2d at 59 (noting that an exception of no right of action is the proper vehicle to challenge a Plaintiff's standing).

Then there is the question of standing to sue the Secretary of State who has no appreciable role in redistricting Congress. Plaintiffs allege no such role for the Secretary. Neither the United States nor the Louisiana Constitution assign him a substantive role in the process. Plaintiffs do not allege that the Secretary might cause them some grievance when redistricting does occur. The Secretary of State does not enforce any of the redistricting statutes, and nothing in the petition's allegations show that the Secretary proposes an election plan in which the expired districts will be used, much less that the Secretary of State has the authority to do so. Absent some showing that the Secretary has a connection to congressional redistricting or that Plaintiffs will be injured by anything the Secretary has authority to do, they simply do not have standing to sue him.

### III.    CONCLUSION

Plaintiffs do not present a justiciable controversy for this Court's determination. Even if courts could entertain jurisdiction, the Plaintiffs' claim is premature, and it is the Louisiana Supreme Court that would have jurisdiction. Finally, Plaintiffs' petition fails to allege a cause of action. Further, based on the allegations, Plaintiffs lack the right or standing to bring suit. For the foregoing reasons, the Secretary of State respectfully requests that this Court sustain these

exceptions and dismiss Plaintiffs' demands at Plaintiffs' cost.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY:

Carey T. Jones (LSBA #07474)
Angelique Duhon Freel (LSBA #28561)
Jeffrey M. Wale (LSBA #36070)
Lauryn A. Sudduth (LSBA #37945)
Assistant Attorneys General
Louisiana Department of Justice, Civil Division
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: jonescar@ag.louisiana.gov
        freela@ag.louisiana.gov
        walej@ag.louisiana.gov
        sudduthl@ag.louisiana.gov

Jennifer O. Bollinger (LSBA # 32349)
P.O. Box 94125
Baton Rouge, LA 70804-9125
Telephone:  225-922-2880
Fax:  225-922-2003
Email:  jennifer.bollinger@sos.la.gov

*Counsel for the Secretary of State*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Memorandum has on this date been served upon all known counsel of record by electronic mail at the email address provided.

Baton Rouge, Louisiana, this 16th day of March, 2022.

Angelique Duhon Freel

# EXHIBIT 27

NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA

NO. C-716690                                                SECTION 24

JAMES BULLMAN, *ET AL*

V.

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*CONSOLIDATED WITH\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

NO. C-716837                                               SECTION 25

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
LOUISIANA STATE CONFERENCE, *ET AL*

V.

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

## DECLINATORY, DILATORY, AND PEREMPTORY EXCEPTIONS ON BEHALF OF CLAY SCHEXNAYDER, IN HIS OFFICIAL CAPACITY AS SPEAKER OF THE LOUISIANA HOUSE OF REPRESENTATIVES, AND PATRICK PAGE CORTEZ, IN HIS OFFICIAL CAPACITY AS PRESIDENT OF THE LOUISIANA SENATE

NOW INTO COURT, through undersigned counsel, come Clay Schexnayder, in his

Official Capacity as Speaker of the Louisiana House of Representatives, and Patrick Page Cortez,

in his Official Capacity as President of the Louisiana Senate, (collectively, the "Legislative

Intervenors") who plead declinatory, dilatory, and peremptory exceptions in response to: the

Petition for Injunctive and Declaratory Relief from the Louisiana State Conference of the National

Association for the Advancement of Colored ("Louisiana NAACP"), the Power Coalition for

Equity and Justice ("Power Coalition"), and Dorothy Nairne, Edwin René Soulé, Alice

Washington, and Clee Earnest Lowe (collectively, the " Louisiana NAACP Plaintiffs"); the

Petition for Injunctive and Declaratory Relief from James Bullman, Kirk Green, Stephen

Handwerk, Darryl Malek-Wiley, Amber Robinson, and Pooja Prazid (collectively, the "Bullman

Plaintiffs") (the Louisiana NAACP Plaintiffs and Bullman Plaintiffs collectively, the "Plaintiffs");

and the Petition for Intervention by Intervenors Michael Mislove, et al. ("Mislove Intervenors")

(the Plaintiffs' and Mislove Intervenors' petitions collectively, the "Petitions"):

## DECLINATORY EXCEPTION

### *Lack of Subject Matter Jurisdiction*

I.

