## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

PRESS ROBINSON, EDGAR CAGE, DOROTHY
NAIRNE, EDWIN RENE SOULE, ALICE
WASHINGTON, CLEE EARNEST LOWE,
DAVANTE LEWIS, MARTHA DAVIS,
AMBROSE SIMS, NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF COLORED
PEOPLE ("NAACP") LOUISIANA STATE
CONFERENCE, AND POWER COALITION FOR
EQUITY AND JUSTICE,

              *Plaintiffs,*

    v.

KYLE ARDOIN, in his official capacity as
Secretary of State for Louisiana,

              *Defendant.*

Civil Action No. 3:22-cv-00211

Chief Judge Shelly D. Dick

Magistrate Judge Richard L. Bourgeois, Jr.

## ANSWER OF INTERVENORS TO PLAINTIFFS' COMPLAINT

For their Answer to Plaintiffs' Complaint (ECF No. 1, the "Complaint"), Clay Schexnayder, Speaker of the Louisiana House of Representatives, and Patrick Page Cortez, President of the Louisiana Senate, in their respective official capacities (collectively, the "Intervenors") respond as follows. All allegations not expressly admitted herein are denied.

## I.    INTRODUCTION

1.    Intervenors state that the demographics of the State of Louisiana speak for themselves. Intervenors admit that House Bill 1 was enacted into law after the Louisiana Legislature voted to override the veto of Governor John Bel Edwards, but deny that Senate Bill 5 was enacted into law. Intervenors deny the remaining allegations in paragraph 1 of the Complaint.

2.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs are Black Louisiana voters and Louisiana nonprofit

organizations.  Intervenors deny that Plaintiffs are entitled to any requested relief. Intervenors deny any remaining allegations in paragraph 2 of the Complaint.

3.      Intervenors deny the allegations of paragraph 3 of the Complaint.

4.      Intervenors deny the allegations in the first sentence of paragraph 4 of the Complaint. The allegations in the last sentence of paragraph 4 of the Complaint purport to characterize the demographics of the State of Louisiana and the congressional districts enacted by House Bill 1, which speak for themselves. The remaining allegations of paragraph 4 of the Complaint purport to characterize the demographics of vaguely defined "areas" of Louisiana, Intervenors are without knowledge of their precise meaning, and they therefore deny the same.

5.      Intervenors deny the allegations in the first sentence of paragraph 5 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and, therefore, deny the same.

6.      Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and, therefore, deny the same.

7.      Intervenors deny the allegations in the first sentence of paragraph 7 of the Complaint.  Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint and, therefore, deny the same.

8.      Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 8 of the Complaint, and, therefore, deny the same.

9.      Intervenors deny the allegations in the first sentence of paragraph 9 of the Complaint. Intervenors deny that "H.B. 5 and S.B. 1" were congressional redistricting plans passed

by the Legislature. The remaining allegations in paragraph 9 of the Complaint purport to characterize submissions by members of the public and bills introduced by legislators, which speak for themselves. Intervenors deny any remaining allegations in paragraph 9 of the Complaint.

10. The allegations in the first and second sentences of paragraph 10 of the Complaint purport to quote from and characterize statements by Governor Edwards, which speak for themselves. Intervenors deny that the Legislature entered into a veto session on March 29, 2022. Intervenors admit that the Legislature voted to override the Governor's veto of House Bill 1. Intervenors deny any remaining allegations in paragraph 10 of the Complaint.

11. The first sentence of paragraph 11 of the Complaint contains only legal conclusions to which no response is required. To the extent that sentence is interpreted to contain any factual allegations, any such allegations are denied. Intervenors deny the remaining allegations in paragraph 11 of the Complaint.

## II.    JURISDICTION AND VENUE

12. Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny any remaining allegations in paragraph 12 of the Complaint.

13. Intervenors admit that the Middle District of Louisiana has jurisdiction over this matter, but deny that Plaintiffs are entitled to any relief, and deny any remaining allegations in paragraph 13 of the Complaint.

14. Intervenors admit the allegations in paragraph 14 of the Complaint.

## III.    PARTIES

15. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint, and, therefore, deny the same.

16.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint, and, therefore, deny the same.

17.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first and third sentences of paragraph 17 of the Complaint, and, therefore, deny the same. Intervenors deny the remaining allegations in paragraph 17 of the Complaint.

