IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00211<br><br>Chief Judge Shelly D. Dick<br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant*. | CIVIL ACTION NO. 3:22-cv-00214<br>(consolidated with Civil Action No. 3:22-cv-00211)<br><br>Chief Judge Shelly D. Dick<br>Magistrate Judge Scott D. Johnson |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION FOR LEAVE
TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY
AND TO EXCEED THE PAGE LIMIT**

In support of their unopposed motion for leave of Court (1) to file a brief *amicus curiae* in

support of neither party and (2) to exceed the page limit for memoranda in Rule 7(g) of the Court's

Local Rules, proposed *Amici Curiae*, Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei (the "Proposed *Amici*"), state as follows:

The Proposed *Amici* have sought and received consent from all parties in this case to file the attached brief.

*Amicus* briefs shall normally be allowed when, among other grounds, "the amicus has unique information or perspective that can help the Court beyond the help that lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Doe*, 892 F. Supp. 2d 334, 337 (D.C. 2012) (citation and internal quotation marks omitted). *Amicus* briefs are common in Voting Rights Act (VRA) and redistricting cases in Federal District Courts, especially when *amici curiae* can provide a unique perspective or information that the parties likely would not provide. In this Court's *Clark v. Roemer* case, a VRA suit involving Louisiana judicial elections, Judge Polozola heard from four *amici*. *See Clark v. Roemer*, 751 F. Supp. 586, 587 (M.D. La. 1990) (three-judge court), *rev'd on other grounds*, 500 U.S. 646 (1991). In a more recent VRA case, *Terrebonne Parish Branch NAACP v. Jindal*, this Court denied a motion to intervene but invited the putative intervenor to seek leave to participate as *amicus curiae*. Civ. Action No. 14-69, 2016 WL 2743525, at *6 (M.D. La. May 11, 2016). Relying on Fifth Circuit caselaw, Magistrate Judge Wilder-Doomes explained that, where the proposed intervenor "merely underlines issues of law already raised by the primary parties"—which would not be the case here, as explained below—it "can contribute usually most effectively and always most expeditiously by a brief *amicus curiae* and not by intervention." *Id.* (quoting *Bush v. Viterna*, 740 F.2d 350, 359 (5th Cir. 1984)).

In *De Grandy*, a seminal VRA case that reached the Supreme Court, the District Court freely granted *amicus* status. *See De Grandy v. Wetherell*, 815 F. Supp. 1550, 1555 & n.2 (N.D. Fla. 1992) (listing multiple *amici*), *aff'd in part and rev'd in part sub nom. Johnson v. De Grandy*,

512 U.S. 997 (1994). Indeed, active *amicus* participation is commonplace across the Nation in voting-rights and redistricting cases, where the legal and factual complexities render additional perspectives especially valuable. *See Alpha Phi Alpha Fraternity v. Raffensperger*, Nos. 1:21-CV-5337, 1:21-CV-5339, 1:22-CV-122, 2022 WL 633312, at *5 nn.2, 4 (N.D. Ga. Feb. 28, 2022) (granting leave to two *amici*); *Democratic Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n.17, 816–17 (W.D. Wis. 2020) (granting motions for leave to file *amicus* briefs after concluding that two proposed *amici* each had "a unique perspective, or information, that can assist the court … beyond what the parties are able to do" (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000))); *Thomas v. Andino*, Nos. 3:20-cv-01552, 3:20-cv-01730, 2020 WL 2617329, at *9, *11–12 (D.S.C. May 25, 2020) (granting two motions for leave to file *amicus* briefs); *Baldus v. Members of Wis. Gov't Accountability Bd.*, 862 F. Supp. 2d 860, 862–63 (E.D. Wis. 2012) (granting two motions for leave to file *amicus* briefs); *Fletcher v. Lamone*, 831 F. Supp. 2d 887, 910 (D. Md. 2011) (granting motion for leave to file an *amicus* brief); *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 357, 390 (E.D. Va. 2009) (granting motion for leave to file an *amicus* brief and inviting *amicus* to participate in oral argument).

Here, the unique perspective and contribution of Proposed *Amici* make them particularly strong candidates for *amicus* participation. Proposed *Amici* Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei are professors of mathematics and computer science at Louisiana State University and Tulane University. Proposed *Amici* were intervenors in the recent state-court litigation before the Honorable Donald R. Johnson of the 19th Judicial District Court. In that litigation, Proposed *Amici* and their expert team were prepared to offer the Court a lawful and fair remedial map if Louisiana's congressional-redistricting process remained at an impasse. With the

Legislature's recent override of Governor Edwards's veto, Proposed *Amici* now wish to offer this same expertise to this Court, while supporting neither Plaintiffs nor Defendants, should it be useful.

Proposed *Amici* believe this expertise could be especially helpful in addressing two key questions that this Court will face if it finds that Louisiana's recently enacted congressional map must be enjoined as a violation of the VRA, as Plaintiffs allege:

- How can a redistricting plan's dilution of minority voting strength, in violation of Section 2 of the VRA, 52 U.S.C. § 10301, be remedied without engaging in the kind of excessive, unjustified consideration of race that violates the Equal Protection Clause's racial-gerrymandering doctrine?

- How can this be done quickly?

To illustrate the usefulness of their expert team's computational-redistricting methods, they have prepared an illustrative map that is not intended to help prove or disprove liability under the VRA but instead shows how a remedial congressional-redistricting plan that indisputably complies with the VRA can also be highly attentive to traditional neutral redistricting principles such as compactness and respect for parishes, municipalities, and communities of interest.

Proposed *Amici* offer this brief, and their illustrative remedial map, not in support of either party, but rather as a public service to assist the Court. Given the tight time constraints facing any court adjudicating redistricting claims in an election year, and given the complexity of vindicating minority citizens' rights under the VRA while avoiding excessive race-consciousness and complying with all other legal requirements, Proposed *Amici* firmly believe that their team's expertise in computational redistricting is a potentially valuable asset. They thus stand ready to serve the Court, and the people of Louisiana, in whatever capacity would be most helpful to the Court, whether as *amici* or in any other role.

| | |
|---|---|
| Dated: April 20, 2022 | Respectfully submitted, |
| | */s/ Judy Y. Barrasso*_____ |
| Sam Hirsch* | Judy Y. Barrasso (La. Bar No. 2814) |
| Jessica Ring Amunson* | Viviana Aldous (La. Bar No. 38653) |
| Alex S. Trepp* | BARRASSO USDIN KUPPERMAN |
| JENNER & BLOCK LLP |   FREEMAN &SARVER, L.L.C. |
| 1099 New York Avenue, NW, Suite 900 | 909 Poydras Street, Suite 2350 |
| Washington, D.C. 20001 | New Orleans, LA 70112 |
| (202) 639-6000 | Tel: (504) 589-9700 |
| shirsch@jenner.com | Fax: (504) 589-9701 |
| jamunson@jenner.com | jbarrasso@barrassousdin.com |
| atrepp@jenner.com | valdous@barrassousdin.com |
| | *Counsel for Amici* |
| Keri L. Holleb Hotaling* | |
| Andrew J. Plague* | |
| JENNER & BLOCK LLP | |
| 353 North Clark Street | |
| Chicago, IL 60654 | |
| (312) 923-2975 | |
| khotaling@jenner.com | |
| aplague@jenner.com | |

\* *Pro hac vice motion filed*