UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESS ROBINSON, EDGAR CAGE, DOROTHY
NAIRNE, EDWIN RENE SOULE, ALICE
WASHINGTON, CLEE EARNEST LOWE,
DAVANTE LEWIS, MARTHA DAVIS,
AMBROSE SIMS, NATIONAL ASSOCIATION
FOR THE ADVANCEMENT OF COLORED
PEOPLE ("NAACP") LOUISIANA STATE
CONFERENCE, AND POWER COALITION FOR
EQUITY AND JUSTICE, Plaintiffs,

V.

KYLE ARDOIN, in his official capacity as
Secretary of State for Louisiana, Defendant.

                                                                               Civil Action No. 3:22-cv-00211
                                                                               Chief Judge Shelly D. Dick
                                                                               Magistrate Judge Richard L.
                                                                               Bourgeois, Jr.

**MEMORANDUM IN SUPPORT OF MOTION OF THE LOUISIANA LEGISLATIVE**

**BLACK CAUCUS TO INTERVENE**

    Pursuant to Fed. R. Civ. P. 24, The Louisiana Legislative Black Caucus (LLBC) respectfully move this Court to grant it leave to intervene in this action. This lawsuit challenges the congressional redistricting plan that was recently enacted by the Louisiana Legislature over the veto of Louisiana Governor John Bell Edwards, who vetoed the plan adopted by the Legislature because he believed the plan to be illegal under the Voter Rights Act. Plaintiffs allege that the plan "continues the State of Louisiana's long history of maximizing political power for white citizens by disenfranchising and discriminating against Black Louisianans," "by 'packing' large numbers of Black voters into a single majority-Black congressional district, and 'cracking' the State's remaining Black voters among the five remaining districts" "in violation of the Voting

Rights Act of 1965." (Doc. 1, ¶ 1.) Plaintiffs ask the Court to declare the plan unlawful, enjoin its use in future elections, order the Legislature to enact a new redistricting plan with two majority-minority districts, and—if no such plan is enacted—fashion redistricting plans to govern Louisiana elections to the U.S. House of Representatives.

Intervenor LLBC is an association of African American members of the Louisiana legislature. Members of LLBC opposed the plan which is the subject of this proceeding when it was first proposed and were united in opposing the plan throughout the process of its adoption by the Louisiana legislature. Throughout that process members of LLBC contended that the proposed plan was illegal, the same claim which is asserted by the Plaintiff in this proceeding and continued to oppose the plan when it was presented to and ultimately vetoed by the governor and also continued to be united in opposition to the plan during the veto override session when the plan was purportedly adopted.

Plaintiffs named the Louisiana Secretary of State as the sole defendant. The Louisiana Legislature enacted the challenged plans and in the event that the relief prayed for by the Plaintiff is granted, as LLBC hopes it will be, then the Legislature would have at least the initial obligation to adopt a plan which meets the requirements of the Voter Rights Act. As Intervenor is the single association of the members of the Legislature who have continuously opposed the plan adopted by the Legislature and would be substantially involved in any effort to adopt a plan which complies with the Voter Rights Act, LLBC is a real party in interest and should be permitted to intervene. The Court should allow those most concerned that the current plan is illegal to participate in the requested remedy, to appear and respond. Proposed Intervenor is entitled to intervene as of right: this motion is timely, as an extension of time to file interventions through April 21, 2022 has been granted, their interest in the challenged plan is directly implicated in this case, and no current

litigant adequately represents the interests of legislators who have continuously opposed the plan and will be required to participate in any alternate plan adopted by the Legislature. Alternatively, LLBC asks the Court to grant permissive intervention. Proposed Intervenor clearly raisees issues in common with Plaintiffs' Complaint, their participation would enhance the Court's ability to resolve issues raised in this litigation, and Plaintiffs will not be prejudiced by their participation to respond to allegations regarding the actions of the Legislature.

Because all elements of intervention are satisfied, the motion should be granted.

**APPLICABLE LAW**

Rule 24(a) requires a federal court to permit intervention of a non-party who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest," and Rule 24(b) permits a federal court to allow intervention of non-parties that tender "a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(a)(2) and (b)(1)(B). "Rule 24 is to be liberally construed" in favor of intervention. *Brumfield v. Dodd*, 3 F.3d 339, 341 (5th Cir. 2014); see also *Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (same). "The inquiry is a flexible one, and a practical analysis of the facts and circumstances of each case is appropriate." *Brumfield*, 749 F.3d at 341 (quotation marks omitted). "Intervention should generally be allowed where no one would be hurt and greater justice could be attained." *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005).

