**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCMENT OF COLORED PEOPLE ("NAACP"), LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE | Case No.: 3:22-CV-0211-SDD-RLB |
| Plaintiffs, | |
| v. | |
| KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE, | |
| Defendant | |

<u>**ANSWER AND DEFENSES BY DEFENDANT/INTERVENOR STATE OF LOUISIANA, THROUGH JEFF LANDRY IN HIS OFFICIAL CAPACITY AS LOUISIANA ATTORNEY GENERAL**</u>

NOW INTO COURT, through undersigned counsel, comes Defendant/Intervenor, the State of Louisiana ("State"), through Jeff Landry, in his official capacity as Louisiana Attorney General ("Attorney General"), who responds to the Complaint by denying each and every paragraph thereof except as expressly admitted herein and further answers and pleads defenses as follows:

<u>**AFFIRMATIVE DEFENSES**</u>

**First Defense - Lack of Subject Matter Jurisdiction**

A.

The case raises a political question reserved to the Congress of the United States pursuant to the Elections Clause (Article I, Section 4, Cl. 1) of the U.S. Constitution so that this Court lacks jurisdiction over the subject matter of the claim to the extent the case seeks to alter an act of the Louisiana Legislature relating to the time, place and manner of holding elections for U.S. Representatives.

B.

These claims are not justiciable claims capable of resolution by the federal courts to the extent they assert or involve partisan gerrymandering that is traditionally and historically beyond the reach of the courts as political questions.

**Second Defense - Failure to State a Claim Upon Which
Relief Can Be Granted**

Some or all of the plaintiffs fail to state a claim upon which relief can be granted.

**Third Defense – Failure to Join a Required Party**

Plaintiffs failed to join parties required under Fed. R. Civ. P. 19(a) who have an interest relating to the subject of the action and are so situated that disposing of the action in their absence may as a practical matter impair or impede their ability to protect their interests.

The States reserves the right to raise other defenses.

AND NOW FURTHERING ANSWERING the particular allegations and averments of the Complaint, the State pleads as follows:

**ANSWERS TO PLAINTIFFS' AMENDED COMPLAINT**

INTRODUCTION

1.    The allegations in Paragraph 1 are denied in part and admitted in part.  The demographics of the State of Louisiana speak for themselves.  It is admitted that House Bill 1 was enacted into

law after the Louisiana Legislature voted to override the veto of Governor John Bel Edwards, but deny that Senate Bill 5 was enacted into law.  The remaining allegations are denied.

2.      The allegations in Paragraph 2 essentially contain the prayer for relief and do not require an answer. To the extent a response is required, the allegations are denied.

3.      The allegations in Paragraph 3 are denied.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

4.      The allegations in Paragraph 4 are denied.

5.      The allegations in Paragraph 5 are denied.

6.      The allegations in Paragraph 6 are denied.

7.      The allegations in Paragraph 7 are denied.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

8.      The allegations in Paragraph 8 are denied. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

9.      The allegations in Paragraph 9 are conclusory requiring no response from the State but nonetheless denied as characterized by Plaintiffs.

10.     The allegations in Paragraph 10 are denied as written.  It is denied that the legislature failed to adopt a VRA compliant congressional map.  Further, the legislative history and Governor John Bel Edwards' veto statement are the best evidence of their contents.

11.     The allegations in Paragraph 11 are conclusory requiring no response from the State but nonetheless are denied as characterized by Plaintiffs.

JURISDICTION AND VENUE

12.    Reserving the jurisdictional objections raised in its Affirmative Defenses, the State admits that the jurisdictional statutes cited in Paragraph 12 are the correct jurisdictional statutes for this claim, but the State avers that the claims asserted in the Complaint arise, in whole or in part, under the United States Constitution.

13.    Reserving the jurisdictional objections raised in its Affirmative Defenses, the State admits that the jurisdictional statutes cited in Paragraph 13 are the correct jurisdictional statutes for this claim, but the State avers that the claims asserted in the Complaint arise, in whole or in part, under the United States Constitution and therefore impact whether this is the proper court to decide this matter.

14.    To the extent the court has jurisdiction, the State admits that the venue statute cited in Paragraph 14 is the correct venue provision for this case.

