IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>        Defendant. | Case No. 3:22-cv-00211-SDD-SDJ c/w |
| EDWARD GALMON, SR., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State,<br><br>        Defendant. | Case No. 3:22-cv-00214-SDD-SDJ |

***GALMON* PLAINTIFFS' OPPOSITION TO EMERGENCY MOTION TO STAY PROCEEDINGS**

Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, by and through undersigned counsel, oppose the emergency motion to stay proceedings filed by Intervenor-Defendant the State of Louisiana, by and through Attorney General Jeff Landry (the "State Intervenor"), *see* Rec. Doc. No. 131 ("Mot."). As the State Intervenor notes in its motion, whether to grant a stay requires a fact-intensive inquiry, *see id.* at 3—and the facts here uniformly weigh against disrupting these proceedings.

First, the State Intervenor's motion comes on the eve of the preliminary injunction hearing—five weeks after Plaintiffs commenced these consolidated actions, nearly three weeks

after the Court set the operative briefing and hearing schedule, two weeks after this Court granted the State Intervenor's motion to intervene,[1] four days after the State Intervenor submitted a 24-page memorandum in opposition to Plaintiffs' motion for preliminary injunction (along with four expert reports), and one day after Plaintiffs submitted their reply brief and accompanying exhibits. To say that this motion is untimely would be an understatement. Not only have the parties and the Court expended considerable efforts in preparation for next week's hearing, but the purported impetus for the motion—the U.S. Supreme Court's anticipated deliberations in *Merrill v. Milligan*—has been known for *nearly three months*. Under these circumstances, the State Intervenor's motion can be read only as an eleventh-hour, last-ditch attempt to forestall adjudication of Plaintiffs' claims and deny relief to Louisiana's Black voters. Indeed, to underscore the unjustifiably belated nature of this motion, the State Intervenor chose *not* to inform the Court of its intent to file this motion during today's final pretrial conference—even though it could have and, given the preparations underway for next week's hearing, *should* have.

Second, neither basis for the State Intervenor's motion has merit. Whatever tea leaves the State Intervenor might be reading, the caselaw under Section 2 is on the books: neither *Gingles* nor any other controlling authority has been overruled, expressly or by implication. The U.S. Supreme Court has admonished courts to refrain from the sort of jurisprudential divination that the State Intervenor now undertakes: "[I]f a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the [court] should *follow the case which directly controls*, leaving to this Court the prerogative of overruling its own decisions." *Agostini v. Felton*, 521 U.S. 203, 237 (1997) (emphasis added) (quoting *Rodriguez de Quijas v.*

---

[1] Notably, the Court granted intervention in part to *avoid* "the greater threat to the expedient adjudication of this case" that would come from "delays associated with a potential appeal from this Court's denial of a motion to intervene as of right." Rec. Doc. No. 64 at 10–11.

*Shearson/Am. Express, Inc.*, 490 U.S. 477, 484 (1989)). Additionally, for the reasons briefed at length in Plaintiffs' reply, *see* Rec. Doc. No. 120 at 14–19, the *Purcell* doctrine does not bar the relief Plaintiffs seek at this time.

Third, any "hardship" alleged by the State Intervenor rings hollow given that it *chose* to participate in this lawsuit via intervention. The State Intervenor cannot be heard to complain about being "compelled to defend itself against Plaintiffs['] claims," Mot. 8, given that the Louisiana Secretary of State is the only named defendant in this lawsuit and has thoroughly defended the State's position. Moreover, Plaintiffs and other Black Louisianians will suffer the irreparable harm of vote dilution if the 2022 congressional elections are conducted under a map that violates Section 2. By striking contrast, the primary "prejudice" the State Intervenor identifies is the potential need to relitigate these issues in advance of the *2024* election. *See id.* at 15 ("Forcing the parties and the Court to undertake an endeavor which will in all likelihood prove fruitless is an extraordinary waste of time and resources."). The suggestion that it would be "an extraordinary waste of time and resources" to apply the law *as it exists today* is as baseless as it is galling: There is nothing "fruitless" about ensuring that the next congressional election occurs under a lawful map, even if the law might change at some later date. The State Intervenor does not get to put the Voting Rights Act on hold for an entire election cycle just because it might be inconvenienced in the future. The balance of hardship thus militates against a stay.[2]

---

[2] The State Intervenor's repeated protestations regarding the Court's *previous* briefing schedule, *see, e.g.*, Mot. 2, are difficult to credit—not only because the Court ultimately adjusted the schedule and provided the opposing parties significantly more time to marshal their evidence and prepare their briefs, but also because the State Intervenor had ample time to develop its defense of the new congressional map even *before* then. The filing of Plaintiffs' complaint on March 30 was not the first indication the State Intervenor (or any opposing party to this litigation) received that the new map violated Section 2. That was precisely the justification Governor Edwards offered in his veto message on *March 9*. *See* Rec. Doc. No. 52 at 10, 13–14. This critical fact—combined with the repeated calls for a second Black-opportunity congressional district during the redistricting process *and* earlier Section 2 litigation over the previous, very similar

If anything, it is *precisely* these sorts of dilatory tactics that "waste [] time and resources"—which is likely why another court in this circuit rejected a gambit brought under nearly identical circumstances. Defendants in an ongoing Section 2 action in Texas recently "request[ed] a stay of th[ose] consolidated redistricting cases pending the Supreme Court's decision in *Merrill*." Motion to Stay at 1, *LULAC v. Abbott*, No. 3:21-cv-00259-DCG-JES-JVB (W.D. Tex. Apr. 20, 2022), Rec. Doc. No. 241. The three-judge court summarily rejected the motion before even receiving opposition briefing. *See* Order at 1, *LULAC v. Abbott*, No. 3:21-cv-00259-DCG-JES-JVB (W.D. Tex. Apr. 22, 2022), Rec. Doc. No. 246. This Court should reach the same conclusion: The State Intervenor's untimely motion should be quickly denied, and the Court should proceed with next week's hearing.

[SIGNATURE BLOCK ON FOLLOWING PAGE]

---

congressional map, *see, e.g.*, *Johnson v. Ardoin*, No. 18-625-SDD-EWD, 2019 WL 2329319, at *1 (M.D. La. May 31, 2019)—should have put the State Intervenor on notice that a Voting Rights Act suit against the new map was likely. This history makes the development of a remedial map all the more feasible; after all, nothing about this litigation comes as a surprise.

Dated: May 3, 2022

By [s] *Darrel J. Papillion*
Darrel J. Papillion (Bar Roll No. 23243)
Renee C. Crasto (Bar Roll No. 31657)
Jennifer Wise Moroux (Bar Roll No. 31368)
**WALTERS, PAPILLION,
THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, Louisiana 70810
Phone: (225) 236-3636
Fax: (225) 236-3650
Email: papillion@lawbr.net
Email: crasto@lawbr.net
Email: jmoroux@lawbr.net

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: akhanna@elias.law
Email: jhawley@elias.law

Lalitha D. Madduri*
Olivia N. Sedwick*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: lmadduri@elias.law
Email: osedwick@elias.law
Email: jshelly@elias.law

*Counsel for Plaintiffs*

*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed electronically with the Clerk of Court using the CM/ECF filing system. Notice of this filing will be sent to all counsel of record via operation of the Court's electronic filing system.

Baton Rouge, Louisiana, this 3rd day of May, 2022.

        s/ *Darrel J. Papillion*
        Darrel J. Papillion