**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

PRESS ROBINSON, *et al*

CIVIL ACTION

*versus*

22-211-SDD-SDJ

KYLE ARDOIN, in his official
capacity as Secretary of State
for Louisiana

*consolidated with*

EDWARD GALMON, SR., *et al*

CIVIL ACTION

*versus*

22-214-SDD-SDJ

KYLE ARDOIN, in his official
capacity as Secretary of State
for Louisiana

**RULING**

This matter is before the Court on the *Emergency Motion to Stay Proceedings*[1]

filed by Attorney General Jeff Landry. The *Galmon* Plaintiffs filed an *Opposition*.[2] For the

reasons that follow, the Court finds that the *Emergency Motion* shall be DENIED.

**I.     BACKGROUND**

On April 14, 2022, the Court set a preliminary injunction hearing in these

consolidated Voting Rights Act cases, to begin Monday, May 9, 2022.[3] Now, with the

hearing five days away, the Attorney General asserts that "[t]he Supreme Court's

upcoming resolution of lingering questions regarding Section 2 of the Voting Rights Act"[4]

---

[1] Rec. Doc. No. 131.
[2] Rec. Doc. No. 134.
[3] Rec. Doc. No. 35.
[4] Rec. Doc. No. 131-1, p. 4.

is an emergency that compels a stay. *Merrill v. Milligan*,[5] the Attorney General asserts, is

"likely to substantially affect or be fully dispositive over the issues presented in this case,"[6]

and the *Purcell* doctrine suggests that it is already "too close to critical statutory deadlines

for the 2022 congressional elections"[7] for this Court to grant Plaintiffs' requested relief.

The *Galmon* Plaintiffs oppose the arguments proffered by the Attorney General,

calling his *Motion* "an eleventh-hour, last-ditch attempt to forestall adjudication of

Plaintiffs' claims."[8] Though the Plaintiffs do not dispute that *Merrill v. Milligan* is relevant

to the instant cases, they note that, for now, "neither *Gingles* nor any other controlling

authority has been overruled, expressly or by implication,"[9] and putting this case on hold

for what amounts to "jurisprudential divination"[10] is not appropriate. Plaintiffs argue that

the hardship allegedly faced by the Attorney General in having to defend the claims is

self-imposed, insofar as the Attorney General "*chose* to participate in this lawsuit via

intervention."[11] In sum, the *Galmon* Plaintiffs urge the Court to deny the *Motion* because

the Attorney General "does not get to put the Voting Rights Act on hold for an entire

election cycle just because it might be inconvenienced in the future."[12]

After reviewing the parties' briefs, the docket, and the applicable law, the Court

finds that the Attorney General's *Motion* shall be DENIED.

---

[5] 142 S. Ct. 879 (2022).
[6] *Id*. at p. 5.
[7] *Id*. at p. 10.
[8] Rec. Doc. No. 134, p. 2.
[9] *Id*.
[10] *Id*.
[11] *Id*. at p. 3.
[12] *Id*.

## II.    LAW AND ANALYSIS

### A.  Motions to Stay

A district court has the inherent power to stay its proceedings.  This power to stay is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[13] This is best accomplished by the "exercise of judgment, which must weigh competing interests and maintain an even balance."[14]  When determining whether to exercise its discretion to stay proceedings, relevant factors for the Court to consider include: (1) the potential prejudice to the non-moving party; (2) the hardship and inequity to the moving party if the action is not stayed; and (3) judicial economy.[15] "A court is within its discretion to grant a stay when a related case with substantially similar issues is pending before a court of appeals."[16]

### B.  Analysis

As the above-stated law makes clear, the decision to stay is a matter of the Court's discretion. In this case, the Court declines the Attorney General's untimely invitation to put these proceedings on hold. The Court is simply not persuaded that waiting for a substantive ruling in *Merrill v. Milligan* is justified. The Attorney General's own brief phrases the potential impact of *Merrill* in terms of *possibility*, noting that the case "*could* be dispositive of this litigation …  At the very least, the Supreme Court's disposition of that case will be *informative* to the Parties' claims and defenses in the instant case."[17]

---

[13] *Landis v. No. American Co.*, 299 U.S. 248, 254 (1936).

[14] *Id.* at 254–55.

[15] *Chevallier v. Our Lady of the Lake Hosp., Inc.,* No. CV 18-0997-BAJ-EWD, 2019 WL 3381766, at *2 (M.D. La. July 26, 2019).

[16] *Greco v. Nat'l Football League,* 116 F. Supp. 3d 744, 761 (N.D. Tex. 2015).

[17]  Rec. Doc. No. 131-1, p. 15 (emphasis added).

The blow to judicial economy and prejudice to Plaintiffs that would result from granting the moved-for stay cannot be justified by speculation over future Supreme Court deliberations, and the Court is not persuaded that halting these proceedings to await a result that would be "informative" is defensible. *Merrill v. Milligan* was already pending before the *Complaints* were filed in these cases. To stay this matter on the eve of the hearing on the premise that *Merrill v. Milligan* and *Purcell* constitute an "emergency" would in fact *create*, not avoid, the "clear risk of wasted time and resources"[18] that Attorney General Landry describes. If Attorney General Landry's concern over wasted time and resources is sincere, the Court questions why he telegraphed the filing of this *Motion* in a footnote at the end of an opposition brief instead of filing it immediately.[19] In the delay, reply briefs were filed and a lengthy Pre-Trial Conference conducted, during which counsel for the Attorney General said not a word about this looming "emergency" as the parties discussed in-depth the procedures to be used at the hearing.

As Plaintiffs note, the Attorney General's complaints of hardship are difficult to comprehend given that he *voluntarily* intervened in these cases. The idea that a stay is necessary to allow for "a proper and robust defense" is likewise baffling in light of the fact that Defendants have already filed thorough and well-researched opposition briefs, not to mention offered nine expert reports and a slew of other exhibits. The Court has expended significant judicial resources digesting these materials in preparation for the upcoming hearing.

---

[18] Rec. Doc. No. 131-1, p. 5.
[19] Rec. Doc. No. 108, p. 23, n. 10 ("Thus, the State of Louisiana will be filing an emergency motion to stay these proceedings and a motion to reset deadlines so that a proper and robust defense to Plaintiffs' claims can be mounted").

Lastly, the Court rejects the Attorney General's contention that *Purcell* demands a stay. *Purcell* will be an issue at the preliminary injunction hearing, as the briefs make clear. While *Purcell* does caution against judicial intervention on the eve of elections, it does not require a stay, particularly here where the Court has been asked to and will consider the *Purcell* doctrine in the forthcoming proceedings.

## III.   CONCLUSION

For the foregoing reasons, the *Emergency Motion to Stay Proceedings*[20] filed by Attorney General Jeff Landry is hereby DENIED.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>May 4, 2022</u>.

_Shelly D. Dick_

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[20] Rec. Doc. No.  131.