# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, *et al* | CIVIL ACTION |
| *versus* | 22-211-SDD-SDJ |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana | |
| *consolidated with* | |
| EDWARD GALMON, SR., *et al* | CIVIL ACTION |
| *versus* | 22-214-SDD-SDJ |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana | |

## RULING

This matter is before the Court on the *Joint Motion to Stay Pending Appeal*[1] filed by Defendant, Louisiana Secretary of State Kyle Ardoin, and the Intervenor Defendants, Senate President Page Cortez, Speaker Clay Schexnayder, and Attorney General Jeff Landry. The *Galmon* and *Robinson* Plaintiffs filed separate *Oppositions*.[2] For the reasons that follow, the *Motion* is DENIED.

On a motion to stay, the Court "considers four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."[3]

---

[1] Rec. Doc. No. 177.
[2] Rec. Doc. Nos. 180, 181.
[3] *Nken v. Holder*, 556 U.S. 418, 426 (2009).

Defendants have not shown that the Court erred in its application of the prevailing law to the facts adduced at the hearing.

Defendants' argument that they will be irreparably harmed absent a stay is disingenuous. Defendants contend that a stay is necessary to avoid "compromising the State's election administration during an election year."[4] But, in March 2022, Senate President Cortez and House Speaker Schexnayder represented to another court that Louisiana's "election calendar is one of the latest in the nation";[5] that "the election deadlines that actually impact voters do not occur until October 2022";[6] and that "there remains several months. . .to complete the process."[7]

The Court finds that Plaintiffs will suffer substantial harm if a stay is granted. Given that there has been no showing of error in the Court's application of the prevailing law, and considering that the Legislators' representations indicate that there is ample time to consider and enact remedial maps, a halt to the remedy process "will substantially injure the other parties."[8] A stay increases the risk that Plaintiffs do not have an opportunity to vote under a non-dilutive congressional map until 2024, almost halfway through this census cycle.

Finally, the Court finds that the public interest lies in conducting elections under a legal map.

Defendants argue for a "'relaxed' interpretation"[9] of the stay standard, citing Justice Kavanaugh's concurrence in *Merrill v. Milligan*, wherein he discussed the propriety of a stay "in the period close to an election."[10] The Court finds the concurrence inapplicable. Where, as here,

---

[4] Rec. Doc. No. 177-1, p. 9.
[5] Rec. Doc. No. 173, p. 11 (citing GX-32, p. 8).
[6] *Id*. (citing GX-32, p. 5).
[7] *Id*.
[8] Note 3, *supra.*
[9] Rec. Doc. No. 177-1, p. 4.
[10] *Merrill v. Milligan*, 142 S. Ct. 879 (2022).

"election deadlines that actually impact voters do not occur until October 2022,"[11] we are not in "a period close to an election."[12]

Nor is the Court persuaded that the rules of the legislature requiring seven days' notice of an extraordinary session, three days for bill readings and committee hearings, among other things, indicate the necessity of a stay. If Defendants need more time to accomplish a remedy for the Voting Rights Act violation, the Court will favorably consider a *Motion* to extend the time to allow the Legislature to complete its work. As Plaintiffs point out, allowing for seven days' notice of the start of the session and three days for bill reading would require ten days total, and this Court gave the Legislature fourteen. So, seven days are available to comply with this Court's order. Defendants' argument about the "unworkable" deadline is insincere and not persuasive.

The Court also declines to enter an administrative stay. This decision "falls within the 'power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'"[13]

**ACCORDINGLY**,

**IT IS HEREBY ORDERED** that Defendants' *Joint Motion to Stay*[14] is DENIED.

Signed in Baton Rouge, Louisiana this 9th day of June, 2022.

*[signature]*

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[11] Note 5, *supra*.
[12] Note 10, *supra*.
[13] *In re Abbott*, 800 F. App'x 296, 298 (5th Cir. 2020)(quoting *Landis v. N. Am. Co.,* 299 U.S. 248, 254 (1936)).
[14] Rec. Doc. No. 177.