**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON et al., | |
| Plaintiffs, | |
| v. | Case No. 3:22-cv-00211-SDD-SDJ c/w |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, | |
| Defendant. | |
| EDWARD GALMON, SR. et al., | |
| Plaintiffs, | |
| v. | Case No. 3:22-cv-00214-SDD-SDJ |
| R. KYLE ARDOIN, in his official capacity as Louisiana Secretary of State, | |
| Defendant. | |

### *GALMON* PLAINTIFFS' RESPONSE TO LEGISLATIVE INTERVENORS' MOTION FOR EXTENSION OF TIME TO ENACT PLAN

Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard, by and through undersigned counsel, respond to the Legislative Intervenors' motion for an extension of time to enact a remedial plan. In short, while Plaintiffs do not oppose the request for an extension of time, they maintain that the Legislature's proceedings should not hold up the judicial process for adopting a remedial map to be implemented in time for the November 2022 congressional elections in the event that the Legislature fails to enact a lawful remedy.

Plaintiffs are at once heartened by and skeptical of the Legislative Intervenors' motion. On the one hand, Plaintiffs appreciate the Legislative Intervenors' stated "inten[tion] to make a good-faith effort . . . to enact a plan." Legis. Intervenors' Mem. in Supp. of Motion for Extension of

Time to Enact Plan ("Mem.") 2, Rec. Doc. No. 188-1. On the other hand, the pending motion would not be the first time during this litigation that Defendants have sought to delay the Court's proceedings, *see, e.g.*, Rec. Doc. Nos. 129, 131, and this belated request comes a week after the Court originally set the Legislature's remedial deadline, when any concerns about timing would have been as clear to the Legislative Intervenors as they are now. The Legislative Intervenors and other Republican legislators have already expressed their opposition to the very idea of a special session while the judicial process continues,[1] and though bills have now been prefiled, no committee hearings were undertaken during this past week—a preparatory step the Legislature could have taken before the start of the session to enable expeditious adoption of a new map. Viewed in this light, the Legislative Intervenors' assertion that they will fail to abide by the Court's June 20 deadline seems less like a legitimate concern than a fait accompli.

The Legislative Intervenors' motion raises additional questions. For example, although they cite a purported interest in soliciting public comment and input, *see* Mem. 5, the Legislature still has the transcripts from its roadshow listening sessions and the other public comments

---

[1] *See Statement from President Cortez and Speaker Schexnayder*, La. State Legislature (June 10, 2022), https://house.louisiana.gov/H_Misc/Press_Rel/PDF/Statement%20from%20President%20Cortez%20and %20Speaker%20Schexnayder2022_2ES.pdf ("Until the courts have made a final determination on the congressional maps as they were passed by a super majority of the Legislature, we are asking the Governor to rescind his special session call. Before the judicial redistricting process is complete, any special session would be premature and a waste of taxpayer money."); Will Sentell & Mark Ballard, *Top Lawmakers Ask Federal Judge for More Time to Draw Congressional Maps*, Advocate (June 14, 2022), https://www.theadvocate.com/baton_rouge/news/politics/legislature/article_79db8398-ebfa-11ec-a894-6f176452d418.html ("'Knowing the Republicans, I don't think they're willing to surrender this early on the judicial process,' said House Majority Leader Blake Miguez, R-Erath. 'They'll want to wait for appellate courts and the U.S. Supreme Court.'"); Wesley Muller, *Special Session Might See Few Changes to GOP-Drawn Maps*, La. Illuminator (June 14, 2022), https://lailluminator.com/2022/06/14/special-session-might-see-few-changes-to-gop-drawn-maps ("On the eve of the special session, there's a question of whether Republican lawmakers, who make up the majority in the Legislature, have any interest in attempting to approve a map with two majority-Black districts. 'I think you're gonna have two competing maps—one the Legislature is going to propose and one the courts are going to draw,' Sen. Patrick Connick, R-Marrero, said Monday. 'Ultimately the 5th Circuit is going to decide or the Supreme Court, so I don't see the maps coming out differently from Legislature than they already are.'").

received during the initial redistricting process. In other words, the public testimony available to the Legislature when it deliberated the enacted map is the same testimony available to the Legislature now, and, since it seems unlikely that public sentiment would have changed all that much in the intervening four months, "[t]he Legislature [will] not be starting from scratch." Rec. Doc. No. 173 at 148.[2] The Legislative Intervenors also raise the specter of a gubernatorial veto as a reason why more time might be needed, *see* Mem. 4, but a veto risk should be minimal here. Governor John Bel Edwards vetoed the enacted congressional map because it "violates Section 2 of the Voting Rights Act of 1965" and urged the Legislature "to create a map that is in compliance with Section 2."[3] The Court's preliminary injunction order in turn requires the adoption of a remedial map that complies with Section 2. *See* Rec. Doc. No. 173 at 2. If the Legislative Intervenors are serious about "satisf[ying] the principles the Court articulated," Mem. 2, then no gubernatorial veto would be forthcoming. Their purported concerns are thus misplaced—or, at the very least, premature.

