# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

PRESS ROBINSON, *et al*

*versus*

KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana

*consolidated with*

EDWARD GALMON, SR., *et al*

*versus*

KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana

CIVIL ACTION

22-211-SDD-SDJ

CIVIL ACTION

22-214-SDD-SDJ

## RULING

Before the Court is the *Motion for Extension of Time of Deadlines for Remedial Phase*[1] filed by Intervenor Defendant, Attorney General Jeff Landry. Plaintiffs filed a *Joint Opposition*[2] to the *Motion*, and the Legislative Intervenors filed a *Response*[3] indicating that they support the Attorney General's *Motion*. For the reasons that follow, the Court finds that the *Motion* shall be DENIED.

The Attorney General asks the Court to continue the remedial phase deadlines, and the remedial phase entirely, until the United States Supreme Court rules on the pending emergency application for stay. As Plaintiffs note, the Attorney General's request is essentially a request for a stay pending appeal. This Court and the United States Court

---

[1] Rec. Doc. No. 221.
[2] Rec. Doc. No. 218.
[3] Rec. Doc. No. 219.

of Appeals for the Fifth Circuit have already denied that request. Moreover, the Supreme Court indicated that an immediate stay is not warranted by declining to enter an administrative stay upon receipt of the emergency application, instead ordering a briefing schedule.

The Attorney General selectively quotes the Court's *Order*[4] regarding the remedial phase, curiously omitting the Court's provisions for discovery. The *Order* provides that "discovery of the mapmakers and any experts identified in the Parties' Rule 26 disclosure shall be permitted up to the date of the hearing."[5] The Attorney General submits that an "extension," which is in reality a request for stay, is required to allow "full discovery" and argues that the Court's order was unclear on the parameters of discovery during the remedial phase. The cases cited by the Attorney General in support of his argument that "full discovery" is required for the remedial phase are unavailing.

Further, the Plaintiffs represent that "the State Intervenor served nine interrogatories and six requests for production, and Plaintiffs have now offered dates for expert witness depositions consistent with the Court's current order."[6] Propounding written discovery and noticing depositions does not indicate any confusion nor real concern regarding the availability of discovery. "The discovery rules are designed to permit a litigant to obtain whatever information he or she may need to adequately prepare for issues that may develop at trial."[7] There has been a weeklong evidentiary hearing, which included the testimony of many experts for both sides and the presentation of several proposed maps. Shapefiles attendant to the illustrative maps were produced and

---

[4] Rec. Doc. No. 206.
[5] *Id.*
[6] Rec. Doc. No. 218, p. 2.
[7] *Handbook Fed. Civ. Disc. & Disclosure* § 9:2 (4th ed.)

experts and map drawers were cross-examined.[8] Not to mention the weeks of legislative debate and consideration of various plans. The record is developed, and the Defendant and Intervenors can pursue meaningful discovery of the single plan that will be offered by Plaintiffs and propose their own plan. The cry for "full discovery" and the invocation of due process is a red herring for a delay. It is noteworthy that the Secretary of State neither moves for continuance nor joins in the Intervenor's request for continuance, ostensibly because the delay sought by the State and the Legislators is incongruent with the Secretary of State's mission.

The *Motion for Extension of Time of Deadlines for Remedial Phase*[9] is DENIED.

**IT IS ORDERED.**

Baton Rouge, Louisiana, this 22nd day of June, 2022.

*Shelly Dick*
SHELLY D. DICK
CHIEF DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA

---

[8] The Court notes with interest that "the State Intervenor had the opportunity to depose Plaintiffs' map-drawers and other experts at the liability phase—and chose not to." (Rec. Doc. No. 218, p. 3, n. 2).
[9] Rec. Doc. No. 221.