UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**DEFENDANTS' NOTICE REGARDING REMEDIAL PLAN**

Defendant Secretary of State R. Kyle Ardoin, Intervenor-Defendant Attorney General Jeff Landry, and Intervenor-Defendants Patrick Page Cortez, the President of the Louisiana State Senate, and Clay Schexnayder, the Speaker of the Louisiana House of Representatives (collectively, "Defendants") hereby provide the following notice regarding "remedial maps" in response to the Court's Order of June 17, 2022 (D.E.206) (the "Remedial Order").

## RELEVANT BACKGROUND

On June 6, 2022, this Court entered an order enjoining the use of the State's Congressional Map (the identical congressional districting configurations in H.B.1 and S.B.5), and providing the Louisiana Legislature an opportunity "to enact a remedial plan on or before June 20, 2022" (D.E. 173 at 2). Less than two hours later,[1] the Louisiana Legislature's 2022 Regular Session adjourned. The timing of the Court's injunction therefore required the convening of an extraordinary session of the Legislature to attempt to enact a remedial congressional plan. The Louisiana Constitution required seven days' notice prior to convening an extraordinary session. La. Const. art 3, §2(b). Governor Edwards called the 2022 Second Extraordinary Session to begin at noon on Wednesday, June 15, 2022. This left the Legislature with 6 days to enact a remedial congressional plan, one of which was the State's Juneteenth holiday.

In its order denying a stay of its injunction, the Court stated it would "favorably consider a Motion to extend the time to allow the Legislature to complete its work." (D.E. 182 at 3). Accordingly, on June 13, 2022, Legislative Intervenors moved for an extension of time to enact a remedial plan, arguing that the six days afforded under the Court's schedule was insufficient to permit the Legislature to consider, negotiate, take public input upon, and ultimately to enact a remedial congressional plan in a transparent and appropriate manner. (D.E. 188). The Court held a hearing on June 16, 2022, and denied the Motion for Extension of Time. (D.E. 196). The Court also ordered all the parties to submit that day briefs regarding the "remedial" phase. *Id.* The next day, the Court further ordered the parties to submit remedial maps and briefing on June 22, 2022, in the event the Legislature could not pass a remedial plan by June 20, 2022. (D.E. 206).

---

[1] The Court's ECF system gave notice of the injunction at 3:43 p.m. on June 6, 2022, the last day of the Regular Session. The Senate adjourned at 5:28 p.m. *Senate Convene/Adjourn Times of the 2022 Regular Session*, THE LOUISIANA LEGISLATURE, https://legis.la.gov/legis/Times.aspx?sid=22RS&c=S (visited June 22, 2022).

**THE LEGISLATURE'S EFFORTS AND NOTICE OF LACK OF REMEDIAL PLAN**

Despite the Legislature's diligent effort during the 2022 Second Extraordinary Session, the Legislature was unable to complete "the most difficult task a legislative body ever undertakes." *Covington v. North Carolina,* 316 F.R.D. 117, 125 (M.D.N.C. 2016) (three-judge court), *aff'd,* 137 S.Ct. 2211 (2017).

A virtually impossible task undertaken by the Legislature given the time permitted was made even more difficult by the dramatic change this Court's injunction required from settled practice and precedent. For almost four decades since *Major v. Treen*, 574 F.Supp. 325 (E.D. La 1983), Louisiana has maintained a single majority-minority district centered in Orleans, with the exception of a brief interlude in the 1990s when Louisiana repeatedly passed a districting plan with two majority-minority districts at the behest of the U.S. Department of Justice. The *Hays* line of cases repeatedly struck down the second majority-minority district as an unconstitutional racial gerrymander. This Court's injunction, just three redistricting cycles later, has up-ended that settled practice and required a second majority-minority district to comply with the Voting Rights Act.[2]

Nevertheless, despite the difficult time frame and the sudden break with precedent, the Legislature made a good faith effort to comply with this Court's order.[3] But the legislative process simply required more time to have any reasonable chance at success. As Senator Ward remarked

---

[2] It is noteworthy that the Biden Administration, under Attorney General Garland, has not filed even a statement of interest in this lawsuit, as it had done in Voting Rights Act challenges brought to redistricting plans in North Dakota, Arkansas, Texas, and Georgia this cycle.

