UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br><br>*Plaintiffs*,<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana.<br><br>*Defendant*. | Civil Action No. 3:22-cv-00211-SDD-RLB |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD,<br><br>*Plaintiffs*,<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana.<br><br>*Defendant*. | Civil Action No. 3:22-cv-00214-SDD-RLB |

1

**PLAINTIFFS' JOINT NOTICE REGARDING STATUS CONFERENCE**

NOW INTO COURT, come Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard (the "Galmon Plaintiffs") and Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, NAACP Louisiana State Conference, and Power Coalition (the "Robinson Plaintiffs"), to state their position regarding further proceedings, in advance of the status conference scheduled for today at 3 p.m.

Plaintiffs request that the Court recommence the remedial process that was underway when the Supreme Court stayed this case last summer.[1] When the Supreme Court's now-lifted stay was issued, this Court had "grant[ed] Plaintiffs Motions for Preliminary Injunction[,] preliminary enjoin[ed] Secretary Ardoin from conducting any congressional elections under the map enacted by the Louisiana Legislature in H.B. 1," and ordered a remedy map to be adopted. *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La. 2022). The Court reached this decision in a thorough, well-reasoned order that followed a five-day evidentiary hearing in which the parties—two sets of plaintiffs and three sets of defendants—presented testimony from 21 witnesses, introduced into evidence hundreds of exhibits, and filed hundreds of pages of pre- and post-trial briefing and proposed findings of fact and law. Both this Court and the Fifth Circuit declined to stay Defendants' appeal of that order while remedial proceedings continued.

The Supreme Court has now vacated its stay of this Court's preliminary injunction, and accordingly the preliminary injunction remains in effect. *See Ardoin v. Robinson*, No.

---

[1] The history of this case over the past year is detailed in Plaintiffs' Joint Motion for Status Conference filed June 27, 2023. *See Robinson v. Ardoin*, Case No. 3:22-cv-00211-SDD-SDJ, ECF No. 240 (June 27, 2023).

2

21A814, 2023 WL 4163160, at *1 (U.S. June 26, 2023) (dismissing certiorari as "improvidently granted" and vacating stay of preliminary injunction). The Court should now effectuate that preliminary injunction by resuming the process for establishing a remedial map. *Robinson*, 605 F. Supp. 3d at 766 ("The appropriate remedy in this context is a remedial congressional redistricting plan . . ."). Plaintiffs request that the Court commence remedial proceedings in a timely manner over the coming weeks, such that the Court may consider any supplemental remedial briefing and maps, conduct an evidentiary hearing, and adopt a map that remedies the likely Section 2 violation to preserve the parties' positions and prevent Plaintiffs' vote dilution injury until final resolution of the merits.

Defendants have asked the Fifth Circuit to vacate the preliminary injunction and order this Court to "conduct a trial on the merits and reach a final judgment before the end of 2023." Defs.' Letter to Fifth Circuit at 4, *Robinson v. Ardoin*, Case No. 22-30333 (5th Cir. July 6, 2023), Doc. 246. But Defendants can assert no basis to dissolve the injunction currently in place or bypass remedial proceedings to effectuate that injunction. To the extent Defendants urge the same arguments here, they should be rejected.

First, Defendants have argued in the Fifth Circuit that this Court should be directed to reevaluate its preliminary injunction in light of "[t]wo Supreme Court decisions that bear on this case." Defs.' Letter to Fifth Circuit at 2 (citing *Allen v. Milligan*, 143 S. Ct. 1487 (2023), and *Students for Fair Admissions, Inc. v. President & Fellows of Harvard Coll.*, No. 20-1199, 2023 WL 4239254 (June 29, 2023)). But as Defendants have acknowledged, following *Milligan*, "the law in the section 2 context has not substantially changed." Letter from La. Att'y Gen. Jeff Landry to Hon. Scott S. Harris at 3, *Ardoin v. Robinson*, No. 21A814 (Sup. Ct. June 14, 2023). In fact, in *Milligan*, the Supreme Court reaffirmed the

3

standards governing actions under Section 2 of the Voting Rights Act that the Court first adopted thirty-seven years ago in *Thornburg v. Gingles*, 478 U.S. 30 (1986), and squarely "reject[ed] Alabama's invitation to change existing law." *Milligan*, 143 S. Ct. at 1510. *Milligan* thus reaffirmed the applicability of the *Gingles* standard that this Court applied in its preliminary injunction order. *Robinson*, 605 F. Supp. 3d at 818 ("apply[ing] *Gingles* and its progeny" to conclude that Louisiana's congressional redistricting plan likely violated Section 2); *Robinson v. Ardoin*, 37 F.4th 208, 215, 224 (5th Cir. 2022) (Smith, Higginson, and Willett, JJ.) (denying motion for stay pending appeal and finding "*Gingles* remains good law, and so the defendants have not shown that they are likely to succeed on that basis."). Defendants cannot escape the plain implications of *Milligan*—a Section 2 case that Defendants previously argued "present[ed] the same question as" this case, Defs.' Emergency Appl. for Admin. Stay, Stay Pending Appeal, & Pet. for Writ of Cert. Before Judgment at 4, *Ardoin v. Robinson*, No. 21A814 (Sup. Ct. June 17, 2022)—by pointing to an entirely different case deciding an entirely different claim.[2]

