UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., <br><br>*Plaintiffs,*<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**DEFENDANTS' MEMORANDUM IN RESPONSE TO
PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE
AND JOINT NOTICE REGARDING STATUS CONFERENCE**

Plaintiffs' Joint Motion for Status Conference, Doc. 240, asked the Court to hold a status conference "to establish a timeline for resuming the process for establishing the remedial maps, including but not limited to (i) entering a schedule for supplemental briefing and remedial maps; and (ii) setting forth a date for an evidentiary hearing to resume consideration of the maps." Doc. 240. This morning, Plaintiffs filed a joint notice regarding status conference asking the Court to restart preliminary injunction proceedings. Doc. 242 at 3 (asking the Court to accept "weeks" of new briefing, new maps, and a new evidentiary hearing). Defendants and Intervenors (collectively, "Defendants") oppose such a "remedial phase" and oppose restarting the preliminary

injunction proceedings because it would only inject unnecessary delay into this matter. Defendants further oppose the imposition of a new congressional districting plan on the basis of a preliminary injunction when there is time for a trial on the merits before the 2024 elections. The Court should set this matter for trial on the merits as soon as possible.

While counsel for the defense side of this case will be prepared to more fully explain Defendants' position during the July 12, 2023, telephone status conference, Doc. 241, this memorandum is intended to provide background they believe will be helpful to the Court.

1.      As Defendants recently detailed to the Fifth Circuit, this Court should conduct a trial on the merits and reach a final judgment promptly to allow this case to be resolved before the November 2024 elections. *See* Appellants' July 6, 2023 Ltr., *Robinson v. Ardoin*, No. 22-30333, Doc. 246. This Court's June 6, 2022, preliminary injunction and remedial schedule, *see* Docs. 173, 206, sought to impose a remedy in advance of the November 2022 congressional elections. Those elections have passed, and Plaintiffs no longer need a preliminary injunction and temporary remedy based on a limited record when the next elections to be conducted under the enjoined congressional plan are nearly 16 months away (rather than four months away, as they were when this case was stayed in 2022).

There is sufficient time for a trial on the merits before the end of 2023,[1] with a reasonable pre-trial schedule for fact discovery and additional expert discovery, if the Court acts now to schedule that trial. Plaintiffs cannot argue otherwise. In the related case of *Nairne v. Ardoin* involving Louisiana's legislative plans, the plaintiffs and their counsel—including many of the

---

[1] Indeed, it is possible that a trial as late as January or February 2024 will provide sufficient time for resolution prior to congressional elections in November 2024, but Defendants appreciate the Court's point in *Nairne v. Ardoin* that it wants to work to avoid potential timing issues and try these matters as soon as possible.

same counsel here—urged this Court to set an expedited trial schedule "to allow for potential relief of a special election in November 2024." Case No. 22-cv-00178, Doc. 89 at 3. Setting aside whether a special election is available to Plaintiffs in the *Nairne* matter (it is not), there *is* a scheduled election for Louisiana's congressional districts on November 5, 2024. The *Nairne* plaintiffs initially advocated for a trial in January 2024, showing they believed it is feasible to hold a trial on the merits 10 months in advance of the November 2024 elections.

The imposition of a preliminary remedial plan now, rather than trying this case before the end of 2023, would be problematic and counterproductive for multiple reasons. First, the Court would impose dramatic mandatory injunctive relief on a preliminary basis (imposing a judicially created congressional district plan on the state) despite a significant change in circumstances since the Court entered its order in June 2022: we now have 16 months before the next election rather than the four months between when this case was stayed and the November 2022 congressional elections.

Second, if the Court were to implement a preliminary remedial plan based on the preliminary injunction and accede to Plaintiffs' wishes to restart the preliminary injunction phase and not try this case before the end of 2023, there likely will not be sufficient time to reach a final judgment and conduct *another* remedial phase in advance of the November 2024 congressional elections. That approach would mark a significant duplication of effort and ensuing waste of resources by both counsel and the Court let alone a sharp departure from this Court's recently expressed wishes in *Nairne* to proceed promptly in order to avoid potential *Purcell* issues. *Purcell v. Gonzalez*, 549 U.S. 1 (2006).

Third, Plaintiffs' proposal risks exposing voters to as many as three different congressional plans in three elections (the 2022 elections under the enacted plan, the 2024 elections under a

3

preliminary remedial plan, and the 2026 elections under potentially yet a third plan), which would work a "needlessly chaotic and disruptive effect upon the electoral process." *Benisek v. Lamone*, 138 S. Ct. 1942, 1945 (2018) (citing *Fishman v. Schaffer*, 429 U.S. 1325, 1330 (1976)).

Fourth, the status quo here is the challenged plan which was used in the November 2022 election and which governs congressional representation in Louisiana today. "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981). The Supreme Court "has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 312 (1982). Here, adequate legal remedies exist for Plaintiffs: they can try the case to conclusion and establish their claim that this status quo should be altered prior to the November 2024 election.

Plaintiffs' reliance on *Canal Auth. of State of Fla. v. Callaway* for the position that a preliminary injunction remedial plan is necessary in this case, some 16 months prior to the next election, ignores that case's rule. Pls' J. Notice at 5; 489 F.2d 567 (5th Cir. 1974). In *Canal Authority of Florida*, the Fifth Circuit applied a rule of necessity that cannot be satisfied here where there is no need for a status quo-altering remedial injunction pending trial because there is sufficient time to try this case before the next election. *Id.* at 576.

