# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>    *Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br><br>    *Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>    *Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

## **DEFENDANTS' JOINT NOTICE OF PROPOSED PRE-HEARING SCHEDULE**

This notice is filed in response to the Court's Order of July 17, 2023, Doc. 250, which "reset" the remedial preliminary injunction hearing in this case for October 3-5, 2023, and sets forth Defendants' proposed "pre-hearing scheduling order."[1] Defendants appreciate that the Court's Order contemplated this schedule being submitted "jointly" with Plaintiffs. Regrettably, this filing is not joint as the parties could not agree on basic principles about the upcoming hearing.

---

[1] Defendants opposed Plaintiffs' request to resume the remedial phase of the preliminary injunction proceedings, *see* Docs. 240 & 242, and instead urged the Court to schedule a trial on the merits before the end of 2023. *See* Doc. 243. This submission of a proposed schedule is made subject to, and without waiver of, Defendants' opposition to the resumption of remedial preliminary injunction proceedings.

Put more bluntly, Plaintiffs are attempting a bait-and-switch. During the July 12, 2023, status conference concerning the remedial phase of the preliminary injunction proceedings, Defendants expressed considerable concern about the length of time it would take to prepare for a completely restarted remedial proceeding with new proposed remedial plans. Defendants argued that the Court should instead proceed to a trial on the merits. During the conference, Plaintiffs represented to the Court that they would stand on the proposed remedial plan they jointly submitted on June 22, 2022, and that this case could proceed quickly to a preliminary remedial hearing. By making that representation, Plaintiffs set the bait. The Court granted Plaintiffs' request to resume the remedial proceedings rather than proceed to a trial, over Defendants' objections, and scheduled the hearing for October 3, 2023.

Then came the switch. Plaintiffs have now walked back their representations and seek a schedule that allows them nearly two months to develop and submit *new* remedial plans and that further deprives Defendants of an adequate opportunity to analyze and respond to those plans. For the reasons set forth in this Notice, the Court should hold Plaintiffs to their word, prohibit Plaintiffs from offering new remedial plans, and adopt Defendants' July 21, 2023, modified proposed schedule.

1. On July 12, 2023, this Court held a telephone status conference, *see* Doc. 250, in response to Plaintiffs' motion requesting the Court resume the process of establishing a remedial plan that had been stayed by the Supreme Court of the United States in June 2022. *See* Doc. 227. After that conference, this Court ordered "that the preliminary injunction hearing stayed by the United States Supreme Court, and which stay has been lifted, be and is hereby reset to October 3-5, 2023." *See* Doc. 250. The court also ordered the parties to "meet and confer and jointly submit a proposed pre-hearing scheduling order on or before Friday July 21, 2023." *Id.*

The parties met and conferred on Thursday, July 20, 2023. In advance of that meeting, counsel for Defendants sent a proposed schedule to counsel for Plaintiffs on July 19, 2023. *See* Exhibit A at 5, 07/21/2023 Email Correspondence from Counsel for Legislative Intervenors. Defendants designed their proposal around their understanding of the Court's direction to the parties, and on Plaintiffs' representations to the Court, that the remedial phase would proceed based on the proposed remedial plan that Plaintiffs jointly submitted on June 22, 2022, *see* Joint Notice of Proposed Remedial Plan and Memorandum in Support, Doc. 225, pursuant to the Court's June 17, 2022, order. *See* Doc 206.

Defendants' proposal was designed to allow both Plaintiffs and Defendants to obtain and submit additional evidence (expert and factual) concerning the proposed plan, as well as a supplemental prehearing brief. *See* Ex. A at 5. The timing of Defendants' proposal is also reasonable—it contemplates Plaintiffs' supplemental reports to be provided over five weeks after their request to the Court to resume the remedial proceedings, *see* Doc. 240, and provides Defendants' experts with five weeks to respond. The subsequent deadlines for completing depositions, submitting supplemental briefing, and exchanging exhibits and witness lists were proposed based on the understanding that the parties would "pick up where they left off" in June 2022 and would *supplement* the existing record on the existing proposed plan, not wipe the slate clean and restart the remedial phase from scratch. Counsel for Defendants made this clear to Plaintiffs' counsel, stating that under Defendants' proposal, "Plaintiffs' supplemental reports will not be permitted to include any new remedial plans, per Plaintiffs' counsel's representations to the Court during last week's status conference." *See* Ex. A at 5.

