**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE, | Civil Action No. 3:22-cv-00211-SDD-RLB |
| *Plaintiffs*, | |
| v. | |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, | |
| *Defendant*. | |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD, | Civil Action No. 3:22-cv-00214-SDD-RLB |
| *Plaintiffs*, | |
| v. | |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, | |
| *Defendant*. | |

**PLAINTIFFS' JOINT OPPOSITION TO DEFENDANTS' MOTION TO CANCEL HEARING ON REMEDY AND ENTER A SCHEDULING ORDER FOR TRIAL**

NOW INTO COURT come Plaintiffs Edward Galmon, Sr., Ciara Hart, Norris

Henderson, and Tramelle Howard (the "Galmon Plaintiffs") and Press Robinson, Edgar

Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante

Lewis, Martha Davis, Ambrose Sims, NAACP Louisiana State Conference, and Power

Coalition (the "Robinson Plaintiffs"), to oppose Defendants' emergency motion to cancel the remedial hearing and schedule trial. The motion reprises several meritless arguments that have already been rejected. These efforts do not warrant an unsolicited motion or emergency briefing, let alone cancelling the scheduled remedial hearing. Defendants' motion should be denied, and the remedial hearing should proceed as scheduled.[1]

In 2022, Louisiana's enacted congressional map wrongfully diluted the votes of Black Louisianians in violation of Section 2 of the Voting Rights Act. *See Robinson v. Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La. 2022) (identifying likely violation). To prevent this injustice from repeating in 2024, the urgent priority now is to ensure that a lawful backstop is in place while this case proceeds to final judgment and through any subsequent appeals. The appropriate process to accomplish that, as the Court has already recognized, is to continue expeditiously to a remedial hearing and the adoption of an interim map that satisfies Section 2's commands. *See* Order, ECF No. 250 (resetting preliminary injunction hearing).

Defendants, again, seek to derail this process. Their strategy has consistently been to slow-walk this case, only to later announce that the time for entering relief has run out. *Cf.* Pls.' Joint Opp'n to State Intervs.' Mot. for Ext. of Time at 1, ECF No. 218 (noting Defendants' gambit); *Galmon* Pls.' Resp. to Leg. Intervs.' Mot. for Ext. of Time at 5, ECF No. 192 (same). Defendants should not be permitted to pursue this strategy again. As Defendants acknowledge, additional delays could jeopardize any entry of relief in time for

---

[1] While Plaintiffs maintain that Defendants' Motion for Expedited Consideration, ECF No. 261, attempts to manufacture an emergency where none exists, Plaintiffs are willing to accommodate Defendants' request for speedy briefing by filing this opposition in advance of their proposed deadline. *See id.* ¶ 4 (requesting Plaintiffs' response by Wednesday, August 30).

the 2024 elections. *See* Defs.' Mem. of Law in support of Emergency Mot. ("Mem.") 5, ECF No. 260-1 (asserting there "is *just* enough time to hold a trial on the merits and to allow the appellate process to run its course in advance of" the 2024 elections). That would be unjust, and the way to prevent it is to adopt a provisional remedial map soon—exactly as this Court is on track to do, with the benefit of the hearing scheduled for October.[2]

Defendants erroneously argue, again, that recent Supreme Court caselaw requires a reevaluation of Plaintiffs' liability-phase evidence. *See* Mem. 9–10 (citing *Allen v. Milligan*, 143 S. Ct. 1487 (2023), and *Students for Fair Admissions, Inc. v. President & Fellows of Harvard College*, 143 S. Ct. 2141 (2023) (*SFFA*)). It does not. *Allen* affirmed a preliminary injunction that closely parallels the one at issue here, and *SFFA* had nothing to do with redistricting. *See* Pls.' Joint Notice Re: Status Conf. at 3–4, ECF No. 242. Notably, the Fifth Circuit recently rejected Defendants' request to remand their appeal for further consideration in light of *Allen* and *SFFA*, and the court of appeals is instead proceeding with argument on October 6, 2023—conveniently timed *after* the remedial hearing scheduled here. *See* Order, *Robinson v. Ardoin*, No. 22-30333 (5th Cir. Aug. 22, 2023).

