IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br><br>*Plaintiffs*,<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | CIVIL ACTION<br>NO. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, and TRAMELLE HOWARD,<br><br>*Plaintiffs*,<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Consolidated with<br><br>CIVIL ACTION<br>NO. 3:22-cv-00214-SDD-SDJ |

**MEMORANDUM IN SUPPORT OF THE UNOPPOSED MOTION FOR LEAVE TO FILE BRIEF *AMICUS CURIAE* IN SUPPORT OF NEITHER PARTY <u>AND TO EXCEED THE PAGE LIMIT</u>**

In support of their unopposed[1] motion for leave of Court (1) to file a brief *amicus curiae* in support of neither party and (2) to exceed the page limit for memoranda in Rule 7(g) of the Court's Local Rules, proposed *Amici Curiae*, Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei (the "Proposed *Amici*"), state as follows:

At the liability phase of these preliminary-injunction proceedings, the Court twice granted the Proposed *Amici*'s motions to file a brief in support of neither party, on April 29, 2022 (Rec. Doc. No. 96) and on June 21, 2022 (Rec. Doc. No. 210). In this Court's June 6, 2022 preliminary-injunction Ruling and Order, this Court expressly commended the *Amicus* Map's usefulness for remedial purposes (Rec. Doc. No. 173). Now that this Court has scheduled a remedial hearing for October 3 to 5, 2023, Proposed *Amici* believe the *Amicus* Map may be especially helpful as the Court crafts a proper remedy for the VRA violation that can be implemented before the 2024 election cycle.

Proposed *Amici* seek to file this brief, and its accompanying proposed remedial map, barely a week after the Court's September 7, 2023 scheduling order (Rec. Doc. No. 275), and at the same time that the parties are serving expert reports and before the parties will have to file their rebuttal expert reports, witness and exhibit lists, and pre-hearing briefs. *See id.* This timing ensures that the parties have a full and fair opportunity to comment on our *amicus* brief if they wish.

*Amicus* briefs shall normally be allowed when, among other grounds, "the amicus has unique information or perspective that can help the Court beyond the help that the

---

[1] The Proposed *Amici* sought consent of all parties to file this brief. The *Robinson* Plaintiffs, the *Galmon* Plaintiffs, Secretary Ardoin, the Legislative Intervenors, and the Legislative Black Caucus consented to the request. The State did not respond as of the time of this filing.

1

lawyers for the parties are able to provide." *Hard Drive Prods., Inc. v. Doe*, 892 F. Supp. 2d 334 (D.C. 2012) (citation and internal quotation marks omitted). As this Court has recognized in this and other cases, *amicus* participation is common in Voting Rights Act (VRA) and redistricting cases in Federal District Courts, especially when *amici curiae* can provide a unique perspective or information that the parties likely would not provide. *See, e.g., Clark v. Roemer*, 751 F. Supp. 586, 587 (M.D. La. 1990) (three-judge court), *rev'd on other grounds*, 500 U.S. 646 (1991) (hearing from four *amici* in VRA suit involving Louisiana judicial elections); *Terrebonne Parish Branch NAACP v. Jindal*, Civ. Action No. 14-69, 2016 WL 2743525, at *6 (M.D. La. May 11, 2016) (denying motion to intervene but inviting putative intervenor to seek leave to participate as *amicus curiae*). Indeed, active *amicus* participation is commonplace across the Nation in voting-rights and redistricting cases, where the legal and factual complexities render additional perspectives especially valuable.[2]

Here, at the liability phase of the preliminary-injunction proceedings, this Court has already granted the Proposed *Amici* leave to file two briefs, along with an illustrative

