**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE (“NAACP”) LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE, *Plaintiffs*, v. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana. *Defendant*. | Civil Action No. 3:22-cv-00211-SDD-RLB |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD, *Plaintiffs*, v. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana. *Defendant*. | Civil Action No. 3:22-cv-00214-SDD-RLB |

**PLAINTIFFS' PROPOSED PREHEARING SCHEDULE**

1. On October 17, 2023, the Court set a hearing on a remedy under the preliminary injunction entered on June 6, 2022, and ordered that the parties meet and confer and submit a proposed pre-hearing scheduling order by October 20, 2023, ECF No. 301.

**Stipulated Scheduling Terms and Deadlines**

2. The parties have met and conferred and agree on the following prehearing deadlines:

    a. December 15, 2023 – deadline to identify experts performing RPV or Election Analysis on 2023 Elections and any Fact Witnesses

    b. January 12, 2024 – deadline for parties to exchange Expert Reports on RPV or Election Analysis on 2023 Elections

    c. January 22, 2024 – close of discovery

    d. January 26, 2024 – deadline for parties to exchange exhibit lists for remedial hearing

    e. January 30, 2024 – deadline for parties to file witness and exhibit lists, with objections

    f. January 31, 2024 – deadline for parties to file prehearing briefs

3. The parties have also agreed to the following terms:

    a. Each side shall be limited to the presentation of one proposed remedial map.

    b. Defendants represent that the map they intend to offer this Court as a remedial plan for this remedial phase of the preliminary injunction hearing is any map that the Legislature enacts. If the Legislature does not enact a remedial plan, Defendants do not intend to propose a remedial plan.

    c. In the event that the State of Louisiana enacts a map close in time to February 5, 2024, the parties shall meet and confer regarding any adjustment to the pre-hearing schedule to afford Plaintiffs an opportunity to take discovery and submit expert

reports and testimony concerning any such map, as time allows before the start of the remedial hearing on February 5, 2024.

d. Any proposed remedial map to be considered at the hearing shall comply with the Court's preliminary injunction Ruling and Order, ECF No. 173, except to the extent that the Ruling and Order may be reversed or modified on appeal. *See* Ruling and Order at 2 ("The appropriate remedy in this context is a remedial congressional redistricting plan that includes an additional majority-Black congressional district.").

**Plaintiffs' Position**

The Plaintiffs respectfully request that any order on the prehearing should also include the following terms in addition to the agreed-upon terms above:

4. Under longstanding precedent, when federal courts find a redistricting plan to violate federal law or the Constitution, they have power to establish a remedial process that allows the legislature first opportunity to develop a proposed remedial plan, and to impose a court-developed remedial plan if the legislature does not avail itself of that opportunity or if the Court determines the legislature's proposed remedial plan does not remedy the legal defect. *See Wise* v. *Lipscomb*, 437 U.S. 535, 540 (1978) ("when those with legislative responsibilities do not respond . . . it becomes the 'unwelcome obligation,' of the federal court to devise and impose a reapportionment plan pending later legislative action") (citation omitted); *Westwego Citizens for Better Gov't* v. *City of Westwego*, 946 F.2d 1109, 1124 (5th Cir. 1991) (setting deadline for government defendant to develop a VRA-compliant remedial plan to cure vote dilution); *Bethune-Hill v. Va. State Bd. Of Elections*, 326 F. Supp. 3d 128, 181 (E.D. Va. 2018) (same); *Harris v. McCrory*, 159 F. Supp. 3d 600, 627 (M.D.N.C. 2016) (same); *Benavidez* v. *Irving Indep. Sch. Dist.*, No. 3:13-CV-0087-D, 2014 WL 4055366, at

*22 (N.D. Tex. Aug. 15, 2014) (same); *Fabela* v. *City of Farmers Branch, Tex.*, No. 3:10-CV-1425-D, 2012 WL 3135545, at *15 (N.D. Tex. Aug. 2, 2012) (same). Indeed, the three-judge court adjudicating the parallel Section 2 litigation in Alabama recently held that, after "Defendants requested that the Court allow the Alabama Legislature an opportunity to enact a remedial plan before imposing a court-ordered remedial plan[,] the Court delayed commending remedial proceedings for thirty days to afford the Legislature that opportunity." *Singleton* v. *Allen*, No. 2:21-CV-1291-AMM, 2023 WL 5127885, at *1 (N.D. Ala. Aug. 1, 2023).

