**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE, | Civil Action No. 3:22-cv-00211-SDD-RLB |
| *Plaintiffs*, | |
| v. | |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana. | |
| *Defendant*. | |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD, | Civil Action No. 3:22-cv-00214-SDD-RLB |
| *Plaintiffs*, | |
| v. | |
| KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana. | |
| *Defendant*. | |

## <u>PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE</u>

NOW INTO COURT, come Plaintiffs Press Robinson, Edgar Cage, Dorothy Nairne, Edwin Rene Soule, Alice Washington, Clee Earnest Lowe, Davante Lewis, Martha Davis, Ambrose Sims, NAACP Louisiana State Conference, and Power Coalition for Equity and Justice (the "*Robinson* Plaintiffs"), and Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard (the "*Galmon* Plaintiffs") to request that this Court set a status conference in light of the ruling by the Fifth Circuit on appeal from this Court's preliminary injunction. *See Robinson* v. *Ardoin*, No. 22-30333, 2023 WL 7711063 (5th Cir. Nov. 10, 2023).

### The Fifth Circuit's Ruling

The Fifth Circuit held that this Court did not err in its factual findings or commit legal error in concluding that Plaintiffs are likely to succeed on their claim that H.B. 1, the congressional map enacted by the Louisiana legislature following the 2020 census, violates Section 2 of the Voting Rights Act. *Id.* at *1. The court first rejected Defendants' argument that there is no private right of action under Section 2. *Id*. at *4–6. It then held that this Court properly concluded, among other things, that the first *Gingles* precondition was satisfied, and that race was appropriately considered in the Plaintiffs' illustrative maps, *id*. at *6–11; that this Court properly considered crossover voting in concluding that the third *Gingles* precondition was satisfied, *id*. at *11–13; and that this Court properly assessed proportionality in finding that the totality of the circumstances favored Plaintiffs, *id*. at *13–14. As the Fifth Circuit concluded, "[m]ost of the arguments that the State made [in its appeal] were addressed and rejected by the Supreme Court in *Milligan*." *Id*. at *14 (citing *Allen* v. *Milligan*, 599 U.S. 1 (2023)).

Turning to the balance of equities, the Fifth Circuit rejected Defendants' argument that the *Purcell* principle barred the preliminary injunction, *id*. at \*14–15. It also rejected Defendants' argument that the preliminary injunction was moot, *id.* at \*15–16, recognizing "the ongoing and irreparable harm of forcing black voters to vote under a map that likely violates Section 2 is a continuing and live injury," *id.* at \*15. The court concluded, however, that *preliminary* injunctive relief is no longer needed to prevent an irreparable injury before the next scheduled federal elections in 2024 because "a trial can likely occur prior to harm occurring in the 2024 elections." *Id*. at \*15.

The court recognized that "there is not much time before initial deadlines for the next congressional election cycle are visible." *Id*. at \*16. The court concluded, however, that the Louisiana Legislature should be given "time to create its own remedial plan" to remedy the likely violation of the VRA found by this Court. *Id*. at \*4. While acknowledging that the State had not "formally requested that opportunity," it could not "conclude on this record that the Legislature would not take advantage of an opportunity to consider a new map now that we have affirmed the district court's conclusion that the Plaintiffs have a likelihood of success on the merits." *Id*. at \*16. Accordingly, the court "allow[ed] the Louisiana Legislature until January 15, 2024, to enact a new congressional redistricting plan." *Id.* at \*16. The court directed Defendants' counsel "to inform the district court if they become aware that no special session of the Legislature will be called for this purpose or, if called, it becomes clear that no new map will be approved." *Id*.

The Fifth Circuit instructed this Court to "conduct a trial and any other necessary proceedings" to rule on the validity of the H.B. 1 map and, if necessary, adopt a different

redistricting plan. *Id.* at *17. The court summarized the next steps it contemplated as follows:

> If the Legislature adopts a new plan, then proceedings in district court can begin immediately after that occurs. If the Plaintiffs object to the plan, then the district court will again need to consider whether the plan is consistent with Section 2 of the Voting Rights Act or, instead, whether another preliminary injunction is needed. On the other hand, as soon as it becomes clear there will be no new plan to consider, the district court should proceed beyond the preliminary injunction stage for review of H.B. 1. It should conduct a trial on the merits of the validity of the plan, and, if held to be invalid, decide on a plan for the 2024 elections.

*Id*. at *1. The court stated that "[s]hould the Legislature be considering adopting a new map at that deadline [i.e., January 15, 2024], the district court has discretion to provide modest additional time, though not of such length as to prevent the district court from timely completing its work." *Id*. at *17.

The court emphasized that this Court "is not prevented by [the] opinion from conducting proceedings to schedule future proceedings." *Id.* at *17. In all events, the court further emphasized,

> The [district] court is to conclude all necessary proceedings in sufficient time to allow at least initial review by this court and for the result to be used for the 2024 Louisiana congressional elections.

