UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Consolidated with<br> Civil Action No. 3:22-cv-00214-SDD-SDJ |

### DEFENDANTS' JOINT RESPONSE TO PLAINTIFFS' JOINT MOTION FOR STATUS CONFERENCE

Defendant Louisiana Secretary of State Kyle Ardoin, in his official capacity; Intervenor-Defendant the State of Louisiana (the "State"), by and through Jeff Landry, the Attorney General of Louisiana; and Intervenor-Defendants Clay Schexnayder and Patrick Page Cortez, in their official capacities (collectively, "Defendants") file this Joint Response to Plaintiffs' Joint Motion for Status Conference, (ECF No. 307), pursuant to this Court's order. (ECF No. 308).

### INTRODUCTION

On November 10, 2023, the Court of Appeals for the Fifth Circuit vacated this Court's 2022 preliminary injunction enjoining HB 1. *Robinson v. Ardoin*, No. 22-30333, 2023 U.S. App.

LEXIS 30039, at *47 (5th Cir. Nov. 10, 2023). The Fifth Circuit "conclude[d] that a preliminary injunction is no longer needed to prevent an irreparable injury from occurring before" a 2024 trial on the merits. *Id.* at *46. The court explained that Louisiana's 2024 elections calendar presents "no imminent deadline," as "[t]he qualifying deadlines are not until July 2024, so a preliminary injunction, which is an extraordinary remedy, is no longer required to prevent the alleged elections violation." *Id.* at *47.

Consequently, the Fifth Circuit instructed this Court "to conduct no substantive proceedings until the earliest of (1) the completion of legislative action, (2) notice indicating the Legislature will not create new districts, or (3) January 15, 2024." *Id*. at *49. The Court also noted that "[s]hould the Legislature be considering adopting a new map at that deadline, the district court has discretion to provide modest additional time, though not of such length as to prevent the district court from timely completing its work." *Id.* at *49–50. It further cautioned that although "[t]he district court is not prevented by [its] opinion from conducting proceedings to schedule future proceedings," its future scheduling must follow "the guidance established in this opinion." *Id.* at *50.

Finally, the Fifth Circuit summed up the potential procedural avenues that this case might take in the district court, providing that:

> If the Legislature adopts a new districting plan and it becomes effective, then that map will be subject to any challenge these Plaintiffs bring. If no new plan is adopted, then the district court is to conduct a trial and any other necessary proceedings to decide the validity of the H.B. 1 map, and, if necessary, to adopt a different districting plan for the 2024 elections. The parties can advise the district court as to the necessary timing for completion of such a trial, with allowance for the time for appellate review.

*Id*. at *50–51.

The same day, Governor-elect Jeff Landry issued a press release stating he would call a special session of the Louisiana Legislature to "resolve this issue" once he is inaugurated. *See*

Meghan Friedmann, Court Gives Louisiana Legislature Last Chance to Redraw Congressional Map, NOLA.com, https://www.nola.com/news/politics/legislature/court-gives-louisiana-legislature-last-chance-to-redraw-congressional-map/article_a8282ce0-8016-11ee-a0d2-53035766b5c9.html (Nov. 10, 2023) ("Gov.-elect Jeff Landry, whose inauguration is scheduled for Jan. 8, has indicated he will call a special legislative session to handle the redistricting issue.").

On November 20, 2023, Plaintiffs filed a Joint Motion for Status Conference, asking this Court to convert "the previously scheduled remedial hearing dates, February 5–9, 2024, into a trial on the merits." (ECF No. 307 at 4.) Plaintiffs opined that "[c]onverting the scheduled remedial hearing to a trial on the merits would require minimal change to the parties' preparation over the next few months." (*Id*. at 5.) Plaintiffs therefore concluded by asking for a status conference, (*id*. at 6), which this Court granted, ordering Defendants to respond to Plaintiffs' motion, (ECF No. 308).

Although Defendants agree that a status conference is necessary to determine the appropriate date for a trial on the merits (as well as any discovery associated therewith), Defendants disagree that the currently scheduled remedial hearing—slated for February 5–9, 2024—can serve as an appropriate date for such a trial.

## ARGUMENT AND PROPOSED NEXT STEPS

Plaintiffs' suggestion to move forward with February 5–9 trial dates is untenable, and Defendants request that a trial on the merits instead be held, at the earliest, the week of March 11–15, 2024. The remedial hearing cannot feasibly be converted into a trial, as that schedule does not permit necessary pre-trial proceedings, such as discovery. Plaintiffs also ignore the current electoral realities in Louisiana. The current legislative and statewide constitutional officers are

ending their terms, the results of some elections of November 18, 2023 are not yet certified,[1] and new officer-holders (including the Governor-elect) will not take office until January 8, 2024. As previously stated, the Governor-elect has vowed to call a special session to address redistricting. As the Fifth Circuit noted, the "present uncertainty of what will occur by January 15 leaves [subsequent] steps contingent." *Robinson*, No. 22-30333, 2023 U.S. App. LEXIS 30039, at *5. Plaintiffs' proposed trial deadlines will not allow for the "present uncertainty" to be resolved before trial.

