UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br>*Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana.<br><br>*Defendant*. | Civil Action No. 3:22-cv-00211-SDD-SDJ |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD,<br>*Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana.<br><br>*Defendant*. | Civil Action No. 3:22-cv-00214-SDD-SDJ |

### MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO APPLY THE FIRST-FILED RULE

On January 22, 2024, Governor Jeff Landry signed into law Senate Bill 8 ("SB8"), which created a new congressional district plan to replace the plan at issue in this litigation. *See* Notice of Enactment of New Congressional Map, ECF No. 342. That legislation came after this Court and the Fifth Circuit held that the congressional plan enacted in 2022 likely violated the Voting Rights Act ("VRA") and gave the Louisiana Legislature an opportunity to adopt a new map for the State's

congressional districts. Shortly after SB8 was signed into law, a case captioned *Callais, et al. v. Landry* was filed in the United States District Court for the Western District of Louisiana to challenge SB8 as an unconstitutional racial gerrymander. *See* Compl., *Callais v. Landry*, No. 3:24-cv-122-DCJ-CES-RRS (W.D. La. Jan. 31, 2024), ECF No. 1 (attached as Exhibit A, hereinafter, "Ex. A"). This Court should have the case transferred to it under the first-filed rule.

The plaintiffs in the *Callais* litigation are set to collaterally attack many of this Court's factual findings and legal conclusions, including the issue at the heart of this case: whether the VRA requires Louisiana to draw a second congressional district in which Black voters have the opportunity to elect candidates of their choice. *Id*. at 27 ("Should the State rely on the VRA, it will fail at step 1."). They allege the State's arguments in *this* case demonstrate the unconstitutionality of SB8, *id.* at 4, 8–9, 25, 27–28 (quoting State's filings in this case), even though this Court rejected those arguments. Their complaint references evidence presented in this case to support their allegation that SB8 impermissibly prioritizes race. *Id.* at 9, 12. Ultimately, they seek a declaration that SB8 is unconstitutional and an order requiring a new map that does not include a second majority-Black district. *Id.* at 31. Their claim and requested remedy directly implicate this Court's decisions and its ability to adjudicate a final resolution of this case.

The relationship between this case and *Callais* is a textbook example for the application of the first-filed rule. That rule reflects "that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs." *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997) (citation omitted). Under the first-filed rule, where two cases likely overlap, the court in the first case should assess whether there is substantial overlap between its case and the second case; if so, it should take over the second case. *See Cadle Co. v. Whataburger of Alice, Inc.,* 174 F.3d 599, 605–06 (5th

Cir. 1999) (citing *Mann Mfg. v. Hortex, Inc.*, 439 F.2d 403, 407 (5th Cir. 1971)) (first-filed court should decide whether there is substantial overlap); *InforMD, LLC v. DocRX, Inc.*, No. 13-cv-533-JJB-SCR, 2015 WL 13064934, at *3 (M.D. La. Aug. 31, 2015) (court "find[ing] that it is the first-filed court" and granting motion to apply the first-filed rule).

The first-filed rule serves "to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 729 (5th Cir. 1985). All of these concerns are implicated by the overlap between *Callais* and this case. This Court should mitigate those concerns by granting Plaintiffs' motion and applying the first-filed rule.[1]

## ARGUMENT

### I. Legal Standard

The Fifth Circuit has "long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts." *Schauss v. Metals Depository Corp.*, 757 F.2d 649, 654 (5th Cir. 1985). The first-filed rule helps achieve this by "adher[ing] to the general rule that the court in which an action is first filed is the appropriate court to determine whether subsequently filed cases involving substantially similar issues should proceed." *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

The first-filed rule does not require perfect overlap of issues or parties. "Instead, the crucial inquiry is one of 'substantial overlap.'" *In re Amerijet Int'l, Inc.*, 785 F.3d 967, 976 (5th Cir. 2015), as revised (May 15, 2015) (citations omitted). To determine if substantial overlap exists, the Fifth Circuit "has looked at factors such as whether 'the core issue . . . was the same' or if 'much of the

---

[1] Pursuant to Local Rule 7(e), Plaintiffs sought consent for this motion from parties having an interest to oppose. All Defendants oppose the motion.

