**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| PRESS ROBINSON, et al.,<br>*Plaintiffs,*<br>v.<br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br>*Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br>Chief Judge Shelly D. Dick<br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br>*Plaintiffs,*<br>v.<br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br>*Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' COMPLAINTS**[1]

Intervenor-Defendants the State of Louisiana (the "State") and Defendant Nancy Landry, in her official capacity as Louisiana Secretary of State, (together "Defendants") hereby move to dismiss Plaintiffs' Complaints, *Galmon*, No. 3:22-cv-00214, ECF No. 1; *Robinson*, 3:22-cv-00211, ECF No. 1—and this entire action—as moot. Indeed, the patent mootness of this action is readily apparent simply from Plaintiffs' own public admissions alone. Specifically, Plaintiffs and/or their counsel have publicly admitted that they have no injury under Senate Bill 8 ("S.B. 8" or the "New Law"):

[1] Assuming a response is still necessary in light of this motion and the fact that this matter is now moot, a separate opposition to Plaintiffs' "Motion To Apply The First-Filed Rule" will be filed pursuant to this Court's order.

- "[The] enactment of a new congressional map is a historic moment for Louisiana, which will now have an additional congressional district in which Black Louisianans have the opportunity to elect their preferred candidates to the U.S. House of Representatives. . . . And we are thrilled that Louisiana's democracy will get to thrive under a new congressional map that gives every Louisianan an equal opportunity to participate in the political process."[2];
- "[T]his map will finally provide Black voters with a true opportunity to elect their candidates of choice in two congressional districts. This is a momentous day for our clients, for the Legislative Black Caucus . . . ." [3];
- "[T]his new map finally provides relief from the dilution our communities face under the State's [previous] discriminatory map."[4]; and,
- "Today, we saw the Legislature finally do what is right and create two majority-Black districts."[5]

These admissions are incompatible with any conclusion other than this entire suit is moot. Yet, when tasked by this Court to make plain their intentions about whether they would amend their complaints and proceed to trial, Plaintiffs instead attempt misdirection or outright obfuscation.

---

[2] Abha Khanna, *Elias Law Group Statement on Enactment of New Congressional Map in Louisiana*, Elias Law Group (Jan. 22, 2024), https://www.elias.law/newsroom/press-releases/elias-law-group-statement-on-enactment-of-new-congressional-map-in-louisiana.

[3] LDF, ACLU, and ACLU of Louisiana published identical press releases regarding the passage of the New Map. *See Louisiana Passes Map with Second Majority-Black Congressional District*, Legal Defense Fund (Jan. 19, 2024) https://www.naacpldf.org/press-release/louisiana-passes-map-with-second-majority-black-congressional-district/; *Louisiana Passes Map with Second Majority-Black Congressional District*, ACLU (Jan. 19, 2024) https://www.aclu.org/press-releases/louisiana-passes-map-with-second-majority-black-congressional-district; *Louisiana Passes Map with Second Majority-Black Congressional District*, ACLU of Louisiana (Jan. 19, 2024) https://www.laaclu.org/en/press-releases/louisiana-passes-map-second-majority-black-congressional-district.

[4] *Louisiana Passes Map with Second Majority-Black Congressional District*, Legal Defense Fund (Jan. 19, 2024) https://www.naacpldf.org/press-release/louisiana-passes-map-with-second-majority-black-congressional-district/ (quoting Mike McClanahan, President of the Louisiana State Conference of the NAACP).

[5] *Id*. (quoting Commissioner Davante Lewis, named plaintiff).

*See* ECF Nos. 346 & 347 (notices of *Galmon* and *Robinson* Plaintiffs' admitting that these "do not oppose" the New Law, yet asking this Court to retain jurisdiction of a controversy-less matter). Their "first-to-file" motion is a red herring that should have no bearing on the proceedings here. The Court should see Plaintiffs' maneuvering for what it truly is and not allow this moot case to continue a minute longer. Supreme Court precedent unequivocally demands as much: "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining* to the court is that of announcing the fact and *dismissing the cause*.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1868) (emphasis added)).

The mootness of this action—and this Court's resulting lack of Article III jurisdiction—is manifest here given that: (1) Plaintiffs openly acknowledge that there is no controversy as to the only laws actually in force—Plaintiffs' don't oppose S.B. 8; (2) Plaintiffs are admittedly not injured—Plaintiffs and/or their counsel have publicly stated that Black Louisianans can now elect candidates of their choice under the New Law, and they regard S.B. 8 as a cause for celebration rather than a cause of cognizable injury, and (3) a challenged law has been superseded by a new and unchallenged statute—Plaintiffs' Complaints challenged "HB 1," *Galmon* ECF No. 1, also called "Louisiana's 2022 congressional map," *Robinson* ECG No. 1, (the "Old Law"), which has been superseded by the New Law. No amount of jurisdictional gamesmanship—such as a feigned application of the first-to-file doctrine—can change this outcome. Under binding precedent, this Court lacks authority to take any action aside from "'announcing the fact [that jurisdiction is lacking] and *dismissing the cause*.'" *Steel Co.*, 523 U.S. at 94 (1998) (citation omitted) (emphasis added).

