UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., Plaintiffs, SDD-RLB | Defendant Case No.: 3:22-CV-0021- |
| v. | |
| KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE, | |
| EDWARD GALMON, SR., et al., Plaintiffs, 00214-BAJ- | Defendant Case No.: 3:22-CV- RLB |
| v. | |
| KYLE ARDOIN, IN HIS OFFICIAL CAPACITY AS LOUISIANA SECRETARY OF STATE | |

### LOUISIANA LEGISLATIVE BLACK CAUCUS REPLY TO PLAINTIFF'S MOTION TO APPLY THE FIRST FILED RULE

Intervenor Louisiana Legislative Black Caucus joins the Plaintiffs in requesting that the First Filed Rule be applied as it relates to *Callais v. Landry*, No. 3:24-CV-00122-DCJ-KDM (W.D. La)[1] and that the *Callais* matter be transferred to this court and consolidated with this matter and provides reasons in support thereof.

*Callais* is a constitutional challenge to the recently enacted Louisiana congressional district map enacted by Act No. 2 of the First Extraordinary Session of 2024. This map was enacted because of rulings in this matter and by the 5th U.S. Circuit Court of Appeals. The complaint in Callais acknowledges the preexistence of this suit and even quotes filings made in this matter.[2] but prematurely presents this matter as a case which has been concluded "Despite the State's arguments and admissions, the United States District Court for the Middle District of

---

[1] The *Callais* complaint is filed in the record as RD 345-2
[2] *Callais* complaint, Section I, paragraphs 4-10

Louisiana granted a preliminary injunction. But the District Court did not issue a final order. The case never advanced to the merits. At no point did any court—not the Middle District of Louisiana, the United States Court of Appeals for the Fifth Circuit, or the Supreme Court of the United States—issue a final order on the merits." [3] Elsewhere the Callais complaint is even more misleading. "SB8's map did not resemble any alternative maps presented **in the prior litigation**." [4] The strong implication is that this matter is concluded. The Plaintiffs in *Callais* plainly seek to relitigate legal theories advanced by Defendants in this matter which have been rejected by this court and rely upon the false assertion that this matter no longer is pending as the basis for filing the new suit instead of asserting the claim in this matter.

By order of the 5th Circuit the State of Louisiana was given a chance to bring itself into compliance with the Voter Rights Act. That means enacting a congressional district map which is **both** compliant with the Voter Rights Act AND compliant with the United States Constitution. The plaintiffs in *Callais* assert a claim that the map enacted by Act No. 2 is not constitutional and the *Callais* plaintiffs seek a preliminary injunction enjoining the implementation of the map enacted by Act No. 2 [5] thereby attempting to make a complete circle back to a one minority majority district map. The state defendants seem quite willing to make the circle back to their original position as they have moved to dismiss this matter as moot and oppose Plaintiffs' first filed motion, thereby attempting to enable relitigating its rejected arguments in *Callais* against a friendly foe . [6]

---

[3] Callais complaint Section I paragraph 10
    [4] *Callais* complaint, Section I, paragraph 21, emphasis added.

[5] Plaintiffs in this matter have filed in this record a copy of the Callais preliminary injunction motion (RD 351-3).
[6] RD 352

Plaintiffs in this matter have not received all the relief that they have requested and to which they have demonstrated they are entitled—a new map with two districts in which Black voters have an equal opportunity to elect the candidate of their choice—until this court has finally determined that the Voter Rights Act mandates that Louisiana have two minority majority districts and this court determines that a map is compliant with all requirements. Plaintiffs' entitlement to declaratory relief that the state must adopt a legal map is clearly still very much at issue even if Plaintiffs enthusiastically welcome the efforts by the legislature to attempt compliance. This Court will ultimately have to decide the exact issue in Callais.

The First Riled rule should be applied.

By Attorneys:

THE MALEY LAW FIRM

BY: *Stephen M. Irving*
Stephen M. Irving, #7070 (Of Counsel) TA
PO Box 3154
Baton Rouge, LA 70821
4707 Bluebonnet Boulevard, Suite B
Baton Rouge, LA 70809
Telephone: 225.346.6781
Facsimile: 225.346.6788
Steve@steveirvingllc.com

and

ERNEST L. JOHNSON #07290
3313 Government St.
Baton Rouge, Louisiana 70806
(225) 413-3219
Ernestjohnson@lacapfund.com

CERTIFICATE OF SERVICE

I do certify that on this 13th day of February 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which gives notice of filing to all counsel of record.

*Stephen M. Irving*
STEPHEN M. IRVING #07170 T.A