# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., *Plaintiffs,* v. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, *Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al., *Plaintiffs,* v. R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, *Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**RESPONSE TO PLAINTIFFS' MOTION TO APPLY THE FIRST-FILED RULE OF DEFENDANTS THE STATE OF LOUISIANA AND THE SECRETARY OF STATE**

**INTRODUCTION**

Plaintiffs' "Motion to Apply The First-Filed Rule" is flawed on every level. That rule is plainly inapplicable here because this action and *Callais* are profoundly different cases. They notably involve (1) different Congressional maps with enormous changes; (2) different claims—here purely statutory under § 2 of the Voting Rights Act ("VRA") and there purely constitutional under the Fourteenth and Fifteenth Amendments; and (3) overwhelmingly different parties, with the only overlap in originally named parties being the Secretary of State ("Secretary") as a defendant (an element true of virtually *all* statewide election litigation). These crucial distinctions—differing maps, claims, and parties—preclude the first-to-file rule applying here. And even if that rule could apply here, it is discretionary, and there is no reason to apply it, particularly because there is no actual risk of inconsistent judgments.

The flaws in Plaintiffs' motion, however, are more fundamental than lack of merit. This Court lacks jurisdiction to even to consider Plaintiffs' request for multiple independent reasons: (1) this Court lacks jurisdiction to consider the claims at issue in *Callais*, which can only be heard by the three-judge district court already constituted under 28 U.S.C. § 2284; (2) Plaintiffs' motion impermissibly seeks an advisory opinion since it requests no actual relief, such as a transfer or dismissal, and instead asks this Court to "deem" an abstract proposition of law true in the hope that the Court will advise the *Callais* court to follow suit; and (3) because this case is moot, this Court lacks jurisdiction to take any action save dismissing this suit.

For all of these reasons, Plaintiffs' motion should be denied.

## ARGUMENT

I.  **THIS COURT LACKS JURISDICTION TO CONSIDER PLAINTIFFS' REQUEST.**

Plaintiffs' request fails at the threshold because this Court lacks jurisdiction even to entertain it. Indeed, this Court lacks jurisdiction on *three* independent bases: (1) as a single-judge district court it cannot hear the claims pressed in the *Callais* case, which asserts constitutional claims requiring a three-judge district court under 28 U.S.C. § 2284—which has already been constituted; (2) Plaintiffs' request impermissibly seeks an advisory opinion since it does not ask this Court to take any actual action (*e.g.*, transfer or dismiss *Callais*), and instead merely asks this Court to declare a legal proposition correct in the abstract; and (3) because this case is patently moot, this Court lacks jurisdiction to do anything except dismiss this case.

### A. This Court Lacks Jurisdiction to Hear the *Callais* Claims.

Plaintiffs made a strategic choice not to assert constitutional claims in this case and thereby avoid the requirement that a three-judge district court be constituted under § 2284. That choice has consequences: as a result, this Court lacks jurisdiction to hear the *Callais* case since the plaintiffs there do assert claims requiring a three-judge court under § 2284. Sitting as a single-judge court in this matter, this Court thus lacks jurisdiction to consider the claims in *Callais*. *See generally* 28 U.S.C. § 2284.

Plaintiffs' request notably does not even acknowledge that *Callais* is pending before a three-judge district court. They are right not to request transfer because there is no way to explain how this Court could accept a transfer of *Callais* as a single-

3

judge court. Plaintiffs' failure to wrestle with this obvious jurisdictional deficiency is alone grounds to deny their request.

In any event, a transfer of the *Callais* case to this Court would directly violate § 2284 and is thus impermissible. The *Callais* case was initially assigned to Judge David C. Joseph, and the request to convene a three-judge panel was made to him. *See* Complaint, *Callais v. Landry*, No. 3:24-cv-00122-DCJ-CED-RRS, (Jan. 31, 2024 W.D. La.), ECF No. 1. Judge Joseph then made the requisite request under § 2284(b)(1), which Fifth Circuit Chief Judge Richman granted by designating the remaining two judges of the three-judge court: Circuit Judge Carl E. Stewart and District Judge Robert R. Summerhays. *See* Order Constituting Three-Judge Court, *Callais*, No. 3:24-cv-00122-DCJ-CED-RRS (Feb. 2, 2024 W.D. La.), ECF No. 5.

