## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., *Plaintiffs,* v. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, *Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al., *Plaintiffs,* v. R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, *Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**DEFENDANT STATE OF LOUISIANA'S REPLY IN SUPPORT OF
ITS MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

# INTRODUCTION

This case is plainly moot—indeed doubly so. First, enactment of S.B. 8 supersedes H.B. 1, which renders moot the complaint filed in this court challenging the superseded Old Law under binding Fifth Circuit precedent. Second, it is moot because there is no longer any meaningful relief that this Court can award to Plaintiffs: their suit sought a second majority-minority district, which they have received. In essence, Plaintiffs refuse to take "yes" for an answer. Although their public statements have boldly claimed total victory, their court filings now insist that there is more relief this Court can offer. The relief that Plaintiffs now purportedly seek is a declaration that H.B. 1, *which is no longer on the books*, violated the VRA—presumably so that such a declaration can serve as an advisory opinion for any remedial proceedings in *Callais*. But federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer v. Kemna*, 523 U.S. 1, 18 (1998).

Plaintiffs similarly claim that the *now-ineffective* H.B. 1 has some ethereal continuing *effect*. But that contention is readily refuted by Plaintiffs' refusal to amend their Complaint in light of S.B. 8's enactment. If Plaintiffs thought cognizable injury from H.B. 1 remained following S.B. 8, they could have amended—and needed to amend—their Complaint to challenge any residual harms from H.B. 1 that putatively remain. They tellingly refused to do so, thereby implicitly conceding that no alleged harms from H.B. 1 even conceivably remain that might be justiciable. Those implicit concessions alone require dismissal here.

# ARGUMENT

**I.    THE ENACTMENT OF S.B. 8 MOOTED THIS CASE.**

    **A.    The Enactment of a Superseding Law Moots a Challenge to the Superseded Law.**

The Fifth Circuit has long made clear that "statutory changes that discontinue a challenged

1

practice are usually enough to render a case moot, *even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.*" *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (emphasis added) (quotation marks and citation omitted). But neither set of Plaintiffs (1) cites *Fantasy Ranch* at any point or (2) meaningfully grapples with the default rule that it establishes. Nor is *Fantasy Ranch* an outlier: where "a statute or regulation is amended … *mootness is the default.*" *Freedom from Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (emphasis added) (collecting *five cases* to that effect).

Plaintiffs largely attempt to escape this default rule by (1) repeatedly accusing the State of not intervening to defend the new law in *Callais*; (2) relying on the State's theoretical power to reenact H.B. 1; and (3) citing *Perez v. Perry*, 26 F. Supp. 3d 612 (W.D. Tex. 2014). As the State advised the Court, the State has already moved to intervene in *Callais* and will defend S.B. 8. *Fantasy Ranch* makes clear that the mere power to reenact does not suffice. 459 F.3d at 564 (holding that mere "possess[ion] the power to reenact the statute*"* does not defeat mootness). And *Perez* is readily distinguishable.

In *Perez*, the new "2013 plans [we]re heavily derived from the [previously challenged] 2011 plans . . . and Plaintiffs contend[ed] that many of the alleged violations of the VRA and the Constitution in the 2011 plans persist[ed] in the 2013 plans." *Perez*, 26 F. Supp. 3d at 618. In stark contrast, this suit challenged H.B. 1 as violating VRA § 2 only because it lacked a second majority-minority district. S.B. 8 utterly eradicates that alleged defect—as Plaintiffs' happy declarations of victory make plain. *See* ECF No 352-1 at 1– 2. Thus, unlike *Perez*, the challenged conduct here is neither "repeated in exactly the same manner," nor—by extension—shows actual recurrence sufficient to defeat the presumption of good faith. *Perez*, 26 F. Supp. 3d 618.

In further contrast, the *Perez* plaintiffs sought and obtained "leave to amend" their

2

pleadings to assert that their alleged injuries from the original enacted maps persisted in the new maps—thereby preserving the court's ability to grant relief. *Id.* at 615–16. But both sets of Plaintiffs here expressly rejected this Court's invitation to amend their complaints. Finally, *Perez* is also distinguishable because in that case "the possibility of § 3(c) relief also precluded Plaintiffs' [prior] claims from being moot." *Id.* at 619. But no such relief was sought (or is available) here.

Thus, the default rule applies here: S.B. 8's repeal of H.B. 1 moots challenges to H.B. 1.[1]

## B. The Voluntary Cessation Exception Does Not Apply Here.

Plaintiffs' attempt to rely on the voluntary cessation exception to mootness is equally unavailing. The State is entitled to a presumption of good faith with respect to the voluntary cessation exception. *See Yarls v. Bunton*, 905 F.3d 905, 910–11 (5th Cir. 2018). And on the topic of redistricting generally, "the good faith of the state legislature must be presumed." *Abbott v. Perez*, 138 S. Ct. 2305, 2234 (2018) (citation omitted). *Galmon* Plaintiffs never even *acknowledge* that presumption—let alone attempt to rebut it. *See* ECF No. 358 at 9–10. That omission renders their arguments not only meritless but ultimately unserious.

*Robinson* Plaintiffs at least acknowledge (at 11) the presumption of good faith. But their reliance on the *Fenves* factors to overcome the presumption fails. That argument is heavily premised on *Robinson* Plaintiffs' contention that: (at 3) "the State of Louisiana . . . ha[s] [not] sought intervention in *Callais* to defend SB 8" and that (at 10–11) the "Attorney General . . . ha[s] [not] taken any steps to defend SB 8" in *Callais*. Those contentions were fully refuted by the Attorney General moving to intervene in the *Callais* action, making clear her intent to defend S.B. 8. *See Callais*, 3:24-cv-00122 (W.D. La. Feb. 20, 2024), ECF No. 53. Indeed, had Plaintiffs simply communicated with counsel for the Attorney General, the State could have quickly dispelled

---

[1] It is notable that S.B. 8 contains no "snap back" provision. As a result, even if S.B. 8 were struck down, H.B. 1 would not, and could not, automatically take its place.

