UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

PRESS ROBINSON, ET AL.

VERSUS

KYLE ARDOIN

CIVIL ACTION

22-CV-211-SDD-SDJ

**RULING**

This matter comes before the Court on the *Motion to Apply the First-Filed Rule*[1] by Edgar Cage, Martha Davis, Davante Lewis, Clee Earnest Lowe, Dorothy Nairne, National Association for the Advancement of Colored People Louisiana State Conference, Power Coalition for Equity and Justice, Press Robinson, Ambrose Sims, Edwin Rene Soule, and Alice Washington, (collectively, the "Plaintiffs"). The Louisiana Legislative Black Caucus filed a *Reply*[2] in support of Plaintiffs' Motion. The State of Louisiana (the "State" or "Defendant") submitted an *Opposition*.[3] For the foregoing reasons, Plaintiffs' Motion will be denied.

I.  **BACKGROUND**

On January 24, 2024, Defendant informed the Court that Governor Landry signed into law Senate Bill 8 ("S.B. 8") which enacted a new congressional map for Louisiana.[4] This congressional map contains two majority-Black districts.[5] On January 31st, the case *Callais, et al. v. Landry*, was filed in the Western District of Louisiana.[6] In *Callais*, a group

---

[1] Rec. Doc. 345.
[2] Rec. Doc. 354.
[3] Rec. Doc. 355.
[4] Rec. Doc. 342.
[5] *Id.* at pp. 1–2.
[6] Rec. Doc. 345-2; *Callais, et al. v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS (W.D. La).

of non-African American Louisiana voters filed suit against the Secretary of State, Nancy Landry in her official capacity, alleging that in enacting S.B. 8 the State violated (1) the Equal Protection Clause of the Fourteenth Amendment by enacting racially gerrymandered districts and (2) the Fourteenth and Fifteenth Amendments by "intentionally discriminating against voters and abridging their votes based on racial classifications across the State of Louisiana."[7] These plaintiffs (the "*Callais* Plaintiffs") seek declaratory and injunctive relief.[8] Thereafter, on February 5th, Plaintiffs filed the instant motion asking the Court to apply the First-Filed Rule and assert jurisdiction over *Callais* because a controversy exists between the captioned matter and *Callais*.[9] The Louisiana Legislative Black Caucus filed a Reply in support of Plaintiffs' Motion and Defendant followed with its Opposition.[10]

## II.    LAW AND ANALYSIS

The First-Filed Rule is "grounded in principles of comity and sound judicial administration."[11] "The federal courts long have recognized that the principle of comity requires federal district courts—courts of coordinate jurisdiction and equal rank—to exercise care to avoid interference with each other's affairs."[12] "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result."[13] This concern applies where related cases have been filed in different districts. Under this

---

[7] Rec. Doc. 345-2, p. 5.
[8] *Id.*
[9] Rec. Doc. 345.
[10] Rec. Docs. 354 and 355.
[11] *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).
[12] *Id* (quoting *W. Gulf Mar. Ass'n v. ILA Deep Sea Loc. 24, S. Atl. & Gulf Coast Dist. of ILA, AFL-CIO*, 751 F.2d 721, 728 (5th Cir. 1985)).
[13] *Id* (quoting *W. Gulf Mar. Ass'n,* 751 F.2d at 729).

rule "the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap."[14] The court looks to factors "such as whether 'the core issue. . .was the same' or if 'much of the proof adduced. . .would likely be identical.'"[15] It is within the Court's sound discretion whether to apply the First-Filed Rule.[16]

Plaintiffs request that this Court conduct this "substantial overlap" analysis because, according to Plaintiffs "where two cases likely overlap, the court in the first case should assess whether there is substantial overlap between its case and the second case; if so, it should take over the second case", relying on *Cadle Co. v. Whataburger of Alice, Inc*.[17] This argument, however, misconstrues the case law. In *Cadle*, the Fifth Circuit explained that this rule is used by the court in the second case to "maximize judicial economy and minimize embarrassing inconsistencies by prophylactically refusing to hear a case[,] raising issues that might substantially duplicate those raised by a case *pending* in another court."[18] The Circuit continues to explain that the court in the second case is the court that determines whether a substantial overlap between the two suits exists, *only then* is the first court tasked with deciding whether to assert jurisdiction over both suits.[19] The Circuit concluded that the court in the second *Cadle* case "properly limit[ed] its inquiry to the potential overlap between the two cases."[20] The clear import of the Fifth Circuit's

