UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br>   *Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>   *Defendant*. | Civil Action No. 3:22-cv-00211-SDD-RLB |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD,<br>   *Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>   *Defendant*. | Civil Action No. 3:22-cv-00214-SDD-RLB |

**_GALMON_ PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL RULING AND TO SCHEDULE REMEDIAL PROCEEDINGS**

Pursuant to Federal Rule of Civil Procedure 59(e), Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard ("*Galmon* Plaintiffs") respectfully move for reconsideration of this Court's April 25, 2024, ruling granting Defendants' Motion to Dismiss, ECF No. 371. As explained in the accompanying memorandum of law, the Western District of Louisiana's permanent injunction prohibiting the use of S.B. 8 deprives *Galmon* Plaintiffs of a congressional districting map that complies with Section 2 of the Voting Rights Act—the same injury for which they have sought a remedy in this Court for the past two years. Because that injury is once again presently existing—and no longer speculative or hypothetical—*Galmon* Plaintiffs' claims are no longer moot. Should the Court reconsider its order on Defendants' motion to dismiss, *Galmon* Plaintiffs respectfully request that the Court also reconsider its combined order denying then-pending motions in limine. *See id.* at 13–14. Consistent with the Fifth Circuit's expectation that a lawful, Section 2-compliant map will be in place "to be used for the 2024 Louisiana congressional elections," *Robinson v. Ardoin*, 86 F.4th 574, 584 (5th Cir. 2023), this Court should proceed directly to the remedial proceedings for which the parties have already fully prepared.

Date: May 1, 2024                                    Respectfully submitted,

                                                     By: */s/Abha Khanna*

| | |
|---|---|
| J. E. Cullens, Jr.<br>Andrée Matherne Cullens<br>S. Layne Lee<br>WALTERS, THOMAS, CULLENS, LLC<br>12345 Perkins Road, Bldg. One<br>Baton Rouge, LA 70810<br>(225) 236-3636 | Abha Khanna (admitted *pro hac vice*)<br>ELIAS LAW GROUP LLP<br>1700 Seventh Ave. Suite 2100<br>Seattle, Washington 98101<br>(206) 656-0177<br>akhanna@elias.law<br><br>Lalitha Madduri (admitted *pro hac vice*)<br>Jacob D. Shelly (admitted *pro hac vice*)<br>Daniel Cohen (admitted *pro hac vice*)<br>Qizhou Ge (admitted *pro hac vice*)<br>ELIAS LAW GROUP LLP<br>250 Massachusetts Ave, NW Suite 400<br>Washington, D.C. 20001<br>(202) 968-4490<br><br>*Counsel for Galmon Plaintiffs* |