UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Civil Action No. 3:22-cv-00211-SDD-SDJ<br><br>Chief Judge Shelly D. Dick<br><br>Magistrate Judge Scott D. Johnson |
| EDWARD GALMON, SR., et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>*Defendant.* | Consolidated with<br>Civil Action No. 3:22-cv-00214-SDD-SDJ |

**LEGISLATIVE INTERVENORS' RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

A motion to alter or amend judgment is "an extraordinary measure that should rarely be granted[.]" *Humphrey v. United Way of Texas Gulf Coast,* 802 F. Supp. 2d 847, 853 (S.D. Tex. 2011). This case does not warrant such an extraordinary measure. The Court properly dismissed this case because "H.B. 1 . . . is the challenged action before this Court" and it is undisputed that H.B. 1 has been repealed. Doc. 371 at 10. The ruling and injunction issued in *Callais v. Landry*, No. 3:24-cv-00122, 2024 WL 1903930 (W.D. La. Apr. 30, 2024), did not result in H.B. 1 becoming the law of Louisiana again. As the *Galmon* Plaintiffs admit, the ruling leaves the State without "*any* operative congressional plan." Doc. 372-1 at 9. A new plan will emerge from the *Callais* remedial process, but it is unknown what it will be or even who will configure it. The *Galmon*

Plaintiffs cannot show that such a plan would be vulnerable to a Section 2 challenge, that they would have standing to challenge any districts in such a plan, or that this Court may review it. Accordingly, it is—at best—highly speculative to assert that any claim cognizable in this forum will ever ripen into a live dispute. Nor is there any merit in the *Galmon* Plaintiffs' demand that *this* Court conduct the remedial process that is necessitated by *another* court's injunction. This case is over, and the *Galmon* Plaintiffs have not shown otherwise.

### A. The Challenge To H.B. 1 Is Moot

The *Galmon* Plaintiffs acknowledge that relief under Rule 59(e) is proper only "(1) where there has been an intervening change in the controlling law; (2) where the movant presents newly discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012); *see* Doc. 372-1 at 2. They appear to argue only to the second element. *See* Doc. 372-1 at 3–4. But the ruling is not "new evidence," *id.* at 3, that was previously unavailable, and it does not undermine the Court's ruling.

First, the *Callais* ruling is not "newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003). The *Galmon* Plaintiffs rested their opposition to the motion to dismiss this case as moot on the possibility that "the *Callais* plaintiffs [may] succeed on their as-yet unopposed motion for preliminary injunction." Doc. 358 at 3. And the Court addressed this possible outcome in a section of its dismissal ruling titled: "**C. Implication of *Callais* Litigation**." Doc. 371 at 8. In that section, the Court explained that this case challenges "the 2022 congressional map, [also known as H.B. 1]" and that "S.B. 8 has repealed H.B. 1."[1] *Id.* at 9 (quotation and alternation marks omitted). Given that repeal, the Court correctly concluded that "no substantial

---

[1] *See also* Doc. 370 at 5 ("This case involves a statutory challenge under the Voting Rights Act ("VRA") to the now-repealed congressional map, House Bill 1 ('H.B. 1')").

2

controversy remains to warrant a declaratory judgment," regardless of the *Callais* outcome. *Id.* Accordingly, the injunction in *Callais* does not qualify as "evidence that was previously unavailable." *Demahy*, 702 F.3d at 182. The *Galmon* Plaintiffs are rearguing a point they raised before judgment and lost.[2] The *Galmon* Plaintiffs do not address the Court's rationale in rejecting their argument, *see* Doc. 372-1 at 3–4, or supply a basis for the Court to revisit it.

Second, the Court's rationale remains correct. The *Galmon* Plaintiffs do not deny that S.B. 8 repealed H.B. 1, and they do not contend that the *Callais* ruling "un-repeals" H.B. 1 to make it, as a matter of law, the operative Louisiana congressional districting statute. Nor could they. The *Callais* court enjoined Louisiana "from using SB8's *map* of congressional districts for any election," *Callais v. Landry*, No. 3:24-cv-00122, 2024 WL 1903930, at *24 (W.D. La. Apr. 30, 2024) (emphasis added), but did not disturb the Legislature's repeal of H.B. 1. Accordingly, it is common ground that the *Callais* ruling leaves the State "with no lawful map in place." Doc. 372-1 at 1; *see also id.* at 9 ("Louisiana lacks *any* operative congressional plan").[3] Because H.B. 1 remains repealed, Plaintiffs' challenge to it is no more live today than when this Court ruled.

