IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. <br><br> *consolidated with* <br><br> EDWARD GALMON, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> R. KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. | CIVIL ACTION <br> NO. 3:22-CV-00211-SDD-SDJ <br> *consolidated with* <br> NO. 3:22-CV-00214-SDD-SDJ |

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION**

Defendant Secretary Nancy Landry, by and through the undersigned counsel submits this brief in opposition to *Galmon* Plaintiffs ("Plaintiffs") Motion for Reconsideration (the "Motion).

**RELEVANT FACTS**

In March of 2022 both *Galmon* and *Robinson* Plaintiffs brought suit against the Louisiana Secretary of State alleging that House Bill 1 ("H.B. 1"), which established Louisiana's congressional districts after the 2020 census, violated Section 2 of the Voting Rights Act ("VRA") because the plan did not have two majority-Black districts. Following consolidation and

intervention by Louisiana's legislative leaders and the State, this Court issued a preliminary and permanent injunction enjoining Louisiana from using H.B. 1 in any election. This order was ultimately stayed by the Supreme Court of the United States pending the decision in *Allen v. Milligan. Ardoin v. Robinson,* 142 S. Ct. 2892 (2022). After *Allen,* the Fifth Circuit vacated the preliminary injunction and remanded this case for further proceedings. *Robinson v. Ardoin,* 86 F. 4th 547, 601 (5th Cir. 2023). Specifically, the Fifth Circuit instructed this Court to give the Legislature a fulsome opportunity to adopt a new congressional districting plan, and, if the legislature failed, to conduct a merits trial, and only if necessary to adopt a different districting plan for the 2024 elections. *Id.* at 601-02. This Court followed the Fifth Circuit's instructions, giving the Legislature time to adopt a new plan, and setting a trial for February 5, 2024, at the request of Plaintiffs. [Rec. Docs. 315, 371]. On January 22, 2024 the Legislature enacted Senate Bill 8 ("S.B. 8"), which re-drew Louisiana's congressional districts to include two majority-Black districts. [Rec. Doc. 342]. Defendants subsequently moved to dismiss this case as moot. [Rec. Doc. 352]. *Robinson* and *Galmon* Plaintiffs lodged no objection to S.B. 8, but argued the case was not moot. [Rec. Docs. 346-47, 257-58]. The Court granted the Motion to Dismiss, finding this case moot, on April 25, 2024. [Rec. Doc. 371].

In the interim, a separate group of plaintiffs challenged S.B. 8 claiming that it was an impermissible racial gerrymander in violation of the Equal Protection Clause of the 14th Amendment, and that S.B. 8 intentionally discriminated against voters based on race in violation of the 15th Amendment. *Callais v. Landry,* ---F. Supp.3d---, 2024 WL 1903930, at *8 (W.D. La. Apr. 30, 2024). Plaintiffs in that case also sought injunctive and declaratory relief. *Id. Callais* proceeded in front of a three-judge panel in the Western District of Louisiana. *Id.* Secretary Landry was named as the only defendant, but shortly after the case was filed the State of Louisiana,

through the Louisiana Attorney General, successfully intervened, as did the *Robinson* Plaintiffs. *Id.* at *6-7. The panel issued an expedited schedule and held a combined preliminary injunction hearing and merits trial April 8-10, 2024. *Id.* at *7. On April 30, 2024, the *Callais* court held that S.B. 8 violated the Equal Protection Clause and enjoined its use. *Id.* at *24. The court scheduled a status conference to discuss remedial actions for 10:30 A.M. CST on Monday, May 6, 2024. *Id.* On May 1, 2024, *Robinson* Plaintiffs filed a notice of appeal to the Supreme Court of the United States. *Callais v. Landry*, No. 3:24-CV-00122-DCJ-CES-RRS, at Rec. Doc. 200 (W.D. La.). *Robinson* Plaintiffs also filed an emergency motion to stay in the district court. *Id.* at Rec. Doc. 201. The same day, *Galmon* Plaintiffs filed the instant Motion. [Rec. Doc. 372]. On May 3, 2024, *Galmon* Plaintiffs' motion to intervene was granted as to the remedial phase of the *Callais* litigation. *Callais v. Landry*, No. 3:24-CV-00122-DCJ-CES-RRS, at Rec. Doc. 205 (W.D. La.). At the May 6, 2024 status conference in *Callais*, the Court did not implement H.B. 1 for the 2024 elections. Both *Robinson* and *Galmon* Plaintiffs agreed with the State's position that S.B. 8 should remain in place for the 2024 elections.

