IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, et al., <br><br> Plaintiffs, <br><br> v. <br><br> KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. <br><br> *consolidated with* <br><br> EDWARD GALMON, SR., et al., <br><br> Plaintiffs, <br><br> v. <br><br> KYLE ARDOIN, in his official capacity as Secretary of State for Louisiana, <br><br> Defendant. | CIVIL ACTION <br> NO. 3:22-CV-00211-SDD-SDJ <br> *consolidated with* <br> NO. 3:22-CV-00214-SDD-SDJ |

**THE STATE OF LOUISIANA'S RESPONSE TO
PLAINTIFFS' MOTION FOR RECONSIDERATION**

The Intervenor-Defendant State of Louisiana opposes Plaintiffs' Motion for Reconsideration, ECF No. 72, for three reasons. First, this case is still moot. HB1 has not been re-enacted or otherwise revived. Second, principles of comity preclude any further action by this Court. Both the *Robinson* and *Galmon* plaintiffs are admitted parties for the remedial proceeding before the *Callais* Court as of last week. Third, the Plaintiffs fail to meet the Rule 59 standards.

1

## I. HB1 HAS NOT BEEN RE-ENACTED OR OTHERWISE REVIVED.

This Court previously dismissed this case as moot, holding that: "with the voluntary enactment of S.B. 8 a live substantial controversy no longer exists and Defendants have sufficiently shown that the challenged conduct will not recur following the dismissal of this action." ECF No. 371 at 13. Nothing has changed between the Court's Order and now to suggest that this case has been "reanimated[d]," ECF No. 327-1 at 5, as a live Article III case or controversy.

Fundamentally, House Bill 1 ("HB1")—the 2022 congressional map that Plaintiffs challenged here—no longer exists; it was explicitly repealed by Senate Bill 8 ("SB8"). *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. April 7, 2024), ECF No. 165 JE12. Although SB8 was enjoined by the three-judge panel in the Western District of Louisiana, *id.*, ECF No. 198, no remedy has been decided and HB1 has not been reinstituted by either the State or the *Callais* Court. And, at today's status conference, the *Callais* Court did not provide any indication that it intends to impose the map embodied in HB1 as the remedial map for 2024.

Therefore, Plaintiffs' challenge to HB1 remains moot—especially given the fact that Plaintiffs never amended their Complaint to challenge anything besides HB1. Because Plaintiffs specifically elected in January not to amend their complaints to seek new relief based on the enactment of SB8—despite this Court's specific invitation to do so if they desired—it necessarily follows that this Court cannot grant any effective relief based on SB8-related developments.

## II. *ROBINSON* AND *GALMON* PLAINTIFFS HAVE BOTH INTERVENED SUCCESSFULLY IN *CALLAIS.*

As an initial matter, Plaintiffs' continued effort to "reanimate[]," *id.*, this case and proceed with a "remedial proceeding," *id.* at 9, illustrates the forum shopping in which Plaintiffs are now engaged. *First*, *Galmon* Plaintiffs are not "locked out," *id.*, of the remedial process in *Callais*. Since filing their Motion for Reconsideration here, *Galmon* Plaintiffs were *sua sponte* granted intervention in the *Callais* remedial phase. *See Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. May 3, 2024), ECF No. 205. *Second*, with the entrance of *Galmon* Plaintiffs, all Plaintiffs in this matter are participating in the *Callais* remedial phase. *See id.* (granting *sua sponte Galmon* Plaintiffs' intervention); *Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. Feb. 26, 2024), ECF No. 27 (granting *Robinson* Plaintiffs' intervention). If Plaintiffs in this now-dismissed matter wish to participate in a remedial phase that will shape Louisiana's congressional map, the proper forum to do so is the *Callais* Court (which is in a remedial phase), not this Court (which has dismissed this case as moot and never had a full trial on the merits). Indeed, both *Galmon* and *Robinson* Plaintiffs participated in the *Callais* status conference this morning pertaining to the remedial phase.

## III. RULE 59(E) REQUIREMENTS HAVE NOT BEEN MET.

Plaintiffs have failed to satisfy their burden under Federal Rule of Civil Procedure 59(e). "Rule 59(e) 'serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence.'" *Templet v.*

*HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). Accordingly, "[a]mending a judgment under Rule 59(e) is only appropriate when (1) there has been an intervening change in the controlling law; (2) there is newly discovered evidence that was previously unavailable; or (3) there was a manifest error of law or fact." *Kennedy v. Jefferson Cnty. Hosp.*, 689 Fed. Appx. 371, 372 (5th Cir. 2017) (citing *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 (5th Cir. 2012)). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

Plaintiffs have not come close to satisfying their burden for obtaining extraordinary Rule 59(e) relief. And they asserted nothing that supports any of these three requirements from the Fifth Circuit.

## CONCLUSION

The fatal flaw in Plaintiffs' Motion is that the ruling by the *Callais* Court has no impact on this Court's previous dismissal. The three-judge panel in the Western District of Louisiana enjoined SB8. *See generally Callais v. Landry*, No. 3:24-cv-00122 (W.D. La. April 30, 2024), ECF No. 198. Plaintiffs' suit here is about HB1. *See Galmon*, No. 3:22-cv-00214, ECF No. 1; *Robinson*, 3:22-cv-00211, ECF No. 1. But, as of today's status conference, the *Callais* Court has not issued a remedy, and the State has not acted to impose a new map. In short, the only map about which Plaintiffs complain, HB1, remains repealed and ineffective.

Thus, the proper action is the one this Court has already taken, and the only

4

one available to it: adhering to its prior holding that this action is moot. Plaintiffs have failed to provide any basis under Rule 59(e) to alter that conclusion.

For the foregoing reasons, the Court should deny Plaintiffs' Motion for Reconsideration.

Dated: May 6, 2024                                                        Respectfully Submitted,

Jason B. Torchinsky (DC Bar No 976033)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
2300 N Street, NW
Suite 643A
Washington, DC 20037
Tel: 202-737-8808
Email: jtorchinsky@holtzmanvogel.com

Phillip M. Gordon (VA Bar No. 95621)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
15405 John Marshall Hwy.
Haymarket, VA 20169
Telephone: (540) 341-8808
Facsimile: (540) 341-8809
Email: pgordon@holtzmanvogel.com

Brennan A.R. Bowen (AZ Bar No. 036639)*
HOLTZMAN VOGEL BARAN TORCHINSKY & JOSEFIAK, PLLC
2575 East Camelback Rd, Ste 860
Phoenix, AZ 85016
602-388-1262
Email: bbowen@holtzmanvogel.com
admitted *pro hac vice*\*

*/s/ Morgan Brungard*
Morgan Brungard (LSBA No. 40298)
*Deputy Solicitor General*
Carey Tom Jones (LSBA No. 07474)
Office of the Attorney General
Louisiana Department of Justice
1885 N. Third St.
Baton Rouge, LA 70804
(225) 326-6000 phone
(225) 326-6098 fax
BrungardM@ag.louisiana.gov
JonesCar@ag.louisiana.gov

*Counsel for Intervenor-Defendant State of Louisiana*

## CERTIFICATE OF SERVICE

I hereby declare that I served the foregoing document on counsel for all parties via email on May 6, 2024.

<u>*/s/ Morgan Brungard*</u>
Morgan Brungard