# Exhibit A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE, *Plaintiffs*, v. NANCY LANDRY, in her official capacity as Secretary of State for Louisiana. *Defendant*. | Civil Action No. 3:22-cv-00211-SDD-RLB |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD, *Plaintiffs*, v. NANCY LANDRY, in her official capacity as Secretary of State for Louisiana. *Defendant*. | Civil Action No. 3:22-cv-00214-SDD-RLB |

***GALMON* PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO RECONSIDER DISMISSAL RULING AND TO SCHEDULE REMEDIAL PROCEEDINGS**

Defendants fail to provide compelling reasons against reconsidering this Court's dismissal. This case is no longer moot because the same injury that brought *Galmon* Plaintiffs to this Court—the assignment of voters to congressional districts that violate Section 2—currently persists. In fact, *Galmon* Plaintiffs learned yesterday from the Secretary of State that each *Galmon* Plaintiff is *currently assigned* to a district created by H.B. 1, which precludes any finding of mootness even under Defendants' H.B. 1-centric analysis. Nor has any Defendant identified any compelling reason why this Court should not commence remedial proceedings immediately. Defendants identify no precedent—and *Galmon* Plaintiffs are aware of none—where a federal district court abstained from remedying plaintiffs' injury out of deference to a subsequent action in a sister district court. In 2022, *Galmon* Plaintiffs voted in unlawful districts because the Supreme Court stayed this Court's injunction pending resolution of an earlier-filed redistricting case in Alabama. It would be extremely inequitable for that injury to be repeated in 2024 due to this Court's self-imposed deference to a later-filed redistricting case here in Louisiana.

**I.     This action is not moot.**

The brief and unsuccessful interlude of S.B. 8 does not permanently deprive *Galmon* Plaintiffs of a remedy from this Court for the ongoing Section 2 injury that they alleged. Rather than grapple with the fact that S.B. 8 is no longer law—and thus no longer moots *Galmon* Plaintiffs' claim—Defendants attempt to fault *Galmon* Plaintiffs for not challenging S.B. 8. *See* Sec'y's Mem. in Opp'n to Pls.' Mot. for Reconsideration ("Sec'y Br.") at 4, ECF No. 380 (arguing action is moot because Plaintiffs declined "every opportunity to object to S.B. 8 and continue this litigation"); State of La. Resp. to Pls.' Mot. for Reconsideration ("State Br.") at 2, ECF No. 381 (arguing action is moot because "Plaintiffs specifically elected in January not to amend their complaints to seek new relief based on the enactment of SB8"). This is nonsensical. Of course

1

*Galmon* Plaintiffs did not object to or otherwise challenge the legislative remedy that temporarily provided the Section 2-compliant map that they have been demanding for two years. They did, however, seek to "continue this litigation," *contra* Sec'y Br. at 4, precisely to ensure that their rights would not be extinguished by the events that have unfolded. *See Galmon* Pls.' Notice at 2, ECF No. 346 ("*Galmon* Plaintiffs respectfully request that the Court retain jurisdiction of this action to adjudicate challenges to S.B. 8 and any related litigation regarding Louisiana's congressional map.").

*Galmon* Plaintiffs' efforts throughout this litigation have been by-the-book and completely transparent: they want this Court to "take actions necessary to order the adoption of a valid congressional plan that includes a second congressional district in which Black voters have the opportunity to elect their preferred candidates, as required by Section 2 of the Voting Rights Act." Compl. at 26, *Galmon v. Ardoin*, No. 3:22-cv-00214-BAJ-RLB (M.D. La. Mar. 30, 2022), ECF No. 1. *Galmon* Plaintiffs suffered for lack of a Section 2-compliant map on the day they filed their complaint, and because S.B. 8 has been enjoined, that same injury persists *right now*. When this Court enjoined H.B. 1 in June 2022, no party suggested that *Galmon* Plaintiffs were obligated to amend their complaint to allege new harms resulting from the absence of an operative map for the 2022 elections. Everyone understood that the initial injury persists until it is remedied. The parties are in the same position today: H.B. 1 was repealed because *Galmon* Plaintiffs were likely to succeed on their Section 2 claim. *See* Inj. & Reasons for J. at 46–47, *Callais v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS, (W.D. La. Apr. 30, 2024), ECF No. 198 (collecting statements from legislators that the special legislative session resulting in H.B. 1's repeal was called in response to decisions by the Middle District, Fifth Circuit, and this Court making clear that Section 2 required an additional Black-opportunity district). And no remedy is currently in place.

