UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| PRESS ROBINSON, EDGAR CAGE, DOROTHY NAIRNE, EDWIN RENE SOULE, ALICE WASHINGTON, CLEE EARNEST LOWE, DAVANTE LEWIS, MARTHA DAVIS, AMBROSE SIMS, NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE ("NAACP") LOUISIANA STATE CONFERENCE, AND POWER COALITION FOR EQUITY AND JUSTICE,<br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>　　　　　　*Defendant*. | Civil Action No. 3:22-cv-00211-SDD-RLB |
| EDWARD GALMON, SR., CIARA HART, NORRIS HENDERSON, TRAMELLE HOWARD,<br>　　　　　　*Plaintiffs*,<br><br>v.<br><br>NANCY LANDRY, in her official capacity as Secretary of State for Louisiana,<br><br>　　　　　　*Defendant*. | Civil Action No. 3:22-cv-00214-SDD-RLB |

**UNOPPOSED MOTION TO WITHDRAW *GALMON* PLAINTIFFS' MOTION TO RECONSIDER DISMISSAL RULING AND TO SCHEDULE REMEDIAL PROCEEDINGS**

Edward Galmon, Sr., Ciara Hart, Norris Henderson, and Tramelle Howard ("*Galmon* Plaintiffs") respectfully move to withdraw their Motion to Reconsider Dismissal Ruling and to Schedule Remedial Proceedings, ECF No. 372 ("Motion to Reconsider").

This Court found in its Court's April 25, 2024, ruling granting Defendants' Motion to Dismiss, ECF No. 371 ("Ruling"), that Plaintiffs' injury was rendered moot by the Legislature's enactment of Senate Bill 8 ("S.B. 8"), a remedial congressional districting plan that cured Plaintiffs' injury by creating the second Black-opportunity district that Section 2 requires. *See* Ruling at 8 (holding that, "with the state's enactment of S.B. 8, there is currently no injury-in-fact"). Plaintiffs originally opposed Defendants' motion to dismiss based on the *Callais* lawsuit in the Western District, where plaintiffs sought to enjoin S.B. 8 for the 2024 election. *Galmon* Pls.' Opp'n to Mot. to Dismiss at 5, ECF No. 358 ("Plaintiffs fear that their voting rights will be denied in the 2024 elections, which remain several months away."); *see also id.* at 8–9 (arguing that dismissal would "compound the irreparable harm that Plaintiffs already suffered in 2022 when they voted in districts drawn in violation of Section 2, which is precisely what the *Callais* plaintiffs have asked a sister court to order for 2024"). On May 1, *Galmon* Plaintiffs moved this Court to reconsider that dismissal because, on April 30, the Western District of Louisiana permanently enjoined S.B. 8, depriving Plaintiffs of their remedy and reanimating their injury. *See* Inj. & Reasons for J., *Callais v. Landry*, No. 3:24-cv-00122-DCJ-CES-RRS (W.D. La. Apr. 30, 2024), ECF No. 198 ("Inj.").

On May 15, however, the Supreme Court stayed the Western District's injunction pending appeal, *see* Opinion, *Robinson v. Callais*, No. 23A994 and *Landry v. Callais*, No. 23A1002, 601 U.S. ___ (2024), which guarantees that S.B. 8 will remain in place—at the very least—for the 2024 congressional election. In line with this Court's Ruling, the implementation of S.B. 8 and the

1

guarantee that H.B. 1 will not be used in the 2024 congressional election remedies Plaintiffs' injury. Ruling at 8. Therefore, *Galmon* Plaintiffs move to withdraw their Motion to Reconsider.

This motion is unopposed. Counsel for *Galmon* Plaintiffs requested and obtained consent for the withdrawal of their Motion to Reconsider Dismissal Ruling and to Schedule Remedial Proceedings from all parties.

Date: May 24, 2024

J. E. Cullens, Jr.
Andrée Matherne Cullens
S. Layne Lee
WALTERS, THOMAS, CULLENS, LLC
12345 Perkins Road, Bldg. One
Baton Rouge, LA 70810
(225) 236-3636

Respectfully submitted,

By: */s/Abha Khanna*
Abha Khanna (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
1700 Seventh Ave. Suite 2100
Seattle, Washington 98101
(206) 656-0177
akhanna@elias.law

Lalitha Madduri (admitted *pro hac vice*)
Jacob D. Shelly (admitted *pro hac vice*)
Daniel Cohen (admitted *pro hac vice*)
Qizhou Ge (admitted *pro hac vice*)
ELIAS LAW GROUP LLP
250 Massachusetts Ave, NW Suite 400
Washington, D.C. 20001
(202) 968-4490

*Counsel for Galmon Plaintiffs*