Legislative Intervenors plead the declinatory exception of lack of subject matter jurisdiction pursuant to Louisiana Code of Civil Procedure article 925(A)(6) for two different reasons:

II.

Reason 1: The Petitions do not present a ripe and justiciable controversy as the allegations of the Petitions are speculative, conjectural, and theoretical, and this Court lacks jurisdiction to render a hypothetical and advisory opinion based upon a hypothetical future scenario that may or may not occur.

III.

Reason 2: The Petitions seek this Court to intervene in a political process that lies within the exclusive authority of the legislative branch of government.

IV.

Article I, Section 4 of the United States Constitution gives the duty to redistrict Congress to state "legislatures" in the manner provided by the laws thereof.

V.

Article I, Section 4 of the United States Constitution confers on state legislatures the authority to choose the time, place, and manner of elections subject to alteration by Congress.

VI.

In Louisiana, the Legislature acts through the introduction and passage of bills, the Governor may veto, and the Legislature may override the veto. The Legislature may also call itself into special session or introduce bills related to congressional redistricting in the general session.

VII.

Louisiana Constitution Article II, Section 2 and the doctrine of Separation of Powers prohibit a court from issuing a judgment enjoining or mandating the exercise of legislative discretion. Although a court has authority to interpret and declare the law, the judicial branch has no authority to prohibit the Legislature from enacting legislation or carrying out its constitutional decision-making authority.

VIII.

Therefore, this Court is without subject matter jurisdiction to retain this lawsuit, the exception of lack of subject matter jurisdiction should be sustained and the Petitions dismissed.

## DILATORY EXCEPTION

### *Prematurity*

IX.

The Legislative Intervenors plead the dilatory exception of prematurity pursuant to Louisiana Code of Civil Procedure article 926(A)(1).

X.

The Legislature passed congressional redistricting bills, *i.e.*, House Bill ("HB") 1 and Senate Bill ("SB") 5, during the 2022 First Extraordinary Session.

XI.

The Legislature adjourned the 2022 First Extraordinary Session on February 18, 2022.

XII.

On March 9, 2022, the Governor vetoed HB 1 and SB 5.

XIII.

A veto session will commence on the fortieth day following final adjournment of the 2022 First Extraordinary Session, which is March 30, 2022, making the challenge in the Petitions premature.

XIV.

Moreover, the Legislature commenced its Regular Legislative Session on March 14, 2022. Multiple bills were pre-filed and are pending on the issue of congressional redistricting, making the challenge in the Petitions premature. *See* SB 306, HB 712, HB 823, and HB 608 of the 2022 Regular Session.[1]

---

[1] This Honorable Court may take judicial notice of the bills pending for the 2022 Regular Legislative Session related to Congressional Reapportionment and Redistricting: SB 306, https://legis.la.gov/legis/ViewDocument.aspx?d=1256768; HB 712, https://legis.la.gov/legis/ViewDocument.aspx?d=1257664; HB 823, https://legis.la.gov/legis/ViewDocument.aspx?d=1259460; and HB 608, https://legis.la.gov/legis/ViewDocument.aspx?d=1256978.

XV.

There remains time and options for the Legislature to complete the congressional redistricting process in time for the November 8, 2022 Open Congressional Primary Election.

XVI.

Even if the Governor vetoes a congressional redistricting bill from the 2022 Regular Session, the Legislature has an opportunity to override the veto in a veto session, or to call into session another Extraordinary Session, before the fall elections. *See* La. Const. Art. III, § 2(B).

XVII.

In the matter of *English v. Ardoin*, a similar group of plaintiffs represented by the same counsel that represents the *Bullman* Plaintiffs filed a near identical lawsuit as here. In dismissing on venue grounds, the Fourth Circuit also correctly observed that plaintiffs had filed suit "before they were aggrieved" and noted that "it appears the plaintiffs' claim is premature. . . regarding a cause of action." *English v. Ardoin*, 2021-0739 (La. App. 4 Cir. 2/2/22), -- So.3d --, 2022 WL 305363, at *3, *4 n.2.