18.     Intervenors deny the allegations in paragraph 18 of the Complaint.

19.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint, and, therefore, deny the same.

20.     Intervenors deny the allegations in the last sentence of paragraph 20 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 20 of the Complaint, and, therefore, deny the same.

21.     Intervenors deny the allegations in the fifth and sixth sentences of paragraph 21 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 21 of the Complaint, and, therefore, deny the same.

22.     Intervenors deny the allegations in the fourth and fifth sentences of paragraph 22 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint, and, therefore, deny the same.

23.     Intervenors deny the allegations in the fifth and sixth sentences of paragraph 23 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations in paragraph 23 of the Complaint, and, therefore, deny the same.

24.    Intervenors deny the allegations in the fifth, sixth, and seventh sentences of paragraph 24 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 24 of the Complaint, and, therefore, deny the same.

25.    Intervenors deny the allegations in the fifth and sixth sentences of paragraph 25 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 25 of the Complaint, and, therefore, deny the same.

26.    Intervenors deny the allegations in the fourth and fifth sentences of paragraph 26 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 26 of the Complaint, and, therefore, deny the same.

27.    Intervenors deny the allegations in the fourth and fifth sentences of paragraph 27 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 27 of the Complaint, and, therefore, deny the same.

28.    Intervenors deny the allegations in the fourth and fifth sentences of paragraph 28 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 of the Complaint, and, therefore, deny the same.

29.     Intervenors deny the allegations in the fifth and sixth sentences of paragraph 29 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 29 of the Complaint, and, therefore, deny the same.

30.     Intervenors admit the allegations in paragraph 30 of the Complaint.

## IV.    LEGAL BACKGROUND

31.     Paragraph 31 of the Complaint contains only legal conclusions to which no response is required.

32.     Paragraph 32 of the Complaint contains only legal conclusions to which no response is required. To the extent paragraph 32 of the Complaint is interpreted to contain any factual allegations, any such allegations are denied.

33.     Paragraph 33 of the Complaint contains only legal conclusions to which no response is required.

34.     Paragraph 34 of the Complaint contains only legal conclusions to which no response is required.

35.     Paragraph 35 of the Complaint contains only legal conclusions to which no response is required.

36.     Paragraph 36 of the Complaint contains only legal conclusions to which no response is required.

37.     Paragraph 37 of the Complaint contains only legal conclusions to which no response is required.

38.     Paragraph 38 of the Complaint contains only legal conclusions to which no response is required.

## V.     FACTUAL BACKGROUND

39.     Intervenors admit that the allegations in paragraph 39 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

40.     Paragraph 40 of the Complaint contains only legal conclusions to which no response is required.

41.     Intervenors admit the allegations in paragraph 41 of the Complaint.

42.     Intervenors admit that the allegations in paragraph 42 of the Complaint purport to summarize the results of the 2020 Census, which speak for themselves.

43.     Intervenors admit the allegations in paragraph 43 of the Complaint.

44.     Intervenors admit that the allegations in paragraph 44 of the Complaint purport to describe the requirements of Joint Rule 21, which speaks for itself.

45.     Intervenors deny the allegations in the first sentence of paragraph 45 of the Complaint. The remaining allegations in paragraph 45 of the Complaint purport to characterize submissions to the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny the allegations of paragraph 45 of the Complaint to the extent inconsistent with such submissions.

46.     Intervenors deny the allegations in the first sentence of paragraph 46 of the Complaint. Intervenors further admit that legislative staff provided members of the Legislature with training and education on the Legislature's redistricting obligations under state and federal law. The remaining allegations in paragraph 46 of the Complaint purport to quote from and characterize those materials, which speak for themselves, and Intervenors deny those allegations to the extent inconsistent with the statements on the record.

47.     Intervenors admit the allegations in the first and second sentences of paragraph 47 of the Complaint. The allegations in the last sentence of paragraph 47 purport to quote from and characterize the Legislature's redistricting website, which speaks for itself.

48.     The allegations in paragraph 48 of the Complaint purport to quote from and characterize public comments that were offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny any remaining allegations in paragraph 48 of the Complaint.

49.     The allegations in paragraph 49 of the Complaint purport to quote from and characterize public comments that were offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny any remaining allegations in paragraph 49 of the Complaint.