**ARGUMENT**

Proposed Intervenor is entitled to intervene of right as LLBC satisfies the elements of intervention of right. "A party seeking to intervene as of right must satisfy four requirements: (1)

The application must be timely; (2) the applicant must have an interest relating to the property or transaction that is the subject of the action; (3) the applicant must be so situated that the disposition of the action may, as a practical matter, impair or impede its ability to protect its interest; and (4) the applicant's interest must be inadequately represented by the existing parties to the suit." *Brumfield*, 749 F.3d at 341 (citation omitted). Proposed Intervenor satisfies each of these elements.

**INTERVENTION OF RIGHT**

I. LLBC meets all the requirements for intervention of right.

> **A. Timeliness.** This intervention motion is timely. The complaint was filed on March 30, 2022, the deadline set by the Court for intervention has not yet passed, and no meaningful case events have occurred. As a result, "timeliness is not at issue." *Brumfield*, 749 F.3d at 342; see *Edwards v. City of Houston*, 78 F.3d 983, 1000 (5th Cir. 1996) (finding that delays of "only 37 and 47 days . . . are not unreasonable"); *Ross*, 426 F.3d at 755 (permitting post-judgment intervention); *United States v. Commonwealth of Virginia*, 282 F.R.D. 403, 405 (E.D. Va. 2012) ("Where a case has not progressed beyond the initial pleading stage, a motion to intervene is timely."); *Mullins v. De Soto Securities Co.*, 3 F.R.D. 432, 433 (W.D. La. 1944) (finding motion to intervene timely during the initial pleading stage.
>
> **B. Interest**. LLBC also "has a 'direct, substantial, legally protectable interest in the proceedings.'" *Edwards*, 78 F.3d at 1004 (quoting *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 463 (5th Cir. 1984)). "A 'legally protectable' right" for intervention purposes "is not identical to a 'legally enforceable' right, such that 'an interest is sufficient if it is of the type that the law deems worthy of protection, even if the intervenor . . . would not have standing to pursue her own claim.'" *DeOtte v. State,* 20 F.4th 1055,

1068 (5th Cir. 2021) (citations omitted); see also *Wal-Mart Stores,* 834 F.3d at 566 (same). Rather, "[a] movant found to be a 'real party in interest' generally establishes sufficient interest." *League of United Latin Am. Citizens, Council No. 4434 v. Clements*, 884 F.2d 185, 187 (5th Cir. 1989) "[A] 'real party in interest' may be ascertained by determining whether that party caused the injury and, if so, whether it has the power to comply with a remedial order of the court." Id. at 187. Proposed Intervenors have multiple interests implicated in this case. The Fifth Circuit has recognized that the legislative body that played a "part in creating" challenged districts is a real party in interest. See id. (denying intervention of a county in redistricting suit because other state bodies, not the county, had authority to redistrict); see also *Miss. State Conf. of N.A.A.C.P. v. Barbour*, No. 3:11-cv-00159, 2011 WL 1327248, at *3 (S.D. Miss. Apr. 1, 2011) (finding that the Mississippi House of Representatives Apportionment and Elections Committee had the right to intervene in redistricting case); *Theriot v. Parish of Jefferson*, CIV. A. No. 95-2453, 1996 WL 383130, at *4 (E.D. La. July 8, 1996), on reconsideration, No. 95-2453, 1996 WL 517695 (E.D. La. Sept. 11, 1996) (denying intervention by neighboring city council because the neighboring city council did not have the power to redraw the councilmanic district lines in question). In this regard The LLBC notes that members of the legislature who proposed and supported the plan adopted by the Legislature, which is challenged as illegal in this proceeding, have requested the right to intervene in this matter in support of the plan that the LLBC contends is illegal.

C. **Participation in the disposition**. If the relief prayed for by the Plaintiffs is granted LLBC members will certainly propose and support a proposed legislative remedy which would obviate the need for the Court to assume the challenge of drafting Congressional Districts.