PARTIES

15.    The allegations in Paragraph 15 are denied for lack of information to justify a belief therein.

16.    The allegations in Paragraph 16 are denied for lack of information to justify a belief therein.

17.    The allegations in Paragraph 17 are denied for lack of information to justify a belief therein.

18.    The allegations in Paragraph 18 are denied for lack of information to justify a belief therein.

19.    The allegations in Paragraph 19 are denied for lack of information to justify a belief therein.

20.    The allegations in Paragraph 20 are denied for lack of information to justify a belief therein.

21.    The allegations in Paragraph 21 are denied for lack of information to justify a belief therein.

22.    The allegations in Paragraph 22 are denied for lack of information to justify a belief therein.

23.    The allegations in Paragraph 23 are denied for lack of information to justify a belief therein.

24.    The allegations in Paragraph 24 are denied for lack of information to justify a belief therein.

25.    The allegations in Paragraph 25 are denied for lack of information to justify a belief therein.

26.    The allegations in Paragraph 26 are denied for lack of information to justify a belief therein.

27.    The allegations in Paragraph 27 are denied for lack of information to justify a belief therein.

28.    The allegations in Paragraph 28 are denied for lack of information to justify a belief therein.

29.    The allegations in Paragraph 29 are denied for lack of information to justify a belief therein.

30.    The allegations in Paragraph 30 are admitted that R. Kyle Ardoin is the Louisiana Secretary of State designated as chief election officer of the state by the Louisiana constitution and statutes.

Otherwise, Paragraph 30 contains conclusions that require no response but are denied out of an abundance of caution.

LEGAL BACKGROUND

31.     The allegations in Paragraph 31 contain legal conclusions to which no response is required. The requirements of the Voting Rights Act are set out in statute and constitute the best evidence of its terms, and the excerpts set out in Paragraph 31 do not constitute a complete statement of the terms and meaning of the statute and are thus denied.

32.     The allegations of Paragraph 32 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

33.     The allegations of Paragraph 33 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

34.     The allegations of Paragraph 34 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

35.     The allegations of Paragraph 35 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

36.     The allegations of Paragraph 36 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

37.     The allegations of Paragraph 37 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

38.     The allegations of Paragraph 38 are denied to the extent a response to the conclusory statement of law and its application contained therein requires a response.

FACTUAL BACKGROUND

39.     In response to the allegations of Paragraph 39, the best evidence of census data is the official results of the census by the United States Census Bureau.  The characterization of that information in Paragraph 39 is denied as characterized.  The Census data speaks for itself.

40.     The allegations in Paragraph 40 contain legal conclusions to which no response is required.

41.     The allegations in Paragraph 41 are admitted.

42.     In response to the allegations of Paragraph 42, the best evidence of census data is the official results of the census by the United States Census Bureau; therefore, the characterization of that information in Paragraph 42 is denied. The Census data speaks for itself.

43.     The allegations in Paragraph 43 are admitted.

44.     The allegations in Paragraph 44 contain legal conclusions to which no response is required. To the extent a response is required, the State admits that the allegations purport to describe the requirements of Joint Rule 21, which speaks for itself.

45.     The allegations in the first sentence of Paragraph 45 are denied.  The remaining allegations in Paragraph 45 purport to characterize submissions to the House and Senate Governmental Affairs Committees, which speak for themselves. The allegations in Paragraph 45 are denied for lack of information to justify a belief therein.

46.     The allegations in Paragraph 46 are denied for lack of information to justify a belief therein.

47.     The allegations in the first two sentences of Paragraph 47 are admitted.  The remaining allegations are denied for lack of information to justify a belief therein.

48.     The allegations in Paragraph 48 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

49.    The allegations in Paragraph 49 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

50.    The allegations in Paragraph 50 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

51.    The allegations in Paragraph 51 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered to the legislature, which speak for themselves.

52.    The allegations in Paragraph 52 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

53.    The allegations in Paragraph 53 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

54.    The allegations in Paragraph 54 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment offered during public meetings, which speak for themselves.

55.    The allegations in Paragraph 55 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize public comment and submissions offered during public meetings, which speak for themselves.