Finally, the Legislative Intervenors' motion seems to suggest that the extension of time could essentially be tacked onto the end of the extraordinary session called by Governor Edwards, effectively turning a five-day session into a 15-day session. But that is not the case: the Governor's call requires the extraordinary session to end at "6:00 o'clock p.m. on the 20th day of June, 2022,"[4]

---

[2] Moreover, the degree to which the Legislature actually incorporated public testimony during the initial redistricting process has been called into question. *See, e.g.*, Steven Procopio & Melinda Deslatte, *Legislature Sought Public Input in Redistricting, but Mostly Ignored It*, Advocate (Feb. 23, 2022), https://www.theadvocate.com/baton_rouge/opinion/article_c42f8b5a-94d0-11ec-81ec-7732dee83c2c.html ("The House and Senate disregarded many of the public comments and much of the hours of testimony they received and fell into age-old patterns of protecting incumbent officials, political parties and personal allies.").

[3] *Veto of House Bill 1 of the 2022 First Extraordinary Session*, Office of Governor 1–2 (Mar. 9, 2022), https://gov.louisiana.gov/assets/docs/Letters/SchexnayderLtr20220309VetoHB1.pdf.

[4] *Proclamation Number 89 JBE 2022*, Office of Governor 1 (June 7, 2022), https://gov.louisiana.gov/assets/Proclamations/2022/89JBE2022CallSpecialSession.pdf.

an ending date that cannot be altered or extended. *See* La. Const. art. III, § 2(B) ("The session shall be limited to the number of days stated [in the proclamation]."). To take advantage of the requested 10-day extension, the Legislature or Governor Edwards would need to call an *additional* extraordinary session, with the seven-day notice period included. The Legislative Intervenors themselves could have commenced that process "upon written petition of a majority of the elected members of each house," *id.*, but they have not yet done so—calling into question whether they actually intend to utilize the extension of time to enact a remedial map.

Ultimately, Plaintiffs recognize that it is "appropriate, whenever practicable, to afford a reasonable opportunity for the legislature to meet [legal] requirements by adopting a substitute measure." *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978) (plurality opinion). Both this Court and the Fifth Circuit motions panel recognized that the initial June 20 deadline *does* provide the Legislature with a sufficiently reasonable opportunity to enact a new map. *See Robinson v. Ardoin*, No. 22-30333, 2022 WL 2104123, at *16 (5th Cir. June 12, 2022) ("[T]he record suggests that [five-day] period *would* suffice."); Rec. Doc. No. 173 at 148 ("Defendants' assertion that 'an entirely new congressional plan' will be required at significant cost and hardship rings hollow. The Legislature would not be starting from scratch; bills were introduced during the redistricting process that could provide a starting point, as could the illustrative maps in this case, or the maps submitted by the *amici*." (footnotes omitted) (quoting Rec. Doc. No. 166 at 142)). The Legislative Intervenors cannot squander the opportunity that was afforded to them and then claim that no opportunity was given. But based on the Legislative Intervenors' representations, Plaintiffs do not oppose a modest extension of 10 days.

Given the concerns articulated above, however—and to ensure that a lawful congressional map is timely implemented in advance of the 2022 midterm elections—Plaintiffs respectfully

request that any extension of time granted to the Legislature be contingent on the following conditions.

**The requested extension of time should not be used as a basis for a *Purcell* argument in the future.** Defendants previously made *Purcell* claims after the Court delayed the preliminary injunction hearing *at Defendants' request*. *See* Rec. Doc. No. 173 at 126 n.350, 145–47. Simply put, any attempt by the Legislative Intervenors to weaponize *this* extension of time—and thus prejudice not only Plaintiffs, but all Black Louisianians whose voting strength is diluted by the enacted congressional map—should not be tolerated. Implicit in the Legislative Intervenors' request for a 10-day extension is the assumption that a remedial map could be not only adopted by the Legislature in that time, but also then implemented by the State without significant cost or confusion. The Legislative Intervenors should affirmatively make this representation.