[3] *See, e.g.*, legislative record materials from the Second Extraordinary Session, *Session Information For The 2022 Second Extraordinary Session*, THE LOUISIANA LEGISLATURE, https://legis.la.gov/legis/SessionInfo/SessionInfo_222ES.aspx (visited June 22, 2022).

during the Extraordinary Session, "When you're dealing with something like this, every time you satisfy four people you lose four people…it's a difficult task."[4]

Legislative Intervenors are but two members of the Louisiana Legislature. They cannot legislate alone, and the Legislature was unable to enact a remedial plan within the time allotted, so Legislative Intervenors have no plan to propose. The Secretary of State and the Attorney General have no right to interfere with the Legislature's lawmaking ability. They took an oath to uphold the state and federal constitutions and may not submit a map with a second majority-minority district without violating the separation of powers embodied in the State Constitution and the Equal Protection Clause embodied in both State and Federal constitutions. *See Collins v. Yellen*, 141 S. Ct. 1761, 1780 (2021) (holding that "separation of powers is designed to preserve the liberty of all the people"); *Hoag v. State*, 2004-0857 (La. 12/1/04), 889 So. 2d 1019, 102 ("Our state constitution divides governmental power into separate legislative, executive and judicial branches and provides that no one branch shall exercise powers belonging to the others"). As such, neither the Secretary of State nor the Attorney General can usurp the power delegated specifically to the Legislature and submit a remedial map. All Defendants maintain the original approved map *is* constitutional and does not violate Section 2 of the Voting Rights Act.

## **CONCLUSION**

Defendants hereby provide notice that they cannot submit a remedial plan due to insufficient time, the separation of powers doctrine, and constraints imposed by the Equal Protection Clause of both State and Federal Constitutions. Defendants reserve all rights under the Rules of Federal Civil Procedure to respond to Plaintiffs' remedial proposed maps.

---

[4] *See* Sen. Ward, Jun. 18, 2022 Senate Session (Part 2) at 04:51 to 05:07, THE LOUISIANA LEGISLATURE, https://senate.la.gov/s_video/VideoArchivePlayer?v=senate/2022/06/061822SCHAMB2 (last visited Jun. 22, 2022).

Respectfully submitted this the 22nd day of June, 2022.

/s/ *John C. Walsh*
John C. Walsh, LA Bar Roll No. 24903
**SHOWS, CALL & WALSH, L.L.P**
Batton Rouge, LA 70821
Ph: (225) 383-1461
Fax: (225) 346-5561
john@scwllp.com

/s/ *Phillip J. Strach*
Phillip J. Strach*
phillip.strach@nelsonmullins.com
  *Lead Counsel for Secretary Ardoin*
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
4140 Parklake Avenue, Suite 200
Raleigh, NC 27612
Ph: (919) 329-3800

* admitted *pro hac vice*

*Counsel for Defendant R. Kyle Ardoin, in his official capacity as Secretary of State of Louisiana*

/s/ *Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

/s/ *Erika Dackin Prouty*
Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

* *Admitted pro hac vice*

Jason B. Torchinsky (DC 976033)*
Phillip M. Gordon (DC 1531277)*
Dallin B. Holt (VSB 97330)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 phone
(540) 341-8809 fax
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
dholt@holtzmanvogel.com
*admitted pro hac vice

Jeff Landry
Louisiana Attorney General

*/s/Angelique Duhon Freel*
Elizabeth B. Murrill (LSBA No. 20685)
Shae McPhee (LSBA No. 38565)
Morgan Brungard (CO Bar No. 50265)*
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffrey M. Wale (LSBA No. 36070)
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov
brungardm@ag.louisiana.gov

*Counsel for Defendant, State of Louisiana*

**CERTIFICATE OF SERVICE**

    I certify that on June 22, 2022, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

                                          */s/ Erika Dackin Prouty*
                                          Erika Dackin Prouty *(admitted pro hac vice)*
                                          **BAKERHOSTETLER LLP**

                                          *Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*