Second, Defendants have asserted that Plaintiffs' "request for a preliminary injunction" is "moot" in light of the 2022 elections. Defs.' Letter to Fifth Circuit at 3. Not so. This Court enjoined Defendants from "conducting *any* congressional elections," not just one election, under the enacted map. *Robinson*, 605 F. Supp. 3d at 766 (emphasis added); *see also id.* (noting "Plaintiffs' injury will persist" past 2022 "unless the map is

---

[2] As of this filing, the Fifth Circuit has not issued any orders remanding the case. But even if it were to vacate and remand "to allow [this Court] to consider" the Supreme Court's decision in *Milligan*, Mem. to Counsel, *Robinson v. Ardoin*, Case No. 22-30333 (5th Cir. June 28, 2023), Doc. 242, the appropriate action for this Court would be to order supplemental briefing on legal issues affected by *Milligan* and consider whether to reissue its preliminary injunction order, not disregard its preliminary injunction altogether.

4

changed for 2024"). The Court's conclusion that Plaintiffs would face irreparable harm absent an injunction was based not on the proximity of the next election, *cf. id.* at 854 (finding "the credibility of Defendants' assertions regarding the imminence of deadlines lacks credence"), but on its finding that the enacted map "has been shown to dilute Plaintiffs' votes," *id.* at 852. Neither the map's likely "violat[ion] [of] federal law," *id.* at 851, nor the resulting injury to Plaintiffs has evaporated with the passage of time.

Third, Defendants have contended that proceeding straight to trial and final judgment is the "optimal case-management approach under the circumstances." Defs.' Letter to Fifth Circuit at 4. According to Defendants, because "there is sufficient time—should the district court move expeditiously—to have a full trial on the merits (or alternatively a ruling on Summary Judgment) before the next congressional elections," the Court should simply disregard the preliminary injunction order already in place and start from scratch. *Id*. But Defendants can assert no basis to undo the preliminary injunction pending a final judgment. "The focus [of a preliminary injunction] always must be on prevention of injury by a proper order[.]" *Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 576 (5th Cir. 1974). Because the enacted map is enjoined, a remedial map is necessary to serve the "paramount" interest of "prevention of injury" through vote dilution. *Robinson*, 605 F. Supp. 3d at 857. A remedial map effectuating the preliminary injunction will "preserve the relative positions of the parties until a trial on the merits can be held." *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) (quoting *University of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981)); *see also Caster v. Milligan*, Case No. 2:21-cv-01536-AMM (N.D. Ala. June 20, 2023), ECF No. 156 (setting schedule for remedial process following preliminary injunction enjoining use of state's congressional plan). Thus, while the Court

can also move towards a final judgment in this case, there is no basis to reverse the relative positions of the parties achieved through the preliminary injunction or skip over the remedial process necessary to effectuate that injunction.

Defendants have repeatedly tried and failed to undo the effects of the preliminary injunction. *See e.g.,* Defs.' Joint Mot. to Stay, *Robinson*, No. 3:22-cv-00211-SDD-SDJ (M.D. La. June 6, 2022), ECF No. 177 (denied); Defs.' Emergency Mot. Seeking Stay Pending Appeal, *Robinson*, No. 22-30333, (5th Cir. June 9, 2022), Doc. 27 (denied); Letter from La. Att'y Gen. Jeff Landry to Hon. Scott S. Harris, *Ardoin v. Robinson*, No. 21A814 (Sup. Ct. June 14, 2023) (seeking further stay of preliminary injunction; denied). Their position has not improved in the 14 months since that injunction was issued. While Defendants may wish to pretend that the preliminary injunction proceedings never happened, this Court's injunction remains in place and must be given meaningful effect until the case is resolved on the merits.

Accordingly, the Galmon and Robinson Plaintiffs respectfully request that the Court resume the remedial process and establish a timeline for, among other things, (1) supplemental remedial briefing and maps, (2) an evidentiary hearing on proposed remedial maps, and (3) adoption of a remedial map to preserve the parties' positions in light of the Court's preliminary injunction order and prevent Plaintiffs' vote dilution injury until final resolution on the merits.

Date: July 12, 2023                                   Respectfully submitted,

By: */s/Abha Khanna*
Abha Khanna (*admitted pro hac vice*)
Jonathan P. Hawley (*admitted pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law
jhawley@elias.law

Lalitha D. Madduri (*admitted pro hac vice*)
Jacob D. Shelly (*admitted pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490
lmadduri@elias.law
jshelly@elias.law

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*Counsel for Galmon Plaintiffs*

By: */s/Jonathan H. Hurwitz*

Leah Aden (admitted *pro hac vice*)
Stuart Naifeh (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Tracie L. Washington
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Jonathan H. Hurwitz (admitted *pro hac vice*)
Robert A. Atkins (admitted *pro hac vice*)
Yahonnes Cleary (admitted *pro hac vice*)
Amitav Chakraborty (admitted *pro hac vice*)
Adam P. Savitt (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue Of The Americas, New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
jhurwitz@paulweiss.com
ratkins@paulweiss.com
ycleary@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

Sophia Lin Lakin
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

Sarah Brannon
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

                    T. Alora Thomas-Lundborg
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu

*Counsel for Robinson Plaintiffs*