Finally, such an approach would be inconsistent with the Supreme Court's directive that "the matter proceed before the Court of Appeals for the Fifth Circuit for review in the ordinary course and in advance of the 2024 congressional elections in Louisiana." Summary Dispositions, *Ardoin v. Robinson*, No. 21-1596 (June 26, 2023). The ordinary course in this scenario—nearly 16 months prior to the next election—is to try the case, not to languish in a preliminary-injunction

phase that is simultaneously moot (the November 2022 elections are past) and unripe (the November 2024 election is not yet an imminent emergency).

2. This Court need not wait to schedule a trial on the merits while the Fifth Circuit considers Defendants' appeal of the preliminary injunction order. While this Court does not have jurisdiction over matters on appeal, it does have jurisdiction over the merits of this action. *Farmhand, Inc. v. Anel Eng'g Indus., Inc.*, 693 F.2d 1140, 1145–46 (5th Cir. 1982) ("Generally, when an appeal is noticed the district court is divested of jurisdiction; the matter is transferred immediately to the appellate court. The rule, however, is not absolute. The district court maintains jurisdiction as to matters not involved in the appeal, *such as the merits of an action when appeal from a preliminary injunction is taken*, or in aid of the appeal, as by making clerical corrections.") (emphasis added).

3. In order to try this case on the merits before the end of 2023 while also allowing sufficient time for additional expert and fact discovery, Defendants request that the Court schedule this matter for trial on November 27, 2023.[2] This date is currently reserved for the *Nairne* trial, *see Nairne* Doc. 97, but trying this case should take priority over trying *Nairne* for a number of reasons.

First, the next elections to be conducted under the congressional plan challenged in this action will occur in November 2024, well before any elections that could be impacted by the *Nairne* litigation. The *Nairne* plaintiffs were unsuccessful in their attempt to seek relief for the

---

[2] Defendants maintain their previous arguments that trying any case in November 2023 will be exceedingly difficult for elected officials in light of the upcoming Gubernatorial Primary and General Elections. *See* Doc. 92 at 2–5. Defendants' proposal is based on the Court's prior direction in *Nairne* regarding its availability for trial in the fall of 2023. But to be clear, Defendants would oppose trying both *Nairne* and *Robinson* in November 2023—preparing for and participating in two trials during the election period would be untenable for the Secretary of State, Attorney General, and their staff who have statutory obligations to administer the election and advise election officials throughout every stage of the election process.

2023 elections, *see Nairne* Doc. 96, and the plaintiffs' insistence on an expedited trial date in that case is based on the legally erroneous contention that they could seek special elections in November 2024. *See Nairne* Doc. 92 (explaining that Supreme Court precedent "effectively foreclose[s]" such a remedy). This Court should prioritize trying this action for elections that must occur in November 2024 over an action where the next elections that could be impacted will not occur for four years.

Second, this action is more amenable to an expedited discovery schedule and trial in November than *Nairne*. The congressional plan challenged here contains just six districts, and Plaintiffs seek the creation of just one additional majority-Black district. The *Nairne* plaintiffs, in contrast, challenge two different redistricting plans containing 144 districts, and seek numerous additional majority-Black districts across the state.

Third, and importantly, elections will occur under the districts challenged in *Nairne* in October and November 2023, offering this Court the most probative election data for its analysis. It is imperative that the parties have an opportunity to obtain and analyze the final election results in those districts before trial. *See Nairne* Doc. 92 at 5.[3] As the United States Supreme Court has intimated, a trial should be held after there is evidence of how the challenged law operates in an actual election as opposed to hypothetical, expert witness driven speculation that could later turn out to be incorrect. *Purcell*, 549 U.S. at 5 ("Allowing the election to proceed without enjoining the statutory provisions at issue will provide the courts with a better record on which to judge their constitutionality [and] the Court wisely takes action that will enhance the likelihood that [the legal

---

[3] Moving the *Nairne* trial to January 2024 or later is also necessary in light of the *Nairne* plaintiffs' position that 2023 election results could not be admitted at a November 27, 2023, trial because there would be insufficient time for those results to be finalized and analyzed. *See* Jun. 29, 2023 Email from Plaintiffs' Counsel at 6, attached as Exhibit A.

issues] will be resolved correctly on the basis of historical facts rather than speculation.") (Stevens, J., concurring). While the record in this action needs to be more fully developed, that can occur more quickly than in a case where dozens of districts are at issue and where the most probative elections for a Section 2 analysis—endogenous elections—will be held in the weeks prior to trial.

Defendants respectfully ask the Court to reject Plaintiffs' request to proceed with a remedial process and to instead schedule this matter for trial on the merits for November 27, 2023.

Respectfully submitted,

/s/ Michael W. Mengis
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com
* Admitted pro hac vice

/s/ Erika Dackin Prouty
Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

7

*/s/ John C. Walsh*
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com


Phillip M. Gordon (DC Bar No. 1531277)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
*admitted pro hac vice

*/s/ Phillip J. Strach\** (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
* *Admitted pro hac vice*

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

**Jeff Landry**
**Louisiana Attorney General**

*/s/ Carey Tom Jones*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov

**CERTIFICATE OF SERVICE**

I certify that on July 12, 2023, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

/s/ *Erika Dackin Prouty*
Erika Dackin Prouty (admitted pro hac vice)
**BAKERHOSTETLER LLP**

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*