2.      But Plaintiffs have refused to honor their representations to the Court of continuing with their existing joint proposed remedial plan, and have instead proposed a schedule that allows

3

them to submit new proposed plan(s). *See* Ex. A at 2–4. During the parties' July 20, 2023, conference, counsel for Plaintiffs asserted the right to submit new plans and claimed their prior contrary representations were expressly conditioned on this Court scheduling a hearing sooner than October, though defense counsel recalls no such caveat being made. The parties further discussed other aspects of each other's proposed schedules, including but not limited to the timing of disclosure of fact and expert lists and the amount of time Defendants would have to respond to Plaintiffs' expert submissions. (Plaintiffs had proposed giving Defendants just two weeks to respond to Plaintiffs' expert reports, which Plaintiffs had at least seven weeks—measuring from the date Plaintiffs filed their motion on June 27, 2023—to prepare, *see* Ex. A at 3–4).

In an attempt to reach a compromise, Defendants sent Plaintiffs the following modified proposed schedule on the morning of July 21, 2023:

| Defendants' July 21, 2023 Modified Proposed Schedule | |
|---|---|
| **Date** | **Deadline** |
| Friday, August 4, 2023 | Plaintiffs' Supplemental Expert Reports Due |
| Friday, ~~August 11, 2023~~ August 18, 2023 | Exchange Fact ~~& Expert~~ Witness Lists |
| Friday, September 8, 2023 | Defendants' Supplemental Expert Reports Due |
| Tuesday, September 12, 2023 | Exchange Supplemental Fact Witness Lists |
| ~~Friday, September 15, 2023~~ Tuesday, September 19, 2023 | Deadline for Fact and Expert Depositions |
| ~~Friday, September 22, 2023~~ Monday, September 25, 2023 | Supplemental Memorandum in Support and Memorandum in Opposition of Proposed Remedial Plan Due |
| Friday, September 29, 2023 | Exchange Final Witness Lists and Copies of Exhibits |
| Tuesday, October 3 to Thursday, October 5, 2023 | Preliminary Injunction Hearing on Remedy |

*See* Exhibit B at 2, 07/21/2023 Email Correspondence from Counsel for Legislative Intervenors.

While Plaintiffs also sent a modified proposed schedule, their proposal still allows Plaintiffs to submit new remedial plans. Importantly, however, Plaintiffs' counsel's clarified[2] that

---

[2] Plaintiffs also noted that they removed initial briefing in support of or in opposition to plans. *See* Ex. A at 2.

4

Plaintiffs "intend to submit no more than a single joint remedial plan." Plaintiffs' proposed modified schedule is as follows:

| Plaintiffs' July 21, 2023 Modified Proposed Schedule | |
|---|---|
| **Event** | **Plaintiffs' Amended Dates** |
| Deadline for the submission of any proposed plans and supporting expert reports | August 11, 2023 |
| Deadline for parties to exchange fact and expert witness lists | August 11, 2023 |
| Deadline for expert reports in response to any proposed plans | September 5, 2023 |
| Deadline for supplemental witness disclosures | September 8, 2023 |
| Deadline for fact and expert depositions | September 19, 2023 |
| Deadline for prehearing briefs | September 26, 2023 |
| Deadline to exchange copies of exhibits and final witness list | September 29, 2023 |
| Remedial hearing | October 3 to October 5, 2023 |

*See* Ex. A at 2–3.[3]

Because the parties were unable to resolve their fundamental disagreement on Plaintiffs' ability to submit a new remedial plan(s), they could not reach an agreement on a joint proposed pre-hearing schedule to file with the Court. *See* Ex. A at 2.

3. The Court should adopt Defendants' July 21, 2023, modified proposed schedule and reject Plaintiffs' attempt to start the remedial phase over from scratch. There is no reason to allow Plaintiffs to submit a new proposed remedial plan[4] when they urged the Court—over

---

[3] For clarity, this chart omits two columns from the one presented in Plaintiffs' email. The first removed column was the original schedule, and the second was a column Plaintiffs added for "Defendants' Proposed Deadline," because Defendants' modified proposed schedule did not contemplate the same events as Plaintiffs' proposal—among other differences, Defendants' proposal did not include deadlines "for the submission of any proposed plans and supporting expert reports" and required only the exchange of fact witness lists on August 18, 2023, and September 12, 2023.

[4] During the parties' meet and confer, the most Plaintiffs could offer as the reason for new plans was that "a lot has occurred" since they submitted their joint proposed remedial plan in June 2022.

5

Defendants' objections—to resume this process and to proceed rapidly based on their existing proposed remedial plan. Plaintiffs submitted that plan over a year ago, supported it with expert reports and briefing, and were ready to proceed to a hearing less than 24 hours before the Supreme Court stayed this action. *See* Doc. 225. Defendants responded (in the extremely compressed five calendar days the Court permitted) with their own evidentiary submission and briefing opposing Plaintiffs' proposed plan.