Defendants also argue, again, that the preliminary injunction is somehow moot. *See* Mem. 10. It is not. *See* Pls.' Joint Notice Re: Status Conf. at 4–5 (explaining the Court enjoined Defendants from conducting *any* congressional election under the enacted map). And they complain, again, that completing the preliminary injunction process would be "unfair," and maybe even unconstitutional. Mem. 7–8. Again, wrong. *See* Pls.' Joint Notice

---

[2] Additionally, there is currently no obstacle to proceeding towards a trial simultaneously with the remedial process or after a provisional remedy is in place. But Defendants have failed to take even the first step toward initiating merits discovery by requesting a discovery conference pursuant to Federal Rule of Civil Procedure 26(f).

Re: Status Conf. at 5–6 (explaining that "while the Court can also move towards a final judgment in this case, there is no basis to reverse the relative positions of the parties achieved through the preliminary injunction or skip over the remedial process necessary to effectuate that injunction"). The Court has already decided that a remedial hearing is appropriate, and repetitive motions for reconsideration—in style or substance—are inappropriate. *Cf.* Pls.' Joint Opp'n to State Intervs.' Mot for Extension of Time at 1–2, (recognizing another instance where Defendants' request for delay mirrored a request denied by the Court 12 days prior).[3]

The only pending question for this Court's resolution, then, is what, if any, additional process is necessary in advance of the October hearing. When the Supreme Court stayed proceedings in this case on June 28, 2022, the parties were on the literal eve of the remedial hearing. Accordingly, the preparation necessary for that hearing had essentially finished: inclined parties had submitted proposed remedial maps and memoranda in support; opposing parties had responded; witnesses and exhibits had been disclosed; expert reports had been served; and Defendants had deposed each of the two experts that Plaintiffs' intended to call at the hearing. *See* Scheduling Order, ECF No. 206.[4] "'[R]esetting' the previous preliminary injunction hearing," as Defendants have urged,

---

[3] Also inappropriate is Defendants' pattern of seeking to usurp this Court's case management authority. *See* Mem. 2 (castigating Court for failing to issue scheduling order); Mot. for Expedited Consideration at 2 (seeking to impose deadline for Court to rule on motion to cancel remedial hearing); Emergency Mot. of Leg. Interv. Defs.-Appellants for Stay Pending Appeal at 1, *Robinson v. Ardoin*, No. 20-303333 (5th Cir. June 9, 2023) (castigating this Court for "t[aking] no action for 24 days" after preliminary injunction hearing); *id.* at 18–19 (similar). It is the parties' responsibility to conform to the Court's judgment about the appropriate schedule, not vice versa.
[4] The deposition of a Defendants' expert was interrupted by the Supreme Court's stay. Plaintiffs are willing to continue to the remedial hearing without completing this deposition.

Defs.' Joint Notice of Proposed Pre-Hearing Schedule at 6—where all that remains is live testimony and argument before the Court—would eliminate any purported prejudice to Defendants and permit the Court to quite literally pick up where this case left off in June 2022.

Defendants' motion should be denied.

Date: August 28, 2023

Respectfully submitted,

By: */s/Abha Khanna*
Abha Khanna (*admitted pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Qizhou Ge (*pro hac vice application forthcoming*)
Jacob D. Shelly (*admitted pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490
age@elias.law
jshelly@elias.law

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*Counsel for Galmon Plaintiffs*

By: */s/Jonathan H. Hurwitz*

Leah Aden (admitted *pro hac vice*)
Stuart Naifeh (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

R. Jared Evans
I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Nora Ahmed
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

Tracie L. Washington
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Jonathan H. Hurwitz (admitted *pro hac vice*)
Robert A. Atkins (admitted *pro hac vice*)
Yahonnes Cleary (admitted *pro hac vice*)
Amitav Chakraborty (admitted *pro hac vice*)
Adam P. Savitt (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP
1285 Avenue Of The Americas, New
York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
jhurwitz@paulweiss.com
ratkins@paulweiss.com
ycleary@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

Sophia Lin Lakin
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

Sarah Brannon
American Civil Liberties Union
Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

T. Alora Thomas-Lundborg
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu

*Counsel for Robinson Plaintiffs*