---

[2] *See, e.g., De Grandy v. Wetherell*, 815 F. Supp. 1550, 1555 & n.2 (N.D. Fla. 1992) (listing multiple amici), *aff'd in part and rev'd in part sub nom. Johnson v. De Grandy*, 512 U.S. 997 (1994); *Alpha Phi Alpha Fraternity v. Raffensperger*, Nos. 1:21-CV-5337, 1:21-CV-5339, 1:22-CV-122, 2022 WL 633312, at *5 nn.2, 4 (N.D. Ga. Feb. 28, 2022) (granting leave to two *amici*); *Democratic Nat'l Comm. v. Bostelmann*, 488 F. Supp. 3d 776, 799 n.17, 816–17 (W.D. Wis. 2020) (granting motions for leave to file *amicus* briefs after concluding that two proposed *amici* each had "a unique perspective, or information, that can assist the court … beyond what the parties are able to do" (citing *Nat'l Org. for Women, Inc. v. Scheidler*, 223 F.3d 615, 617 (7th Cir. 2000))); *Thomas v. Andino*, Nos. 3:20-cv-01552, 3:20-cv-01730, 2020 WL 2617329, at *9, *11–12 (D.S.C. May 25, 2020) (granting two motions for leave to file *amicus* briefs); *Baldus v. Members of Wis. Gov't Accountability Bd.*, 862 F. Supp. 2d 860, 862–63 (E.D. Wis. 2012) (granting two motions for leave to file *amicus* briefs); *Fletcher v. Lamone*, 831 F. Supp. 2d 887, 910 (D. Md. 2011) (granting motion for leave to file an *amicus* brief); *Perry-Bey v. City of Norfolk*, 678 F. Supp. 2d 348, 357, 390 (E.D. Va. 2009) (granting motion for leave to file an *amicus* brief and inviting *amicus* to participate in oral argument).

redistricting plan. As noted in our prior motions, Proposed *Amici* Michael Mislove, Lisa J. Fauci, Robert Lipton, and Nicholas Mattei are professors of mathematics and computer science at Louisiana State University and Tulane University. The illustrative map that was attached to Proposed *Amici*'s prior submissions (the "*Amicus* Map") demonstrated that computational redistricting—using high-performance computers to draw maps that attempt to optimize multiple redistricting criteria—could help produce a map with two Black "crossover" districts that fully remedies the adjudicated VRA violation, avoids excessive race-consciousness, complies with all other legal requirements and traditional districting principles, and otherwise leaves intact the Legislature's 2022 Enacted Plan and the legitimate legislative judgments that it embodies.

Since Proposed *Amici* first presented this map to this Court (Rec. Doc. No. 97), the Supreme Court stayed these proceedings, reaffirmed the *Gingles* test for VRA Section 2 violations in *Allen v. Milligan*, 143 S. Ct. 1487 (2023), and then vacated the stay. *See Ardoin v. Robinson*, 143 S. Ct. 2654 (2023) (dismissing writ of certiorari as improvidently granted and vacating stay). At this point in the proceedings, this Court must ensure that any remedial map put in place for the 2024 elections will provide Black voters with "equality of opportunity" to achieve electoral success in two congressional districts. *See Singleton v. Allen*, 2023 WL 5691156, at *50 (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1014 n.11 (1994)). In this brief, Proposed *Amici* outline why, in light of *Allen v. Milligan* and other recent decisions and filings, the *Amicus* Map presents the Court with an excellent way to fully cure the VRA violation, while mitigating concerns raised by both sides.

Proposed *Amici* offer this brief, and their proposed remedial map, not in support of either party, but rather as a public service to assist the Court as it prepares for the upcoming remedial hearing on October 3 to 5, 2023.

Dated: September 15, 2023

Sam Hirsch\*
Jessica Ring Amunson\*
JENNER & BLOCK LLP
1099 New York Avenue, NW,
  Suite 900
Washington, D.C. 20001
(202) 639-6000
shirsch@jenner.com
jamunson@jenner.com


\* *Pro hac vice*

Respectfully submitted,

*/s/ Judy Y. Barrasso*
Judy Y. Barrasso (La. Bar No. 2814)
Mithun B. Kamath (La. Bar No. 35504)
BARRASSO USDIN KUPPERMAN
  FREEMAN & SARVER, L.L.C.
909 Poydras Street, Suite 2350
New Orleans, LA 70112
Tel: (504) 589-9700
Fax: (504) 589-9701
jbarrasso@barrassousdin.com
mkamath@barrassousdin.com

*Counsel for Proposed Amici*