5. In order to ensure an orderly remedial process and hearing, any remedial plan adopted by the Legislature that the Defendants wish the Court to consider must be filed with the Court no later than January 22, 2024. This is precisely 97 days from the Court's October 17 status conference. *See* Oct. 17 Tr. 13:13 (Defendants' counsel representing "even 95 days [from the status conference] would give us enough time"). This schedule provides ample time for the current Legislature to act and also affords an opportunity for the incoming Legislature to adopt and submit a remedial plan if it so chooses.

6. Indeed, the current legislative leadership are intervenors in this litigation and have been free to call the Legislature into session to develop a remedial plan since June 2023, when the Supreme Court lifted its stay of the preliminary injunction, and they continue to be free to do so in the time remaining in their terms of office. Moreover, the Legislative Intervenors became defendants in this case voluntarily for the stated purpose of defending, on behalf of the current Legislature, the congressional redistricting plan that Legislature enacted. *See* Doc. 10 Mot. To Intervene at 4-5. ("Proposed Intervenors are the presiding officers of *the legislative chambers that enacted the challenged congressional redistricting plan* and, as

such, have legally protectable interests in the defense of those plans."); *id.* ("Proposed Intervenors also have an interest in defending the injury to the *legislative department* of Louisiana, and the State itself, that would result from an injunction against the challenged plans.") (emphasis added).

7. Defendants' current position that they need to wait until a new legislative body is elected and sworn in before they can begin to develop a remedial map is both unfounded and inconsistent with their previous representations that they had elected not to engage in a legislative remedial process until the Fifth Circuit resolved their appeal of this Court's preliminary injunction order. *See Robinson* v. *Ardoin*, 601 U.S. __ (2023) (Jackson, J., concurring) (noting that the State has represented to the U.S. Supreme Court that "the legislature will not consider [remedial] maps while litigation over the enacted map is pending," and "[t]herefore the District Court [has resumed] the remedial process while the Fifth Circuit considers the State's appeal of the preliminary injunction"); *see also* Resp. Emergency Stay Appl. for Stay of Writ of Mandamus at 16, *Robinson* v. *Ardoin*, (U.S., Oct. 10, 2023) (No. 23A281) ("It makes no sense for the Louisiana legislature to effect a remedy against itself while seeking to demonstrate that the district court was wrong to conclude that the Plaintiffs' are entitled to a remedy.").

8. In sum, the current legislature will have had more than six months to engage in remedial map-making by the time its term expires. In addition, the Court has accommodated the Defendants' request to provide an opportunity for the next Legislature to adopt a plan if the current Legislature fails to do so. The Court intends to adopt a remedial plan at the February 2024, hearing whether the legislature chooses to act or not.

Date: October 20, 2023

Respectfully submitted,

By: /s/Abha Khanna
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490
dohen@elias.law
age@elias.law
jshelly@elias.law

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*Counsel for Galmon Plaintiffs*

By: /s/ John Adcock
John Adcock
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

Stuart Naifeh (admitted *pro hac vice*)
Leah Aden (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
vwenger@naacpldf.org

Jonathan H. Hurwitz (admitted *pro hac vice*)
Robert A. Atkins (admitted *pro hac vice*)
Yahonnes Cleary (admitted *pro hac vice*)
Amitav Chakraborty (admitted *pro hac vice*)
Adam P. Savitt (admitted *pro hac vice*)
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue Of The Americas, New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
jhurwitz@paulweiss.com
ratkins@paulweiss.com
ycleary@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

*Counsel for Robinson Plaintiffs*
(Continued on next page)

Sarah Brannon (admitted *pro hac vice*)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org

R. Jared Evans
I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Tracie L. Washington
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Sophia Lin Lakin (admitted *pro hac vice*)
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org

T. Alora Thomas-Lundborg(admitted *pro hac vice*)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu

Nora Ahmed (admitted *pro hac vice*)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org
msnider@laaclu.org

*Counsel for Robinson Plaintiffs*