*Id*. at *1.

## Proposed Next Steps

The *Robinson* and *Galmon* Plaintiffs request that the Court schedule a telephonic or video status conference at its earliest convenience to consider a schedule that will enable it, consistent with the Fifth Circuit's direction, to adjudicate Plaintiffs' claims and to approve or adopt a VRA-compliant map sufficiently in advance of the 2024 elections. Plaintiffs respectfully submit that this can be accomplished by converting the previously scheduled remedial hearing dates, February 5–9, 2024, into a trial on the merits. The

parties and the Court have reserved availability for a proceeding starting on February 5, and it falls comfortably after the Fifth Circuit's deadline of January 15, 2024, for the Louisiana Legislature to adopt a new map, permitting time for necessary supplemental discovery or other proceedings between that deadline and the commencement of trial.

Converting the scheduled remedial hearing to a trial on the merits would require minimal change to the parties' preparation over the next few months. The extensive record developed during the preliminary injunction hearing in May 2022 can be incorporated into the record for trial. *See* Fed. R. Civ. P. 65(a)(2). Likewise, as the Court has recognized, the parties have already completed substantial discovery regarding the planned remedial hearing. *See, e.g.*, Order, ECF No. 267 (noting that the "case has been extensively litigated" and that the "preparation necessary for the remedial hearing was essentially complete" in June 2022). Since that time, the parties have exchanged additional expert reports and conducted additional expert depositions in anticipation of the remedial hearing previously scheduled for October 3–5, 2023. The Court has adopted a schedule for the parties to supplement this record, and there is substantial, if not complete, overlap between the discovery already contemplated for the remedial hearing and any discovery necessary for trial.

Setting a February 5 trial date also enables the Court and the parties to prepare for any relevant action or inaction by the Legislature between now and January 15. In the event that the Legislature fails to pass a map, the Court and the parties can proceed to trial as scheduled. If the Legislature enacts a map to which the Plaintiffs do not object, the Court can continue the trial to allow the parties an opportunity to negotiate a settlement of the litigation. Finally, if the Legislature passes a map that does not remedy the Section 2

violation presented by H.B. 1, the Legislature's new map can be litigated in a preliminary injunction hearing or a trial on the merits starting on February 5. The parties can take any limited additional discovery relevant to the new map in the 21 days between January 15 and the February 5 start date. While doing so would require a substantial effort by the parties, it would be necessary to enable the Court to satisfy the Fifth Circuit's directive "to conclude all necessary proceedings in sufficient time to allow for at least initial review by this court and for the results to be used for the 2024 Louisiana congressional elections." *Robinson*, at 4.

## Conclusion

The *Robinson* and *Galmon* Plaintiffs respectfully request that the Court schedule a telephonic or video status conference to determine next steps in light of the Fifth Circuit decision, including but not limited to establishing February 5, 2024, as the start date for a trial on the merits.

Date: November 20, 2023                    Respectfully submitted,

                                           By: */s/Amitav Chakraborty*
                                               Robert A. Atkins (admitted *pro hac vice*)
                                               Yahonnes Cleary (admitted *pro hac vice*)
                                               Jonathan H. Hurwitz (admitted *pro hac vice*)
                                               Amitav Chakraborty (admitted *pro hac vice*)
                                               Adam P. Savitt (admitted *pro hac vice*)
                                               PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
                                               1285 Avenue Of The Americas, New York, NY 10019
                                               Tel.: (212) 373-3000
                                               Fax: (212) 757-3990
                                               ratkins@paulweiss.com
                                               ycleary@paulweiss.com

jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense and Educational
Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Nora Ahmed (admitted *pro hac vice*)
LA. Bar No. 33382
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org
msnider@laaclu.org

Tracie L. Washington
LA. Bar No. 25925
Louisiana Justice Institute
Suite 132
3157 Gentilly Blvd
New Orleans LA, 70122
Tel: (504) 872-9134
tracie.washington.esq@gmail.com

Leah Aden (admitted *pro hac vice*)
Stuart Naifeh (admitted *pro hac vice*)
Kathryn Sadasivan (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational
Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
laden@naacplef.org
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

John Adcock
Adcock Law LLC
L.A. Bar No. 30372
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

T. Alora Thomas (admitted *pro hac vice*)
Sophia Lin Lakin (admitted *pro hac vice*)
American Civil Liberties Union
Foundation
125 Broad Street, 18th Floor
New York, NY 10004
athomas@aclu.org
slakin@aclu.org
sosaki@aclu.org

Sarah Brannon (admitted *pro hac vice*)
Megan Keenan (admitted *pro hac vice*)
American Civil Liberties Union
Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

*Counsel for Robinson Plaintiffs*

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

*/s/ Abha Khanna*
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for Galmon Plaintiffs*