First, Louisiana's mandatory legislative procedure takes time. After Governor-elect Landry is inaugurated and calls the Legislature into special session, the earliest possible date that a plan adopted in that session could become effective is January 25, 2024—*i.e.*, ten days after the current deadline for legislative action. And that January 25 date assumes that the following events will occur in order and with no other delays that frequently accompany the legislative process:

- January 8, 2024 – Governor-elect Landry sworn in as Governor, and Members of the Legislature take office.[2] *See* La. Const. Art. IV, Sec. 3; La. Const., Art. III, Sec. 5(A).
- January 8, 2024 – Governor Landry issues a Proclamation stating "the objects of the Extraordinary Session," the date it shall convene, and number of days for which it will be convened. *See* La. Const. Art. III, Sec. 2(B).
- January 15, 2024 – Extraordinary Session convenes "at least seven calendar days" after issuance of the Proclamation. Session length is limited to the number of days stated in the proclamation, not to exceed thirty calendar days. *See id.*
- January 15–19, 22–25, 2024 – Each bill shall be read at least by title on "three <u>separate</u> days in each house," and committee must hold public hearing and reports on the bill. *See* La. Const. Art. III, Sec. 15(D) (emphasis added); S. Rule 10.6.

---

[1] Elections are scheduled to be certified on December 1, 2023. The deadline to file any election contest is November 27, 2023.

[2] A new Attorney General and new Secretary of State, both defendants in this proceeding, will also be sworn in on January 8, 2024. La. Const. Art. IV, Sec. 3.

4

- January 15, 2024 – Bill Introduced in House during Extraordinary Session – First Reading. *See* La. Const. Art. III, Sec. 15(A); H. Rule 8.10.
- January 16, 2024 – House Second Reading – Referred to Committee. *See* H. Rule 8.12.
- January 17, 2024 – House Committee Hearing/Report issued. *See* H. Rule 8.14.
- January 18, 2024 – Bill read and debated on Floor (Third Reading); Bill passes with majority of House and is sent to Senate. *See* La. Const. Art. III, Sec. 15(G); *see also* House Rules 8.9, 8.10, 8.12, 8.13, 8.16, and 8.17.
- January 19, 2024 – Bill Introduced in Senate (First Reading) (S. Rule 10.8).
- January 22, 2024 – Second Reading, Referred to Senate Committee (S. Rule 10.10)
- January 23, 2024 – Senate Committee Hearing / Committee Report / Bill reviewed by Legislative Bureau (S. Rule 10.11).
- January 24, 2024 – Committee report read to the Senate for information (Third Reading) (S. Rule 10.12).
- January 25, 2024 – Consideration of bill happens "on the day after the day on which the report is read." *See* S. Rule 10.12; *see also* Senate Rules 10.6, 10.8, 10.10, 10.13 and 10.14.
- January 25, 2024 – Bill debated on floor and passes with majority of Senate. *See* La. Const. Art. III, Sec. 15(G).
- January 25, 2024 – Bill sent to House without amendments and then delivered to governor for signing—must be delivered "within three days after passage." *See* La. Const. Art. III, Sec. 17.
- January 25, 2024 – Law takes effect if the bill specifies that it becomes effective upon signature of the Governor. Otherwise, the law will take effect "on the sixtieth day after final adjournment of the extraordinary session" if the bill does not specify an earlier effective date. *See* La. Const. Art. III, Sec. 19

Thus, ***January 25, 2024***, is the earliest date a new map could realistically be enacted, and that assumes a delay-free political process beginning the day a new Governor and Legislature assume their public offices.

5

Even if such a feat were accomplished, Plaintiffs' suggestion that—if Plaintiffs challenged the newly passed map on Section 2 grounds—the parties could adequately litigate the newly passed map "in a preliminary injunction hearing or a trial on the merits starting on February 5," (ECF No. 307 at 5–6), is unrealistic. This scenario would leave less than two weeks to amend the pleadings, conduct all new discovery including expert disclosures and prepare for a new trial or preliminary injunction hearing. That would be infeasible and invite prejudicial errors that could leave a ruling vulnerable to reversal. That result benefits no one.