3

proof adduced . . . would likely be identical.'" *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (citations omitted). Even where the overlap between two suits is "less than complete," the first-filed rule should still be applied "based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *Id.* (citation omitted)*; see, e.g.*, *Salazar v. Bloomin' Brands, Inc*., No. 2:15-CV-105, 2016 WL 1028371, at *4 (S.D. Tex. Mar. 15, 2016) (finding "imperfect overlap" but "conclud[ing] that the risk of conflict and the courts' comparative interests in these actions favor transfer").

As set forth below, there is a substantial overlap between this case and *Callais*, and there is a high risk of conflicting rulings should the cases proceed separately, both of which cut strongly towards applying the first-filed rule.

**II.    There is Substantial Overlap Between this Case and *Callais***

Both this case and *Callais* center on the same core question: does Section 2 of the VRA require Louisiana to draw a congressional plan with two Black-opportunity districts? This Court held that it likely does. *Robinson v. Ardoin* ("*Robinson I*"), 605 F. Supp. 3d 759, 851 (M.D. La. 2022) (subsequent history omitted). The Fifth Circuit twice approved that conclusion in unanimous panel rulings. *Robinson v. Ardoin* ("*Robinson II*"), 37 F.4th 208, 222 (5th Cir. 2022); *Robinson v. Ardoin* ("*Robinson III*"), 86 F.4th 574, 599 (5th Cir. 2023). The *Callais* plaintiffs, meanwhile, assert that Louisiana need not draw a second majority-Black district—in fact, they suggest that the State *may not* do so consistent with the Fourteenth Amendment. *See, e.g.*, Ex. A at 27 ("The State has previously admitted it is 'impossible' that 'a second majority-minority district can be drawn without impermissibly resorting to mere race as a factor,' that any attempt to do so would be an unconstitutional 'racial gerrymander.'").

4

Ultimately, the *Callais* case resurrects the key issue of this case. The *Callais* complaint asserts that the State cannot show "that the VRA is indeed triggered by Louisiana's demographics, voting trends, and other factors." *Id*. at 27; *see also id.* ("Should the State rely on the VRA, it will fail at step 1."). Whether the VRA requires the creation of a second Black-opportunity congressional district in Louisiana is the crux of *this* case, and the plan *Callais* challenges arises from *this* Court's decision in *this* case. *Cf. Amerijet*, 785 F.3d at 976 (substantial overlap where second-filed lawsuit seeks, among other things, payments that arise from settlement in first-filed case); *see also* Ex. A at 30 (alleging "SB8 was created by means of an irregular procedure").

Answering this core question implicates overlapping component issues and evidence. *Cf. Save Power*, 121 F.3d at 951 (first-filed rule appropriate where both cases center on a question that "involves several [overlapping] component issues"). This Court held a week-long evidentiary hearing with numerous expert and fact witnesses and issued scores of pages of factual findings. These findings answer many of the questions *Callais* seeks to revisit. *See, e.g.*, Ex. A. at 27 (questioning whether "the VRA is indeed triggered by Louisiana's demographics, voting trends, and other factors").

For instance, the *Callais* plaintiffs repeatedly cite briefing (though notably, no court decisions) *in this case* on the issue of whether a "sufficiently numerous and geographically compact second majority-minority district can be drawn in Louisiana." *Id.* at 8. This Court held that it can. *Callais* seeks to revisit that decision. *Compare, e.g.*, Ex. A at 4 ("[T]he State has conceded that it is 'impossible' that 'a second majority-minority district can be drawn without impermissibly resorting to mere race as a factor'"), *with Robinson I*, 605 F. Supp. 3d at 839 (crediting evidence to the contrary); Ex. A at 8–9 (quoting State's motions in this case to question whether a second Black-majority district could respect communities of interest), *with Robinson I*,