**INTRODUCTION**

The New Law has been hailed as "a big victory" for Plaintiffs "and the citizens of Louisiana." [6] Indeed, Plaintiffs—as well as their attorneys, law firms, and affiliated organizations—publicly proclaimed that the New Law provides the Black Voters of Louisiana with an opportunity to elect candidates of their choice. *See supra* pp. 1–2.

Yet Plaintiffs' and their counsel now contend that—despite expressly and publicly stating that they have obtained the relief they sought—somehow this case must somehow march on. *See* ECF No. 346 at 2 ("*Galmon* Plaintiffs respectfully request that the Court retain jurisdiction of this action to adjudicate challenges to S.B. 8. . ."); ECF No. 347 at 2 (arguing that "[t]his case is not moot"). Remarkably, all Plaintiffs have declared to this court that they "do not oppose" the New Law. ECF Nos. 346; 347. But Plaintiffs contend that this controversy-less case should continue. *See id.* Article III begs to differ. The absence of Article III jurisdiction here demands dismissal. *Steel Co.*, 523 U.S. at 94. Nor can this Court "retain" jurisdiction here since mootness has unequivocally destroyed it.

"Federal courts do not possess a roving commission to publicly opine on every legal question . . . . [F]ederal courts do not issue advisory opinions." *Braidwood Mgmt. v. EEOC*, 70 F.4th 914, 924 (5th Cir. 2023) (quoting *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021)).[7] Because no Article III "case or controversy" remains here, any action by this Court other than dismissing this action would constitute just such an impermissible advisory opinion.

---

[6] Marc E. Elias (@marceelias), X (formerly Twitter) (Jan. 19, 2024 at 12:39 PM), https://twitter.com/marceelias/status/1748430083692315001.

[7] Plaintiffs' actions here—requesting a court to exercise jurisdiction while simultaneously acknowledging that there is no controversy—are so brazen as to border on sanctionable. *See generally* Fed. R. Civ. Proc. 11(b).

**ARGUMENT**

After the passage of S.B. 8, Plaintiffs' claim must be dismissed because it is doubly moot: (1) Plaintiffs have expressly obtained the relief they sought and are, therefore, no longer injured; and (2) the Old Law has been superseded by the New Law, thereby mooting Plaintiffs' original Complaints, which they have neither amended, nor supplemented. *See* ECF No. 330 at 3 (setting February 8, 2024, as the deadline to amend or supplement their respective complaints). The relief Plaintiffs supposedly wish to obtain here has already been given to them—namely, two majority-Black districts that perform for Black Louisianans. Indeed, this Court need look no further than Plaintiffs' own boastful admissions to see that S.B. 8 has destroyed the entire controversy at issue here concerning the Old Law.

The jurisdiction of federal courts is limited to "'live'" cases and controversies. *Boudreaux v. La. State Bar Ass'n*, 86 F.4th 620, 629 (5th Cir. 2023) (quoting *Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 831 (5th Cir. 2023); *see also* U.S. Const., Art. III, § 2; *Alvarez v. Smith*, 558 U.S. 87, 92 (2009). "A case is no longer live if 'the parties lack a legally cognizable interest in the outcome,' or it becomes 'impossible for a court to grant any effectual relief whatever to the prevailing party.'" *Boudreaux*, 86 F.4th at 629 (citations omitted). "If any set of circumstances eliminates the 'actual controversy' during the duration of the lawsuit, the case becomes moot." *Id.* (quoting *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006)). When a jurisdictional defect is raised, the party asserting jurisdiction has the burden of proof. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A. By Their Own Admission, Plaintiffs Are Not Injured.

Plaintiffs' claims no longer present an "actual controversy" after the passage of S.B. 8. *See Boudreaux*, 86 F.4th at 629. In filings with this Court, Plaintiffs have plainly stated that they "do

not oppose" S.B. 8. ECF Nos. 346; 347. That should be the end of the inquiry because Plaintiffs' emphatic satisfaction with S.B. 8 is not a source of cognizable injury. And Plaintiffs have gone even further in public press releases, expressly disclaiming any injury here. *See supra* pp. 1–2. Against this backdrop, Plaintiffs' contention that this case is not moot strains credulity.