Under § 2284(b)(1), these three judges "*shall* serve as members of the court to hear and determine the action or proceeding." (emphasis added). The statutory language is mandatory. *See, e.g., Lexecon v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 35 (1998) ("[T]he mandatory [term] 'shall' . . . normally creates an obligation impervious to judicial discretion."); *Federal Exp. Corp. v. Holowecki*, 552 U.S. 389, 400 (2008) ("[T]he term '"shall"' indicates an intent to 'impose [a] discretionless obligation[]." (citation omitted)). Thus, under the plain language of § 2284, Judges Stewart, Joseph, and Summerhays—and *only* those three judges— have authority to "hear and determine the action," § 2284(b)(1) (subject to the Supreme Court's mandatory appellate jurisdiction, *see* 28 U.S.C. § 1253).

Plaintiffs' attempt to invoke the first-to-file rule—with the eventual goal of

4

transferring the *Callais* case to this Court/different judge(s)—thus squarely violates § 2284, since it would result in this Court, and not the judges properly designed under § 2284(b), "hear[ing] and determin[ing] the action." § 2284(b)(1). Nor does § 2284 provide any method of reconstituting a three-judge court after a transfer—or even contemplate the possibility of transfer at all. *See generally* § 2284. Plaintiffs' request thus cannot be reconciled with § 2284 and must be denied as violating that provision.

For similar reasons, the first-to-file rule cannot be applied here. As the Fifth Circuit has explained, "the 'first to file rule' must yield, if [a statute] establishes that [another] district court is exclusively the appropriate court to decide" the case. *Sutter Corp. v. P & P Indus., Inc.*, 125 F.3d 914, 917 (5th Cir. 1997). That is just so here: § 2284 establishes exclusive jurisdiction for the three judges selected under its auspices, which the free-ranging principles of comity underlying the first-to-file rule cannot trump. *Id.*

More generally, the first-to-file rule is a "by-product of the well-established axiom that . . . 'comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs.'" *Id.* (quoting *West Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24*, 751 F.2d 721, 728 (5th Cir. 1985)). But here this Court and the *Callais* court are *not* of "coordinate jurisdiction and equal rank," *id.*—only the latter has subject matter jurisdiction to consider the constitutional claims raised in *Callais*. Nor do they occupy "equal ranks": appeals from single judge courts go to the circuit courts, while decisions of three-judge courts are uniquely subject to mandatory direct appellate review by the Supreme

5

Court under U.S.C. § 1253. By creating unique procedures for three-judge courts under § 2284, Congress has eliminated the foundational premise for applying the first-to-file doctrine here.

Finally, it is worth noting that these obstacles are both obvious and entirely unaddressed by Plaintiffs. Their complete refusal to address either § 2284 or the requirement that the *Callais* claims be heard by a *three*-judge district court raises questions about the seriousness of their request.

### B. Plaintiffs' Request Improperly Seeks an Advisory Opinion.

This Court lacks jurisdiction to consider Plaintiffs' request "to deem [this case] 'first filed'" (Mot. at 1) for another reason: Plaintiffs' motion impermissibly seeks an advisory opinion.

Notably, Plaintiffs do not ask this Court to take any actual action. They do not, for example, ask this Court to transfer or dismiss the *Callais* case. Nor could this Court do so.[1] They do not seek to enjoin the *Callais* plaintiffs from pursuing their action before the three-judge district court. Nor could this Court do that either: the *Callais* plaintiffs are not parties here. And so, this Court lacks personal jurisdiction over them and cannot enjoin them to take or refrain from any action.

In place of asking this Court to *do* anything, Plaintiffs instead ask this Court to declare true an abstract legal proposition, asking this Court to "apply the first-filed rule and *deem* the above-captioned case 'first-filed' as it relates to *Callais v. Landry*." *See* Mot. at 1 (Doc. 345) (emphasis added). But "deem[ing]" this case to be the first-

---

[1] *See, e.g.*, *Brittingham v. Commn'r*, 451 F.2d 315, 318 (5th Cir. 1971) ("Comity dictates that courts of coordinate jurisdiction not review, enjoin[,] or otherwise interfere with one another's jurisdiction.").

filed accomplishes precisely nothing on its own, and grants no relief of any sort. Any such "deeming" would constitute an impermissible advisory opinion beyond this Court's jurisdiction since this Court lacks authority to grant any actual relief based on any such "deem[ing]." *See, e.g., Alberta Energy Partners v. Blast Energy Servs., Inc* (*In re Blast Energy Servs., Inc.*), 593 F.3d 418, 423 (5th Cir. 2010) (explaining that, where a "court is unable to grant any remedy for [a party], its opinion would be merely advisory and it must dismiss" the case).