3

Plaintiffs' conspiratorial aspersions as to the State's intention to defend S.B. 8.[2]

Similarly, Plaintiffs' contention (at 12) that "Defendants continued to defend the lawfulness of HB 1" is equally baseless. Following enactment of S.B. 8, the State has not filed any brief defending the lawfulness of H.B. 1.

Plaintiffs' responses also flout controlling Fifth Circuit precedent. As that court made clear, the "enactment of [the superseding law] by the state legislature and governor, combined with the presumption of good faith that we afford government actors, overcomes concerns of voluntary cessation." *Amawi v. Paxton*, 956 F.3d 816, 821 (5th Cir. 2020). Indeed, the presumption of good faith was not defeated in *Amawi* even though there were "stray incidents" of continuing to apply the superseded law *after* it had been repealed. *See id.* at 822 (holding that "two stray incidents fail to suggest to us that Texas would revert to applying [the superseded law]'s requirements … if this suit were dismissed"). In obvious contrast here, there are no "stray incidents" of applying H.B. 1.

More generally, "the government's ability to reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception," *Freedom From Religion*, 58 F.4th at 833. But that—combined with Plaintiffs' insinuations premised on the State's putative refusal to intervene in *Callais* (which were quickly refuted)—is all that Plaintiffs offer against the presumption of good faith. And *Freedom from Religion* and *Fantasy Ranch* make plain that is not enough to avoid dismissal on mootness grounds.

## II. THIS CASE IS INDEPENDENTLY MOOT BECAUSE THIS COURT CAN NO LONGER AWARD ANY EFFECTUAL RELIEF.

Even aside from the fact that H.B. 1 no longer exists because S.B. 8 superseded and replaced it, this case is moot because this Court can no longer grant "any effectual relief" as to

---

[2] The State's motion to intervene was in the works before Plaintiffs' unfounded insinuations. Indeed, the State's first-to-file opposition *expressly* stated that "[t]he Attorney General intends to intervene in *Callais* as the State to defend S.B. 8 against the constitutional challenges." Doc. 355 at 13 n.4.

4

H.B. 1. *Motient Corp. v. Dondero*, 529 F.3d 532, 537 (5th Cir. 2008). Plaintiffs appear to argue that effective relief is still available in the form of "injunctive and declaratory relief from H.B. 1" ECF No. 358 at 1; *accord* ECF No. 357 at 14 (arguing that "declaratory and injunctive relief [could be] issued by this [C]ourt"). Not so.

As an initial matter, Plaintiffs' contention that they still could obtain *injunctive* relief as to H.B. 1 is preposterous. Injunctions may only issue if Plaintiffs can prove that they are "likely to suffer irreparable harm in the absence of [injunctive] relief." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008); *accord Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 546 n.12 (1987). The prospect that Plaintiffs are outright *likely* to suffer future irreparable harm from a law no longer in force is both conceptually flawed and devoid of any proof.

Plaintiffs' reliance on declaratory relief fares no better. As noted above, federal courts "are not in the business of pronouncing that past actions which have no demonstrable continuing effect were right or wrong." *Spencer*, 523 U.S. at 18. Here the alleged wrong was the absence of two majority-minority districts. S.B. 8 eliminated that alleged deficiency, and there is "no demonstrable continuing effect" from H.B. 1 as a result. *Id.*

This Court thus lacks jurisdiction to opine—by declaratory judgment or otherwise—whether H.B. 1 was "right or wrong." *Id.* Nor can seeking declaratory relief avoid mootness occasioned by statutory repeal. *See, e.g.*, *Log Cabin Republicans v. United States*, 658 F.3d 1162, 1167 (9th Cir. 2011) ("When a statutory repeal or amendment extinguishes a controversy, the case is moot. There is no exception for declaratory relief.").

## CONCLUSION

For the foregoing reasons and those explained in the State's motion to dismiss, this case is moot and must be dismissed.

Dated: February 23, 2024                              Respectfully Submitted,

5

| | |
|---|---|
| Jason B. Torchinsky (DC 976033)* | */s/ Morgan Brungard* |
| Phillip M. Gordon (DC 1531277)* | Morgan Brungard (LSBA No. 40298) |
| Brennan A.R. Bowen (AZ 036639)* | Carey Tom Jones (LSBA No. 07474) |
| Holtzman Vogel Baran | Amanda M. LaGroue (LSBA No. 35509) |
| Torchinsky & Josefiak, PLLC | Office of the Attorney General |
| 15405 John Marshall Highway | Louisiana Department of Justice |
| Haymarket, VA 20169 | 1885 N. Third St. |
| (540) 341-8808 phone | Baton Rouge, LA 70802 |
| (540) 341-8809 fax | (225) 326-6000 phone |
| jtorchinsky@holtzmanvogel.com | (225) 326-6098 fax |
| pgordon@holtzmanvogel.com | JonesCar@ag.louisiana.gov |
| bbowen@holtzmanvogel.com | BrungardM@ag.louisiana.gov |
| *admitted pro hac vice | LaGroueA@ag.louisiana.gov |

*Counsel for Proposed Intervenor-Defendant State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 23rd day of February 2024, the foregoing has been filed with the Clerk via the CM/ECF system that has sent a Notice of Electronic filing to all counsel of record.

*/s/ Morgan Brungard*
Morgan Brungard