---

[14] *Gateway Mortg. Grp., L.L.C. v. Lehman Bros. Holdings, Inc.*, 694 F. App'x 225, 227 (5th Cir. 2017) (quoting *Cadle Co. v. Whataburger of Alice, Inc.*, 174 F.3d 599, 603 (5th Cir. 1999)).
[15] *Id* (quoting *Int'l Fid. Ins. Co. v. Sweet Little Mexico Corp.*, 665 F.3d 671, 678 (5th Cir. 2011)).
[16] *Waguespack v. Medtronic, Inc.*, 185 F. Supp. 3d 916, 922 (M.D. La. 2016) ("The Fifth Circuit has 'long advocated that district courts exercise their discretion to avoid duplication of proceedings where related claims are being litigated in different districts.'") (quoting *Marks v. Mackey*, 2014 WL 3530137, at *2 (W.D. La. July 15, 2014)); *see also Cadle Co.*, 174 F.3d at 603 ("The first-to-file rule is a discretionary doctrine. . . .") (citing *Kerotest Mfg. Co. v. C–O–Two Fire Equip. Co.*, 342 U.S. 180, 183–84 (1952)).
[17] Rec. Doc. 345-1, pp. 2–3; 174 F.3d 599.
[18] *Cadle Co.*, 174 F.3d at 604 (emphasis added in original).
[19] *See id* at 605–6 ("Once the likelihood of a substantial overlap between the two suits has been demonstrated, it is [sic] no longer up to the second filed court to resolve the question of whether both should be allowed to proceed.") (quoting *Mann Mfg., Inc. v. Hortex, Inc.*, 439 F.2d 403, 408 (5th Cir. 1971)).
[20] *Id* at 606.

rationale in *Cadle* requires that Plaintiffs first present the question of substantial similarity between the two case to the court in the second filed case. In this case, the Plaintiffs should first ask the Western District Court in *Callais* to address the comity question, rather than asking this Court to take the unprecedented step of preempting the Western District Court from exercising jurisdiction.

Plaintiffs cite *InforMD, LLC v. DocRX, Inc.* to support their argument that this Court should act preemptively. But that case does not stand for Plaintiffs' proposition. In *InforMD, LLC*, this Court did not explicitly hold that the court in the first filed case decides whether two cases substantially overlap. A lawsuit was filed in this Court by InforMD against DocRx and another defendant. InforMD sought a declaratory judgment, among other things, as to "the rights and responsibilities" of the parties' to a 2011 settlement agreement.[21] But the case was voluntarily dismissed without prejudice by agreement of the parties.[22] Subsequently, DocRX filed suit against InforMD and others in the Southern District of Alabama asserting claims for breach of the 2011 settlement agreement. The Magistrate Judge of the Southern District of Alabama "directed InforMD to file a motion in this Court 'for application of the first-filed rule' and stayed the proceeding 'pending a decision by the Louisiana Court on the forthcoming motion.'"[23] Ultimately, this Court granted a motion to vacate the voluntary dismissal of the case, and then considered whether this Court should apply the first-filed rule to the litigation.

In *InforMD, LLC,* the Southern District of Alabama—the second court in this litigation—directed the parties to seek application of the First-Filed Rule *before* this Court

---

[21] *InforMD, LLC v. DocRX, Inc.*, 2015 WL 13064934, at *1 (M.D. La. Aug. 31, 2015).
[22] *Id.*
[23] *Id.*

took up the matter of substantial similarity. Indeed, in *InforMD, LLC* this Court cites to the proper application of the First-Filed Rule discussed in *Cadle*: "when related cases are pending before two federal courts, *the court in which the case was last filed may refuse to hear it if the issues raised by the cases substantially overlap*."[24] After Plaintiffs filed the instant motion in this case, Plaintiffs filed a motion to intervene in *Callais* and to transfer *Callais* to this Court. However, the motion to transfer was withdrawn before the Western District of Louisiana had an opportunity to rule on it.[25] In short, the Western District was not given the opportunity to decline jurisdiction because of substantial similarity with the captioned matter filed in this Court.[26] This Court will not overstep and intervene in another district court's decision-making by unilaterally taking over *Callais*.

Furthermore, even if the First-File Rule found some purchase here, the captioned matter and *Callais* do not substantially overlap. The core issue in this case differs from the core issue in *Callais*. This case involves a statutory challenge under the Voting Rights Act ("VRA") to the now-repealed congressional map, House Bill 1 ("H.B. 1"), whereas *Callais* presents constitutional challenges to the newly enacted S.B. 8. While these cases are somewhat similar in that each involves redistricting concepts and challenge electoral maps, the legal underpinnings are distinct. In the captioned matter, this Court was tasked with determining whether the prior congressional map violated § 2 of the VRA under a results test. This § 2 inquiry does not require Plaintiffs to prove discriminatory intent. Indeed, in *Nairne v. Ardoin,* a challenge to the State House and Senate Maps under the

---

[24] *Id.* at *2 (citing *Cadle Co.*, 174 F.3d at 603) (emphasis added).
[25] Rec. Doc. 80 (Electronic Order withdrawing the motion to transfer) of *Callais, et al. v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS (W.D. La).
[26] In fact, at the time of the writing of this *Ruling*, the Western District of Louisiana commenced a bench trial on the merits in *Callais*. Rec. Doc. 173 (Minute Entry of *Callais* Trial Proceedings) of *Callais, et al. v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS (W.D. La).