The *Galmon* Plaintiffs seek to avoid this clear conclusion by recharacterizing their claims in abstract terms. They say they challenge "the absence of a congressional map with the two required Black-opportunity districts" and that "the absence of two majority-minority districts has returned." Doc. 372-1 at 3–4. But a redistricting case cognizable under Article III must challenge a map—in fact, districts in a map—not the "absence" of a map. The harm under Section 2 is

---

[2] To be sure, the Court correctly declined to "presume the outcome of" *Callais* in considering injunctive relief, Doc. 371 at 8, but its rationale under the Declaratory Judgment Act did account for the scenario of a *Callais* injunction against S.B. 8, *see id.* at 9.

[3] *Robinson* Plaintiffs represented to the *Callais* court that "as the result of [that] Court's order, there is currently no map in place[.]" Robinson Intervenors' Mot. for Stay, *Callais v. Landry,* No. 3:24-cv-122, ECF No. 201-1, at 9 (W.D. La., filed May 1, 2024).

3

dilution of votes, and "that injury is district specific." *Gill v. Whitford*, 585 U.S. 48, 66 (2018); *see Harding v. Cnty. of Dallas, Texas*, 948 F.3d 302, 307 (5th Cir. 2020) (applying this rule to Section 2 cases). A live controversy depends on allegations that "each voter resides in a district where their vote has been cracked or packed." *Harding*, 948 F.3d at 307. Whereas Plaintiffs alleged this as to H.B. 1, and the Court was correct in understanding this as a challenge to H.B. 1, the *Galmon* Plaintiffs have no live allegation of harm from their own districts—since there are no districts. Nor is Plaintiffs' claim redressable when the reason there is temporarily no congressional plan is that the *Callais* court enjoined S.B. 8 and when a new plan is soon to emerge from the *Callais* case.

The *Galmon* Plaintiffs are also incorrect in their contention that the *Callais* ruling indicates that "the wrongful behavior" can occur again. Doc. 372-1 at 4. It is the repeal of H.B. 1 by "statutory changes" that is "enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." *Fantasy Ranch Inc. v. City of Arlington, Tex.*, 459 F.3d 546, 564 (5th Cir. 2006) (citation omitted). Because H.B. 1 is repealed by legislative act, the case is moot. The *Callais* ruling does not interfere with the repeal of H.B. 1; it no longer stands as legislation of Louisiana. It therefore does not undermine this Court's correct holding that the legislative repeal of H.B. 1 moots this lawsuit.

### B. A Challenge To a Plan That Does Not Yet Exist Is Unripe

For these reasons, the *Galmon* Plaintiffs' speculation about "the absence of two majority-minority districts," Doc. 372-1 at 3, is properly evaluated under the doctrine of ripeness, not mootness. The *Galmon* Plaintiffs are not in truth challenging H.B.1 or any districts in any plan, but are asking this Court to assume jurisdiction over a hypothetical challenge to a future plan that does not yet exist. But a claim is unripe, and beyond federal jurisdiction, if it is "dependent on

4

contingent future events that may not occur as anticipated, or indeed may not occur at all." *Trump v. New York*, 592 U.S. 125, 131 (2020) (citation omitted). Here, the *Galmon* Plaintiffs' claim depends on two contingencies that may never materialize.

First, the *Galmon* Plaintiffs assume that the *Callais* remedial phase will yield a new plan that does not contain two majority-Black districts. *See* Doc. 372-1 at 3–4. No one knows whether that will be so. The *Callais* court did not "decide on the record before [it] whether it is feasible to create a second majority-Black district in Louisiana that would comply with the Equal Protection Clause of the Fourteenth Amendment." 2024 WL 1903930, at *24. Instead, the court directed a remedial phase to identify and evaluate plans to remedy the violation the *Callais* court found. *Id.* The *Galmon* Plaintiffs appear to assume that any plan that emerges from the *Callais* remedial phase will violate the Voting Rights Act (VRA). But the *Callais* court must ensure that any plan it approves (however configured) complies with federal law, including the VRA. *See Abrams v. Johnson*, 521 U.S. 74, 85–100 (1997). Review of its rulings will be available in the Supreme Court.[4] *See* 28 U.S.C. § 1253; *North Carolina v. Covington*, 585 U.S. 969, 975 (2018). It would be wholly improper to assume that a plan that satisfies both levels of scrutiny will be vulnerable to any legal challenge. It is difficult to see how a plan the U.S. Supreme Court adjudicates could be subject to additional review in this Court. At best, that outcome is unlikely. *See* Doc. 371 at 8 ("The Court cannot presume the outcome of a case outside of its jurisdiction to reach a particular conclusion for Plaintiffs.").