## **INTRODUCTION**

Plaintiffs' point to no error of law or fact warranting reconsideration of this Court's Order dismissing this case. Nor can they. Under well settled case law, this action is moot. In an attempt to sidestep binding precedent, Plaintiffs craft a misleading version of the facts, in attempt to invite the Court to create chaos and waste for the people of Louisiana. The Court should decline that invitation.

# ARGUMENT

## I. This Case is Moot.

The Court's order dismissing this case as moot should stand. The Court has already correctly concluded, under binding precedent, that "formally announced changes to official government policy are not mere litigation posturing." [Rec. Doc. 371 p. 5]. S.B. 8 was not merely an announced change, but an official act of Louisiana's Legislature repealing the statute Plaintiffs challenged in this action, that was subsequently signed into law by the Governor. When the Legislature repealed H.B. 1, this Court gave Plaintiffs every opportunity to object to S.B. 8 and continue this litigation. But Plaintiffs raised no challenge to S.B. 8. Thus, as this Court already concluded, Plaintiffs' action challenging H.B. 1 is moot and Plaintiffs do not have a current injury-in-fact. In reaching this conclusion, the Court issued a comprehensive opinion that addressed all of Plaintiffs' arguments opposing dismissal.

Moreover, the dismissal follows a long line of decisions holding that altering or repealing a challenged statute moots the underlying litigation. As the Fifth Circuit has repeatedly recognized, "[o]nce a law is off the books, there is nothing injuring the plaintiff and, consequently, nothing for the court to do." *Spell v. Edwards*, 962 F.3d 175, 179 (5th Cir. 2020) (citing *N.Y. State Rifle & Pistol Ass'n, Inc. v. City of New York*, ⎯⎯ U.S. ⎯⎯, 140 S. Ct. 1525, 1526, 206 L.Ed.2d 798 (2020)). Simply put, when a challenged statute is repealed or amended, "mootness is the default." *See Freedom From Religion Found., Inc. v. Abbott*, 58 F.4th 824, 832 (5th Cir. 2023) (collecting cases). This principle is repeatedly reaffirmed by the Fifth Circuit. *See, e.g. AT&T Commc'ns of the Sw., Inc. v. City of Austin*, 235 F.3d 241, 244 (5th Cir. 2000) (holding that a party could not challenge rights under an enactment that had since been repealed); *McCorvey v. Hill*, 385 F.3d 846, 849 (5th Cir. 2004) ("Suits regarding the constitutionality of statutes become moot once the statute

is repealed."); *Houston Chronicle Publishing Co. v. League City*, 488 F.3d 613, 619 (5th Cir. 2007) ("It goes without saying that disputes concerning repealed legislation are generally moot.").