Defendants do not—and cannot—argue that any *Galmon* Plaintiff is currently assigned to vote in lawful districts that moot the injury alleged in their complaint. They can only speculate that the injunction of S.B. 8 *might* be stayed pending appeal, or S.B. 8 *might* be adopted on an interim basis by the Western District, or another Section 2-compliant map *might* be forthcoming from either the Legislature or the Western District, *maybe* in time for the 2024 elections. But *Galmon* Plaintiffs' claim can be mooted only by an *actual* remedy—not by a hypothetical, conjectural, or speculative turn of events, *see Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190, 193 (2000); *cf.* Ruling Granting Defs.' Mot. to Dismiss at 8, ECF No. 371 (quoting *King v. Our Lady of the Lake Hosp., Inc.*, 455 F. Supp. 3d 249, 259–60 (M.D. La. 2020)). Having already demonstrated a likelihood of success on the merits, *Robinson v. Ardoin*, 605 F. Supp. 3d 759, 766 (M.D. La. 2022) ("*Robinson I*")—and having successfully defended that holding on appeal, *Robinson v. Ardoin*, 37 F.4th 208, 218 (5th Cir. 2022)—*Galmon* Plaintiffs are entitled to see this litigation through to the adoption of a congressional districting map that remedies their Section 2 injury.[1]

Remarkably, the Secretary's and the State's summary of yesterday morning's status conference before the Western District omits key details. While the State reports that "the *Callais* Court did not provide any indication that it intends to impose the map embodied in HB1 as the remedial map for 2024," State Br. at 2, the State's counsel—Attorney General Liz Murrill—issued a public statement yesterday asserting that if S.B. 8 is not used for the 2024 election (as the Western District prohibited), "then HB1 from the 2022 session, which is what's currently loaded in the

---

[1] Regardless of whether the S.B. 8 Injunction is eventually stayed pending appeal or whether the Legislature elects to enact a new map, this Court should still retain jurisdiction over the remedial process, whenever it takes place.

3

system, should remain in place."[2] Counsel for the Secretary of State made this same representation to the Western District: that notwithstanding the Legislature's enactment of S.B. 8, every voter in the state is *currently assigned to H.B. 1 districts*, and the Secretary believes that these districts should be used if an alternative remedy is not adopted by May 15.[3] And the *Callais* Plaintiffs, in turn, suggested that S.B. 8's repeal of H.B. 1 is severable from the districting sections of S.B. 8 that the Western District enjoined. Thus, even under Defendants' myopic view that *Galmon* Plaintiffs' injury is limited to H.B. 1, each *Galmon* Plaintiff is currently assigned to an H.B. 1 district that this Court found violates their Section 2 rights, and Defendants are actively litigating toward the possibility of maintaining that map for the upcoming elections. While Defendants have collected cases showing that a claim is moot where the injury is eliminated, no *Galmon* Plaintiff presently enjoys the Section-2 compliant map to which they remain entitled.

## II.   This Court should proceed directly to remedial proceedings.

Defendants' remaining arguments have nothing to do with mootness—and are thus irrelevant to *Galmon* Plaintiffs' motion to reconsider and to this Court's jurisdiction. Instead, Defendants write to note that, after *Galmon* Plaintiffs moved for reconsideration in this Court, the Western District *sua sponte* reconsidered its own denial of *Galmon* Plaintiffs' intervention (and its previous denial of reconsideration of that order), and granted permission for *Galmon* Plaintiffs to participate in any upcoming remedial phase in that case. *See* State Br. at 3; Sec'y Br. at 7. For several reasons, nothing about that fact should impede proceedings here.

---

[2]    @AGLizMurrill, X.com (May 6, 2024, 3:12 PM) https://twitter.com/AGLizMurrill/status/1787561038520422640.

[3] *Galmon* Plaintiffs requested a transcript of the Western District status conference, but the court reporter stated that she was directed by the court not to release the transcript.