XVIII.

For those same reasons, this matter is premature, the exception of prematurity should be sustained, and this action dismissed.

**PEREMPTORY EXCEPTIONS**

***No Cause of Action***

XIX.

The Legislative Intervenors plead the peremptory exception of no cause of action pursuant to Louisiana Code of Civil Procedure article 927(A)(5).

XX.

"A court must refuse to entertain an action for a declaration of rights if the issue presented is academic, theoretical, or based on a contingency which may or may not arise." *Am. Waste & Pollution Control Co. v. St. Martin Par. Police Jury*, 627 So. 2d 158, 162 (La. 1993).

XXI.

Nothing in state law authorizes the courts to usurp the constitutional authority of the Legislature to redistrict the State based upon a speculative prediction that the political branches of state government are certain to fail in developing a redistricting plan for congressional elections.

XXII.

Further, viewed as an action for injunctive relief, the Petitions fail to state a cause of action absent allegations of a concrete, real injury that is presently occurring.

XXIII.

In addition, the Petitions have failed to state a cause of action in Count I of each Petition under Article I, Section 2 of the United States Constitution. The one-person, one-vote principle relied upon by the Petitions requires a State to have "a rational approach to readjustment of legislative representation" or, stated differently, a "reasonable plan for periodic revision." *Reynolds v. Sims*, 377 U.S. 533, 583 (1964). It is not alleged that Louisiana does not have such a rational approach.

XXIV.

In addition, the *Bullman* Petition and the Mislove Intervenors' Petition fail to state a cause of action in Count II of their Petitions under Article I, Sections 7 and 9 of the Louisiana Constitution, for any alleged violation of their right to free association. The conduct alleged in the Petitions does not infringe any right to free association.

XXV.

Wherefore, the exception of no cause of action should be sustained, and the Petitions dismissed.

### *No Right of Action*

The Legislative Intervenors plead the peremptory exception of no right of action pursuant to Louisiana Code of Civil Procedure article 927(A)(6).

XXVI.

The Plaintiffs and Mislove Intervenors have no right of action or standing in this case. Except in limited circumstances, an injunction may only be issued in favor of a party who may suffer irreparable injury, and neither Plaintiffs nor Mislove Intervenors have alleged that they may suffer irreparable harm different from the general population. Additionally, there is no standing where, as here, the injury claimed by the Plaintiffs and Mislove Intervenors is, at best, a speculative claim of possible future harm, which is insufficient as a matter of law. *Haynes v. Haynes*, 2002-0535 (La. App. 1 Cir. 5/9/03), 848 So. 2d 35, 39.

XXVII.

In the matter of *English v. Ardoin*, No. 2021-0739 (La. App. 4 Cir. 2/2/22), __So.3d__, the

plaintiffs filed a near identical lawsuit as here. In dismissing on venue grounds, the Fourth Circuit

correctly noted that "it appears . . . the plaintiffs' lack standing regarding a right of action." *English

v. Ardoin*, 2021-0739 (La. App. 4 Cir. 2/2/22), 2022 WL 305363, at *4 n.2.

XXVIII.

The Louisiana NAACP and Power Coalition do not have associational standing to bring

this suit.

**WHEREFORE**, the Legislative Intervenors, for the reasons more fully expressed in the

attached memorandum in support of these exceptions, pray that these exceptions be sustained, the

Petitions be dismissed at Plaintiffs' and Mislove Intervenors' cost, and for full, general and

equitable relief.

**CERTIFICATE OF SERVICE**

I CERTIFY that the foregoing Exceptions
have been served upon counsel of record via e-
mail pursuant to La. C.C.P. art. 1313 on March
29, 2022.