50.     The allegations in paragraph 50 of the Complaint purport to quote from and characterize public comments that were offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny any remaining allegations in paragraph 50 of the Complaint.

51.     The allegations in paragraph 51 of the Complaint purport to quote from and characterize public comments that were offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny any remaining allegations in paragraph 51 of the Complaint.

52.     The allegations in paragraph 52 of the Complaint purport to quote from and characterize live testimony that was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speaks for itself. Intervenors deny any remaining allegations in paragraph 52 of the Complaint.

53.     The allegations in paragraph 53 of the Complaint purport to quote from and characterize live testimony that was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speaks for itself. Intervenors deny any remaining allegations in paragraph 53 of the Complaint.

54.     The allegations in paragraph 54 of the Complaint purport to quote from and characterize live testimony that was offered during the joint public meetings held by the House and Senate Governmental Affairs Committees, which speaks for itself. Intervenors deny any remaining allegations in paragraph 54 of the Complaint.

55.     The allegations in paragraph 55 of the Complaint purport to quote from and characterize email testimony and submissions that were offered to the House and Senate Governmental Affairs Committees, which speak for themselves. Intervenors deny any remaining allegations in paragraph 55 of the Complaint.

56.     The allegations in paragraph 56 of the Complaint purport to quote from and characterize statements made by Representative John Stefanski, which speak for themselves. Intervenors deny any remaining allegations in paragraph 56 of the Complaint.

57.     The allegations in paragraph 57 of the Complaint purport to quote from characterize a letter submitted to the House and Senate Governmental Affairs Committees, which speaks for itself. Intervenors deny any remaining allegations in paragraph 57 of the Complaint.

58.     Intervenors admit the allegations in the first sentence of paragraph 58 of the Complaint, and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5 of the Complaint, and, therefore, deny the same.

59.     Intervenors admit the allegations in paragraph 59 of the Complaint.

60.     Intervenors admit that during the 2022 First Extraordinary Session, bills, and amendments to those bills, proposing congressional redistricting plans were offered, and that these bills speak for themselves.

61.     Intervenors admit the allegations in the first sentence of paragraph 61 of the Complaint. The remaining allegations in paragraph 61 of the Complaint purport to quote from and characterize testimony that was offered during the Senate Committee on Senate and Governmental Affairs hearing on February 2, 2022, which speaks for itself. Intervenors deny any remaining allegations in paragraph 61 of the Complaint.

62.     Intervenors admit the allegations in the first sentence of paragraph 62 of the Complaint. The remaining allegations in paragraph 62 of the Complaint purport to characterize bills proposing congressional redistricting plans introduced by various legislators, which speak for themselves. Intervenors deny any remaining allegations in paragraph 62 of the Complaint.

63.     The allegations in paragraph 63 of the Complaint purport to characterize testimony offered by Senator Fields and other legislators, which speaks for itself. Intervenors deny any remaining allegations in paragraph 63 of the Complaint.

64.     Intervenors deny that Senator Hewitt's statements were "without evidence." The remaining allegations in paragraph 64 of the Complaint purport to characterize statements by Senator Hewitt, which speak for themselves. Intervenors deny any remaining allegations in paragraph 64 of the Complaint.

65.     The allegations in paragraph 65 of the Complaint purport to characterize statements by Senator Hewitt, which speak for themselves. Intervenors deny any remaining allegations in paragraph 65 of the Complaint.

66.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 66 of the Complaint, and, therefore, deny the same.

67.    Intervenors admit the allegations in the first sentence of paragraph 67 of the Complaint. Intervenors further admit that the Senate Committee on Senate and Governmental Affairs reported Senate Bill 5 favorably on February 4, 2022, and that other bills proposing congressional redistricting plans, which speak for themselves, were not reported favorably by the Committee.

68.    Intervenors deny that Senator Hewitt's statements were "without evidence." The remaining allegations in paragraph 68 of the Complaint purport to characterize statements by Senator Hewitt, which speak for themselves. Intervenors deny any allegations of paragraph 68 of the Complaint to the extent inconsistent with Senator Hewitt's statements.

69.    The allegations in paragraph 69 of the Complaint purport to characterize statements by Senator Hewitt and others, which speak for themselves. Intervenors deny any allegations of paragraph 69 of the Complaint to the extent inconsistent with Senator Hewitt's statements.