**D. LLBC is not adequately represented**. "A movant's burden to show that its interests are not adequately protected is minimal and satisfied if the applicant shows that representation of his interest may be inadequate." *Rotstain v. Mendez*, 986 F.3d 931, 939 (5th Cir. 2021) (quoting *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972) (emphasis added) (internal quotation marks omitted)). The LLBC meets this "minimal" burden, because while the LLBC and the current plaintiffs may share some mutual interests, the LLBC has at least one unique interest: namely, in promoting of the interests of their communities of constituents. The outcome of every redistricting case, one way or another, is a map. Should the plaintiffs prevail, their perspective on the optimal remedy may differ from that of the LLBC and its members, who speak not just for individual voters but also for their communities and their districts as a whole. On this central point of dispute, the LLBC and the current plaintiffs may differ in their views as to the optimal remedy, and this "adversity of interest[s]," *Entergy Gulf States,* 817 F.3d at 206, "in a manner germane to the case," *Texas v. United States*, 805 F.3d 653, 657 (5th Cir. 2015) at 662, satisfies the "minimal" burden of the adequacy prong under Rule 24(a), *Trbovich*, 404 U.S. at 538 n.10.

## II. PERMISSIVE INTERVENTION IS ALSO PROPER

In the alternative, if this Court deems that the LLBC may not intervene as of right, this Court should nonetheless grant permissive intervention under Federal Rule of Civil Procedure 24(b). "A district court may permit intervention if [1] a timely motion is filed and [2] the applicant 'has a claim or defense that shares with the main action a common question of law or fact.'"

Rotstain, 986 F.3d at 942 (quoting Fed. R. Civ. P. 24(b)(1)(B)). In turn, federal courts routinely permit third parties to intervene in redistricting cases, including cases brought under Section 2 of the Voter Rights Act. See, e.g., *League of Women Voters of Mich. v. Johnson*, 902 F.3d 572, 577–80 (6th Cir. 2018) (permitting legislators representing districts at issue in the litigation to intervene, and holding that the district court's denial of motion to intervene was an abuse of discretion); *Caster v. Merrill,* No. 2:21-cv-01536-AMM, slip op. at 1 (N.D. Ala. Dec. 21, 2021), ECF No. 69 (granting motion to intervene in Voter Rights Act Section 2 case); *Ala. Legis. Black Caucus v. Alabama,* No. 2:12-cv-00691-WKW-MHT-WHP, slip op. at 2 (M.D. Ala. Mar. 27, 2013), ECF No. 90 (same); *Rodriguez v. Harris County*, No. 4:11-cv-02907, slip op. at 1 (S.D. Tex. Oct. 21, 2011), ECF No. 31 (same); *Hays v. Louisiana,* No. 5:92-cv-1522, slip op. at 1 (W.D. La. Aug. 9, 1995), Dkt. No. 179 (granting LLBC's motion to intervene in Voter Rights Act case).

Similar permission would be proper here, as the LLBC satisfies both requirements for intervention under Rule 24(b). First, as explained above, the LLBC's motion is timely. Second, the current plaintiffs and the LLBC present claims that share common questions of fact and law regarding the legality of the 2022 Congressional Map under Section 2 of the Voter Rights Act. Given this overlap, permitting LLBC to intervene would serve the policies of "efficient judicial administration" underling Rule 24(b). *New Orleans Pub. Serv., Inc. v. United Gas Pipe Line Co.*, 690 F.2d 1203, 1215 (5th Cir. 1982); see *Buck v. Gordon,* 959 F.3d 219, 225 (6th Cir. 2020) ("Strong interest in judicial economy and desire to avoid multiplicity of litigation wherever and whenever possible therefore supports permissive intervention."). Nor would intervention here "unduly delay or prejudice any parties." *Hanover Ins. Co. v. Superior Lab. Servs., Inc.,* 179 F. Supp. 3d 656, 668 (E.D. La. 2016).

**CONCLUSION**

Whether as of right or permissively, the LLBC should be able to intervene in this case.

Respectfully submitted,

*Stephen M. Irving*
STEPHEN M. IRVING (7170)   T.A.
Steve Irving, LLC
111 Founders Drive, Suite 700 Baton Rouge, LA
70810-8959
 Telephone: (225) 752-2688
Facsimile: (225) 752-2663
Email: steve@steveirvingllc.com - AND

ERNEST L. JOHNSON #07290
Attorney at Law
3313 Government Street
Baton Rouge, LA 70806
(225) 413-3219
ernestjohnson@lacapfund.com