56.    The allegations in Paragraph 56 are denied for lack of information to justify a belief therein.

The allegations purport to quote from and characterize statements by Legislators, which speak for themselves.

57.    The allegations in Paragraph 57 are denied for lack of information to justify a belief therein. The allegations purport to quote from and characterize statements by Legislators, which speak for themselves.

58.    The first sentence of Paragraph 58 is admitted.  The remaining allegations in Paragraph 58 are denied for lack of information to justify a belief therein.

59.    The allegations in Paragraph 59 are admitted.

60.    The allegations in Paragraph 60 are denied as written.  It is admitted that during the 2022 First Extraordinary Session bills, and amendments to those bills, proposing congressional redistricting plans were offered, and that those bills speak for themselves.

61.    The first sentence in Paragraph 61 is admitted.  The remaining allegations in Paragraph 61 purport to quote from and characterize public testimony offered during the Committee on Senate and Governmental Affairs, which speak for themselves, thus, the remaining allegations in Paragraph 61 are denied.

62.    The first sentence in Paragraph 62 is admitted.  The remaining allegations in Paragraph 62 purport to quote from and characterize testimony offered during the Senate Committee on Senate and Governmental Affairs, which speaks for itself.  The remaining allegations in Paragraph 62 are denied.

63.    The allegations in Paragraph 63 purport to characterize testimony by Legislators during session, which speaks for itself.  The remaining allegations in Paragraph 63 are denied.

64.    The allegations in Paragraph 64 purport to characterize testimony by Legislators during session, which speaks for itself.  The remaining allegations in Paragraph 64 are denied.

65.    The allegations in Paragraph 65 purport to characterize testimony by Legislators during session, which speaks for itself.  The remaining allegations in Paragraph 65 are denied.

66.    The allegations in Paragraph 66 are denied for lack of information to justify a belief therein.

67.    The first sentence of Paragraph 67 is admitted. The remaining allegations purport to set forth the legislative history.  The bills proposing congressional redistricting plans speak for themselves, to the extent a response is required the allegations are denied as characterized.

68.    The allegations in Paragraph 68 purport to characterize testimony by Legislators during session, which speaks for itself, to the extent a response is required the allegations are denied as characterized.

69.    The allegations in Paragraph 69 purport to characterize testimony by Legislators during session, which speaks for itself, to the extent a response is required the allegations are denied as characterized.

70.    The first, fourth, fifth, and sixth sentences in Paragraph 70 of the Complaint are admitted. The remaining allegations purport to characterize an amendment offered by a legislator, which speaks for itself.  The remaining allegations are denied for lack of information to justify a belief therein.

71.    The allegations in Paragraph 71 are admitted.

72.    The allegations in Paragraph 72 purport to characterize testimony by Legislators during session, and statements by other Legislative members, which speak for themselves.  The remaining allegations in Paragraph 72 are denied as characterized.

73.    The allegations in Paragraph 73 purport to characterize testimony by Legislators during session, and statements by other Legislative members, which speak for themselves.  The remaining allegations in Paragraph 73 are denied as characterized.

74.    The allegations in Paragraph 74 purport to characterize testimony by Legislators during session, and statements by other Legislative members, which speak for themselves.  The remaining allegations in Paragraph 74 are denied for lack of information to justify a belief therein.

75.    The allegations in Paragraph 75 are admitted that the House Committee on House and Governmental Affairs voted to report House Bill 1 favorably by a vote of 13 to 5, the remaining allegations are denied as characterized.

76.    The allegations in Paragraph 76 are admitted in so far as House Bills 4, 7, 8, and 9, which speak for themselves, were heard by the House Committee on House and Governmental Affairs on February 10, 2022, and that the remaining bills were not reported favorably by the Committee. The remaining allegations in Paragraph 76 are denied.

77.    The allegations in Paragraph 77 purport to characterize testimony by Legislators during session, and questions by other Legislative members, which speak for themselves.  The remaining allegations in Paragraph 77 are denied.