**The Court's remedial process should proceed concurrently with the extension of time.** In the event the Legislature does not enact a lawful new plan even with the extension of time, the Court will be "left with the unwelcome obligation of performing in the legislature's stead," *Connor v. Finch*, 431 U.S. 407, 415 (1977)—and that obligation should not be postponed. Accordingly, Plaintiffs respectfully propose that "the Court [] issue additional orders to enact a remedial plan" as soon as possible, Rec. Doc. No. 173 at 2, and begin its own judicial redistricting process in advance of the extended legislative deadline.

To ensure timely adoption of lawful maps, other courts have previously undertaken judicial redistricting concurrently with legislative efforts.[5] Such a concurrent process in this case would

---

[5] *See, e.g.*, *Norelli v. Sec'y of State*, No. 2022-0184, 2022 WL 1498345, at *10 (N.H. May 12, 2022) (per curiam) (explaining that court "will take the necessary steps to formulate a district plan that complies with all applicable laws in order to protect the fundamental rights of New Hampshire voters" while "reiterat[ing] that the legislature is not precluded from enacting a legally valid congressional district plan at any time"

not usurp the legislative prerogative to undertake redistricting—it would simply act as an insurance policy to make certain that a lawful map is adopted as expeditiously as possible.

To that end, Plaintiffs propose the following schedule for judicial adoption of a remedial congressional map.

- **Wednesday, June 22, 2022:** Deadline for submission of proposed remedial maps and memoranda in support.

- **Monday, June 27, 2022:** Deadline for responses to proposed remedial maps.

- **Wednesday, June 29, 2022:** Deadline for replies in support of proposed remedial maps.

- **Thursday, June 30 or Friday, July 1:** Hearing on proposed remedial maps.

Plaintiffs believe that this proposed schedule will allow the Court to adopt a remedial map during the week of July 4—well in advance of the July 20–22 candidate-qualifying period. *See 2022 Elections*, La. Sec'y of State, https://www.sos.la.gov/ElectionsAndVoting/PublishedDocuments/ElectionsCalendar2022.pdf (Apr. 2022).

In sum, a concurrent judicial process will ensure that a remedial map is successfully adopted and that the voting rights of Black Louisianians are vindicated in this year's midterm elections and beyond.

---

during that process); *Wattson v. Simon*, 970 N.W.2d 56, 57–61 (Minn. Special Redistricting Panel 2022) (describing judicial redistricting process undertaken concurrently with legislative redistricting); Order on Submission of Remedial Plans for Court Review at 2, *N.C. League of Conservation Voters v. Hall*, Nos. 21 CVS 015426, 21 CVS 500085 (N.C. Super. Ct. Feb. 8, 2022) (three-judge court) (describing plan for court adoption of remedial congressional and state legislative maps); *cf. Wesch v. Hunt*, 785 F. Supp. 1491, 1500–01 (S.D. Ala. 1992) (three-judge court) (adopting judicial redistricting plan notwithstanding "legislature's belatedly adopted plan" due to risk of delay posed by preclearance requirement).

Dated: June 15, 2022

By: *s/Darrel J. Papillion*
Darrel J. Papillion (Bar Roll No. 23243)
Renee C. Crasto (Bar Roll No. 31657)
Jennifer Wise Moroux (Bar Roll No. 31368)
**WALTERS, PAPILLION,**
**THOMAS, CULLENS, LLC**
12345 Perkins Road, Building One
Baton Rouge, Louisiana 70810
Phone: (225) 236-3636
Fax: (225) 236-3650
Email: papillion@lawbr.net
Email: crasto@lawbr.net
Email: jmoroux@lawbr.net

Respectfully submitted,

Abha Khanna*
Jonathan P. Hawley*
**ELIAS LAW GROUP LLP**
1700 Seventh Avenue, Suite 2100
Seattle, Washington 98101
Phone: (206) 656-0177
Facsimile: (206) 656-0180
Email: akhanna@elias.law
Email: jhawley@elias.law

Lalitha D. Madduri*
Olivia N. Sedwick*
Jacob D. Shelly*
**ELIAS LAW GROUP LLP**
10 G Street NE, Suite 600
Washington, D.C. 20002
Phone: (202) 968-4490
Facsimile: (202) 968-4498
Email: lmadduri@elias.law
Email: osedwick@elias.law
Email: jshelly@elias.law

*Counsel for Plaintiffs*

*Admitted pro hac vice

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 15th day of June, 2022, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent through the Court's electronic filing system to all counsel of record.

*s/Darrel J. Papillion*
Darrel J. Papillion