If Plaintiffs are held to their joint proposed remedial plan, as they represented they would stick to on July 12, 2023, and which is most consistent with the Court's July 17, 2023, Order "resetting" the previous preliminary injunction hearing, then both parties and their experts can be working now to supplement the record on that plan. In fact, Defendants have been preparing based on Plaintiffs' representations and the Court's direction that this case would be proceeding on Plaintiffs' existing joint proposed plan. But, as counsel for Defendants made clear during the July 12, 2023, status conference, if Plaintiffs submit new plan(s), Defendants and their experts would be required to re-do their analyses, which is a significant and time-consuming undertaking. What is more, even under Plaintiffs' modified proposal, Defendants would lose valuable time over the next three weeks while they wait for Plaintiffs' new submission on August 11, 2023, which is still over six weeks after Plaintiffs asked this Court to resume the remedial phase proceedings and time they could have—and likely have been—working on new submissions. Plaintiffs have offered no explanation for their need for this length of time to submit a new plan.

---

But Plaintiffs did not specify what had "occurred" that required them to scrap the remedial plan they asked the Court to impose on Louisiana just last year. To the extent Plaintiffs seek to offer analyses of 2022 election results, those analyses can be conducted of Plaintiffs' prior joint proposed plan, and cannot serve as the basis for a new plan.

6

While Plaintiffs' modified proposal allowed Defendants more time to respond than the two weeks in their initial proposal, Plaintiffs would still only provide Defendants and their experts just 25 calendar days (including Labor Day weekend)[5] to re-do those analyses and responses at the same time that Defendants, and potentially several of the same experts, will be working to meet the Court's deadlines in *Nairne, et al. v. Ardoin*. *See* Case No. 3:22-cv-00178, Doc. 100 (setting August 21, 2023 as the deadline for "Defendant/Intervenors' Sur-Rebuttal Expert Reports," September 1, 2023 as the deadline for "Completing Fact Discovery and Related Motions," September 29, 2023 as the deadline for "Completing Expert Discovery," etc.). There is simply no need to allow Plaintiffs to start over, or to deprive Defendants of a meaningful opportunity to respond and fully develop the record on a proposed plan, as Plaintiffs' proposed schedule demands.

4.      Defendants' proposal is designed to allow the parties to focus their time and resources on supplementing the record on Plaintiffs' joint proposed plan. To be clear, Defendants' supplementation may include new fact and expert witnesses who were not offered during the very expedited remedial phase proceedings that had been scheduled in 2022 before the Supreme Court stay, which only afforded Defendants five days to analyze and respond to Plaintiffs' proposed remedial plan and prevented Defendants from submitting an appropriate expert and factual record. But Defendants' proposal grants Plaintiffs that same latitude. This type of supplementation would focus on Plaintiffs' joint proposed plan, and will allow the Court to evaluate a proposed preliminary remedy in this case based on an appropriately robust record given the enormity of the relief Plaintiffs seek.

---

[5] Defendants strongly object to the introduction of any new remedial plans by Plaintiffs at this stay. Without waiving that objection, if the Court is inclined to allow any new plans, then Defendants request a schedule that allows Defendants and their experts at least 28 days to analyze and respond to those plans.

Defendants respectfully ask the Court to reject Plaintiffs' proposed schedule and to adopt the July 21, 2023, modified proposed schedule set forth by Defendants above. A proposed order is enclosed herewith.

<div style="display:flex">
<div>

*/s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com

E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com
* *Admitted pro hac vice*

</div>
<div>

Respectfully submitted,

*/s/ Erika Dackin Prouty*
Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*

</div>
</div>

*/s/ John C. Walsh*
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561

*/s/ Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com

8

<div style="column-count:2">

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com

Phillip M. Gordon (DC Bar No. 1531277)*
HOLTZMAN VOGEL BARAN
TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com
*admitted pro hac vice

**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799
* *Admitted pro hac vice*

*Counsel for Defendant R. KYLE ARDOIN, in his official capacity as Secretary of State of Louisiana*

**Jeff Landry**
**Louisiana Attorney General**

*/s/ Carey Tom Jones*
Elizabeth B. Murrill (LSBA No. 20685)
Solicitor General
Shae McPhee (LSBA No. 38565)
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)
Jeffrey M. Wale (LSBA No. 36070)
OFFICE OF THE ATTORNEY GENERAL
LOUISIANA DEPARTMENT OF JUSTICE
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
mcphees@ag.louisiana.gov
freela@ag.louisiana.gov
jonescar@ag.louisiana.gov
lagrouea@ag.louisiana.gov
walej@ag.louisiana.gov

</div>

9

**CERTIFICATE OF SERVICE**

    I certify that on July 21, 2023, this document was filed electronically on the Court's electronic case filing system. Notice of the filing will be served on all counsel of record through the Court's system. Copies of the filing are available on the Court's system.

                                          */s/ Erika Dackin Prouty*
                                          Erika Dackin Prouty (admitted pro hac vice)
                                          **BAKERHOSTETLER LLP**

                                          *Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*