Second, assuming there were no additional actions taken by the current or future Legislature and Governor, the processes of converting the February remedial hearing into a trial on the merits is not so simple as Plaintiffs suggest. As an initial matter, Plaintiffs are incorrect to suggest that "there is substantial, *if not complete*, overlap between the discovery already contemplated for the remedial hearing and any discovery necessary for trial." (*Id*. at 5.) A hearing on a remedial map is quite different from a Section 2 trial on HB 1, and there would be far from a complete overlap in discovery relating to such different proceedings. Moreover, Louisiana is currently concluding its 2023 elections. The results of those elections will inform new expert analysis and, consequently, the parties' arguments at the 2024 merits trial.

Accordingly, it is Defendants' position that trial be scheduled <u>no fewer than 60 days after the new Governor and the Legislature are sworn into office</u>, *i.e.*, the week of March 11th at the earliest. A schedule along those lines will allow the newly elected officeholders "a meaningful opportunity" to pass a new map. *Robinson*, No. 22-30333, 2023 U.S. App. LEXIS 30039, at *47 (citation omitted). It will also allow the parties to adequately prepare for a merits trial, should the Legislature not act. Furthermore, a trial date on or after March 11, 2024, will allow the Court "to

conclude all necessary proceedings in sufficient time to allow at least initial review by [the Fifth Circuit] and for the result to be used for the 2024 Louisiana congressional elections." *Id.* at *6–7.

## CONCLUSION

For the foregoing reasons, Defendants agree that a status conference is necessary, but propose a trial during or after the week of March 11, 2024, as superior to Plaintiffs' proposal.

Respectfully submitted,

*/s/Jason B. Torchinsky*
Jason B. Torchinsky (DC 976033)*
Phillip M. Gordon (DC 1531277)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 phone
(540) 341-8809 fax
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com

Brennan A.R. Bowen (AZ 036639)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
bbowen@holtzmanvogel.com


*Admitted Pro Hac Vice


*/s/ Phillip J. Strach*
phillip.strach@nelsonmullins.com
Thomas A. Farr*
tom.farr@nelsonmullins.com
John E. Branch, III*
john.branch@nelsonmullins.com
Alyssa M. Riggins*

*/s/Angelique Duhon Freel*
Jeffrey M. Landry (LSBA No. 29942)
Elizabeth B. Murrill (LSBA No. 20685)
Shae McPhee (LSBA No. 38565)
Morgan Brungard (CO Bar No. 50265)*
Angelique Duhon Freel (LSBA No. 28561)
Carey Tom Jones (LSBA No. 07474)
Jeffrey M. Wale (LSBA No. 36070)
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
LandryJ@ag.louisiana.gov
murrille@ag.louisiana.gov
freela@ag.louisiana.gov
walej@ag.louisiana.gov
jonescar@ag.louisiana.gov
mcphees@ag.louisiana.gov
brungardm@ag.louisiana.gov

Jeff Landry
Louisiana Attorney General on behalf of the State of Louisiana


*/s/ John C. Walsh*
John C. Walsh (Louisiana Bar Roll No. 24903)
john@scwllp.com
**SHOWS, CALI & WALSH, L.L.P.**
P.O. Box 4046
Baton Rouge, LA 70821

<div style="display: flex;">
<div>

alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough St., Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799


E. Mark Braden*
Katherine L. McKnight*
Richard B. Raile*
**BAKERHOSTETLER LLP**
1050 Connecticut Ave., N.W., Ste. 1100
Washington, D.C. 20036
(202) 861-1500
mbraden@bakerlaw.com
kmcknight@bakerlaw.com
rraile@bakerlaw.com

Patrick T. Lewis*
**BAKERHOSTETLER LLP**
127 Public Square, Ste. 2000
Cleveland, Ohio 44114
(216) 621-0200
plewis@bakerlaw.com

Erika Dackin Prouty*
**BAKERHOSTETLER LLP**
200 Civic Center Dr., Ste. 1200
Columbus, Ohio 43215
(614) 228-1541
eprouty@bakerlaw.com

</div>
<div>

Telephone: (225) 346-1461
Facsimile: (225) 346-5561


*Counsel for Defendant R. Kyle Ardoin*
**Admitted Pro Hac Vice*


*/s/ Michael W. Mengis*
Michael W. Mengis, LA Bar No. 17994
**BAKERHOSTETLER LLP**
811 Main Street, Suite 1100
Houston, Texas 77002
Phone: (713) 751-1600
Fax: (713) 751-1717
Email: mmengis@bakerlaw.com


*Counsel for Legislative Intervenors, Clay Schexnayder, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Patrick Page Cortez, in his Official Capacity as President of the Louisiana Senate*


\* *Admitted Pro Hac Vice*

</div>
</div>

8

## CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, a true and correct copy of the foregoing was filed via the Court's CM/ECF system and served via electronic filing upon all counsel of record in this case.

Dated: November 22, 2023                         */s/ Jason B. Torchinsky*
                                                JASON B. TORCHINSKY