605 F. Supp. 3d at 778–97, 822–31 (extensive factual findings and credibility determinations to the contrary); Ex. A at 8–9 (quoting State's motions in this case to question whether a second Black-majority district could be compact), *with Robinson I*, 605 F. Supp. 3d at 822–31 (extensive factual findings and credibility determinations to the contrary). Additionally, both cases implicate the issue of whether drawing a second majority-Black district would require the State to impermissibly use race to draw district lines. In this case, this Court (and the Fifth Circuit) rejected the State's argument that any efforts to draw a second majority-Black district would necessarily require an unconstitutional racial gerrymander. *Robinson I*, 605 F. Supp. 3d at 839; *Robinson III*, 86 F.4th at 592–95. The *Callais* plaintiffs quote that *very same argument* to allege a constitutional violation in SB8. Ex. A at 4, 8–9, 25, 27–28 (quoting State's filings in this case).

Indeed, the *Callais* complaint relies on evidence presented *in this case*. For example, the *Callais* plaintiffs allege (incorrectly) that "SB8's map did not resemble any alternative maps presented in the prior litigation"—*i.e.*, *this* litigation. Ex. A at 12. Other allegations contrast SB8 with maps proposed by Plaintiffs in this case. *Id.* at 9. The pleading makes apparent that the *Callais* case will likely include as evidence the illustrative plans introduced in this Court.

The extent of overlap counsels toward applying the first-filed rule. *Callais* functionally seeks to revisit many issues this Court has considered, collaterally challenging this Court's decisions. Competing judicial opinions on these issues would lead to untenable results. *See, e.g.*, *W. Gulf Mar. Ass'n*, 751 F.2d at 730–31 (second-filed court's decision encroached on first-filed court's authority and "made more likely the piecemeal resolution of a difficult issue," risking "disharmony among the federal courts"). In such circumstances, the first-filed rule applies. *See, e.g.*, *Brocq v. Lane*, No. 3:16-CV-2832-D, 2017 WL 1281129, at *3 (N.D. Tex. Apr. 6, 2017)

6

(substantial overlap where identical proof implicating overlapping questions means that one court's determinations "may affect outstanding, threshold issues" before another court).

### III. Failure to Apply the First-Filed Rule Creates a High Risk of Competing and Conflicting Rulings

Most importantly, even if the overlap between this case and the *Callais* litigation were not complete, the first-filed rule should be applied because the overlap is extensive and having two courts adjudicate these cases will almost certainly lead to competing—and potentially conflicting—rulings. "Where the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." *See Sweet Little Mexico Corp.*, 665 F.3d at 678 (citation omitted).

In their complaint, the *Callais* plaintiffs ask the court to strike down SB8 as a violation of the Equal Protection Clause and "institute a congressional districting map" that, according to the *Callais* plaintiffs, may not constitutionally include a second majority-Black district. Ex. A at 31. Should the *Callais* plaintiffs succeed in invalidating SB8, the Plaintiffs in this case are entitled to a trial on their Section 2 claim. *Robinson III*, 86 F.4th at 584. Should they prevail, the Fifth Circuit has instructed that this Court must then order a congressional plan containing two majority-Black districts to be implemented no later than the end of May 2024. The result of a ruling such as the plaintiffs seek in the *Callais* litigation, in other words, is that two separate federal district courts will simultaneously be charged with crafting new and likely conflicting congressional maps, both of which cannot be implemented, leaving the Secretary of State—a defendant in both cases—in the impossible position of having to violate one court's order or the other.

Even if competing maps could be avoided, allowing two courts to proceed in parallel in adjudicating these overlapping claims and factual questions would violate one of the primary goals

of the first-filed rule: avoiding "piecemeal resolution of issues that call for a uniform result." *Cadle*, 174 F.3d at 603. It is hard to imagine an issue less suited for competing decisions than a State's congressional redistricting plan. Redistricting cannot tolerate dueling decisions on the relationship between the VRA, the Fourteenth Amendment, and the State's congressional plan. Ultimately, the 2024 elections will need to be held under a single plan. Of course, that plan cannot simultaneously respect this Court's ruling that Louisiana must have a second Black-opportunity district, *and* the ruling that *Callais* plaintiffs seek, which might preclude that very same second Black-opportunity district.