The fact that there is no injury here cannot be legitimately disputed because Plaintiffs have publicly proclaimed as much. *Id.* When reviewing a motion to dismiss for lack of subject matter jurisdiction under 12(b)(1), "a court may evaluate (1) the complaint alone, (2) the complaint supplemented by undisputed facts evidenced in the record, or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Den Norske Stats Oljeselskap As v. HeereMac V.O.F.*, 241 F.3d 420, 424 (5th Cir. 2001). "The unique power of the district courts to make factual findings which are decisive of jurisdiction is . . . not disputed." *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981) (collecting cases).

Without an injury or a live controversy, this Court is without power to hear Plaintiffs' case, *see* U.S. Const., Art. III, § 2; *Boudreaux*, 86 F.4th at 629, including their attempted "application" of the first-to-file doctrine. An opposition to Plaintiffs' absurd "Motion To Apply The First-Filed Rule" is forthcoming, but Defendants note several issues with that Motion: (1) a single judge lacks jurisdiction to entertain a claim that requires a three-judge Court, 28 U.S.C. § 2284; (2) Plaintiffs' Motion seeks an impermissible advisory opinion (*i.e.*, Plaintiffs request that this Court "apply" the rule and "declare" that this moot case was the first filed), *see Braidwood Mgmt*., 70 F.4th at 924; and (3) Plaintiffs are not entitled to relief under the first-to-file rule because this action is not substantially similar to *Callais v. Landry*, No. 3:24-cv-122-DCJ-CES-RRS (W.D. La.), ECF No. 1, (*i.e.*, this case is a statutory *effects* claim against the Old Law and *Callais* is a constitutional *intent* claim against the New Law).

Plaintiffs' contentions about comity cannot confer jurisdiction where none exists. *See Allen v. Louisiana*, 14 F.4th 366, 374 (5th Cir. 2021) ("And even assuming some possible conflict between District 7 [which was governed by a consent decree issued from the Eastern District of Louisiana] and a remedy in District 5 [which was challenged under the VRA in the Middle District of Louisiana], Louisiana cites no case showing such a possibility implicates a court's subject matter jurisdiction."). Issues of comity between districts, and potential conflicts in jurisdiction, would only arise if there were a controlling order, judgement, or decree here that required the State to enact the New Law or somehow governed the implementation of the New Law. *See id.* But no such order, judgement, or decree exists here. *See Robinson v. Ardoin*, 86 F.4th 574, 600 (2023) (vacating the preliminary injunction).

Accordingly, this Court must dismiss this case. *See Steel Co.*, 523 U.S. at 94.

B. Plaintiffs' Claim Under The Old Law Is Moot Because The Old Law Has Been Superseded.

This case is also independently moot because the law that Plaintiffs challenge in their Complaint—H.B. 1, enacted in 2022—is no longer in effect. For federal courts to have the power to adjudicate a dispute, an "actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Alvarez*, 558 U.S. at 92 (internal quotation marks omitted). This is because, in our constitutional structure, "courts have 'no business' deciding legal disputes or expounding on law in the absence of such a case or controversy." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 90 (2013) (citation omitted). Therefore, a federal court loses jurisdiction "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 91 (quotation omitted). Put differently, a case becomes moot, and a court loses jurisdiction, "if the dispute is no longer embedded in any actual controversy about the plaintiffs' particular legal rights." *Id.* (internal quotation marks omitted).

The Fifth Circuit has thus explained that "statutory changes that discontinue a challenged practice are usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006).

Consequently, "[g]overnment officials 'in their sovereign capacity and in the exercise of their official duties are accorded a presumption of good faith because they are public servants, not self-interested private parties.'" *Yarls v. Bunton*, 905 F.3d 905, 910–11 (5th Cir. 2018); *see also id.* at 910 ("[C]ourts are 'justified in treating a voluntary governmental cessation of possibly wrongful conduct with some solicitude.'" (citation omitted)).

Here, Plaintiffs' Complaints sought (1) a declaration that the Old Law violated the Section 2 of the Voting Rights Act, (2) an injunction against the Old Law, and (3) a new map that "includes two districts in which Black voters have an opportunity to elect candidates of their choice." *Robinson* ECF No. 1 at 52–53; *Galmon* ECF No. 1 at 26. The Old Law no longer exists, and the New Law provides the exact relief Plaintiffs sought. With the passage of the New Law, the Old Law was superseded. Therefore, Plaintiffs' claim against the Old Law is moot. See *Fantasy Ranch Inc.*, 459 F.3d at 564. Plaintiffs lack a personal interest in the result of this matter, *see Dailey v. Vought Aircraft Co.*, 141 F.3d 224, 227 (5th Cir. 1998), so their Complaints—which challenge *only* the Old Law—must be dismissed as moot.