"Federal courts do not possess a roving commission to publicly opine on every legal question [and so] do not issue advisory opinions." *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). But that is all Plaintiffs' motion seeks: asking this Court merely "to publicly opine" on a legal question that has no actual legal effect. Indeed, the obvious intent of the motion—seeking a declaration that the first-filed rule applies in the hope that it will thereby persuade the three-judge *Callais* court to do the same—underscores the advisory nature of the opinion sought. This Court lacks authority under Article III to issue such advisory opinions on abstract propositions of law. *See, e.g., Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998) (issuance of "advisory opinion[s]" has been "disapproved by this Court from the beginning" of its jurisprudence).

The advisory nature of the opinion that Plaintiffs seek is further underscored by its lack of any binding effect that opinion would have on the *Callais* case. Indeed, it would violate the Due Process Clause for any "deem[ing]" by this Court to preclude the *Callais* plaintiffs from litigating the first-to-file issues in their case since they are

not parties here. *See, e.g.*, *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 327 n.7 (1979) ("It is a violation of due process for a judgment to be binding on a litigant who was not a party or a privy and therefore has never had an opportunity to be heard.").

Moreover, the three-judge *Callais* court would not be under *any* obligation to abide by a first-to-file opinion issued by this Court. Section 2284 effectively commands that court to disregard any "deem[ing]" or "apply[ing]" by this Court since that statutory provision directs that they—and not this single-judge court—"hear and determine th[at] action." § 2284(b)(1). In short, Plaintiffs' motion does not merely seek a garden-variety advisory opinion but rather one whose advice is likely to be rejected—and ought to be under § 2284. Because Plaintiffs' motion patently seeks an "advisory opinion[] on [an] abstract proposition[] of law"—to which no relief or binding effect can attach—this Court lacks jurisdiction to grant Plaintiffs' request. *Laidlaw*, 528 U.S. at 213.

### C. Because This Case Is Moot, this Court Lacks Jurisdiction to Entertain Plaintiffs' Request.

Plaintiffs' request suffers from a third insurmountable jurisdictional obstacle: this case is now moot, so the Court lacks authority to grant Plaintiffs' request. As explained in the State's motion to dismiss (Doc. 352), this case is now moot because (1) Plaintiffs have obtained all the relief that they sought—by their own admissions, and (2) the challenged maps have been completely superseded by S.B. 8, thereby mooting the challenge to the original maps. Indeed, Plaintiffs have declined to amend their complaint precisely because they take no issue with the current maps and in fact seek to defend them.

This mootness necessarily deprives the Court of jurisdiction. *See, e.g.*, *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013). As a result of this mootness-induced lack of Article III jurisdiction, the Court lacks authority to take any action save dismissing the case: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, *the only function remaining to the court is that of announcing the fact and dismissing the cause*." *Steel Co.*, 523 U.S. at 94 (citation omitted) (emphasis added). Rather than opining about the status of a *different* case in the abstract, this Court's "only function remaining" is to dismiss *this* case. *Id.*

## II. PLAINTIFFS' FIRST-TO-FILE REQUEST LACKS MERIT.

### A. The First-To-File Rule Does Not Apply Because this Case and *Callais* Are Not Substantially Similar.

The first-to-file rule only applies where there is "substantial overlap" overlap between the two cases. *International Fid. Ins. Co. v. Sweet Little Mex. Corp.*, 665 F.3d 671, 678 (5th Cir. 2011) (holding that "some risk of 'duplication' between proceedings" is insufficient to apply the first-to-file rule); *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999) (explaining first-to-file rule applies only where "the cases *substantially* overlap").[2] Here the requisite "substantial overlap" is lacking for three reasons.

---

[2] *Accord Hunt, Gather LLC v. Andreasik*, No. 1:23-cv-627, 2023 U.S. Dist. LEXIS 111206, *9–10 (W.D. Tex. June 28, 2023) (holding that two cases did not "substantially overlap" when the "factual overlap of the case is partial, but not substantial."); *Dexon Comput., Inc. v. Cisco Sys., Inc.*, No. 5:22-cv-000530, 2023 U.S. Dist. LEXIS 56773, *31 (E.D. Tex. Mar. 31, 2023) (determining that the first-to-file rule did not apply because the two cases did not "substantially overlap" despite the defendants' appeals to judicial economy, consistency, and comity); *Louisiana v. Biden*, 538 F. Supp. 3d 649, 654 (W.D. La. 2021).

9

*First*, this case and the *Callais* case involve entirely different district maps. The maps adopted by the Louisiana Legislature last month have *never* been considered by this Court. And for good reason: they did not yet exist. Because this Court has not evaluated the contours of the maps enacted by S.B. 8 whatsoever, Plaintiffs must rely on high-level, abstract similarities: such as the illustrative maps offered here and S.B. 8 both ask whether the State must "draw a congressional plan with two Black-opportunity districts?" *See* Br. (Doc. 345) at 4.

That falls far short of the required "substantial overlap." "The issues need not be identical, but they must 'be materially on all fours' and 'have such an identity that a determination in one action leaves little or nothing to be determined in the other.'" *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016) (citation omitted)). This court never entered a final order requiring two majority-minority districts. No trial was held, and the 2022 map has been replaced by new legislation. This case hardly blesses the notion that *all* maps with two such districts will *always* be lawful. Indeed, maps with two such districts have been struck down in the past, and more than once even when Section 5 was in force and effect in Louisiana, as the State has previously noted before this Court. *See Hays v. Louisiana* (*Hays I*), 839 F. Supp. 1188 (W.D. La. 1993), *vacated as moot*, 512 U.S. 1230 (1994) (mem); *Hays v. Louisiana* (*Hays IV*), 936 F. Supp. 360 (W.D. La. 1996) (not appealed).

And so, it is hardly the case that "a determination in [this] action leaves little or nothing to be determined in the other [*Callais* action].'" *Baatz*, 814 F.3d at 791. The validity of S.B. 8 will be decided on basis of its actual contours and not the shapes

10

of any hypothesized maps presented by plaintiffs (including the ones previously analyzed by this Court) that were not actually enacted into law by the legislature or adopted by the Court through an injunction.

Similarly, because the *Callais* case involves an actual enacted map, rather than the illustrative two majority-minority-district maps considered by this Court, it is not the case that "'much of the proof adduced would likely be identical'"—which militates against the first-to-file rule. *Sweet Little Mex. Corp.*, 665 F.3d at 678 (citation and alteration omitted) (affirming refusal to apply first-to-file rule where the "'proof adduced' would not be identical").

*Second*, the claims at issue in this case and *Callais* are fundamentally different. Plaintiffs' principal claim here was that the prior maps violated § 2 of the VRA under the *results* test, which does *not* require proof of discriminatory intent. *See, e.g.*, *Chisom v. Roemer*, 501 U.S. 380, 394, 403 (1991) (after 1982 amendments, "proof of intent is no longer required to prove a § 2 violation" and the amendments "relieve plaintiffs of the burden of proving discriminatory intent").

In contrast, the *Callais* plaintiffs do not assert *any* claims under the VRA, instead claiming that S.B. 8 violates the Fourteenth and Fifteenth Amendment based on discriminatory *intent*. *See, e.g.*, Complaint, *Callais v. Landry*, No. 3:24-cv-00122-DCJ-CED-RRS, ¶ 118 (Jan. 31, 2024 W.D. La.) (arguing that "legislators . . . intended to abridge the votes of non-African American voters and that they were motivated by race when they configured the districts"). These different claims further weigh against applying the first-to-file rule even though the cases have some overlap.

11

Indeed, the Fifth Circuit has held that the first-to-file rule did not apply where one case involved a common law indemnification claim and the other involved whether customs duties were properly assessed—even though first claim asserted the "right to indemnification for duties paid [by the opposing party]." *Sweet Little Mex. Corp.*, 665 F.3d at 678. Despite an *obvious* relationship between the claims asserted in those two cases, the differing natures of the claims actually asserted precluded the first-to-file rule. *Id.* The same result should obtain here.

A central issue in the *Callais* case is the intent of the Louisiana legislators in adopting S.B. 8. That issue has *no* meaningful overlap with this case, let alone *substantial* overlap. This Court did not consider the intent of the Louisiana Legislature in 2022, 2023, or 2024 at all—both (1) doctrinally, since claims under the results test of VRA § 2 do not require proof of discriminatory intent, and (2) practically, since S.B. 8 did not yet exist. These differences in the "'core issues'" of legislative intent preclude the first-to-file rule here. *See Sweet Little Mex. Corp.*, 665 F.3d at 678.

Given the fundamental differences in the claims presented in the two cases, it also is manifestly *not* the case that "a determination in [this] action [would] leave[] little or nothing to be determined in [*Callais*].'" *Baatz*, 814 F.3d at 791. In analyzing whether the districts in Plaintiffs' illustrative maps *could* be drawn without unlawful race-based intent, this Court hardly resolved whether other, *future* maps were in fact drawn without such unlawful intent.

12

*Third*, there are fundamental differences in the parties in the two cases that prevent the requisite "substantial overlap" from existing. Although "[c]omplete identity of parties is not required,"[3] the doctrine typically demands that, "[i]n order for suits filed in different districts to be duplicative, they must involve 'nearly identical parties and issues.'" *Baatz*, 814 F.3d at 789 (citation omitted); *I.A. Durbin, Inc. v. Jefferson Nat'l Bank*, 793 F.2d 1541, 1552 (11th Cir. 1986) (declining to apply first-to-file rule where "the parties [we]re substantially different in the two proceedings"); *Travelpass Grp. LLC v. Caesars Ent. Corp.*, No. 5:18-cv-00153, 2019 U.S. Dist. LEXIS 147213, *17 (refusing to apply the first-to-file rule when two cases with "similar allegations" involved "different claimants, claims, allegations, defenses, defendants, witnesses and damages").

Here there are substantial differences in the parties: not a single *Callais* plaintiff is a party here, and none of the Plaintiffs here was named in the *Callais* suit (though they are now trying to intervene). The *only* common party is the Secretary of State[4]—but that is true of nearly *every* election case in Louisiana involving state election laws. If the presence of the Secretary alone is a sufficient commonality to trigger the first-to-file rule, then whichever federal district judge in the State heard the very first election law case likely should have heard all or nearly all subsequent election cases. That plainly is neither the law nor the actual practice.[5]

---

[3] *Save Power v. Syntek Fin. Corp*, 121 F.3d 947, 951 (5th Cir. 1997),

[4] The Attorney General intends to intervene in *Callais* as the State to defend S.B. 8 against the constitutional challenges.

[5] Plaintiffs here have filed a motion to intervene in the *Callais* action. But their desire to act as interlopers does not alter the reality that they were neither named as original parties in *Callais* nor are in any way essential to its resolution.

\*   \*   \*   \*   \*

The fundamental differences in the maps, claims, and parties between this case and the *Callais* case preclude the first-to-file rule here.

### B. Relief Is Unwarranted under the First-To-File Rule.

Even if the first-to-file rule *could* apply here, that hardly means it should. "The first-to-file rule is a discretionary doctrine"—not a mandate that it be invoked wherever it might apply. *Cadle Co.*, 174 F.3d at 603. Where—as here—"'the overlap between two suits is less than complete, the judgment is made case by case, based on such factors as the extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute.'" *Save Power v. Syntek Fin. Corp.*, 121 F.3d 947, 950-51 (5th Cir. 1997) (citation omitted) (quoting *TPM Holdings, Inc. v. Intra-Gold Indus., Inc.*, 91 F.3d 1, 4 (1st Cir. 1996)). Here those factors weigh against invoking the first-to-file rule here, even if it applied at all and this Court had jurisdiction to apply it. *But see supra* §§ I, II.A.

***Overlap of Suits.*** As explained above, there are substantial differences in the maps, claims, and parties that preclude the first-to-file rule potentially applying at all. But even if these differences did not preclude Plaintiffs from satisfying the threshold "substantial overlap" requirement, the substantial differences weigh against granting discretionary relief under that rule here.

***Likelihood of Conflict.*** There is no genuine risk of conflicting judgments here. This Court never issued final judgment in this case, and the only injunction it issued was vacated by the Fifth Circuit. And because the patent mootness of this action now demands dismissal, *see* Doc. 352; *supra* at 8-9, this Court will never issue

14

any judgment with which the *Callais* court could conflict. As to the interlocutory rulings this Court issued, which will now be dissolved based on mootness, any conflict is shallow at best. This Court never considered the actual maps of S.B. 8, and all of Plaintiffs' hypothesized conflicts address the merely illustrative maps they offered here. Even at the extremely high level of generality where Plaintiffs' arguments operate—*i.e.*, two majority-minority districts in the abstract untethered from S.B. 8 as an actual map)—conflict is unavoidable: even assuming that this Court's interlocutory rulings blessed *any and all* possible maps with two majority-minority districts against *any and all* possible claims, the Western District has twice struck down such maps in *Hays I* and *IV*. *Supra* at 10.

***Comparative Advantage and Interest of Each Forum.*** The *Callais* court has a clear advantage in hearing the *Callais* claims: it is a properly constituted three-judge court with jurisdiction to hear those claims. *Supra* § I.C. This Court is not.

As to the interest of the forums, each has equivalent interests here: the challenged district at the heart of both cases spans the Western and Middle Districts, and both have interests in the proper congressional maps for Louisiana.

For all of these reasons, this Court should exercise its discretion not to apply the first-to-file rule, assuming the threshold "substantial overlap" requirement is satisfied at all.

## CONCLUSION

Plaintiffs' "Motion to Apply the First-Filed Rule" should be denied.

Dated: February 15, 2024                                  Respectfully Submitted,

| | |
|---|---|
| /s/ Phillip J. Strach | /s/ Elizabeth B. Murrill |
| Phillip J. Strach* | Elizabeth B. Murrill (LSBA No. 20685) |
| Lead Counsel | *Louisiana Attorney General* |
| Thomas A. Farr* | Morgan Brungard (LSBA No. 40298) |
| John E. Branch, III* | Carey Tom Jones (LSBA No. 07474) |
| Alyssa M. Riggins* | Amanda M. LaGroue (LSBA No. 35509) |
| Cassie A. Holt* | |
| NELSON MULLINS RILEY & SCARBOROUGH LLP | Office of the Attorney General Louisiana Department of Justice |
| 301 Hillsborough Street, Suite 1400 | 1885 N. Third St. |
| Raleigh, North Carolina 27603 | Baton Rouge, LA 70804 |
| Ph: (919) 329-3800 | (225) 326-6000 phone |
| phil.strach@nelsonmullins.com | (225) 326-6098 fax |
| tom.farr@nelsonmullins.com | murrille@ag.louisiana.gov |
| john.branch@nelsonmullins.com | jonescar@ag.louisiana.gov |
| alyssa.riggins@nelsonmullins.com | brungardm@ag.louisiana.gov |
| cassie.holt@nelsonmullins.com | LaGroueA@ag.louisiana.gov |
| /s/ John C. Walsh | Jason B. Torchinsky (DC 976033)* |
| John C. Walsh, (LSBA No. 24903) | Phillip M. Gordon (DC 1531277)* |
| John C. Conine, Jr., (LSBA No. 36834) | Brennan A.R. Bowen (AZ 036639)* |
| SHOWS, CALL & WALSH, L.L.P. | Holtzman Vogel Baran |
| 628 St. Louis St. (70802) | Torchinsky & Josefiak, PLLC |
| P.O. Box 4425 | 15405 John Marshall Highway |
| Baton Rouge, LA 70821 | Haymarket, VA 20169 |
| Ph: (225) 346-1461 | (540) 341-8808 phone |
| Fax: (225) 346-1467 | (540) 341-8809 fax |
| john@scwllp.com | jtorchinsky@holtzmanvogel.com |
| coninej@scwllp.com | pgordon@holtzmanvogel.com |
| | bbowen@holtzmanvogel.com |
| *Counsel for Defendant NANCY LANDRY, in her official capacity as Secretary of State of Louisiana* | *Counsel for Defendant State of Louisiana* |

\* Admitted pro hac vice

## **CERTIFICATE OF SERVICE**

I hereby certify that, on this 15th day of February 2024, the foregoing has been filed with the Clerk via the CM/ECF system that has sent a Notice of Electronic filing to all counsel of record.

*/s/ Carey T. Jones*
CAREY T. JONES