VRA by many of the same plaintiffs in this case, this Court recently explained, "[n]ot relevant to the Court's inquiry is whether the Louisiana Legislature *intended* to dilute the votes of Black Louisianans. The Court's § 2 analysis 'assesses the impact of the contested structure or practice on minority electoral opportunities on the basis of objective factors.' The Legislature's intent is therefore 'the wrong question.'"[27] Moreover, this Court declined to address the constitutional question that the defendants attempted to put before it in *Nairne*. In its refusal, the Court explained that the racial-gerrymandering context "is materially different" from the racial vote-dilution context, because "racial gerrymandering claims require proof of intent."[28] The *Callais* Plaintiffs have alleged that Louisiana created gerrymandered districts and "intentionally discriminated" against voters who are non-African American.[29] The Western District confronts constitutional questions that were not before this Court in the captioned matter. The appointment of the three-judge panel in *Callais* pursuant to § 2284 to reach such questions is a stark indicator that these cases are distinguished.[30]

Additionally, as to whether the proof would likely be identical, the *Callais* Plaintiffs' burden alone shows that the proof will not be identical. The *Callais* Plaintiffs must set forth proof of intent to succeed on their gerrymandering claims; this is not an evidentiary requirement for the Plaintiffs in this case. Moreover, the Plaintiffs in this case challenge H.B. 1 and the *Callais* Plaintiffs are challenging S.B. 8. The congressional maps, which

---

[27] *Nairne v. Ardoin*, 2024 WL 492688, at *3 (M.D. La. Feb. 8, 2024) (quoting *Thornburg v. Gingles*, 478 U.S. 30, 44 (1986)).
[28] *Id* at *27 (quoting Amicus Brief of Professors Stephanopoulos and Chen at 19, *Alexander v. S.C. State Conf. of the NAACP,* 143 S. Ct. 2456 (2023) (No. 22-807)).
[29] Rec. Doc. 345-2, p. 5.
[30] 28 U.S.C § 2284 requires that "[a] district court of three judges shall be convened. . .when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). The rule also requires that at least one of the three judges be a circuit judge. 28 U.S.C. § 2284(b)(1).

are the core issue in each case and thus the primary subject of any potential evidence, are different.[31]

Finally, *Callais* and the instant case involve different parties which weighs against a finding of substantial overlap.[32] The *Callais* Plaintiffs are not involved in *Robinson* nor *Nairne*. Only the Louisiana Secretary of State is a party in both matters but this fact is unpersuasive because as Defendants point out, the Louisiana Secretary of State is likely to be involved in any election challenges.

In conclusion, because materially different legal questions are presented, the burden of proof is different, and different parties are involved, the Court finds that the two cases do not substantially overlap. Accordingly, the Court denies Plaintiffs' Motion to apply the First-Filed Rule.

## III.   CONCLUSION

For the reasons stated above, Plaintiffs' *Motion to Apply the First-Filed Rule*[33] is hereby **DENIED.**

---

[31] *But cf. La. Asset Mgmt. Pool v. Bank of Am. Corp.*, 2020 WL 7861306, at *2–3 (E.D. La. Dec. 31, 2020) (finding cases had substantial overlap where three cases arose out of the same conspiracy and the cases involved the same alleged violations); *cf. Boh Bros. Constr. Co. v. Ca. First Nat'l Bank,* 2016 WL 9404906, at *3–4 (E.D. La. June 1, 2016) (applying the First-Filed Rule where the case involved "the same contracts, same invoices, and same communications between the parties"); *cf. Encore Wire Corp. v. Copperweld Bimetallics, LLC*, 2023 WL 123506, at *4 (E.D. Tex. Jan. 6, 2023) (finding that the antitrust issue between two cases was "essentially identical" so the Court could anticipate that "the same or much of the same proof would be introduced" in both cases).

[32] *See Scanner Techs. Corp. v. NVIDIA Corp.*, 2006 WL 844142, at *2 (E.D. Tex. Dec. 7, 2006) (declining to transfer a patent case because the cases involved different claims, different parties, as well as different patents and the "overlap. . .[was] not sufficient to show that a transfer [was] warranted pursuant to the judicial doctrine of first to file."); *see also TravelPass Grp. LLC v. Caesars Ent. Corp.*, 2019 WL 4071784, at *5–6 (E.D. Tex. Aug. 29, 2019) (declining to apply the first-filed rule in part because the cases involved different types of claimants and claims); *but cf. Boh Bros. Constr. Co.*, 2016 WL 9404906, at *2–4 (applying first-filed rule where the "two cases [were] functionally identical" and two of the three parties in the second action were parties to the first action).

[33] Rec. Doc. 345.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on <u>16th</u> this day, April, 2024.

                                                */s/ Shelly D. Dick*
                                         **SHELLY D. DICK**
                                         **CHIEF DISTRICT JUDGE**
                                         **MIDDLE DISTRICT OF LOUISIANA**

Case 3:22-cv-00211-SDD-SDJ    Document 370    04/16/24    Page 8 of 8