Second, the *Galmon* Plaintiffs implicitly assume that a new plan will come from Louisiana's political branches. But the *Callais* court itself, or a special master it employs, may

---

[4] In fact, intervenors in *Callais* (the *Robinson* Plaintiffs in this case) have already taken an appeal from the *Callais* injunction. The possibility of Supreme Court intervention raises yet another contingency that renders the *Galmon* Plaintiffs' challenge unripe.

fashion a plan and order the State to implement it. Although courts must "afford a reasonable opportunity for the legislature to meet constitutional requirements by adopting a substitute measure," this rule only applies where that opportunity is "practicable." *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978); *see In re Landry*, 83 F.4th 300, 303 (5th Cir. 2023). It is too late for redistricting legislation to be proposed in the Legislature's current session before it ends on or before June 3, 2024; only a special session sometime after June 3 could yield an enacted plan. That timing may not be administratively feasible and may (or may not) justify an interim judicial redistricting. *See Perry v. Perez*, 565 U.S. 388, 391–92 (2012). The *Callais* court will decide that question. Moreover, the Louisiana Legislature is not legally obligated to avail itself of a redistricting opportunity; it may leave it "for the federal court to devise and order into effect its own plan." *Wise*, 437 U.S. at 540. The *Galmon* Plaintiffs cannot credibly argue that this Court would have jurisdiction to review and potentially enjoin a plan crafted and imposed by another federal court. This contingency, too, renders the *Galmon* Plaintiffs' challenge unripe.

      **C.**      **This Court Cannot Conduct the *Callais* Remedial Process for the *Callais* Court**

Not content with their untenable request that this Court reopen a moot case to consider an unripe challenge, the *Galmon* Plaintiffs double down, declare victory on the merits, and ask this Court to skip to "remedial proceedings." Doc. 372-1 at 7. Yet, without a liability ruling in *this* Court, there is no basis for remedial proceedings in *this* Court. Remedial proceedings may occur only "[w]hen a federal court declares an existing apportionment scheme unconstitutional" or otherwise unlawful. *Wise v. Lipscomb*, 437 U.S. 535, 540 (1978). The *Galmon* Plaintiffs' request for remedial proceedings before liability is even alleged (much less proved) violates the Due

6

Process Clause and dozens of the Federal Rules of Civil Procedure.[5] The "Fifth Circuit contemplated" "a trial to determine liability," Doc. 372-1 at 9, for the basic reason that there can be no "remedy" without a "wrong." *Growe v. Emison*, 507 U.S. 25, 41 (1993). The *Galmon* Plaintiffs "have no right to . . . court-ordered relief in the abstract," but only if they "have proven that specific conduct by the [State] violates Section 2." *Holloway v. City of Virginia Beach*, 42 F.4th 266, 275 (4th Cir. 2022) (finding Section 2 case moot where that had not been shown as to operative redistricting plan). Just as criminal sentencing cannot occur before a conviction, remedies cannot be fashioned without a trial, a liability ruling, and an injunction. The *Galmon* Plaintiffs' contrary view "has things backwards." *Id.*

The *Galmon* Plaintiffs insist that "there is no need for a trial to determine liability" "[n]ow that Louisiana lacks *any* operative congressional plan." Doc. 372-1 at 9. This ignores *why* there is no operative plan. It is not because of "specific conduct by the [State]" that can be addressed here, *Holloway*, 42 F.4th at 275, but because the *Callais* court enjoined the plan the Legislature adopted after the *Callais* court's own determination of liability. Accordingly, the absence of a plan is a temporary state of affairs that the *Callais* court created and has responsibility to resolve. Precedent is clear that it is "the federal court" that has "declare[d] an existing apportionment scheme unconstitutional" that is to preside over the remedial proceedings to resolve the violation. *See Wise*, 437 U.S. at 540. And the *Callais* court has expressly stated that such remedial proceedings are imminent. *Callais*, 2024 WL 1903930, at *24 ("**REMEDIAL PHASE**"). No precedent suggests that, when a federal court enjoins a redistricting plan, plaintiffs can go to a *different* court, declare

---

[5] *See, e.g.*, Fed. R. Civ. P. 3 (commencing an action); Fed. R. Civ. P. 4 (summons); Fed. R. Civ. P. 5 (service); Fed. R. Civ. P. 7 (complaint and answer); Fed. R. Civ. P. 8 (pleading standards); Fed. R. Civ. P. 12 (defenses and motions to dismiss); Fed. R. Civ. P 26–37 (discovery); Fed. R. Civ. P. 39 (trial); Fed. R. Civ. P. 50 and 56 (judgment and summary judgment); Fed. R. Civ. P. 54 (findings of fact and conclusions of law); Fed. R. Civ. P. 65 (injunction).

7

that the injunction has "plung[ed]" the state "into unlawfulness," Doc. 372-1 at 9, and open up *remedial* proceedings in that *other* court.[6]

These points answer the *Galmon* Plaintiffs' advocacy for "simultaneous" proceedings, Doc. 372-1 at 9, which are unavailable. Only an injunction can give rise to a remedy, and the only injunction in play is that of the *Callais* court. Whether or not there is "inconsistency" between this Court's vacated preliminary-injunction ruling and the *Callais* ruling, *id.*, it is the *Callais* injunction that has created the need for a remedy, not an injunction of this Court. For the same reason, redressability in this Court is lacking: the Defendants in this action did not issue the *Callais* ruling, and an injunction against them would not remedy it.

Moreover, even if there were sometimes discretion for one federal court to conduct remedial proceedings necessitated by another's injunction—there is not—Congress forbade that here by assigning constitutional claims like those raised in *Callais* to three-judge district courts, 28 U.S.C. § 2284, and assigning review of injunctions and judgments in such cases to the Supreme Court, *see* 28 U.S.C. § 1253. The *Galmon* Plaintiffs ask this Court to violate both statutes—the first by issuing a remedy in "an action . . . challenging the constitutionality of the apportionment of congressional districts," 28 U.S.C. § 2284(a), and the second by effectively sitting in review of "an interlocutory or permanent injunction . . . determined by a district court of three judges," *id.* § 1253. Only one congressional plan can govern Louisiana. Congress has directed that it come in the proceedings overseen by the *Callais* panel, not these proceedings, which are moot and unripe. The Court's prior ruling correctly recognized this; it needs no revisiting now.

---

[6] This is, then, not a case where different persons allegedly harmed by government action challenge that action in different courts. *See* Doc. 372-1 at 10–11 (quoting *Health Freedom Def. Fund, Inc. v. Biden*, 572 F. Supp. 3d 1257, 1266 (M.D. Fla. 2021)). This is a case where a liability ruling in one court has led to a remedial proceeding in *that* court, but a *different* court is asked to conduct parallel remedial proceedings based on the other court's liability ruling. That does not work.

## CONCLUSION

For these reasons, the Court should deny the motion for reconsideration.

Respectfully submitted,

| | |
|---|---|
| E. Mark Braden*<br>Katherine L. McKnight*<br>Richard B. Raile**<br>**BAKERHOSTETLER LLP**<br>1050 Connecticut Ave., N.W., Ste. 1100<br>Washington, D.C. 20036<br>(202) 861-1500<br>mbraden@bakerlaw.com<br>kmcknight@bakerlaw.com<br>rraile@bakerlaw.com<br><br>Patrick T. Lewis*<br>**BAKERHOSTETLER LLP**<br>127 Public Square, Ste. 2000<br>Cleveland, Ohio 44114<br>(216) 621-0200<br>plewis@bakerlaw.com<br><br>Erika Dackin Prouty*<br>**BAKERHOSTETLER LLP**<br>200 Civic Center Dr., Ste. 1200<br>Columbus, Ohio 43215<br>(614) 228-1541<br>eprouty@bakerlaw.com<br><br>* *Admitted Pro Hac Vice* | */s/ Michael W. Mengis*<br>Michael W. Mengis, LA Bar No. 17994<br>**BAKERHOSTETLER LLP**<br>811 Main Street, Suite 1100<br>Houston, Texas 77002<br>Phone: (713) 751-1600<br>Fax: (713) 751-1717<br>Email: mmengis@bakerlaw.com<br><br>*Counsel for Legislative Intervenors, Phillip DeVillier, in his Official Capacity as Speaker of the Louisiana House of Representatives, and of Cameron Henry, in his Official Capacity as President of the Louisiana Senate* |

## **CERTIFICATE OF SERVICE**

I certify that on May 6, 2024, a copy of the foregoing pleading was filed electronically with the Clerk of Court using the CM/ECF System, which will transmit a copy to all counsel of record.

*/s/ Michael W. Mengis*
Michael W. Mengis

9