Furthermore, as this Court has already recognized, "the government's ability to 'reimplement the statute or regulation at issue is insufficient to prove the voluntary-cessation exception'" to mootness. Rec. Doc. 371 (citing *Freedom From Religion Found., Inc.,* 58 F.4th at 833)). *See also Fantasy Ranch Inc. v. City of Arlington, Tex*., 459 F.3d 546, 564 (5th Cir. 2006) ("[S]tatutory changes that discontinue a challenged practice are 'usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed.'") (citations omitted). But the factual scenario here does not even reach that level. Instead, Plaintiffs ask this Court to reverse its own well-reasoned opinion, not because after dismissal the Legislature tried to pass legislation reinstating H.B. 1, but because of another court's order enjoining S.B. 8. Tellingly, Plaintiffs cite to no case in support of their proposition that another Court's action can somehow revive their claims in this case. Instead, Plaintiffs ask the Court to *assume* without any evidence, that because of the injunction in *Callais*: (1) a different map will be used for the 2024 election[1]; (2) a different map will not have two majority-black districts; and (3) a map ordered by the majority of a three-judge panel will somehow be constitutionally or statutorily infirm. These are exceptional factual leaps, especially considering the fact that the *Callais* court did not implement H.B. 1 at today's status conference. Such factual leaps are not ripe. *New Orleans Public Service, Inc. v. Council of City of New Orleans*, 833 F.2d 583, 587 (5th Cir. 1987) (citing *Thomas v. Union Carbide Agricultural Products Co.*, 473 U.S.

---

[1] In fact, there is every indication that the *Callais* injunction is not the final word on the matter. *Robinson* Plaintiffs have already appealed the injunction to the Supreme Court of the United States, and did so hours before Plaintiffs filed this motion for reconsideration. *Robinson* Plaintiffs also subsequently filed an emergency motion for a stay of the panel's injunction on the evening of May 1, 2024.

568, 581 (1985)). ("[A] case is not ripe if further factual development is required."). Thus, this case remains moot.

## II. Plaintiffs' Factual Recitation is Wrong.

In support of these factual leaps, Plaintiffs present a misleading recitation of the facts. Plaintiffs accuse the State of shirking its constitutional duty of defending S.B. 8. Plaintiffs fail to provide a shred of credible evidence in support of any of their accusations. Because they have no credible evidence, Plaintiffs pick and choose portions of the *Callais* trial transcripts that paint an incomplete picture. Plaintiffs' claim that the State only offered 10 minutes of video clips in defense of S.B. 8. Missing from their facts, however, is that counsel for the State also cross-examined several witnesses regarding the intent behind S.B. 8. *Callais,* 2024 WL 1903930 at *8, *17. All of these actions, combined with the State's post-trial briefing, *Callais*, No. 3:24-CV-00122-DCJ-CES-RRS at Rec. Docs. 192, 194, which the Secretary generally agreed with, *id.* at Rec. Doc. 193, support the fact that the State rigorously defended S.B. 8. *See Hunt v. Cromartie,* 526 U.S. 541, 547 n.3 (1999); *Cooper v. Harris*, 581 U.S. 285, 308 (2017).

Moreover, Plaintiffs' criticisms as to the time spent in trial on these defenses is especially ill-conceived. The *Callais* trial was timed. Those challenging S.B. 8 (*Callais* Plaintiffs) received equal time with the three groups defending it (the State, the Secretary, and *Robinson* Plaintiffs). In fact, because the Secretary and the State were willing to cede some of their time to the *Robinson* Plaintiffs, they were able to offer up numerous witnesses, including several who testified in this matter, like expert Anthony Fairfax.

Finally, Plaintiffs are wrong that they are "locked out" of the *Callais* proceedings. While it is true Plaintiffs were denied intervention in the trial phase of *Callais* because the court found the *Galmon* Plaintiffs' interests could be represented by *Robinson* Plaintiffs, the *Galmon* Plaintiffs

6

were allowed to submit an amicus brief for the trial on the merits. Furthermore, Galmon Plaintiffs' motion to intervene was granted as to the remedial phase. *Callais v. Landry*, No. 3:24-CV-00122-DCJ-CES-RRS, at Rec. Doc. 205 (W.D. La.). *Galmon* Plaintiffs even participated in the remedial hearing set by the *Callais* court on Monday May 6, 2024. *Galmon* Plaintiffs have also appealed the denial of their intervention as to the trial proceedings, and the appellate courts, not this one, are the proper place to adjudicate claims of district court error.[2]

### III. Plaintiffs' Requested Relief Would Harm Louisianans.

Not content with asking this Court to reverse a correct ruling, Plaintiffs also ask the Court to become an agent of chaos. Plaintiffs demand that the parties and this Court pick up months-old evidence regarding a repealed statute, and rush to litigate a remedy all while the *Callais* panel considers remedial options. This is as chaotic as it is wasteful. First, it would be highly unusual to conduct a remedial phase hearing on a repealed statute. This is because there can be no live case or controversy over a repealed statute, and because doing so would be a waste of the Court's judicial resources and the resources of the taxpayers of Louisiana. Unsurprisingly, Plaintiffs cannot direct the Court or the parties to any case where such a process was conducted.

Second, Plaintiffs ask the Court to conduct these proceedings simultaneously with any remedial proceedings in *Callais*. In doing so, Plaintiffs again misconstrue the posture of this matter. This Court was poised to conduct a trial on the merits, consistent with instructions from the Fifth Circuit, not a remedial phase. Again, Plaintiffs cite to no authority for two district courts

---

[2] The *Callais* court has subject matter jurisdiction pursuant to 28 U.S.C. §2284(a) to determine the constitutionality of S.B. 8. The *Callais* injunction is directly appealable to the United States Supreme Court. *See* 28 U.S.C. §1253. This Court simply does not have jurisdiction to review the three-judge panel's injunction in *Callais*, and *Galmon* Plaintiffs' request for this Court to do so is an attempt to circumvent Congress's discretion to statutorily establish lower federal court jurisdiction under Article III, §1 of the United States Constitution. *See Sheldon v. Sill*, 49 U.S. 441, 448-49 (1850) (discussing Congress's power to regulate lower court jurisdiction by statute). This Court should decline that invitation that could result in constitutional chaos.

conducting remedial proceedings at the exact same time, that could issue competing orders to state officials. That is likely because such a request is fraught with risk and potential harm to the people of Louisiana. Apart from the waste of resources, the Secretary could be faced with the real possibility of competing court orders, each instructing her to implement a different map for the 2024 congressional election. This is an untenable position for the Secretary to be in. This would cause untold confusion to the voters, and potentially prevent the Secretary from administering the election by the deadlines set by State and Federal law. The people of Louisiana deserve better than the chaos Plaintiffs invite.

## **CONCLUSION**

The Court should deny Plaintiffs' motion for reconsideration.

Respectfully submitted, this the 6th day of May, 2024.

/s/ Phillip J. Strach
Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
John C. Conine, Jr. (Louisiana Bar Roll No. 36834)
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4225
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561
john@scwllp.com

coninej@scwllp.com

*Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Louisiana Secretary of State*

# CERTIFICATE OF SERVICE

I hereby certify that on this the 6th day of May, 2024, the foregoing document was filed via the Court's CM/ECF system which sent notice of the same to all counsel of record in this matter.

/s/ Phillip J. Strach
Phillip J. Strach* (Lead Counsel)
phillip.strach@nelsonmullins.com
Alyssa M. Riggins*
alyssa.riggins@nelsonmullins.com
Cassie A. Holt*
cassie.holt@nelsonmullins.com
**NELSON MULLINS RILEY & SCARBOROUGH LLP**
301 Hillsborough Street, Suite 1400
Raleigh, NC 27603
Telephone: (919) 329-3800
Facsimile: (919) 329-3799

/s/ John C. Walsh
John C. Walsh (Louisiana Bar Roll No. 24903)
John C. Conine, Jr. (Louisiana Bar Roll No. 36834)
**SHOWS, CALI & WALSH, L.L.P.**
628 St. Louis St. (70802)
P.O. Box 4225
Baton Rouge, LA 70821
Telephone: (225) 346-1461
Facsimile: (225) 346-5561
john@scwllp.com
coninej@scwllp.com

*Admitted pro hac vice*

*Counsel for Defendant NANCY LANDRY, in her official capacity as Louisiana Secretary of State*