4

*First*, Defendants do not identify any legal authority preventing concurrent proceedings. *Second*, this Court remains much better positioned to enter a remedial map because it—and it alone—has received extensive evidence of Louisiana's Section 2 obligations, has issued a ruling with findings specifying those Section 2 obligations, and has overseen multiple iterations of party preparations up to the very "eve" of remedial proceedings. *See* ECF No. 267; *see also* ECF No. 206 (setting remedial hearing for June 29, 2022, and directing parties to produce proposed remedial maps); ECF No. 250 (rescheduling remedial hearing for October 3–5, 2023); ECF No. 330 (rescheduling potential hearing for February 5, 2024). The Western District will have to start all of these processes from scratch on an expedited timeline, only to duplicate efforts that have already been completed here.[4] Thus, every equitable consideration weighs in favor of this Court adjudicating this first-filed action to resolution in advance of the 2024 elections, precisely as the Fifth Circuit and Supreme Court anticipated. *See Robinson v. Ardoin*, 86 F.4th 574, 584 (5th Cir. 2023) (expecting proceedings will be concluded in time to allow a remedial map "to be used for the 2024 Louisiana congressional elections"); *Ardoin v. Robinson*, 143 S. Ct. 2654 2654 (2023) (vacating stay to "allow the matter to proceed . . . in the ordinary course and in advance of the 2024 congressional elections in Louisiana").

*Third*, the *Callais* proceedings do not present an adequate forum for *Galman* Plaintiffs to secure their interests. Far from "forum shopping," State Br. at 3, *Galmon* Plaintiffs brought suit two years ago in the forum that is home to three of them, Compl. at 3–5, *Galmon v. Ardoin*, No. 3:22-cv-00214-BAJ-RLB (M.D. La. Mar. 30, 2022), ECF No. 1;[5] the district that encompasses the

---

[4] The Secretary complains this evidence is "months-old," Sec'y Br. at 7, but she cannot identify any reason the relevant data could be out-of-date. There have been no intervening statewide elections since January, and Louisiana's parish lines and communities of interest are the same now as they were then.

[5] The fourth resides in the Eastern District of Louisiana.

5

State Capitol, where their injury originated; and the region encompassing a significant portion of the unlawful vote dilution that they alleged. Plaintiffs are entitled to their choice of forum, especially where that forum is their home. *See Koster v. (Am.) Lumbermens Mut. Cas. Co.*, 330 U.S. 518, 524 (1947). Additionally, *Callais* Plaintiffs have made clear that they intend to challenge *Galmon* Plaintiffs' right to appeal any adverse ruling in the Western District. Pls.' Opp'n to Mot. to Stay Pending Appeal at 9–10, *Callais v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS (W.D. La. May 2, 2024), ECF No. 203 (arguing parties granted permissive intervention lack standing to appeal). While *Galmon* Plaintiffs' belated intervention in *Callais* enables them to move that court to stay remedial proceedings, abstain while this Court continues its proper role, or adopt the *Galmon* Plaintiffs' preferred remedial process and map,[6] nothing in the three-judge statute or any other source of law requires this Court to relinquish its Article III responsibilities wherever a later-filed action undertakes duplicative efforts.

     Defendants' remaining arguments are unserious. The State recites the Rule 59(e) standard for motions for reconsideration without any analysis. *See* State Br. at 3–4. The Secretary accuses *Galmon* Plaintiffs of underselling the State Defendants' contributions at the *Callais* trial, Sec'y Br. at 6, but—conspicuously—State Defendants did not object to *Galmon* Plaintiffs' characterization, and the Secretary never answers for her total failure to match her efforts in this action to the defense of S.B. 8. The Secretary further dismisses the prospect of simultaneous remedial proceedings in two courts as "fraught" and "unusual," Sec'y Br. at 7–8, but that simply reflects the unusual decision of *Callais* Plaintiffs to pursue congressional redistricting litigation in a different district than where this two-year-old action remained pending. In any event, these are arguments the

---

[6] *Galmon* Plaintiffs intend to pursue all avenues for relief available to them in the Western District proceedings as well.

6

Secretary should raise in the Western District to request abstention pending proceedings here. Finally, the Legislative Intervenors suggest that this Court cannot proceed to a remedial hearing without a liability finding. *See* Legislative Intervenors' Resp. in Opp'n to Pls.' Mot. for Reconsideration at 6–7, ECF No. 379. But, unless and until the S.B. 8 injunction is stayed, the parties could easily stipulate that no lawful districting plan is currently in place—that dispositive, undisputable fact requires further action from this Court.

For all of these reasons, *Galmon* Plaintiffs respectfully request that this Court reconsider its order granting Defendants' motion to dismiss and promptly schedule remedial proceedings to redress *Galmon* Plaintiffs' ongoing injury in time for the 2024 elections.

Date: May 7, 2024

Respectfully submitted,

By: */s/Abha Khanna*

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Lalitha Madduri (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for Galmon Plaintiffs*