*Christina B. Peck*

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

By Attorneys:

*Christina B. Peck*

Christina B. Peck, LA Bar No. 14302
Sheri M. Morris, LA Bar No. 20937
DAIGLE, FISSE, & KESSENICH, PLC
8900 Bluebonnet Boulevard
Baton Rouge, LA 70810
Phone: (225) 421-1800  Fax: (225) 421-1792
Email: CPeck@DaigleFisse.com
        SMorris@DaigleFisse.com

*Counsel for Legislative Intervenors, Clay
Schexnayder, in his Official Capacity as
Speaker of the Louisiana House of
Representatives, and of Patrick Page
Cortez, in his Official Capacity as President
of the Louisiana Senate*

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Pro hac vice motions to be filed*

# EXHIBIT 28

NINETEENTH JUDICIAL DISTRICT

PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

NUMBER C-716690                                    SECTION 24

JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-WILEY, AMBER ROBINSON, and POOJA PRAZID

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

****************CONSOLIDATED WITH*****************

NUMBER C-716837                                    SECTION 25

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, POWER COALITION FOR EQUITY AND JUSTICE, DOROTHY NAIRNE, EDWIN RENÉ SOULÉ, ALICE WASHINGTON, AND CLEE EARNEST LOWE

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

**MOTION FOR STAY OF PROCEEDINGS
TO BE TAKEN UP AFTER EXCEPTION HEARING,
IF EXCEPTIONS ARE DENIED BY THE DISTRICT COURT**

**NOW INTO COURT**, through undersigned counsel, comes Defendant, R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana, who respectfully requests a stay of all proceedings until such time as exceptions are reviewed by the appellate court(s), and the Regular Session is concluded. Plaintiffs in this case continue to ask this Honorable Court for an expedited scheduling order. At the status conference held on Monday, March 21, 2022, counsel for the Secretary of State objected to a scheduling order. Undersigned counsel indicated that if the exceptions were denied, she intended to seek review by the appellate court and request a stay. The Court requested that a motion be made in writing, if the stay is requested.

The Secretary of State represents as follows:

1.

The petitions in *Bullman, et al. v. Ardoin*, Docket No. C-716690, and *NAACP Louisiana State Conference, et al. v. Ardoin*, Docket No. C-716837, were filed on March 10, 2022, and March 15, 2022, respectively.

2.

These petitions each allege that the current configuration of the Louisiana congressional districts violate the Louisiana and United States Constitutions and ask this Court to implement a new congressional district plan that complies with the United States and Louisiana Constitutions, among other requests for relief.

3.

Plaintiffs are requesting that this Court establish a scheduling order in this matter. However, a scheduling order is not appropriate, as this is not a matter in which this District Court has jurisdiction.

4.

Defendant has filed declinatory, dilatory, and peremptory exceptions, which are pending before this Court. In the unlikely event that the exceptions are dismissed, Defendant will seek appellate review.

5.

The Legislature passed congressional redistricting bills, HB 1 and SB 5, during the 2022 First Extraordinary Session.

6.

The Legislature adjourned the 2022 First Extraordinary Session on February 18, 2022.

7.

On March 9, 2022, Governor John Bel Edwards vetoed HB1 and SB5.

8.

The 40th day following final adjournment of the 2022 First Extraordinary Session is March 30, 2022, and a veto session can commence on or before that date. La. Const. art. III, § 18.

9.

Moreover, the Legislature commenced its 2022 Regular Legislative Session on March 14, 2022. Multiple bills were pre-filed and are pending on the issue of congressional redistricting. *See* SB 306, HB 712, HB 823, and HB 608 of the 2022 Regular Session.[1]

10.

Even if the Governor vetoes a congressional redistricting bill from the 2022 Regular Session, the Legislature has an opportunity to override the veto in a veto session, before the fall elections.

11.

The legislative process pertaining to the congressional redistricting is ongoing. There is no indication that the Legislature is done with the congressional redistricting process following its receipt of the 2020 census data.

12.

Redistricting congressional districts is a unique political process specifically reserved to the Legislature pursuant to the United States and Louisiana Constitutions. The redistricting process precludes this Court's usurpation of the redistricting process, and this Court cannot preempt the Legislature.

13.

A stay is warranted here until the Legislature indicates it will not reapportion or redistrict Louisiana's Congressional Districts.

14.

Further, a stay is warranted by considerations of judicial economy and unnecessary expenditure of judicial resources and time in conducting exception hearings, motion practice, discovery, and a trial when the redistricting process is ongoing and the outcome of the redistricting process may materially affect the facts and legal principles relevant to this matter.

---

[1] This Honorable Court may take judicial notice of the bills pending for the 2022 Regular Legislative Session related to Congressional Reapportionment and Redistricting:
https://legis.la.gov/legis/ViewDocument.aspx?d=1257664
https://legis.la.gov/legis/ViewDocument.aspx?d=1256768
https://legis.la.gov/legis/ViewDocument.aspx?d=1256978
https://legis.la.gov/legis/ViewDocument.aspx?d=1259460

15.

Additionally, should this Court deny Defendants' exceptions and decline to issue a dismissal in this matter, Defendant will seek appellate review. Defendant moves this Court exercise its discretion and issue a stay on the proceedings until a final disposition is made in the appellate courts.

WHEREFORE, the Secretary of State respectfully prays this Court to stay all proceedings until the exceptions are reviewed by the appellate courts and until the conclusion of the legislative process for adopting new congressional maps.

Respectfully submitted,

JEFF LANDRY
ATTORNEY GENERAL

BY: _____
Carey T. Jones (LSBA #07474)
Angelique Duhon Freel (LSBA #28561)
Jeffrey M. Wale (LSBA #36070)
Lauryn A. Sudduth (LSBA #37945)
Assistant Attorneys General
Louisiana Department of Justice, Civil Division
P.O. Box 94005
Baton Rouge, LA 70802
Telephone: (225) 326-6060
Facsimile: (225) 326-6098
Email: jonescar@ag.louisiana.gov
          freela@ag.louisiana.gov
          walej@ag.louisiana.gov
          sudduthl@ag.louisiana.gov

Jennifer O. Bollinger (LSBA # 32349)
P.O. Box 94125
Baton Rouge, LA 70804-9125
Telephone: 225-922-2880
Fax: 225-922-2003
Email: jennifer.bollinger@sos.la.gov

*Counsel for the Secretary of State*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the above and foregoing Motion for Stay has on this date been served upon all known counsel of record by electronic mail at the email address provided.

Baton Rouge, Louisiana, this 24th day of March, 2022.

_____

Angelique Duhon Freel

NINETEENTH JUDICIAL DISTRICT

PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

NUMBER C-716690                                    SECTION 24

JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-WILEY, AMBER ROBINSON, and POOJA PRAZID

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

*****************CONSOLIDATED WITH*****************

NUMBER C-716837                                    SECTION 25

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE
("NAACP") LOUISIANA STATE CONFERENCE, POWER COALITION FOR EQUITY
AND JUSTICE, DOROTHY NAIRNE, EDWIN RENÉ SOULÉ, ALICE WASHINGTON,
AND CLEE EARNEST LOWE

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

## ORDER

Considering the foregoing *Motion to Stay of Proceedings, to be taken up after exception hearing, if exceptions are denied by the District Court,* filed by R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana:

IT IS HEREBY ORDERED that the Plaintiff is to appear on the 25th day of March, 2022, at 1:30 o'clock, a.m./p.m., and show cause why the *Motion for Stay* should not be granted.

Baton Rouge, Louisiana this 25th day of March, 2022.

---

JUDGE DONALD R. JOHNSON
SECTION 24
NINETEENTH JUDICIAL DISTRICT COURT

NINETEENTH JUDICIAL DISTRICT

PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA

NUMBER C-716690                              SECTION 24

JAMES BULLMAN, KIRK GREEN, STEPHEN HANDWERK, DARRYL MALEK-WILEY, AMBER ROBINSON, and POOJA PRAZID

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

*****************CONSOLIDATED WITH*****************

NUMBER C-716837                              SECTION 25

NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, POWER COALITION FOR EQUITY AND JUSTICE, DOROTHY NAIRNE, EDWIN RENÉ SOULÉ, ALICE WASHINGTON, AND CLEE EARNEST LOWE

VERSUS

R. KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS
LOUISIANA SECRETARY OF STATE

---

## ORDER

Considering the foregoing *Motion to Stay of Proceedings, to be taken up after exception hearing, if exceptions are denied by the District Court,* filed by R. Kyle Ardoin, in his official capacity as the Secretary of State for the State of Louisiana:

IT IS HEREBY ORDERED that the Motion for Stay is _____.

Baton Rouge, Louisiana this 25th day of March, 2022.


_____
JUDGE DONALD R. JOHNSON
SECTION 24
NINETEENTH JUDICIAL DISTRICT COURT


**Please serve:**
Darrel J. Papillion
Renee Chabert Crasto
Jennifer Wise Moroux
Walters, Papillion, Thomas,
Cullens, LLC

12345 Perkins Road, Building One
Baton Rouge, LA 70810
Telephone: (225) 236-3636
Facsimile: (225) 236-3650
Email: papillion@lawbr.net
        crasto@lawbr.net
        jmoroux@lawbr.net

Abha Khanna
Jonathan P. Hawley
1700 Seventh Ave., Suite 2100
Seattle, WA 98101
Telephone: (206) 656-0177
Facsimile: (206) 656-0180
Email: AKhanna@elias.law
        JHawley@elias.law

Lali Madduri
Olivia Sedwick
Jacob D. Shelly
10 G Street NE, Suite 600
Washington, DC 20002
Telephone: (202) 968-4518
Facsimile: (202) 968-4498
Email: LMadduri@elias.law
        OSedwick@elias.law
        JShelly@elias.law

Judy Y. Barrasso
Viviana Aldous
Barrasso Usdin Kupperman
Freeman & Sarver LLC
909 Poydras Street, Suite 2350
New Orleans, LA 70112
Telephone: (504) 589-9700
Facsimile: (504) 589-9701
Email: jbarrasso@barrassousdin.com
        valdous@barrassousdin.com

Keri L. Holleb Hotaling
Andrew J. Plague
Jenner & Block LLP
353 North Clark Street
Chicago, IL 60654
Telephone: (312) 923-2975
Email: khotaling@jenner.com
        aplague@jenner.com

Sam Hirsch
Jessica Ring Amunson
Alex S. Trepp
Jenner & Block LLP
1099 New York Avenue, NW, Suite 900
Washington, DC 20001
Telephone: (202) 639-600
Email: shirsch@jenner.com
        jamunson@jenner.com

atrepp@jenner.com

John Adcock
ADCOCK LAW LLC
Louisiana Bar No. 30372
3110 Canal Street
New Orleans, LA 70119
Telephone: (504) 233-3125
Facsimile: (504) 308-1266
Email: jnadcock@gmail.com

Leah Aden*
Stuart Naifeh*
Kathryn Sadasivan*
Victoria Wenger*
NAACP LEGAL DEFENSE AND
 EDUCATIONAL FUND, INC.
40 Rector Street, 5th Floor
New York, NY 10006
Telephone: (212) 965-2200
Email: laden@naacpldf.org
Email: snaifeh@naacpldf.org
Email: ksadasivan@naacpldf.org
Email: vwenger@naacpldf.org

Robert A. Atkins*
Yahonnes Cleary*
Jonathan H. Hurwitz*
Daniel S. Sinnreich*
Amitav Chakraborty*
Adam P. Savitt*
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10006
Telephone: (212) 373-3000
Facsimile: (212) 757-3990
Email: ratkins@paulweiss.com
Email: ycleary@paulweiss.com
Email: jhurwitz@paulweiss.com
Email: dsinnreich@paulweiss.com
Email: achakraborty@paulweiss.com
Email: asavitt@paulweiss.com

Nora Ahmed*
Megan E. Snider
ACLU FOUNDATION OF LOUISIANA
Louisiana Bar No. 33382
1340 Poydras Street, Suite 2160
New Orleans, LA 70112
Telephone: (504) 522-0628
Email: nahmed@laaclu.org
Email: msnider@laaclu.org

Tracie Washington
LOUISIANA JUSTICE INSTITUTE
Louisiana Bar No. 25925
Suite 132

3157 Gentilly Blvd
New Orleans, LA 70122
Telephone: (504) 872-9134
Email: tracie.washington.esq@gmail.com

T. Alora Thomas*
Sophia Lin Lakin*
Samantha Osaki*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
125 Broad Street, 18th Floor
New York, NY 10004
Email: athomas@aclu.org
Email: slakin@aclu.org
Email: sosaki@aclu.org
Sarah Brannon*
AMERICAN CIVIL LIBERTIES UNION FOUNDATION
915 15th St., NW
Washington, DC 20005
Email: sbrannon@aclu.org