70.    Intervenors admit the allegations in the first, fourth, fifth, and sixth sentences in paragraph 70 of the Complaint. The remaining allegations purport to characterize an amendment offered by Senator Fields, which speaks for itself. Intervenors deny any remaining allegations in paragraph 70 of the Complaint.

71.    Intervenors admit the allegations in paragraph 71 of the Complaint.

72.    The allegations in paragraph 72 of the Complaint purport to characterize House Bill 1, testimony provided by Intervenor Schexnayder, and questions by other members of the Legislature, which speak for themselves. Intervenors deny any remaining allegations in paragraph 72 of the Complaint.

73.     The allegations in paragraph 73 of the Complaint purport to characterize House Bill 1, proposed amendments to House Bill 1, and testimony provided by Intervenor Schexnayder and Representative Magee, which speak for themselves. Intervenors deny any remaining allegations in paragraph 73 of the Complaint.

74.     The allegations in paragraph 74 of the Complaint purport to characterize statements by Representative Stefanski and Representative Duplessis, which speak for themselves. Intervenors deny any remaining allegations in paragraph 74 of the Complaint.

75.     Intervenors admit that the House Committee on House and Governmental Affairs voted to report House Bill 1 favorably by a vote of 13 to 5.

76.     Intervenors admit that House Bills 4, 7, 8, and 9, which speak for themselves, were heard by the House Committee on House and Governmental Affairs on February 10, 2022, and that the bills were not reported favorably by the Committee. Intervenors deny the remaining allegations in paragraph 76 of the Complaint.

77.     The allegations in paragraph 77 of the Complaint purport to characterize statements by Representative Marcelle and other legislators, which speak for themselves. Intervenors deny any remaining allegations in paragraph 77 of the Complaint.

78.     Intervenors admit that the House passed House Bill 1 on February 10, 2022, by a vote of 70 to 33. Intervenors further admit that the House vote to not adopt the amendments proposed by Representatives Marcelle and Gaines by margins of 30 to 71 and 33 to 70, respectively. The remaining allegations in paragraph 78 of the Complaint purport to characterize those amendments and statements made by various legislators, which speak for themselves. Intervenors deny any remaining allegations in paragraph 78 of the Complaint.

79.    Intervenors admit that Representative Ivey introduced House Bill 22, which speaks for itself, and that House Bill 22 was reported favorably by the House Committee on House and Governmental Affairs and tabled by the House. Intervenors deny any remaining allegations of paragraph 79 of the Complaint.

80.    Intervenors admit that Senate Bill 5 was reported favorably by the House Committee on House and Governmental Affairs on February 15, 2022, and that the Committee did not adopt Amendment 116 offered by Representative Duplessis by a vote of 5-9. The remaining allegations in paragraph 80 of the Complaint purport to characterize that amendment and testimony provided by Representative Duplessis, which speak for themselves. Intervenors deny any remaining allegations in paragraph 80 of the Complaint.

81.    Intervenors admit that House Bill 1 was reported favorably by the Senate Committee on Senate and Governmental Affairs on February 15, 2022 by a vote of 6 to 2, and that the Committee did not adopt Amendment 153 offered by Senator Price, which speaks for itself. The remaining allegations in paragraph 81 of the Complaint purport to characterize that amendment and statements by Intervenor Schexnayder and Senator Hewitt, which speak for themselves. Intervenors deny any remaining allegations in paragraph 81 of the Complaint.

82.    Intervenors admit the allegations in paragraph 82 of the Complaint but lack knowledge sufficient to form a belief as to the accuracy of the depiction of the congressional plan depicted in the map adjacent to paragraph 82 of the Complaint.

83.    Intervenors admit that the Senate passed House Bill 1, as amended, by a vote of 27 to 10, and concurred in the House's amendments to Senate Bill 5 by a of vote 26 to 9. Intervenors admit that the House passed Senate Bill 5, as amended, by a vote of 64 to 31, and concurred in the Senate's amendments to House Bill 1 by a vote of 62 to 27. Intervenors admit that Senate Bill 5

and House Bill 1 were sent to Governor Edwards on February 21, 2022. The remaining allegations in paragraph 83 of the Complaint purport to characterize Article III, Section 18 of the Louisiana Constitution, which speaks for itself.

84.    Intervenors admit that Governor Edwards vetoed both House Bill 1 and Senate Bill 5. The remaining allegations in paragraph 84 of the Complaint purport to quote from and characterize statements by Governor Edwards, which speak for themselves. Intervenors deny any remaining allegations in paragraph 84 of the Complaint.

85.    Intervenors admit the allegations in paragraph 85 of the Complaint.

86.    Intervenors admit that the Legislature voted to override the Governor's veto of House Bill 1, but deny the remaining allegations in paragraph 86 of the Complaint.

## The *Thornburg v. Gingles* Preconditions Are Satisfied Here

87.    Intervenors deny the allegations in paragraph 87 of the Complaint.

### *Gingles* Precondition One: Size and Compactness of Black Voting Age Population

88.    Intervenors deny the allegations in paragraph 88 of the Complaint.

89.    Intervenors admit that on February 8, 2022, Senator Fields introduced an amendment to Senate Bill 5, which speaks for itself. Intervenors deny the remaining allegations in paragraph 89 of the Complaint.

90.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 90 of the Complaint, and, therefore, deny the same.

91.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 91 of the Complaint, and, therefore, deny the same.

92.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 92 of the Complaint, and, therefore, deny the same.

93.    Intervenors admit that members of the public submitted proposed redistricting plans and members of the Legislature introduced bills proposing redistricting plans, which speak for themselves, and deny the remaining allegations in paragraph 93 of the Complaint.

***Gingles* Precondition Two: Political Cohesiveness of Black Voters**

94.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 94 of the Complaint, and, therefore, deny the same.

95.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 95 of the Complaint, and, therefore, deny the same.

96.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 96 of the Complaint, and, therefore, deny the same.

97.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 97 of the Complaint, and, therefore, deny the same.

***Gingles* Precondition Three: Bloc Voting by White Voters**

98.    Intervenors deny the allegations of the first sentence of paragraph 98 of the Complaint and are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 98 of the Complaint, and, therefore, deny the same.

99.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 99 of the Complaint, and, therefore, deny the same.

100.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 100 of the Complaint, and, therefore, deny the same.

**Under the Totality of the Circumstances, H.B. 1/S.B. 5 Violate Section 2 of the VRA**

101.    Intervenors deny the allegations in paragraph 101 of the Complaint.

**Factor 1: History of Official Voting-Related Discrimination**

      **A.    Suppression Targeting Black Voters Before the Voting Rights Act**

102.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 102 of the Complaint, and, therefore, deny the same.

103.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 103 of the Complaint, and, therefore, deny the same.

104.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 104 of the Complaint, and, therefore, deny the same.

105.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 105 of the Complaint, and, therefore, deny the same.

106.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 106 of the Complaint, and, therefore, deny the same.

107.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 107 of the Complaint, and, therefore, deny the same.

      **B.    Continued Efforts After the Voting Rights Act to Minimize Black Voting Power**

108.    Intervenors admit that Congress passed the Voting Rights Act in 1965 and that Louisiana was a covered jurisdiction under Section 4(b), but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 108 of the Complaint, and, therefore, deny the same. Intervenors admit the remaining allegations in paragraph 108 of the Complaint.

109.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of paragraph 109 of the Complaint, and, therefore, deny the same. Intervenors deny the allegations in the second sentence of paragraph 109 of the

Complaint and state affirmatively that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts to discourage Black voting."

110.    Intervenors admit that the U.S. Department of Justice has previously objected to voting-related changes in Louisiana jurisdictions, and that those objections speak for themselves. Intervenors deny the remaining allegations in paragraph 110 of the Complaint.  Intervenors affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

111.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 111 of the Complaint, and, therefore, deny the same. Intervenors affirmatively state that preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength."

112.    Intervenors admit that prior redistricting plans have been challenged under the VRA. Intervenors deny the allegations in the second and last sentences of paragraph 112. The remaining allegations in paragraph 112 of the Complaint purport to characterize legal opinions including *Major v. Treen*, 574 F. Supp. 325 (E.D. La. 1983), which speak for themselves. Intervenors deny any remaining allegations in paragraph 112 of the Complaint.

113.    Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1981, and that the plan did not become effective after that objection. Intervenors deny the remaining allegations in paragraph 113 of the Complaint.

114.    Intervenors admit that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1991, and that the objection speaks for itself.

115.    Intervenors deny the allegations in the first sentence of paragraph 115 of the Complaint.  Intervenors admit that the Legislature sought preclearance of its redistricting plan in 2001 in a federal action in the D.C. District Court, and that the Legislature enacted a revised redistricting plan that redrew the disputed districts. The remaining allegations in paragraph 115 of the Complaint purport to characterize those proceedings, which speak for themselves.

116.    The allegations in paragraph 116 of the Complaint purport to characterize the proceedings in *Johnson v. Ardoin*, No. 3:18-cv-00625 (M.D. La.), which speak for themselves. Intervenors deny any remaining allegations in paragraph 116 of the Complaint, and deny the other allegations of paragraph 116 of the Complaint to the extent inconsistent with the holdings of the cases cited.

117.    The allegations in paragraph 117 of the Complaint purport to characterize the proceedings in various actions under the VRA, which speak for themselves. Intervenors affirmatively state that liability can be found under Section 2 without a finding of intentional "efforts…to dilute, limit, or otherwise adversely impact minority voting access and strength." Intervenors deny the allegations of paragraph 117 of the Complaint to the extent inconsistent with the holdings of the cases cited therein.

118.    The allegations of paragraph 118 of the Complaint purport to characterize other legal proceedings, which speak for themselves. Intervenors deny the allegations of paragraph 118 of the Complaint to the extent inconsistent with the holdings of the cases cited therein..

119.    The allegations in the first sentence of paragraph 119 of the Complaint purport to characterize a plan adopted by the Legislature in 2001, which speaks for itself. The allegations in the second sentence of paragraph 119 of the Complaint purport to characterize the proceedings in *St. Bernard Citizens for Better Gov't v. St. Bernard Par. Sch. Bd.*, No. CIV.A. 02-2209, 2002 WL

2022589 (E.D. La. Aug. 26, 2002), which speak for themselves. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 119 of the Complaint, and, therefore, deny the same.

120.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 120 of the Complaint, and, therefore, deny the same.

**Factor 2: The Extent of Racial Polarization**

121.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 121 of the Complaint, and, therefore, deny the same.

**Factor 5: Effects of Louisiana's History of Discrimination**

122.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 122 of the Complaint, and, therefore, deny the same.

123.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 123 of the Complaint, and, therefore, deny the same.

124.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 124 of the Complaint, and, therefore, deny the same.

125.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 125 of the Complaint, and, therefore, deny the same.

126.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 126 of the Complaint, and, therefore, deny the same.

127.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 127 of the Complaint, and, therefore, deny the same.

128.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 128 of the Complaint, and, therefore, deny the same.

**Factor 6: Presence of Racial Campaign Appeals**

129.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 129 of the Complaint, and, therefore, deny the same.

130.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 130 of the Complaint, and, therefore, deny the same.

131.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 131 of the Complaint, and, therefore, deny the same.

132.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 132 of the Complaint, and, therefore, deny the same.

133.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 133 of the Complaint, and, therefore, deny the same.

134.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint, and, therefore, deny the same.

135.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint, and, therefore, deny the same.

**Factor 7: Extent to Which Black Louisianans Have Been Elected to Public Office**

136.    Intervenors deny the allegations in paragraph 136 of the Complaint.

137.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint, and, therefore, deny the same.

138.    Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint, and, therefore, deny the same.

139.    Intervenors admit the allegations in paragraph 139 of the Complaint.

140.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 140 of the Complaint, and, therefore, deny the same.

141.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint, and, therefore, deny the same.

142.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint, and, therefore, deny the same.

**Factor 8: Lack of Responsiveness to the Particularized Needs of Black Voters**

143.     Intervenors deny the allegations in paragraph 143 of the Complaint.

144.     Intervenors deny the allegations in the last sentence of paragraph 144 of the Complaint. Intervenors are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 144 of the Complaint, and, therefore, deny the same.

145.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint, and, therefore, deny the same.

146.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint, and, therefore, deny the same.

147.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 147 of the Complaint, and, therefore, deny the same.

148.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 148 of the Complaint, and, therefore, deny the same.

149.     Intervenors are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 149 of the Complaint, and, therefore, deny the same.

**Factor 9: Tenuousness of Justifications for Restricting Black Voters to One Majority-Black District**

150.    Intervenors deny the allegations in paragraph 150 of the Complaint.

151.    The last sentence in paragraph 151 of the Complaint contains only legal conclusions to which no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied. Intervenors deny the allegations in the second sentence of paragraph 151 of the complaint. The remaining allegations in paragraph 151 of the Complaint purport to quote from and characterize statements by Representative Stefanski, which speak for themselves.

152.    The allegations in paragraph 152 of the Complaint purport to quote from and characterize statements by Representative Farnum, which speak for themselves.

153.    The allegations in paragraph 153 of the Complaint purport to characterize statements by Representative Stefanski, which speak for themselves.

154.    The allegations in the first sentence of paragraph 154 of the Complaint purport to characterize statements by Representative Stefanski, which speak for themselves. The remaining allegations in paragraph 154 of the Complaint purport to characterize submissions by members of the public and bills introduced by legislators, which speak for themselves.

155.    Intervenors deny the allegations in paragraph 155 of the Complaint.

156.    Intervenors deny the sixth and last sentences in paragraph 156 of the Complaint. The remaining allegations in paragraph 156 of the Complaint purport to quote from and characterize statements made by and bills proposed by various legislators, which speak for themselves.

157.    The allegations in paragraph 157 of the Complaint purport to quote from and characterize statements made by and bills proposed by various legislators, which speak for themselves.

158.    Intervenors deny the allegations in the third sentence of paragraph 158 of the Complaint. Intervenors admit that the House Committee on House and Governmental Affairs did not adopt the amendment to Senate Bill 5 offered by Representative Duplessis. The remaining allegations in paragraph 158 of the Complaint purport to quote from and characterize submissions by members of the public, amendments offered by legislators, and statements by those legislators, which speak for themselves.

159.    The allegations in paragraph 159 of the Complaint purport to quote from and characterize statements by Senator Hewitt, which speak for themselves.

160.    The allegations in paragraph 160 of the Complaint purport to quote from and characterize statements by Senator Hewitt, which speak for themselves.

161.    The allegations in paragraph 161 purport to quote from and characterize statements made by Representative Stefanski and Senator Hewitt, which speak for themselves.

162.    Intervenors deny the first sentence of paragraph 162 of the Complaint.  Intervenors admit that Representative Ivey introduced House Bill 22, which speaks for itself, and that House Bill 22 was reported favorably by the House Committee on House and Governmental Affairs and tabled by the House of Representatives. Intervenors deny any remaining allegations in paragraph 162 of the Complaint.

163.    Intervenors deny the first and last sentences in paragraph 163 of the Complaint. The remaining allegations in paragraph 163 of the Complaint contain only legal conclusions to which

no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied.

## CAUSE OF ACTION

**Count One**
**H.B. 1/S.B. 5 violate Section 2 of the Voting Rights Act of 1965**
**52 U.S.C. § 10301; 42 U.S.C. § 1983**
**(Vote Dilution)**

164.    Intervenors incorporate their responses to paragraphs 1-163 of the Complaint as if fully re-stated herein.

165.    Paragraph 165 of the Complaint contains only legal conclusions to which no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied.

166.    Intervenors deny the allegations in paragraph 166 of the Complaint.

167.    Intervenors deny the allegations in paragraph 167 of the Complaint.

168.    Intervenors deny the allegations in paragraph 168 of the Complaint.

169.    Intervenors deny the allegations in paragraph 169 of the Complaint.

170.    Intervenors deny the allegations in paragraph 170 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains a summary of the relief Plaintiffs seek, to which no response is required. To the extent a response is required, Intervenors deny that Plaintiffs are entitled to any of the relief sought.

## AFFIRMATIVE DEFENSES

Intervenors assert the following defenses to the Complaint, without assuming the burden of proof or persuasion where such burden rests on Plaintiffs:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.      Intervenors reserve the right to assert such other additional defenses as may be appropriate at a later time.

WHEREFORE, having fully answered the Complaint, Intervenors request that Plaintiffs' Complaint be dismissed with prejudice, with costs taxed to Plaintiffs.

Respectfully submitted,

 /s/ Michael W. Mengis
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone:  (713) 751-1600
Fax:  (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

*Counsel for Proposed Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*\* Pro hac vice motions to be filed*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on April 6, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

*/s/ Michael W. Mengis*

Michael W. Mengis, LA Bar No. 17994

*Counsel for Proposed Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*