78.    The allegations in Paragraph 78 are admitted to the extent that House Bill 1 passed the House on February 10, 2022, by a vote of 70 to 33, and that the House voted not to adopt the amendments by Representative Marcelle and Gaines by margins of 30 to 71 and 33 to 70, respectively.  The remaining allegations in Paragraph 78 purport to characterize those amendments and statements made by various legislators, which speak for themselves.  The remaining allegations in Paragraph 78 are denied.

79.    The allegations in Paragraph 79 are admitted that Representative Ivey introduced a bill. However, the remaining allegations are denied for lack of information as this paragraph does not identify the specific bill that Representative Ivey introduced.

80.    The allegations in Paragraph 80 are admitted that the House Committee on House and Governmental Affairs reported Senate Bill 5 favorably on February 15, 2022 and that the Committee did not adopt Amendment 116 offered by Representative Duplessis by a vote of 5-9. Other allegations in Paragraph 80 purport to characterize testimony by Legislators during session, and questions and statements by other Legislative members, which speak for themselves. The remaining allegations in Paragraph 80 are denied.

81.    The allegations in Paragraph 81 are admitted that Senate Bill 5 was reported favorably by the Senate Committee on Senate and Governmental Affairs on February 15, 2022 by a vote of 6 to 2, and that the Committee did not adopt Amendment 153 offered by Senator Price, which speaks for itself. Other allegations in Paragraph 81 purport to characterize testimony by Legislators during session, and statements by other Legislative members, which speak for themselves. The remaining allegations in Paragraph 81 are denied.

82.    The allegations in Paragraph 82 are admitted that the Legislature passed both H.B. 1 and S.B. 5 on February 18, 2022. The remaining allegations are denied for lack of knowledge sufficient to form a belief as to the accuracy of the depiction of the congressional plan depicted in the map adjacent to paragraph 82 of the Complaint.

83.    The allegations in Paragraph 83 are admitted that the Senate passed House Bill 1, as amended, by a vote of 27 to 10, and concurred in the House's amendments to Senate Bill 5 by a vote of 26 to 9. The allegations are admitted that the House passed Senate Bill 5 as amended, by a vote of 64 to 31, and concurred in the Senate's amendments to House Bill 1 by a vote of 62 to 8. It is admitted that House Bill 1 was sent to Governor Edwards on February 21, 2022. The remaining allegations are denied.

84.     The allegations in Paragraph 84 are admitted that Governor Edwards vetoed both house Bill 1 and Senate Bill 5.  The remaining allegations in Paragraph 84 purport to quote from and characterize statements by the Governor, the veto statement speaks for itself.  The remaining allegations in Paragraph 84 are denied as characterized by Plaintiffs.

85.     The allegations in Paragraph 85 are admitted.

86.     The allegations in Paragraph 86 are denied, except to admit that the Legislature voted to override the Governor's veto of House Bill 1.

Denied that the Thornburg v. Gingles Preconditions are satisfied.

87.     The allegations in Paragraph 87 are denied.

88.     The allegations in Paragraph 87 are denied.

89.     The allegations in Paragraph 89 are denied, except to admit that Senator Fields introduced an amendment to Senate Bill 5.  That amendment speaks for itself.

90.     The allegations in Paragraph 90 are denied for lack of information to justify a belief therein.

91.     The allegations in Paragraph 91 are denied for lack of information to justify a belief therein.

92.     The allegations in Paragraph 92 are denied for lack of information to justify a belief therein.

93.     The allegations in Paragraph 93 are denied, except to admit that multiple map proposals purporting to draw two majority-Black districts were submitted to the Legislature. The remaining allegations in Paragraph 93 are denied for lack of information to justify a belief therein.

94.     The allegations in Paragraph 94 are denied for lack of information to justify a belief therein.

95.     The allegations in Paragraph 95 are denied for lack of information to justify a belief therein.

96.     The allegations in Paragraph 96 are denied for lack of information to justify a belief therein.

97.     The allegations in Paragraph 97 are denied for lack of information to justify a belief therein.

98.     The allegations in Paragraph 98 are denied for lack of information to justify a belief therein.

99.     The allegations in Paragraph 99 are denied for lack of information to justify a belief therein.

100.    The allegations in Paragraph 100 are denied for lack of information to justify a belief therein.

101.    The allegations in Paragraph 101 are denied. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

102.    The allegations in Paragraph 102 are denied for lack of information to justify a belief therein. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

103.    The allegations in Paragraph 103 are denied for lack of information to justify a belief therein. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

104.    The allegations in Paragraph 104 are denied for lack of information to justify a belief therein. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

105.    The allegations in Paragraph 105 are denied for lack of information to justify a belief therein.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

106.    The allegations in Paragraph 106 are denied for lack of information to justify a belief therein.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

107.    The allegations in Paragraph 107 are denied for lack of information to justify a belief therein.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

108.    The allegations in Paragraph 108 are admitted to the extent that Congress passed the Voting Rights Act in 1965 and that Louisiana was a covered jurisdiction under Section 4(b), the remaining allegations in Paragraph 108 are denied for lack of information to justify a belief therein.  As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

109.    The allegations in Paragraph 109 are denied. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

110.    The allegations in Paragraph 110 are denied for lack of information to justify a belief therein.  Preclearance can be denied under Section 5 or liability found under Section 2 without a finding of intentional "efforts . . . to dilute, limit, or otherwise adversely impact minority voting access and strength." As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

111.    The allegations in Paragraph 111 are denied for lack of information to justify a belief therein.

112.    The allegations in Paragraph 112 are legal conclusions which do not require a response, to the extent a response is required the allegations in Paragraph 112 are denied.

113.    The allegations in Paragraph 113 are admitted that the U.S. Department of Justice objected to the redistricting plan proposed by the Legislature in 1981, and that the plan did not become effective after the objection.  The remaining allegations in Paragraph 113 are denied.

114.    The allegations in Paragraph 114 are denied as written. Any objection by the U.S. Department of Justice speaks for itself.

115.    The allegations in Paragraph 115 are denied was written. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs.

116.    The allegations in Paragraph 116 are denied.  The allegations purport to characterize other legal proceedings, which speak for themselves.  The fact that a lawsuit was filed is irrelevant, there was no finding of liability on behalf of the state.

117.    The allegations in Paragraph 117 are denied as written, except to admit that the State moved to dissolve the consent decree in Chisom. As the Supreme Court recently noted remote history is no longer germane to voting rights questions, and burdens imposed by the Voting Rights Act must be justified by current needs. Further, the allegations purport to characterize other legal proceedings, which speak for themselves.

118.    The allegations in Paragraph 118 purport to characterize other legal proceedings, which speak for themselves.  The allegations in Paragraph 118 are denied to the extent inconsistent with the holdings of the cases cited therein.

119.    The allegations in Paragraph 119, the first sentence, purport to characterize a plan adopted by the Legislature in 2001, which speaks for itself.  The remaining allegations purport to characterize other legal proceedings, which speak for themselves.  These allegations are denied for lack of information to justify a belief therein.

120.    The allegations in Paragraph 120 are denied. The allegations purport to characterize other legal proceedings, which speak for themselves.

121.    The allegations in Paragraph 121 are denied.

122.    The allegations in Paragraph 122 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

123.    The allegations in Paragraph 123 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

124.    The allegations in Paragraph 124 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

125.    The allegations in Paragraph 125 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

126.    The allegations in Paragraph 126 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

127.    The allegations in Paragraph 127 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

128.    The allegations in Paragraph 128 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

129.    The allegations in Paragraph 129 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

130.    The allegations in Paragraph 130 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

131.    The allegations in Paragraph 131 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

132.    The allegations in Paragraph 132 and denied for lack of information sufficient to form a belief as to the truth of the allegations.

133.    The allegations in Paragraph 133 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

134.    The allegations in Paragraph 134 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

135.    The allegations in Paragraph 135 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

136.    The allegations in Paragraph 136 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

137.    The allegations in Paragraph 137 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

138.    The allegations in Paragraph 138 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

139.    The allegations in Paragraph 139 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

140.    The allegations in Paragraph 140 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

141.    The allegations in Paragraph 141 are denied.

142.    The allegations in Paragraph 142 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

143.    The allegations in Paragraph 143 are denied.

144.    The allegations in Paragraph 144 are denied.

145.    The allegations in Paragraph 145 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

146.    The allegations in Paragraph 146 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

147.    The allegations in Paragraph 147 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

148.    The allegations in Paragraph 148 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

149.    The allegations in Paragraph 149 are denied for lack of knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

150.    The allegations in Paragraph 150 are denied.

151.    The allegations in Paragraph 151 contain legal conclusions to which no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied.    The remaining allegations in Paragraph 151 purport to characterize testimony by Legislators, which speak for themselves.

152.    The allegations in Paragraph 152 purport to characterize testimony by Legislators, which speak for themselves.  The remaining allegations in Paragraph 152 are denied.

153.    The allegations in Paragraph 153 purport to characterize testimony by Legislators, which speak for themselves.  The remaining allegations in Paragraph 153 are denied.

154.    The allegations in Paragraph 154 purport to characterize testimony by Legislators during session, which speak for themselves.  The remaining allegations in Paragraph 154 are denied.

155.    The allegations in Paragraph 155 are denied.

156.    The sixth and last sentences in paragraph 156 of the Complaint is denied. The remaining allegations in paragraph 156 of the Complaint purport to quote from and characterize statements made by and bills proposed by various legislators, which speak for themselves, and are denied as characterized.

157.    The allegations in paragraph 157 of the Complaint purport to quote from and characterize statements made by and bills proposed by various legislators, which speak for themselves, and are denied as characterized.

158.    The allegations in the third sentence of paragraph 158 of the Complaint are denied, except to admit that the House Committee on House and Governmental Affairs did not adopt the amendment to Senate Bill 5 offered by Representative Duplessis. The remaining allegations in Paragraph 158 purport to quote from and characterize submissions by members of the public, amendments offered by legislators, and statements by those legislators, which speak for themselves.

159.    The allegations in paragraph 159 of the Complaint purport to quote from and characterize statements by Senator Hewitt, which speak for themselves.  The remaining allegations are denied.

160.    The allegations in paragraph 160 of the Complaint purport to quote from and characterize statements by Senator Hewitt, which speak for themselves.  The remaining allegations are denied.

161.    The allegations in paragraph 161 purport to quote from and characterize statements made by Representative Stefanski and Senator Hewitt, which speak for themselves.  The remaining allegations are denied.

162.    The first sentence of Paragraph 162 is denied. It is admitted that Representative Ivey introduced House Bill 22, which speaks for itself, and that House Bill 22 was reported favorably

by the House Committee on House and Governmental Affairs and tabled by the House of Representatives. The remaining allegations in Paragraph 162 are denied.

163.    The first and last sentences in Paragraph 163 are denied. The remaining allegations in paragraph 163 of the Complaint contain only legal conclusions to which no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied.

CAUSE OF ACTION

164.    The State of Louisiana incorporate its responses to Paragraphs 1-163 of the Complaint as if fully re-stated herein.

165.    The allegations in Paragraph 165 contain only legal conclusions to which no response is required. To the extent those allegations are interpreted to contain any factual allegations, any such allegations are denied.

166.    The allegations in Paragraph 166 are denied.

167.    The allegations in Paragraph 167 are denied.

168.    The allegations in Paragraph 168 are denied.

169.    The allegations in Paragraph 169 are denied.

170.    The allegations in Paragraph 170 are denied.

ANSWER TO PRAYER FOR RELIEF

The Prayer for Relief contains a summary of the relief Plaintiffs seek, to which no response is required. To the extent a response is required, the State of Louisiana denies that the Plaintiffs are entitled to any of the relief sought.

WHEREFORE, having fully answered the Complaint, the State of Louisiana prays as follows:

1) That this Answer be deemed good and sufficient;

2) That, after all proceedings are had, there be judgment rendered in his favor, dismissing Plaintiffs' claims with prejudice and at their costs;

3) For all general and equitable relief that justice requires.

Dated: April 12, 2022

Respectfully Submitted,

Jeff Landry
Louisiana Attorney General

*/s/ Angelique Duhon Freel*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee's (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffery M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov

## **CERTIFICATE OF SERVICE**

I do hereby certify that, on this 12th day of April 2022, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*/s/ Angelique Duhon Freel*
*Angelique Duhon Freel*