In short, allowing the *Callais* case to proceed before another court would force that court to consider legal issues and evidence that this Court has already weighed. Worse, it risks "the waste of duplication," a "ruling[] which may trench upon the authority of" this Court, and "piecemeal resolution of issues that call for a uniform result." *W. Gulf Mar. Ass'n*, 751 F.2d at 729. Applying the first-filed rule would alleviate those concerns and the Court should do so here.

## CONCLUSION

For the foregoing reasons, the Court should grant Plaintiffs' Motion to Apply the First-Filed Rule.

DATED: February 5, 2024                               Respectfully submitted,

By: /s/ *Tracie L. Washington*
Tracie L. Washington
LA. Bar No. 25925
Louisiana Justice Institute
8004 Belfast Street
New Orleans, LA 70125
Tel: (504) 872-9134
tracie.washington.esq@gmail.com


*Counsel for NAACP Louisiana State Conference, Dorothy Nairne, Martha Davis, Clee Earnest Lowe, and Rene Soule*


J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

By: /s/ *Stuart Naifeh*
Stuart Naifeh (admitted *pro hac vice*)
Kathryn Sadasivan (admitted *pro hac vice*)
Victoria Wenger (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, NY 10006
Tel: (212) 965-2200
snaifeh@naacpldf.org
ksadasivan@naacpldf.org
vwenger@naacpldf.org

*Counsel for Robinson Plaintiffs*



By: /s/ *Abha Khanna*
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490
dcohen@elias.law
age@elias.law
jshelly@elias.law

*Counsel for Galmon Plaintiffs*

R. Jared Evans
LA. Bar No. 34537
I. Sara Rohani (admitted *pro hac vice*)
NAACP Legal Defense and Educational Fund, Inc.
700 14th Street N.W. Ste. 600
Washington, DC 20005
Tel: (202) 682-1300
jevans@naacpldf.org
srohani@naacpldf.org

Sarah Brannon (admitted *pro hac vice*)*
Megan C. Keenan (admitted *pro hac vice*)
American Civil Liberties Union Foundation
915 15th St., NW
Washington, DC 20005
sbrannon@aclu.org
mkeenan@aclu.org

Nora Ahmed
NY Bar No. 5092374 (admitted *pro hac vice*)
ACLU Foundation of Louisiana
1340 Poydras St, Ste. 2160
New Orleans, LA 70112
Tel: (504) 522-0628
nahmed@laaclu.org

John Adcock
L.A. Bar No. 30372
Adcock Law LLC
3110 Canal Street
New Orleans, LA 70119
Tel: (504) 233-3125
jnadcock@gmail.com

Robert A. Atkins (admitted *pro hac vice*)
Yahonnes Cleary (admitted *pro hac vice*)
Jonathan H. Hurwitz (admitted *pro hac vice*)
Amitav Chakraborty (admitted *pro hac vice*)
Adam P. Savitt (admitted *pro hac vice*)
Arielle B. McTootle (admitted *pro hac vice*)
Robert Klein (admitted *pro hac vice*)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue Of The Americas
New York, NY 10019
Tel.: (212) 373-3000
Fax: (212) 757-3990
ratkins@paulweiss.com
ycleary@paulweiss.com
jhurwitz@paulweiss.com
achakraborty@paulweiss.com
asavitt@paulweiss.com
amctootle@paulweiss.com
rklein@paulweiss.com

Sophia Lin Lakin (admitted *pro hac vice*)
Dayton Campbell-Harris (admitted *pro hac vice*)*
American Civil Liberties Union Foundation
125 Broad Street, 18th Floor
New York, NY 10004
slakin@aclu.org
dcampbell-harris@aclu.org

T. Alora Thomas-Lundborg (admitted *pro hac vice*)
Election Law Clinic
Harvard Law School
6 Everett Street, Ste. 4105
Cambridge, MA 02138
(617) 495-5202
tthomaslundborg@law.harvard.edu

*Additional counsel for Robinson Plaintiffs*

*Practice is limited to federal court.

10