Plaintiffs' contention that the New Law is a "Remedial Map" that requires this Court to maintain jurisdiction is belied by the facts of this case and the bounds of the Constitution. *See* ECF No. 347 at 3–4 (citing *North Carolina v. Covington*, 138 S. Ct. 2548, 2551 (2018); *E. Jefferson Coal. for Leadership & Dev. v. Par. of Jefferson*, 706 F. Supp. 470, 471 (E.D. La. 1989)). The New Law is not a "remedial map." This Court never issued any final judgment invalidating the

Old Law. And while it did issue a preliminary injunction, the Fifth Circuit vacated it. *See Robinson v. Ardoin*, 86 F.4th 574, 583 (5th Cir. 2023) (setting a deadline for the State "to enact a new congressional redistricting plan, to consider but reject adopting a new plan, or for the defendant Secretary of State and/or Attorney General to inform the district court that no special session of the Legislature will be called for this purpose."); *see generally* ECF No. 330 (contemplating that two different trial dates depending on whether the State chose to call a special session and enacted a new law). As a result, there was *no* judgment or finding of a violation for S.B. 8 to "remedy," and S.B. 8 thus cannot be a "remedial map."

Not only was no remedy imposed, but a trial on the merits had yet to occur when the State passed the New Law. *See* ECF No. 330 (setting the date for a new trial roughly two weeks before the New Law was passed). In short, this case is nothing like *Covington* or *E. Jefferson Coal.*, both of which involved a court-imposed remedial map. *See Covington*, 138 S. Ct. at 2550 ("This appeal arises from a remedial redistricting order entered by the District Court in a racial gerrymandering case"); *E. Jefferson Coal.*, 706 F. Supp. at 471–72 (conducing a hearing to show cause on why a defendant's *remedial plan* should not be adopted by the court).

Plaintiffs' revisionist recasting of the history of this case does not confer jurisdiction. This case never reached final judgment, the only injunction issued was subsequently vacated, and nothing of the original controversy (which related *purely* to the Old Law) remains as a live issue. Indeed, this case is doubly moot: no cognizable injury from the Old Law even arguably remains and the Old Law has been superseded entirely by S.B. 8. Article III thus leaves this Court a single "'*function remaining*'": "'announcing the [lack of an Article III case or controversy] and *dismissing the cause*.'" *Steel Co.*, 523 U.S. at 94 (citation omitted) (emphasis added). Taking any other action would constitute the clearest possible error.

## CONCLUSION

Plaintiffs' current gamesmanship is frivolous and should not be tolerated. This case is moot, at least twice over. Plaintiffs' attempts to keep it going with neither injury nor challenge to any law still in force would, if accepted, make a mockery of Article III. This Court must dismiss this case.

Dated: February 9, 2024

Respectfully Submitted,

Jason B. Torchinsky (DC 976033)*
Phillip M. Gordon (DC 1531277)*
Brennan A.R. Bowen (AZ 036639)*
Holtzman Vogel Baran
Torchinsky & Josefiak, PLLC
15405 John Marshall Highway
Haymarket, VA 20169
(540) 341-8808 phone
(540) 341-8809 fax
jtorchinsky@holtzmanvogel.com
pgordon@holtzmanvogel.com
bbowen@holtzmanvogel.com

* *Admitted pro hac vice*

*/s/ Elizabeth B. Murrill*
Elizabeth B. Murrill (LSBA No. 20685)
*Louisiana Attorney General*
Morgan Brungard (LSBA No. 40298)
Carey Tom Jones (LSBA No. 07474)
Amanda M. LaGroue (LSBA No. 35509)

Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
murrille@ag.louisiana.gov
jonescar@ag.louisiana.gov
brungardm@ag.louisiana.gov
LaGroueA@ag.louisiana.gov

*Counsel for Intervenor-Defendant State of Louisiana*

John C. Walsh, LA Bar Roll No. 24903
John C. Conine, Jr., LA Bar Roll No. 36834
SHOWS, CALL & WALSH, L.L.P.
628 St. Louis St. (70802)
P.O. Box 4425
Baton Rouge, LA 70821
Ph: (225) 346-1461
Fax: (225) 346-1467
john@scwllp.com
coninej@scwllp.com

Phillip J. Strach*
Thomas A. Farr*
John E. Branch, III*
Alyssa M. Riggins*
Cassie A. Holt*
NELSON MULLINS RILEY & SCARBOROUGH LLP
301 Hillsborough Street, Suite 1400
Raleigh, North Carolina 27603
Ph: (919) 329-3800
phil.strach@nelsonmullins.com
tom.farr@nelsonmullins.com
john.branch@nelsonmullins.com
alyssa.riggins@nelsonmullins.com
cassie.holt@nelsonmullins.com

* *Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana*